
**BC**

**FILED**
6/14/2025 **KG**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE [INSERT DISTRICT – e.g., NORTHERN DISTRICT OF ILLINOIS]**
**JACKIE SAMPLE**,
  Plaintiff,

v.

**MADISON SAMPLE, et al.**,
  Defendants.
Case No.1:12-cv-5329
Judge: Andrea R. Wood

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COMES Plaintiff, **Jackie Sample**, *pro se*, pursuant to Federal Rule of Civil Procedure 65 and this Court's inherent equitable powers, and respectfully moves this

Honorable Court for an **Emergency Temporary Restraining Order (TRO)** and **Preliminary Injunction** to prevent further irreparable harm caused by the unconstitutional

and unlawful actions of the above-named Defendants. In support, Plaintiff states the following:

## I. INTRODUCTION

Plaintiff has a disability, indigent, unrepresented and a victim of ongoing domestic violence who has suffered **sustained financial abuse**, **judicial retaliation**, and **physical**

**danger**, due to the deliberate and coordinated actions of Defendant **Madison Sample** and complicit state actors.  Plaintiff now faces an **immediate threat to her life**: An **unknown**

**individual** has unlawfully taken possession of one unit in her property and has **repeatedly threatened to**

**shoot her**. Plaintiff lacks the financial means or legal resources to pursue eviction or obtain protection due to the very financial abuse and judicial misconduct at issue in this

case.  Emergency relief is essential to protect Plaintiff's **life, health, property, and legal rights** under the U.S. Constitution and federal law.

## II. JURISDICTION AND LEGAL BASIS

This Court has subject-matter jurisdiction and equitable authority under the following statutes and legal provisions:

- **28 U.S.C. § 1331** – Federal Question
- **28 U.S.C. § 1343(a)(3)** – Civil Rights Enforcement
- **42 U.S.C. § 1983** – Deprivation of Rights under Color of Law
- **42 U.S.C. § 1985(3)** – Civil Rights Conspiracy
- **42 U.S.C. § 12101 et seq.** – Americans with Disabilities Act (ADA)
- **29 U.S.C. § 794** – Rehabilitation Act (Section 504)
- **18 U.S.C. § 241** – Conspiracy Against Rights
- **18 U.S.C. § 242** – Deprivation of Rights under Color of Law
- **18 U.S.C. § 1962** – Racketeer Influenced and Corrupt Organizations Act (RICO)
- **34 U.S.C. § 12291** – Violence Against Women Act (VAWA)
- **Federal Rule of Civil Procedure 65** – TRO and Preliminary Injunction

## III. FACTUAL BACKGROUND

1. Plaintiff is a survivor of prolonged domestic violence and financial abuse at the hands of **Defendant Madison Sample**.

2. Judicial Defendants have refused to enforce standing court orders, enabling continued abuse, obstruction of justice, and denial of access to legal remedies.

3. Plaintiff is **without work resources unable  produce income, maintain working utilities and food supplies for the entire month, or maintain medical and dental care** due to financial

   exploitation and denial of access to marital investments and marital support,

4. An **unknown person** has unlawfully **taken over one unit** in Plaintiff's property and has made **consistent death threats** against her. Law enforcement has

   not  removed this individual, and Plaintiff has **no resources to initiate eviction or secure protection** while overseeing the property.

5. Plaintiff's **properties are under imminent threat of foreclosure, tax sale, or collapse** and health hazards due to standing water sitting in the basement reaching the

ceiling in two seperat buildings, further causing structural damage and inability to access repair funds.

6. Plaintiff has been **denied ADA accommodations**, legal transcripts, and assistance, effectively **blocking her access to court**.

7. The coordinated conduct of all Defendants constitutes a **pattern of civil rights violations**, **judicial corruption**, and **state-sanctioned abuse**.

## IV. LEGAL STANDARD

To obtain a Temporary Restraining Order or Preliminary Injunction, Plaintiff must show:

1. A substantial likelihood of success on the merits;

2. Irreparable harm in the absence of relief;

3. The balance of equities favors the Plaintiff; and

4. The injunction serves the public interest.

**See Winter v. NRDC**, 555 U.S. 7 (2008).

## V. ARGUMENT

**A. Likelihood of Success on the Merits:**

Plaintiff presents meritorious claims under **§ 1983**, the **ADA**, **VAWA**, and **RICO**, supported by court records, public filings, and medical documentation.

**B. Irreparable Harm:**

Plaintiff is at risk of **death, homelessness, loss of property, and permanent injury** due to untreated medical conditions, judicial retaliation, and the **imminent threat of**

**violence** from the unlawful occupant.

**C. Balance of Equities:**

An injunction would prevent ongoing illegal conduct and require only that Defendants cease infringing Plaintiff's rights. The harm to Plaintiff outweighs any burden to

Defendants.

**D. Public Interest:**

The public has a strong interest in **upholding the rule of law**, **protecting disabled and victims of domestic abuse**, and **ensuring courts are not used to perpetuate harm to individuals**

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Issue an **Emergency Temporary Restraining Order (TRO)** enjoining all Defendants from:

   a. Denying Plaintiff access marital investments and maintenance so that the petitioner can provide consistent working utilities, medical/dental care, food supply for the entire month, and clothing, other basic human needs, and marital support;

   b. Halt judicial obstruction and retaliation;

   c. Taking actions or correct inactions which led to permitting the unlawful occupant to remain or threaten Plaintiff's life;

2. Issue a **Stay of all foreclosure actions, property tax sales, HOA fees and fines claims, utility shut offs and municipal collections** on Plaintiff's properties.

3. Order the **immediate restoration or stay of all utility shut offs, accumulating HOA fees and fines, Insurance interruptions due to non payment, and essential services** necessary

   for Plaintiff's health, safety and survival, car insurance to stay compliant with state laws, property insurance to prevent loss, etc..

4. Refer this matter for **federal investigation** under **18 U.S.C. §§ 241–242**, **42 U.S.C. §§ 1983, 1985**, and the **ADA and VAWA statutes**.

5. **Petitioner respectfully requests that this matter be set for an expedited hearing on the issuance of a Preliminary Injunction** to prevent ongoing and irreparable harm arising from the

loss of basic utilities, denial of access to necessary medical care, and deprivation of essential human needs. These conditions constitute a serious and immediate threat to Petitioner's health,

safety, and well-being, and amount to cruel and unusual punishment in violation of constitutional protections. Petitioner seeks emergency relief to restore access to these basic necessities

pending resolution of this action.

6. Grant any and all other relief the Court deems just, proper, and in the interest of justice.

Respectfully submitted,
/s/ Jackie Sample
**Jackie Sample**
jackshousinganddevelopment@gmail.com
(773) 719-0337
**Date:** June 7, 2025

**SWORN AFFIDAVIT IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

I, **Jackie Sample**, being first duly sworn, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a resident of DuPage County, Illinois, and the Plaintiff in the above-captioned federal action.

2. I have a disability, am an **indigent woman** and a victim of continued **domestic violence** and **ongoing financial abuse** by Defendant **Madison Sample**, which has

   been enabled and exacerbated by Defendants, judicial actors named in

this case.

3. As a direct result of the Defendants' coordinated conduct, I have been wholly deprived of the ability to resume my livelihood as a 25-year self-employed property and

business manager.  My work included managing Salon 119, Jack's Housing & Development, rental units, serving as the general contractor, investing in my

bar/restaurant, LeKula, and serving on community boards in the West Pullman neighborhood.  My professional activities in my personal career were paused and redirected around 2019 to

build the marital home. I was the builder, general contractor, and interior designer under my company' Jack's Housing & Development. During the time I was building our home, the

Defendant engaged in a covert and deliberate plan to dissipate marital assets over the following years until filing for divorce In 2023. The defendant executed an unlawful

seizure of all marital assets, leaving me penniless, weaponizing the court system to shield himself from accountability.  I remain without legal assistance and have been completely denied

access to the marital financial resources to which I am lawfully entitled.

4. Due to the ongoing domestic abuse, financial abuse and coordinated judicial inaction, I am unable to take legal action to remove an **unknown individual** who is unlawfully occupying

one of my properties and who has made repeated **threats to my life.** I have contacted law enforcement, but no effective action has been taken to remove this individual from the

premesis.  The individual is a known felon and he possessed a "drum" full of ammunition inside of the apartment that he'd taken over in my building. I live in **fear for my safety**, and

have **no security, no legal remedy**, and no support.

5. Some of my utilities are disconnected,  with further disconnections threatened due to non-payment. I lack food supply for the month, consistent utilities, and access to medical care and

other basic human needs.

6. I have multiple documented **untreated medical and dental emergencies. My health issues** include asthma, chronic pain, heart issues which are worsening

 due to my lack of access to healthcare care professionals who I have an long established doctor/patient relationship. My therapy health care treatment is

 terminated, particularly my need for treatment from medical professionals who I have established relationships. These medical professionals assist and help me

 manage life as a victim of ongoing domestic Violence.  They help me manage the affects of abuse facilitated by court officials, the very

 people who are suppose to protect my rights to be free of domestic violence.

7. Defendant Madison Sample has **willfully ignored multiple court orders** prohibiting him from closing accounts, dissipating and hiding assets, requiring him to provide marital support

and insurance, and prohibiting the concealment of millions in digital currency and dissipation in hundreds of thousands of dollars of marital assets, hiding and dissipating income,

committing fraud upon the court and fraud against me, including wire fraud transferring money to foreign countries.

8. The **judicial defendants** named in this action have **refused to enforce** these orders, creating a climate of impunity and enabling the continuation of domestic

Violence, despite clear due process and ADA violations.

9 .My properties are currently in danger of foreclosure, property tax sale, City fines and collapsing, a public safety risks:

- **641–43 W. 119th Street, Chicago, IL** – *Cook County Chancery Case No. 2024CH09387*
- **9476 Falling Water Drive E., Burr Ridge, IL** – *DuPage County*
- **7439 S. Prairie Avenue, Chicago, IL**

11. **Water damage**, electrical hazards, and structural decay at multiple locations now pose threats to **public health and property value**, worsened by the inability to access repair funds.

12. I am being **denied meaningful access to court** due to the refusal to provide transcripts as needed for ADA accommodations, Transcripts covered under my court waiver indigent status,

    and the lack of legal assistance caused by the defendants' coordinated deprivation of rights.

### 1. PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following emergency and equitable relief:

**a.** Issue an immediate **stay of all foreclosure actions**, **property tax sales**, **homeowners association (HOA) fees and fines**, and **city collection efforts** on Plaintiff's properties, pending

resolution of this matter;

**b.** Issue an order directing the **immediate restoration and/or stay of disconnection of all utility services**, including but not limited to gas, water, and electricity, internet, cable etc due to nonpayment—where

 such deprivation poses an imminent threat to Plaintiff's life, safety, and well-being in violation of:

- The **Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.**,

- **Section 504 of the Rehabilitation Act, 29 U.S.C. § 794**, and

- the **Fourteenth Amendment's Due Process Clause**,

  given Plaintiff's documented medical conditions and disability;

  **c.** Grant an order directing **immediate access to marital investments for reinstatement  to necessary medical and dental care** with Plaintiff's longstanding and ongoing treating

  physicians, with whom Plaintiff has an established doctor–patient relationship, in accordance with her rights under the **ADA**, the **Rehabilitation Act**, and the **substantive due process**

  **protections** of the U.S. Constitution. Denial of such care constitutes **deliberate indifference** to serious medical needs and results in irreparable harm;

  **d.** Grant protective and injunctive relief prohibiting continued harm, retaliation, and interference by unauthorized individuals currently occupying Plaintiff's properties, and restore

  Plaintiff's access to her own **marital investments** and **professional business resources**, which are necessary for work and life sustenance;

  **e.** Grant judicial intervention to halt the **ongoing obstruction of retaining counsel**, **denial of due process**, and **retaliatory conduct** by Defendant Dr. Madison Sample, and various

  judicial officers of the DuPage County Court, including but not limited to Judges Skarin, Orel, Cerne, and Alvarado;

  **f.** Declare that Defendants' actions constitute **discrimination**, **depraved indifference**, and violations of Plaintiff's rights under the **ADA**, **Rehabilitation Act**, and **Constitutional**

  **guarantees** under the **Fourteenth Amendment**;

  **g.** Award such other relief as this Court deems just and equitable, including but not limited to:

- **injunctive and declaratory relief**,
- **attorney's fees and costs** pursuant to 42 U.S.C. § 1988 and applicable

statutes,

- **nominal, compensatory**, or **punitive damages** as appropriate to remedy the constitutional and statutory violations committed by Defendants.

2. Plaintiff has no adequate legal remedy at law due to the financial harm, legal obstruction, systemic racism, sexism, judicial bias, and institutional barriers created and

    perpetuated by the Defendants' coordinated and unlawful conduct.

3. Judicial inaction, denial of court access, and active interference in my rights constitute **ongoing constitutional violations** and actionable misconduct under **42 U.S.C.**

    **§§ 1983, 1985, 12132; 18 U.S.C. §§ 241, 242; and 34 U.S.C. § 12291**.

4. I am suffering **ongoing irreparable harm**, and I respectfully ask this Honorable Court for **immediate emergency relief** to preserve my life, health, property, and

    constitutional rights.

**VI. Legal Basis for Emergency Injunctive Relief – Violation of Constitutional and Statutory Rights**

Plaintiff respectfully requests that this Court issue an **emergency order** restoring all utility services and granting immediate access to necessary medical and dental care, pursuant to her

rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the substantive due process protections of the

Fourteenth Amendment of the United States Constitution.

**A. Utility Disconnection and State Action**

Although private utility companies are generally not state actors, the U.S. Supreme Court has recognized that *state action* may be found where government entities are directly involved in,

authorize, or enforce disconnection practices. In **Jackson v. Metropolitan Edison**

**Co.**, 419 U.S. 345 (1974), the Court acknowledged that utility terminations could rise to a constitutional

issue where there is a sufficient nexus between the State and the challenged action.

In this case, Plaintiff alleges that public and/or government-supported entities either participated in, authorized, or willfully failed to prevent the disconnection of her utilities, despite

knowledge of her disabling conditions and medical vulnerabilities. These acts satisfy the state action threshold under *Jackson* when public actors collaborate with private actors to impose

deprivation of essential life-sustaining services.

**B. Deliberate Indifference to Medical Needs**

In **Estelle v. Gamble**, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a serious medical need constitutes a violation of the Eighth and Fourteenth Amendments. This

principle has been extended to non-incarceration contexts in subsequent rulings. In **Farmer v. Brennan**, 511 U.S. 825 (1994), the Court clarified that deliberate indifference exists when an

official is subjectively aware of a substantial risk to health and safety and consciously disregards it.

Here, Plaintiff has documented medical and psychological disabilities. Despite this, Defendants allowed or facilitated termination of basic utilities and denied her access to long-established

treating physicians, in violation of her constitutional right to bodily integrity and medical care. In **Jackson v. Johnson**, 118 F. Supp. 2d 278 (N.D.N.Y. 2000), the court applied *Estelle* and

*Farmer* in a civil context, holding that knowingly cutting off access to medically necessary services can give rise to a constitutional claim of deliberate indifference. Plaintiff's conditions were

known to the court and defendants, yet no relief was granted—constituting the precise type of misconduct condemned by *Farmer* and *Jackson*.

**C. Disability Discrimination Under the ADA and Rehabilitation Act**

The actions described also violate the ADA and the Rehabilitation Act, both of which prohibit discrimination based on disability and require reasonable accommodations. In **Barnes v.**

**Gorman**, 536 U.S. 181 (2002), the Supreme Court confirmed that public entities must provide non-discriminatory access to services, and failure to accommodate individuals with disabilities

can result in liability under both statutes.

Here, Plaintiff's inability to access utilities and essential healthcare due to Defendants' refusal to follow directives from lawful court orders, uphold the constitution, enforce their own court

orders, accommodate plaintiff's  disabilities violates both the spirit and letter of the ADA and Section 504 violation of due process under color of law.

She was not only denied reasonable modifications but also actively harmed by state and court-sanctioned deprivation of vital resources, as seen in *Barnes*.

**D. Irreparable Harm and Grounds for Immediate Relief**

Plaintiff faces irreparable harm due to the ongoing deprivation of life-sustaining services and medical care. The federal courts have repeatedly held that such harm justifies immediate

injunctive relief. As in **Johnson v. Harris**, 479 F. Supp. 333 (S.D.N.Y. 1979), even temporary denials of medically necessary services may rise to the level of constitutional violations requiring

court intervention.

Here, the combination of discriminatory denials, collusion among judicial and legal actors, and systemic depraved Indifference to Plaintiff's health and safety has already resulted in physical,

intentional infliction of emotional, and financial harm. The situation remains urgent, and monetary damages alone cannot compensate for the ongoing risks to her life, health, and civil rights.

**Cited Authorities**
- *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974)
- *Estelle v. Gamble*, 429 U.S. 97 (1976)
- *Farmer v. Brennan*, 511 U.S. 825 (1994)
- *Jackson v. Johnson*, 118 F. Supp. 2d 278 (N.D.N.Y. 2000)
- *Barnes v. Gorman*, 536 U.S. 181 (2002)
- *Johnson v. Harris*, 479 F. Supp. 333 (S.D.N.Y. 1979)


Declaration Under Penalty of Perjury

Pursuant to 28 U.S.C. § 1746

I, Jackie Sample, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on July 12, 2025

Jackie Sample
/s/ Jackie Sample
Jackie Sample
Burr Ridge IL 60527
jackshousinganddevelopment@gmail.com
(773)719-0337