IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jackie Johnson Sample "Light Feather", | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-5329 |
| | ) |
| Madison Sample Jr., Judge Neal Cerne, | ) Judge Andrea R. Wood |
| Judge Susan Alvarado, Judge James Orel, | ) |
| Judge Kenton Skarin, The Circuit Court of the | ) |
| Eigtheenth Judicial Circuit, DuPage County, Illinois | ) |
| United States of America, USDA, | ) |
| Old National Bank, GN Bank, | ) |
| Select Portfolio Servicing, Inc., | ) |
| | ) |
| Defendants. | ) |

**Select Portfolio Servicing, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6)**

Defendant Select Portfolio Servicing, Inc., and for its motion to dismiss plaintiff's amended complaint under Rule 12(b)(6), states as follows:

**I.       Introduction**

In her amended complaint, plaintiff alleged claims against a myriad of defendants, primarily centering around her state court divorce proceeding, and plaintiff's apparent unsuccessful attempt to have an unrecognized tribal court decide her divorce. Plaintiff also dragged in Select Portfolio Servicing, Inc. ("SPS"), a mortgage loan servicer servicing a mortgage loan that has been foreclosed by an entity that is not a party to this action, in the Circuit Court of Cook County. And plaintiff named a lender who is also prosecuting a separate mortgage foreclosure action in DuPage County.

Plaintiff alleged no facts concerning SPS in support of her Section 1983, 1985 claims and so-called claims concerning tribal sovereignty and tribal exhaustion.

II.      Facts

    a.  State court lawsuits.

        i.     **Cook County Foreclosure**

Over one year ago, Towd Point Mortgage Trust 2018-2, U.S. Bank National Association, as Indenture Trustee filed its mortgage foreclosure action in the Circuit Court of Cook County, Illinois against Jackie L. Johnson-Smith (the "Cook County Foreclosure"), seeking to foreclose a May 12, 2004 mortgage against 7439 S. Prairie Avenue in Chicago, Illinois (the "Cook County Property"). Towd Point's complaint is attached as Exhibit 1.[1] Select Portfolio Servicing, Inc. ("SPS") is servicing the loan that is the subject of the Cook County Foreclosure. *See* Exhibit A to Exhibit 2 at ¶ 1. On June 2, 2025, the Circuit Court of Cook County entered a default judgment against the defendants as well as a judgment of foreclosure and sale in Towd Point's favor. *See* Exhibit 3. The plaintiff in this action is a defendant in the Cook County Foreclosure, is the borrower and owner of the Cook County Property. *See* Exhibit 1. The plaintiff did not appear in the Cook County Foreclosure. *See* Exhibit 4.

        ii.     **DuPage County Foreclosure**

On April 2, 2025, defendant Old National Bank filed a mortgage foreclosure action in the Circuit Court for the Eighteenth Judicial Circuit in DuPage County against the plaintiff in this action (the "DuPage County Foreclosure"), seeking to foreclose a mortgage against 9476 Falling Water Drive E, in Burr Ridge, Illinois (the "DuPage County Property"). Old National Bank's complaint is attached as Exhibit 5.

---

[1] The court "may take judicial notice of public records, including public court documents, in ruling on a motion to dismiss under Rule 12(b)(6)." *White v. Keely*, 814 F.3d 883, 886 (7th Cir. 2016).

### iii. DuPage County Divorce

On February 7, 2023, defendant Madison Sample, Jr. filed a divorce petition against the plaintiff in this action in the Circuit Court for the Eighteenth Judicial Circuit in DuPage County, Illinois (the "DuPage County Divorce"). *See* Exhibit 6. On May 27, 2025, plaintiff in this action filed a notice of appeal in the DuPage County Divorce. *See* Exhibit 7.

### iv. Plaintiff's Amended Federal Complaint

Plaintiff filed her instant amended complaint (*see* Exhibit 8) against, among other defendants, SPS. Plaintiff alleges that she is a member of the Guale Yamassee Tribal Republic of the Native American Association of Nations Embassy. *Id.* at p.1. Plaintiff alleges that she resides at the DuPage County Property and "owns property located in Indian Country of Illinois, which is recognized as tribal land within the territorial jurisdiction of the Guale Yamassee Tribal Republic and she is a registered member of the Guale Yamassee Tribal Republic of the "Mund Bareefan Tribal Association of Nations Embassy," a federally acknowledged self-governing Tribal Government…" *Id.* at p.4, ¶ 10. "In April 2025 the Royal Tribal Supreme Consular Court Indian Offenses Division issued a Tribal Removal Order (Case Number: GYTR-2300067-0079), directing that foreclosure proceedings be removed from the Court of Common Pleas to tribal court." *Id.* at p. 8, ¶ 31. "Plaintiff has asserted her right to have her case heard in the Royal Tribal Supreme Consular Court Indian Offenses of the Guale Yamassee Native American Association of Nations Embassy, which has established Master Code Index and procedures for handling domestic relation matters involving tribal members." *Id.* at pp. 9-10, ¶ 37. "Plaintiff brings this action for: (1) declaration that the Court of Common Pleas lacks jurisdiction over matters involving tribal property and tribal members when a valid tribal court removal order has been issued; (2) injunctive relief prohibiting Defendants from continuing foreclosure proceedings against Plaintiff's tribal

property; (3) damages for violation of Plaintiff's rights under federal law; and (4) specific performance requiring the United States to fulfill its fiduciary obligations to protect Plaintiff's tribal property." *Id.* at p.10, ¶ 40. Plaintiff alleges the following claims against all defendants, including SPS:

### Count II – "(Against All Defendants under 42 U.S.C. § 1983)"[2]

Plaintiff alleged that the defendants who are state court judges deprived her of her property rights without due process of law and that the court named defendant established policies and practices that deny *pro se* litigants, due process. *Id.* at p.15, ¶¶ 64-65. "As a direct and proximate result of Defendants' violations of Plaintiff's due process rights, Plaintiff has suffered and continues to suffer injuries, including loss of property, financial hardship, and emotional distress." *Id.* at p.16, ¶ 67.

Plaintiff alleged no facts against SPS.

### Count III – "VIOLATION OF EQUAL PROTECTION (Against All Defendants under 42 U.S.C. § 1983)"[3]

"Defendant Judges, acting under color of law, have intentionally treated Plaintiff differently from similarly situated litigants based on her gender, racial background and her status as a pro se litigant, her disability status, and her tribal membership…Defendant Circuit Court has established and maintained policies and practices that result in systematic discrimination, sexism and racism against Jackie Sample, a pro se litigant, particularly with her disability and her asserting tribal sovereignty rights…As a direct and proximate result of Defendants' violations of Plaintiff's equal protection rights, Plaintiff has suffered and continues to suffer injuries, including foreclosure of property, financial hardship, and emotional distress." *Id.* at pp. 16-17, ¶¶ 71, 73 and 75.

---

[2] *Id.* at p.15.
[3] *Id.* at p.16.

Plaintiff alleged no facts against SPS.

**Count IV – Violation of Tribal Sovereignty and Exhaustion Doctrine**

"Federal common law recognizes the sovereignty of American Indian tribes and requires that tribal remedies be exhausted before a state or federal court may exercise jurisdiction over a matter involving tribal members where there is a colorable claim of tribal court jurisdiction…The Tribal Court of the Guale Yamassee Native American Association of Nations Embassy has established codes and procedures for handling domestic relations matter involving tribal members. Defendants have violated federal law and policy supporting tribal self-government and self-determination by summarily rejecting Plaintiff's assertions of tribal court jurisdiction without proper consideration…As a direct and proximate result of Defendants' violations of tribal sovereignty principles and the tribal exhaustion doctrine, Plaintiff has suffered and continues to suffer injuries, including denial of her right to have *her case* heard in her tribal court and the consequent loss of property and financial hardship." *Id.* at pp. 17-18 at ¶¶ 78-81, and 83 (emphasis supplied).

Plaintiff alleged no facts against SPS.

**Count V – "Conspiracy to Violate Civil Rights (Against All Defendants under 42 U.S.C. § 1985(3))"**[4]

The relevant allegations of Count V follow: "Defendants individually and collectively have conspired to deprive Plaintiff of her constitutional rights to due process and equal protection of the laws…The conspiracy has been evidenced by the systematic refusal of the Circuit Court to enforce its orders against Defendant Madison Sample while simultaneously denying Plaintiff due process, ignoring her motions to hold Defendant Madison Sample in contempt. The conspiracy has been motivated, at least in part, by discriminatory animus against Plaintiff based on her disability status

---

[4] *Id.* at p.18.

and her tribal membership. As a direct and proximate result of this conspiracy, Plaintiff has suffered and continues to suffer injuries, including loss of property, financial hardship, and emotional distress." *Id.* at p.19, ¶¶ 86, and 88-90.

Plaintiff alleged no facts against SPS.

**III.    Plaintiff did not state Section 1983 claims against SPS.**

    **a.   Standard under Rule 12(b)(6).**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court should assume as true all well-pled factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *He v. Chertoff*, 528 F. Supp. 2d 879, 881 (N.D. Ill. 2008). To avoid dismissal, a plaintiff must plausibly suggest that it has a right to relief, raising that possibility above a speculative level. *Twombly*, 550 U.S. at 555; *He*, 528 F. Supp. 2d at 881. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice under Fed. R. Civ. P. 8(a), and therefore do not suffice under Fed. R. Civ. P. 12(b)(6). *Id*. at 663.

    **b.   Section 1983 claims**

To state a claim under § 1983, a plaintiff must plead facts sufficient to show that "the plaintiff was deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).  An action is taken "under color of law" when it involves the misuse of a power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 49, (1988)). A plaintiff may bring a suit under § 1983 only against a "person" acting

"under color of" state law, a requirement that generally excludes private actors. *See Alarm Detection Sys., Inc. v. Village of Schaumburg*, 930 F.3d 812, 825 (7th Cir. 2019). Private entities may be considered state actors only in limited circumstances—such as if the state and the private actors are closely entwined, *see Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 302 (2001), or if the private actor performs functions traditionally and exclusively reserved for the state, *see Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019). If a plaintiff brings a Section 1983 claim against an individual or entity that ordinarily does not act under color of state law, the plaintiff must allege that the individual or entity conspired with state actors to violate constitutional rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984). The requirement of a "person acting under the color of state law" means that private entities and citizens generally cannot be held liable. *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000); *see Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) ("When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity [or individual] acted under the color of state law.") *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir. 1984) ("Mere use of the courts by a private party, without more, does not constitute governmental action for purposes of § 1983[.]"); *Walker v. Fed. Land Bank of St. Louis*, 726 F. Supp. 211, 214 (C.D. Ill. 1989) ("[N]either the mere institution of a foreclosure proceeding nor the use of a state's tribunals establish state action[.]").

With the above in mind, plaintiff has not and cannot ever establish that SPS was a person acting under color of law regarding the Cook County Foreclosure, because SPS is not the plaintiff in the Cook County Foreclosure; Towd Point Mortgage Trust 2018-2, U.S. Bank National Association, as Indenture Trustee is the plaintiff that filed and prosecuted the Cook County

Foreclosure. Further, merely filing a foreclosure action establishes state action. *Walker, supra.* As such, Counts II and III should be dismissed with prejudice under Rule 12(b)(6).

**IV.     There is no known cause of action for an alleged violation of the tribal sovereign immunity or tribal exhaustion doctrines.**

Count IV of plaintiff's amended complaint improperly seeks to assert a claim for violation of the tribal sovereign immunity and tribal exhaustion doctrines, since each doctrine is a defense, not a cause of action. Under the doctrine of tribal sovereign immunity, "[s]uits against Indian tribes are ... barred ... absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991). Here, SPS did not sue plaintiff in the Cook County Foreclosure. And the plaintiff is not an Indian tribe. What's more, the United States Bureau of Indian Affairs does not recognize the Guale Yamassee Tribal Republic of the Mund Bareefan Tribal Association of Nations Embassy as a Tribal entity. *See* [Federal Register :: Indian Entities Recognized by and Eligible To Receive Services From the United States Bureau of Indian Affairs](#) .[5] Nor can the plaintiff point this court to any authority that plaintiff can assert a cause of action for an alleged violation of the doctrine of tribal sovereign immunity.

As for the tribal exhaustion doctrine, the doctrine "…directs that a federal court should 'give the tribal court precedence and afford it a full and fair opportunity to determine the extent of its own jurisdiction over a particular claim or set of claims' when a 'colorable claim of tribal court jurisdiction has been asserted.'" *Brown v. W. Sky Fin., LLC*, 84 F. Supp. 3d 467, 476 (M.D.N.C. 2015) (quoting *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.,* 207 F.3d 21, 31 (1st Cir. 2000)). At the outset, there are no federally recognized Indian reservations in Illinois. *See* [Bureau of Indian Affairs Tract Viewer](#)[6] Plaintiff's Cook County Property is not on reservation

---

[5] The court may take judicial notice of information on government websites. *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003).
[6] *See* Note 5.

land. If there are no Indian reservations in Illinois and plaintiff's Cook County Property is not on a federally recognized Indian reservation, there is no tribal court that governs a non-existent tribe that has jurisdiction over plaintiff's claims or the claims of the plaintiff in the Cook County Foreclosure, such that this court would need to stay this proceeding until the plaintiff in this or the Cook County Foreclosure exhausted their rights before such a non-existent tribal court. Additionally, at least one court has ruled that a mortgage foreclosure action to foreclose a mortgage on land in an Indian reservation did not need to be dismissed or stayed under the tribal exhaustion doctrine since the dispute was over a privately held debt secured by a mortgage, that it had no direct connection to the tribe and did not involve tribal-related activities. *See U.S. v. Am. Horse*, 352 F. Supp. 2d 984, 990 (D.N.D. 2005). What's more, plaintiff can point to no caselaw that provides an alleged violation of the tribal exhaustion doctrine gives rise to a new cause of action. Therefore, this court should dismiss Count IV with prejudice under Rule 12(b)(6).

**V.     Plaintiff failed to plead a claim under 42 U.S.C. § 1985(3)**

In Count V, plaintiff failed to plead a claim under Section 1985(3), which provides a cause of action for persons who are victims of a conspiracy to deprive them of the "equal protection of the laws" or "equal privileges and immunities under the laws." *See Bowman v. City of Franklin,* 980 F.2d 1104, 1108–09, 1108 n.4 (7th Cir. 1992) (quotation marks omitted). A plaintiff bringing a § 1985(3) claim must plead the following elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters v. Scott,* 463 U.S. 825, 828–29 (1983); *see also Majeske v. Fraternal Ord. of Police,* 94 F.3d 307, 311 (7th Cir. 1996).

Additionally, the plaintiff must plead that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Bowman v. City of Franklin,* 980 F.2d 1104, 1109 (7th Cir. 1992) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). As to the first element, plaintiff must allege an express or implied agreement among the defendants to deprive plaintiff of her constitutional rights. *Wilson v. Giesen*, 956 F.2d 738, 744 (7th Cir. 1992). And as to the second element, the plaintiff must support with specific allegations suggesting the existence of a discriminatory motivation. *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981).

Here, plaintiff pled no facts in Count V that SPS participated in a conspiracy. Plaintiff again seems to be focusing her sights on the DuPage County Divorce in Count V because she alleged that "[t]he conspiracy has been evidenced by the systematic refusal of the Circuit Court to enforce its orders against Madison Sample while simultaneously denying Plaintiff due process, ignoring her motions to hold Defendant Madison Sample in contempt." *See* Exhibit 8 at p. 19, ¶ 88. Absent facts of an express or implied agreement among the defendants (including SPS) to deprive plaintiff of her constitutional rights, plaintiff failed to adequately plead a Section 1985(3) claim, and as such, this Court should dismiss Count V under Rule 12(b)(6).

WHEREFORE, defendant Select Portfolio Servicing, Inc. moves that this court grant its motion and dismiss plaintiff's amended complaint under Rule 12(b)(6).

SELECT PORFOLIO SERVICING, INC.

By: /s/Jason D. Altman
One of its attorneys

Jason D. Altman (#6224378) – jaltman@klueverlawgroup.com
Matthew C. Kromm (#6275308) – mkromm@klueverlawgroup.com
Kluever Law Group, LLC
200 N. LaSalle St., Suite 1880
Chicago, IL 60601
(312) 236-0077

**Certificate of Service**

      I, Jason Altman, hereby certify that on this 23rd day of June, 2025, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who have filed an appearance in this matter, and further caused to be emailed Select Portfolio Servicing, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6) to the following individual(s) prior to 9:00 p.m. on or before June 23, 2025:

Jackie Sample "Lightfeather"
9476 Falling Water Dr E
Burr Ridge, IL  60527
jackshousinganddevelopment@gmail.com

                                                By: /s/Jason D. Altman