


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION


JACKIE SAMPLE,

Plaintiff,                                            **JURY TRIAL DEMANDED**

MADISON SAMPLE JR, JUDGE NEAL CERNE, JUDGE SUSAN ALVARADO, JUDGE JAMES OREL, JUDGE KENTON SKARIN, JUDGE NEAL CERNE, JUDGE SUSAN ALVARADO, JUDGE JAMES OREL, JUDGE KENTON SKARIN, THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, DUPAGE COUNTY, ILLINOIS, UNITED STATES OF AMERICA, USDA OLD NATIONAL BANK, GN BANK, SELECT, PORTFOLIO SERVICING, INC

Defendants


Case No. 1:25-cv5329  Hon. Judge Andrea Wood


**Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24: Violations Under Color of Law (42 U.S.C. § 1983) — Pattern of Judicially Sanctioned Guardianship Abuse Resulting in Fatal Civil Rights Violations in Movant's Case**

1

NOW COMES EL ROY G. JOHNSON ("MOVANT"), A RESIDENT OF DUPAGE COUNTY, ILLINOIS, AND RESPECTFULLY MOVES THIS HONORABLE COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(A) AND (B) FOR LEAVE TO INTERVENE IN THE ABOVE-CAPTIONED MATTER, CURRENTLY PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION. MOVANT SEEKS INTERVENTION DUE TO OVERLAPPING CONSTITUTIONAL VIOLATIONS AND SHARED FACTUAL AND LEGAL QUESTIONS PRESENTED IN THIS CASE. IN SUPPORT OF THIS MOTION, MOVANT STATES AS FOLLOWS:

I. INTRODUCTION

1. Movant, El Roy G. Johnson, is the biological brother of the late Raymond Johnson.

2. Movant has direct and substantial interest in this litigation, which concerns systemic judicial misconduct, deprivation of rights under color of law, and coercive abuse of the guardianship system involving the same judges named in this action.

3. This motion is supported by the attached Declaration of El Roy G. Johnson.

II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the underlying claims arise under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985, and 1986; and 18 U.S.C. §§ 241 and 242.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in DuPage County, Illinois, within the jurisdiction of this Court.

## III. BASIS FOR INTERVENTION

6. Movant seeks to intervene as of right under Rule 24(a)(2). He possesses a significant and legally protectable interest in the subject matter of this action, particularly concerning allegations of collusion and systematic judicial misconduct, including the targeting of real estate assets to unlawfully defraud litigants of control over their property and personal assets.

7. Judge James Orel engaged in a pattern of judicially sanctioned guardianship abuse.

8. In Plaintiff, Jackie Sample's case, he attempted to coerce her attorney into filing an unlawful guardianship petition as part of a collusive scheme to strip her of equity in her Burr Ridge home.

3

9. In my case, Judge Orel placed my brother, Raymond Johnson, under an unlawful guardianship without due process, which directly resulted in his death three weeks later and the unlawful seizure of property.

10. Adjudicating this matter without his participation would substantially impair his ability to present evidence of a broader pattern of coordinated rights violations within the DuPage County Courthouse and to protect those interests.

11. Alternatively, permissive intervention is appropriate under Rule 24(b)(1)(B), as Movant's claims and those of Plaintiff Jackie Sample share common questions of law and fact, including unconstitutional judicial conduct, civil rights violations, and unlawful guardianship actions.

12. Court transcripts reflect that Judge James Orel orchestrated a coercive scheme to pressure Ms. Sample's former attorney into filing a guardianship petition against her without medical or legal basis.

13. Judge Orel also presided over the unlawful guardianship of Movant's brother, Raymond Johnson, which ultimately resulted in

4

Mr. Johnson's death three weeks after his forcible removal from Movant's home.

14. Both Movant and Plaintiff allege a continuing pattern of systemic judicial bias, coordinated misconduct, and deprivation of rights under color of law, in violation of 42 U.S.C. § 1983 and related statutes, perpetrated by multiple judges within the DuPage County Courthouse.

15. Permissive intervention is appropriate under Rule 24(b)(1)(B), as the movant's claims and the claims of Plaintiff Jackie Sample share common questions of law and fact involving unconstitutional judicial conduct

## IV. FACTUAL GROUNDS FOR INTERVENTION

16. On or about 2023–2024, Judge James Orel, acting under color of law in the 18th Judicial Circuit Court of DuPage County, placed Raymond Johnson, a disabled man, under an unlawful guardianship without due process, medical necessity, or legal justification.

17. Raymond Johnson was forcibly removed from the home of Movant, his brother stating "I don't want to leave. I want to stay

here with Roy", despite the absence of any verified threat or incapacity. Raymond died three weeks later.

18. Movant was denied the right to challenge the guardianship or request an autopsy.

19. The same judge, James Orel, is alleged to have coerced Jackie Sample's attorney attempting to force initiating a petition for guardianship proceedings against her, again without legal basis.

20. These actions reflect a systematic abuse of guardianship proceedings for retaliatory, discriminatory and financial purposes.

21. Movant's federal complaint, currently in preparation, details how his due process rights, familial integrity, and rights under 42 U.S.C. § 1983 were violated through similar schemes involving judicial collusion, obstruction, and intimidation.

## V. LEGAL GROUNDS FOR INTERVENTION

22. Movant's intervention is grounded in the following federal statutes:

    a. 42 U.S.C. § 1983 – Deprivation of rights under color of law; b. 42 U.S.C. § 1985(3) – Conspiracy to interfere with civil rights; c. 42 U.S.C. § 1986 – Neglect to prevent civil rights violations; d. 18

U.S.C. § 241 – Conspiracy against rights; e. 18 U.S.C. § 242 – Deprivation of rights under color of law.

23. Rule 24(a)(2) mandates intervention where the applicant demonstrates an interest that may be impaired or impeded by the disposition of the action. See *Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999).

24. Rule 24(b)(1)(B) allows for permissive intervention when a movant's claim shares common questions of law or fact with the main action. *EEOC v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998).

25. **Timeliness of Intervention**

    This motion is timely under Rule 24, as it is being filed before any dispositive rulings have been issued in this case and while discovery or litigation is ongoing.

26. Movant acted promptly upon recognizing that his constitutional claims, arising from the unlawful guardianship and death of his brother, Raymond Johnson, directly overlap with the misconduct alleged by Plaintiff Jackie Sample—particularly concerning Judge James Orel.

27. Allowing intervention at this stage will not unduly delay or prejudice any existing party, and will assist the Court in addressing systemic issues relevant to both parties' claims.

## VI. CONCLUSION

WHEREFORE, Movant El Roy G. Johnson respectfully requests that this Court:

A. Grant him leave to intervene in this action pursuant to Rule 24(a) or, in the alternative, Rule 24(b);

B. Accept the attached Declaration of El Roy G. Johnson as supporting evidence; and

C. Grant such further relief as this Court deems just and appropriate.

Respectfully submitted,

Sui Juris Intervenor,

El Roy G. Johnson

Email: artkauseye2020@gmail.com

Phone: (224) 471-3779

*[signature]*

El Roy G. Johnson

Date: June 20, 2025


Notary

*[signature]*

Executed on this 20 day of June, 2025

State: Illinois
County: Cook

ANGELICA RAVELO
Official Seal
Notary Public - State of Illinois
My Commission Expires May 2, 2027

9