**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

JACKIE SAMPLE,

    Plaintiff,

v.

MADISON SAMPLE JR., et al.,

    Defendants.

Case No. 1:25-cv-05329

Judge Andrea R. Wood

**FILED JUL 15 2025 — THOMAS G. BRUTON, CLERK, U.S. DISTRICT COURT**

# MOTION TO DISQUALIFY ATTORNEY MICHAEL J. BRADTKE AS COUNSEL FOR JUDICIAL DEFENDANTS

NOW COMES the Plaintiff, JACKIE SAMPLE, pro se, and respectfully moves this Honorable Court to disqualify Attorney Michael J. Bradtke, Assistant Attorney General, from serving as counsel for Defendants Judge James Orel, Judge Kenton Skarin, Judge Neal Cerne, and Judge Susan Alvarado, and in support thereof states the following:

(1)

# INTRODUCTION

Attorney Michael J. Bradtke, an Assistant Attorney General with the Office of the Illinois Attorney General, General Law Bureau, has entered an appearance on behalf of the above-named judicial defendants. Plaintiff respectfully contends that such representation is improper under both federal and Illinois law, and that this Court should disqualify Attorney Bradtke from further participation in this matter on the judges' behalf.

# ARGUMENT

## I. Judicial Immunity Does Not Authorize Representation by the Attorney General in Cases Involving Allegations of Willful Misconduct and Constitutional Violations

The Illinois Attorney General may represent public officials only when acting within the lawful scope of their duties. See *People ex rel. Sklodowski v. State*, 162 Ill. 2d 117, 128 (1994) ("the Attorney General represents the People of the State of Illinois, not the individual interests of state officers when they conflict with those of the public").

Plaintiff's claims against the judicial defendants include allegations of willful misconduct, collusion, abuse of authority, and violations of clearly established constitutional rights under 42 U.S.C. § 1983 and 18 U.S.C. § 242 (Deprivation of rights under color of law). Judicial immunity does not apply where a judge acts in the clear

(2)

absence of jurisdiction or engages in non-judicial acts. See *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Further, representation by the Attorney General in such cases is inconsistent with the duty to defend the interests of the State of Illinois, not individual officers facing personal-capacity liability. See *Environmental Protection Agency v. Pollution Control Board*, 69 Ill. App. 3d 480, 487 (1979) (the Attorney General has discretion to refrain from defending state officials where doing so would conflict with the public interest).

## II. A Conflict of Interest Precludes Representation by the Attorney General

It is improper for the Office of the Attorney General to represent judges accused of depriving citizens of constitutional rights, particularly where claims of elder abuse, conspiracy under color of law (**42 U.S.C. § 1985(3)**), and due process violations are alleged. See *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 807 (1987) ("A public prosecutor may not represent conflicting interests").

Such dual representation creates an impermissible conflict between the state's interest in upholding justice and its attorneys' duty to defend alleged wrongdoers acting outside legal authority.

## III. Representation of Judges in Their Personal Capacities Is Improper

(3)

While judges may be defended in their official capacity when sued for actions taken within jurisdiction, Plaintiff clearly alleges that the judicial defendants acted **outside the bounds of judicial function and jurisdiction**, rendering personal-capacity liability appropriate.

Federal courts routinely prohibit state attorneys from representing defendants in such scenarios. See *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (state officials sued in their individual capacities are "personally liable for actions they take under color of state law").

Moreover, participation by the Attorney General's office under such circumstances may violate ethical duties under **Illinois Rule of Professional Conduct 1.7**, governing conflicts of interest in representation.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court disqualify Attorney Michael J. Bradtke, Assistant Attorney General, from representing the judicial defendants in this matter, and bar the Office of the Illinois Attorney General from further participation as counsel on their behalf.

(4)

Respectfully submitted,

Date: July 2, 2025

Signature: _Jackie S_____

**Jackie Sample**
Pro Se Plaintiff
Burr Ridge IL 60527
773-719-0337
jackshousinganddevelopment@Gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July_____, 2025, I mailed or delivered a true and correct copy of the foregoing Motion to Disqualify to all parties of record, including:

Attorney Michael J. Bradtke
Assistant Attorney General
Office of the Illinois Attorney General – General Law Bureau
100 W. Randolph St., 13th Floor
Chicago, IL 60601

Signature: _Jackie Sample_____
Jackie Sample