UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACKIE JOHNSON-SAMPLE "LIGHT FEATHER,"<br><br>Plaintiff,<br><br>v.<br><br>MADISON SAMPLE JR., et al.,<br><br>Defendants. | No. 25-cv-05329 |

## OLD NATIONAL BANK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant, OLD NATIONAL BANK ("**Old National Bank**"), by its attorneys, JACOBS & PINTA, and moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Amended Complaint filed herein by the Plaintiff, JACKIE JOHNSON-SAMPLE "LIGHT FEATHER" ("**Plaintiff**"). In support thereof, Defendant states as follows:

1. On June 10, 2025, Plaintiff filed her Amended Complaint (the "**Complaint**") against her estranged husband, Madison Sample, Jr. ("**Sample**"), four (4) DuPage County judges ("**Judges**"), the Circuit Court of DuPage County ("**Circuit Court**"), the USA, the USDA and three (3) mortgage lenders, including Old National Bank. The Complaint contains five (5) counts alleging violations of Title 11 of The Americans with Disability Act against the Circuit Court of DuPage County (Count I), violations of procedural due process (Count II), violations of equal protection (Count III), violations of the Tribal Sovereignty and Exhaustion Doctrine (Count IV) and a conspiracy to violate civil rights (Count V).

2. Defendant, Old National Bank, is the owner and holder of a Fixed/Adjustable Rate Note dated March 29, 2022, in the principal amount of $1,499,999.00, executed by Madison Sample, Jr. and Jackie Johnson-Sample, as Borrowers, in favor of Old National Bank, as

nominee for Mortgage Electronic Registration Systems, Inc., which is secured by a Mortgage dated March 29, 2022, made by Madison Sample, Jr. and Jackie Johnson-Sample, as Mortgagors, in favor of Old National Bank, as Mortgagee, and recorded against the property commonly known as 9476 Falling Waters Dr. E, Burr Ridge, Illinois 60527 (the "**Property**").

3. On or about April 2, 2025, Old National Bank filed its Complaint to Foreclose Mortgage in the Circuit Court of DuPage County, Illinois, as Case No. 2025 FC 000199 (the "**Foreclosure Complaint**"), which case remains pending.

4. Old National Bank makes no response to the allegations contained in Count I of the Complaint on the basis that said allegations are not directed to Old National Bank and the relief requested would not effect Old National Bank. Old National Bank hereby moves to dismiss Counts II through IV of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that there are no allegations made against Old National Bank and the allegations that are in those Counts fail to state a claim upon which relief can be granted against Old National Bank.

5. In considering a request for dismissal under Rule 12(b)(6), the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 84 U.S.P.Q. 2d 1129 (3rd Circ 2007). The general rule governing pleadings requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegations in the complaint that are consistent with the theories of the complaint, the complaint is legally insufficient. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S. Ct. 1955 (2007). A plaintiff's failure to allege factual

allegations against a party defendant renders the complaint insufficient and subject to dismissal a matter of law. Id.

6. Old National Bank submits the following argument in support of its Motion to Dismiss Plaintiff's Amended Complaint.

## COUNT I

Count I of the Complaint seeks damages against the Circuit Court of DuPage County for its alleged violations of The Americans with Disability Act. The Allegations of Count I are not directed to Old National Bank and the relief requested would not effect Old National Bank.

## COUNT II

Count II of the Complaint alleges procedural due process violations by all Defendants under 42 U.S.C. § 1983. Plaintiff alleges that the Defendant Judges (Para. 64), Defendant Circuit Court (Para. 65) and Defendant Sample (Para. 66), all deprived Plaintiff of her due process rights by failing to hear her motions (Judges), by establishing policies and practices to deny rights of disabled pro-se litigants (Circuit Court), and by violating court orders (Sample). No allegations are made against Old National Bank.

Moreover, in order to state a claim under § 1983, a plaintiff must plead facts sufficient to show that "the plaintiff was deprived of a right secured by the Constitution or federal law, by a person acting under color of state law." Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006). The requirement of a "person acting under the color of state law" means that private entities and citizens generally cannot be held liable under § 1983. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000). Old National Bank simply filed its Foreclosure Complaint to enforce its loan default remedies. Neither the mere institution of a foreclosure

3

G:\Old National Bank (fna Integra Bank)\Sample, Madison & Jackie\Federal Court Action\Motion to Dismiss Plaintiff's Amended Complaint.doc

proceeding nor the use of a state's tribunals establish state action. See, Walker v. The Federal Land Bank of St. Louis, 726 F. Supp. 211 (1989).

Count II of the Complaint contains no allegation that Old National Bank acted under the color of state law, or any other substantive allegation against Old National Bank related to procedural due process, and should be dismissed as to Old National Bank pursuant to Rule 12(b)(6).

## COUNT III

Count III of the Complaint alleges violations of equal protection against all Defendants under 42 U.S.C. § 1983. Plaintiff alleges that Defendant Judges (Para. 71), Defendant Circuit Court (Para. 73) and Defendant Sample (Para. 74), all deprived Plaintiff of equal protection under the law by treating Plaintiff differently from other litigants based on her gender, race and status as a pro-se litigant (Judges), by establishing policies and practices that result in discrimination, sexism and racism (Circuit Court), and by participating in and benefiting from Plaintiff's discriminatory treatment (Sample). No allegations are made against Old National Bank.

Moreover, as stated in Old National Bank's Motion to Dismiss Count II, Plaintiff has not alleged any facts that might establish that Old National Bank took any actions "under color of state law," as required in a § 1983 cause of action. Plaintiff has failed to plead any substantive allegations against Old National Bank related to equal protections and Count III of the Complaint should be dismissed as to Old National Bank pursuant to Rule 12(b)(6).

## COUNT IV

Count IV of the Complaint alleges that all Defendants have violated federal law supporting tribal self-government and self-determination by rejecting Plaintiff's assertions that

the tribal court has jurisdiction over her domestic relations and foreclosure litigation. The tribal exhaustion doctrine "…directs that a federal court should 'give the tribal court precedence and afford it a full and fair opportunity to determine the extent of its own jurisdiction over a particular claim or set of claims' when a colorable claim of tribal court jurisdiction has been asserted." Brown v. W. Sky Fin., LLC, 84 F. Supp. 3d 467, 476 (M.D.N.C. 2015) (quoting Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth., 207 F.3d 21, 31 (1st Circ. 2000)). The doctrine of tribal sovereign immunity bars suits against Indian tribes absent a clear waiver by the tribe or congressional abrogation. Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505 (1991).

The Plaintiff in this action is Jackie Johnson-Sample "Light Feather." Plaintiff complains that suits filed against her in state court for dissolution of marriage and mortgage foreclosure belong in the tribal court under the doctrine of tribal sovereign immunity. However, Jackie Johnson-Sample "Light Feather" has been sued personally and not as an Indian tribe and, therefore, the doctrine of sovereign immunity does not apply.

Old National Bank has filed its Foreclosure Complaint against Madison Sample, Jr. and Jackie Johnson-Sample, and not an Indian tribe. The Foreclosure Complaint was filed in the Circuit Court of DuPage County against real property located in DuPage County, and not tribal land. The Mortgage that was executed by and consented to by Plaintiff provides that the governing law over any dispute involving the Mortgage is federal law and the law of the jurisdiction in which the Property is located, and not in a tribal court.

Plaintiff has not and cannot assert facts that would establish her entitlement to have a tribunal court assert jurisdiction over Old National Bank's Foreclosure Complaint or that the tribunal exhaustion doctrine or the doctrine of tribal sovereign immunity bars Old National Bank

from proceeding with its Foreclosure Complaint in the DuPage County State Court. Accordingly, Count IV of the Complaint should be dismissed as to Old National Bank pursuant to Rule 12(b)(6).

## COUNT V

Count V of the Complaint alleges that all Defendants have conspired to deprive Plaintiff of her due process and equal protection rights in violation of 42 U.S.C. § 1985(3). Plaintiff alleges that Defendant Sample (Para. 87), Defendant Circuit Court (Para. 88) and Defendant Judges (Para. 92), all conspired to improperly influence judges and court personnel through improper means (Sample), refused to enforce orders against Madison Sample, Jr. (Circuit Court), and interfered with Plaintiff's obtaining adequate legal representation (Judges). No allegations are made against Old National Bank.

To state a cause of action under § 1985(3), a plaintiff must plead: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured or deprived of any right or privilege of a citizen of the United States. United Bhd. of Carpenters v. Scott, 463 U.S. 825, 828-829.

Old National Bank moves to dismiss Count V of the Complaint against it pursuant to Rule 12(b)(6) on the basis that Count V alleges no facts that Old National Bank participated in a conspiracy, express or implied, with the other Defendants to deprive Plaintiff of her due process and equal protection rights. No facts of any express or implied agreement between Old National Bank and any other Defendant(s) are set forth in the Complaint and Count V of the Complaint should be dismissed as to Old National Bank pursuant to Rule 12(b)(6).

For all the foregoing reasons, Defendant, OLD NATIONAL BANK, moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint filed herein by the Plaintiff, JACKIE JOHNSON-SAMPLE "LIGHT FEATHER," and for such other and further relief as this Court deems proper.

        Respectfully submitted,

        OLD NATIONAL BANK

        By: */s/ Tina M. Jacobs*
            JACOBS & PINTA
            One of its attorneys

Tina M. Jacobs, Esq. – ARDC 6190255
Joy Pinta, Esq. – ARDC 6278250
JACOBS & PINTA
77 W. Washington Street, Suite 1005
Chicago, Illinois 60602
(312) 263-1005
officeadmin@jacobsandpinta.com

## **CERTIFICATE OF SERVICE**

I, TINA M. JACOBS, hereby certify that on the 29th day of August, 2025, I caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF filing system, which will send notification of such filing to all counsel of record who have filed an appearance in this matter, and further caused a copy of Old National Bank's Motion to Dismiss Plaintiff's Amended Complaint to the following individual on or before the hour of 5:00 p.m. on August 29, 2025:

Jackie Johnson-Sample
"Light Feather"
9476 Falling Waters Dr. E
Burr Ridge, Illinois 60527
jackshousinganddevelopment@gmail.com


By: */s/ Tina M. Jacobs*
**JACOBS & PINTA**
One of the Attorneys for Plaintiff


Tina M. Jacobs, Esq. – ARDC 6190255
Joy Pinta, Esq. – ARDC 6278250
JACOBS & PINTA
77 West Washington Street, Suite 1005
Chicago, Illinois 60602
(312) 263-1005
officeadmin@jacobsandpinta.com

8