**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Jackie Sample,**

Plaintiff,

v. Case No. 1:25-cv-5329

**Madison Sample Jr., et al.,**

Defendants.

**EMERGENCY MOTION TO DISQUALIFY AND FOR SUBSTITUTION OF
JUDGE FOR CAUSE**

**UNDER 28 U.S.C. §§ 144 AND 455**

NOW COMES Plaintiff, Jackie Sample, sui juris, and respectfully moves this Honorable
Court to disqualify and substitute Judge Andrea R. Wood from further proceedings in this
matter. This motion is based upon the record of the July 16, 2025 and the August 25,
2025 hearing and other proceedings that demonstrate actual bias, the appearance of bias,
repeated due process violations, misapplication of law, and prejudicial conduct depriving
Plaintiff of meaningful access to justice.

Pursuant to 28 U.S.C. § 144, a party may file a timely and sufficient affidavit that the
judge before whom the matter is pending has a personal bias or prejudice against the
party. Pursuant to 28 U.S.C. § 455(a), a judge must recuse herself in any proceeding in
which her impartiality might reasonably be questioned. The misconduct set forth below
demonstrates both actual and apparent bias sufficient to require recusal.

## I. Judge Improperly Presented Plaintiff's Motion Instead of Allowing Plaintiff to Speak

**Transcript Quote:**

After Judge Wood presented for the Plaintiff, Jackie Sample, the court stated *"So I suppose I will start with the emergency motion … having reviewed the written filing from Ms. Sample, I will give counsel for the judicial defendants … an opportunity to respond orally."* (CART Transcript, Aug. 25, 2025).

The Court summarized and reframed Plaintiff's urgent and emergency motion before Plaintiff was permitted to argue, thereby prejudging the issues. As a pro se litigant, Plaintiff was entitled to present her own arguments without judicial re-characterization.

- **Law/Case Authority:**

    - U.S. Const. amend. XIV (Due Process Clause).

    - *Goldberg v. Kelly*, 397 U.S. 254 (1970) – due process requires opportunity to be heard in a meaningful manner.

    - *Faretta v. California*, 422 U.S. 806 (1975) – right to self-representation includes presenting one's case.

## II. Actions and Appearance of Bias

Judge Wood showed favoritism to Defendants by repeatedly echoing defense arguments (judicial immunity, abstention) while minimizing Plaintiff's constitutional claims.

- **Law/Case Authority:**

    - 28 U.S.C. § 455(a) – recusal required when impartiality might reasonably be questioned.

- ○ *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) – due process violated by serious risk of actual bias.

- ○ Canon 2, Code of Conduct for U.S. Judges – judge must avoid impropriety and appearance of bias.

## III. Denial of Meaningful Access to the Courts

Despite Plaintiff detailing imminent foreclosure, repeated utility shut-offs, loss of medical care, and escalating health risks, the Court refused to provide meaningful consideration of emergency relief. Instead, Judge Wood misstated facts about Plaintiff's DuPage divorce and improperly used that dismissed case as a basis to decline intervention.

**Transcript Quotes Demonstrating Misstatements:**

- **Judge Wood:** *"So what is the status of your divorce if the case was dismissed, are you no longer in the process of getting divorced? Are you divorced? Has it been legally finalized?"*

- **Plaintiff:** *"Yes, I'm still Mrs. Jackie Sample. I'm still married to my husband, Dr. Madison Sample ... my divorce was dismissed in DuPage County. There is no existing divorce in DuPage County."*

- **Judge Wood:** *"... Both of those harms ... stem from the divorce proceeding and the foreclosure proceeding ... it does not appear to me that there is any basis for me to intervene."*

- *By Plaintiff's clarification, the DuPage divorce had been dismissed. No pending divorce in DuPage County existed for Judge Wood to rely upon. Nevertheless, Judge Wood misapplied jurisdictional doctrines (Rooker-Feldman, abstention, Anti-Injunction Act) as if Plaintiff were seeking review of an active state divorce case. This constitutes a material misstatement of fact and misuse of law, foreclosing Plaintiff's access to emergency relief.*

**Why This Violated Due Process:**

1. **Misstating Material Facts** — Judge Wood repeatedly treated Plaintiff's dismissed divorce in DuPage County as ongoing, despite Plaintiff's clear correction. A federal judge cannot ground legal rulings on non-existent cases. Doing so undermines factual accuracy and due process.

2. **Improper Legal Pretext** — By invoking Plaintiff's dismissed divorce case in DuPage County as the barrier to relief, Judge Wood misused federal doctrines (Rooker-Feldman, abstention) to avoid addressing independent constitutional claims. This is not a mere error, but an abuse of discretion that deprived Plaintiff of meaningful hearing on her actual harms (foreclosure, utilities, medical neglect, basic human rights, repeating the same pattern as the State System).

3. **Constructive Denial of Access** — Plaintiff's federal claims (domestic violence under color of law, ADA discrimination, financial abuse) were reframed by the Court as "divorce issues," effectively erasing Plaintiff's constitutional claims. This deprived Plaintiff of a meaningful opportunity to present claims on the merits.

**Law/Case Authority Supporting Plaintiff:**

- **U.S. Const. amend. XIV – Due Process Clause: guarantees right to fair adjudication without misstatement of facts.**

- **42 U.S.C. § 1983 – provides redress where state actors, including judges, deprive rights under color of law.**

- ***Bounds v. Smith*, 430 U.S. 817 (1977) – courts must ensure access to judicial process; blocking access is a constitutional violation.**

- ***Lewis v. Casey*, 518 U.S. 343 (1996) – denial of access exists where litigants cannot present non-frivolous claims due to state/court barriers.**

- ***Haines v. Kerner*, 404 U.S. 519 (1972) – pro se pleadings must be liberally construed, not dismissed through factual mischaracterization.**

- ***Caperton v. Massey*, 556 U.S. 868 (2009) – due process is violated where judicial conduct creates risk of bias or unfairness.**

**Conclusion for Section III:**

**Judge Wood's misstatements of fact regarding Plaintiff's DuPage divorce — despite clear correction on the record — and her misuse of that dismissed case as a jurisdictional barrier constitute a constructive denial of meaningful access to the courts. This violated the Fourteenth Amendment, 42 U.S.C. § 1983, and controlling precedent, depriving Plaintiff of her day in court on urgent constitutional claims.**

**IV. Misstatement of Judicial Immunity in § 1983 Claims**

During the August 25, 2025 hearing, Judge Wood suggested that judicial immunity would categorically bar Plaintiff's claims against state court judges. This mischaracterized both Plaintiff's allegations and the governing law. At the motion-to-dismiss stage, Plaintiff's complaint must be taken as true. Plaintiff alleged specific acts outside the legitimate judicial function, including deliberate refusal to enforce valid orders, collusion and conspiring with lawyers and a private abuser, discrimination, and administrative misconduct. If accepted as true — as required — these acts cannot be shielded by judicial immunity.

**CART Transcript Evidence of Misstatement**

- **Defense counsel Bradtke argued:**
  *"... the overarching theme of this case have been the plaintiff's misunderstanding of ... judicial immunity ..."*

- **Judge Wood echoed and adopted this framing, stating:**
  *"... one of the things that I have to consider is whether I'm likely to have jurisdiction here, whether there is likely to be an issue of judicial immunity for some of these judges as raised in the motion to dismiss ..."*

By adopting the defense's framing and prematurely invoking immunity without accepting Plaintiff's allegations as true, Judge Wood misapplied the Rule 12(b)(6) standard. She treated immunity as a categorical barrier at the emergency stage — before discovery, fact development, or consideration of Plaintiff's constitutional claims.

**Why This Is Legally Wrong**

**1. Allegations Must Be Taken as True at Pleading Stage**

- *Bell Atl. v. Twombly*, 550 U.S. 544 (2007) – Complaints survive dismissal if allegations state a plausible claim, which must be accepted as true.

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) – "When there are well-pleaded factual allegations, a court should assume their veracity."

- *Scheuer v. Rhodes*, 416 U.S. 232 (1974) – At the pleading stage, factual allegations must be accepted as true, even when qualified immunity or immunity defenses are raised.

- *Haines v. Kerner*, 404 U.S. 519 (1972) – Pro se pleadings are held to less stringent standards and construed liberally.

Plaintiff's complaint alleged that judges deliberately refused to enforce lawful orders (non-judicial acts), colluded, aided and abetted financial abuse with her husband, Dr. Madison Sample, obstructed ADA accommodations, and engaged in retaliatory actions. At this stage, those allegations must be accepted as true, not dismissed by blanket reference to immunity.

- *Forrester v. White*, 484 U.S. 219 (1988) – Judges are not immune for administrative decisions or enforcement failures.

- *Dennis v. Sparks*, 449 U.S. 24 (1980) – Judges lose immunity when conspiring with private actors to violate constitutional rights.

- *Hafer v. Melo*, 502 U.S. 21 (1991) – State officials, including judges, may be sued in their individual capacity under § 1983.

- **Plaintiff's allegations included collusion between judges and her abusive spouse, refusal to enforce valid orders, and denial of ADA transcript access — all conduct that falls outside protected judicial functions.**

## 3. Plaintiff's Allegations Defeat Immunity at This Stage

- **Non-enforcement of Orders: Judges knowingly failed to enforce existing orders against Plaintiff's spouse, allowing continued abuse. This constitutes administrative dereliction, not judicial decision-making (*Forrester*).**

- **Collusion: Defendant judges accepted Dr. Madison Sample's fraudulent financial affidavits, allegations of coordinated colluding and misconduct between state judges, attorneys and private parties mirror the conspiracy scenario in *Dennis v. Sparks*, where judicial immunity did not apply.**

- **ADA Violations: Refusal to provide reasonable accommodations and transcript access is an administrative act, not a judicial ruling — again outside immunity.**

## Conclusion for Section IV

Judge Wood's categorical invocation of judicial immunity at the pleading stage was legally erroneous. Under *Twombly* and *Iqbal*, Plaintiff's factual allegations — which include non-judicial, administrative, and conspiratorial acts — must be assumed true. Because those allegations describe conduct outside the scope of judicial immunity, the judges named as defendants cannot be dismissed at this stage. Judge Wood's misapplication of immunity law deprived Plaintiff of meaningful access to court and further demonstrates bias in favor of judicial defendants.

**V. Violation of Due Process – Fourteenth Amendment**

By refusing to fairly consider Plaintiff's constitutional claims, the Court deprived Plaintiff of due process under the Fourteenth Amendment. Instead of addressing Plaintiff's federal allegations on their merits, Judge Wood mischaracterized them as appeals of dismissed state proceedings, misstated the facts of Plaintiff's DuPage divorce, and relied on inapplicable doctrines to avoid review.

**Transcript Evidence of Due Process Denial**

- **Judge Wood misstated Plaintiff's divorce status:**
  *"Okay. So what is the status of your divorce if the case was dismissed, are you no longer in the process of getting divorced? Are you divorced? Has it been legally finalized? What is the status?"*
  **Plaintiff responded clearly:**
  *"Yeah, I'm still Mrs. Jackie Sample. I'm still married to my husband Dr. Madison Sample. My divorce was dismissed in DuPage County. There is no existing divorce in DuPage County."*
  Despite this clarification, Judge Wood continued to frame Plaintiff's federal claims as if they arose from a pending divorce case — a factual misstatement that prejudiced Plaintiff's ability to argue her emergency motion.

- **Judge Wood refused to hear federal claims independently of state proceedings:**
  *"I don't have the authority to oversee a state court foreclosure or eviction case … There is a doctrine called the Rooker Feldman … federal courts don't have the jurisdiction to do that."*
  **This ruling ignored Plaintiff's repeated clarification:**

*"... I'm here, Your Honor, because of the egregious violations of due process under color of law and many federal laws that have been violated in my case, which rendered me in your courtroom ... This is a whole new case with a whole new set of circumstances ..."*

**Why This Is a Due Process Violation**

**1. Fundamental Right to Be Heard**

- **U.S. Const. amend. XIV, § 1 –** No state shall deprive any person of life, liberty, or property without due process of law.

- *Goldberg v. Kelly*, **397 U.S. 254 (1970) –** Due process requires an opportunity to be heard at a meaningful time and in a meaningful manner.

- *Mathews v. Eldridge*, **424 U.S. 319 (1976) –** Established the balancing test for due process: (1) private interest affected, (2) risk of erroneous deprivation, (3) government interest.

Plaintiff's interests at stake included housing, medical care, and utilities — fundamental survival needs. The risk of erroneous deprivation was high, as the judge relied on factual misstatements (treating a dismissed divorce as ongoing). The government's burden to fairly hear the case was minimal. This failure directly violated *Mathews*.

**2. Judicial Bias and Appearance of Impropriety**

- *Caperton v. A.T. Massey Coal Co.*, **556 U.S. 868 (2009) –** Due process is violated where there is a serious risk of actual bias or even the appearance of bias.

- **Canon 2, Code of Conduct for U.S. Judges — Judges must avoid impropriety and the appearance of impropriety.**

**By repeatedly asking about the divorce, soliciting information from opposing counsel Bradtke about Plaintiff's marital status, and refusing to accept Plaintiff's clarification that the divorce was dismissed, Judge Wood created both actual prejudice and the appearance of bias.**

### 3. Misapplication of Jurisdictional Doctrines

- *Ex parte Young*, 209 U.S. 123 (1908) — **Federal courts retain jurisdiction to enjoin ongoing constitutional violations by state officials.**

- *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) — **Rooker-Feldman does not apply when the plaintiff alleges new and independent constitutional violations.**

- *JB v. Woodard*, 997 F.3d 714 (7th Cir. 2021) — **Doctrine applies only to de facto appeals of final state judgments.**

**Plaintiff's claims arose from new federal violations (denial of ADA accommodations, refusal to enforce protective orders, deprivation of utilities and healthcare). Judge Wood's blanket application of Rooker-Feldman and abstention doctrines deprived Plaintiff of meaningful access to federal review.**

### Conclusion for Section V

**Judge Wood violated Plaintiff's Fourteenth Amendment right to due process by:**

- Misstating facts regarding Plaintiff's divorce, treating a dismissed case as active.

- Refusing to evaluate Plaintiff's independent federal claims under § 1983, ADA, and VAWA.

- Prematurely applying Rooker-Feldman and abstention doctrines to evade review.

- Creating the appearance of bias by soliciting divorce-related facts from opposing counsel.

Under *Mathews v. Eldridge*, *Caperton*, and *Goldberg*, these actions amount to a denial of meaningful access to the courts. Plaintiff's constitutional rights were compromised, and Judge Wood's conduct demonstrates bias in favor of judicial defendants, warranting disqualification under 28 U.S.C. §§ 144 and 455.

## VI. Misapplication of Federal Jurisdiction – Rooker-Feldman Doctrine

During the August 25, 2025 hearing, Judge Wood invoked the Rooker-Feldman doctrine and related abstention principles to deny Plaintiff's emergency relief. This was a misapplication of law because Plaintiff was asserting new and ongoing federal constitutional violations.

## Transcript Evidence

Judge Wood stated:

- *"I also don't have the authority to enforce another court's orders for contempt. If in fact your husband is in violation of court orders that have been issued in state court, then you have to go to the judges and the courts who issued those orders and ask for him to be held in contempt."*

- *"... there is a doctrine called the Rooker-Feldman ... that says federal courts don't have the jurisdiction to do that."*

- *"... to the extent you are seeking an order today that would enjoin the activities of judges in your ongoing foreclosure and domestic relations cases, I am not able to grant that relief for you."*

**Plaintiff, however, clarified:**

- *"That divorce is dismissed. So I'm not bringing that case to you. I'm here, Your Honor, because of the egregious violations of due process under color of law and many federal laws that have been violated in my case, which rendered me in your courtroom. So with that being said, there is no divorce existing in DuPage any more. So this is a whole new case with a whole new set of circumstances ..."*

**Despite this clarification, Judge Wood misapplied Rooker-Feldman by treating Plaintiff's federal claims as if they were appeals of state proceedings.**

**Why This Was Legally Wrong**

**1. Plaintiff Was Not Appealing a State Judgment**

- **Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) – Prohibits federal courts from acting as appellate bodies over state-court final judgments.**

- **D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) – Same principle:**
  federal trial courts cannot review state-court decisions.

Here, Plaintiff was not asking the federal court to overturn a state divorce or
foreclosure judgment. The DuPage divorce was dismissed and no longer pending.
Plaintiff sought prospective relief against ongoing constitutional violations — a
different matter altogether.

## 2. New and Independent Claims Are Not Barred

- **Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004) – Rooker-Feldman**
  does not apply where plaintiff alleges independent constitutional harms, even
  if related to state proceedings.

- **JB v. Woodard, 997 F.3d 714 (7th Cir. 2021) – Doctrine only bars de facto**
  appeals of final judgments, not new harms or systemic violations.

Plaintiff raised claims of domestic violence, ADA violations, deprivation of utilities
and medical care, and judicial obstruction of access to counsel. These are new,
independent harms under § 1983 and ADA, not appeals of prior state orders.

## 3. Federal Jurisdiction Exists Over Ongoing Constitutional Violations

- **Ex parte Young, 209 U.S. 123 (1908) – Federal courts retain jurisdiction to**
  enjoin ongoing constitutional violations by state actors.

- **42 U.S.C. § 1983 – Provides a federal cause of action for deprivation of rights**
  under color of law.

Plaintiff alleged ongoing harm due to state judges' deliberate inaction and interference with ADA rights, safety, and access to justice. Under *Ex parte Young*, Judge Wood had jurisdiction to consider injunctive relief. Her refusal to do so misapplied federal jurisdiction principles.

## Conclusion for Section VI

Judge Wood's reliance on Rooker-Feldman was a legal error because:

- Plaintiff's DuPage divorce was dismissed, yet the Court misstated facts and relied on it to avoid jurisdiction.

- Plaintiff's federal claims arose from new and independent harms, which controlling precedent (*Kougasian, JB v. Woodard*) confirms are not barred.

- Federal jurisdiction clearly exists under *Ex parte Young* and § 1983 to enjoin ongoing constitutional violations.

By misapplying Rooker-Feldman, Judge Wood denied Plaintiff meaningful access to federal court, in violation of the Fourteenth Amendment's Due Process Clause and 42 U.S.C. § 1983. This error, combined with factual misstatements, further demonstrates bias and supports disqualification under 28 U.S.C. §§ 144 and 455.

## VII. Failure to Appoint Counsel Despite Indigency and ADA

During the July 16, 2025 and August 25, 2025 hearing, Plaintiff presented clear evidence of indigency and disability, triggering the court's obligation to seriously consider appointment of counsel and accommodations under the Americans with

**Disabilities Act. Judge Wood, however, delayed and minimized this request, failing to address the urgent need for representation in a complex § 1983 and ADA case.**

**CART Transcript Show**

**Plaintiff stated:**

- *"So I am in need. I am indigent status, which is why my utilities are repeatedly shut off. I wake up some mornings wondering am I going to have water today. And some mornings I don't have running water. Sometimes I don't have food. I have to stay elsewhere sometimes."*

- *"That is my only source of income ... I rent one room in my house for $1,100 a month ... it doesn't go very far ... I am unable to pay for a supplement for my health, which my health is taking a turn for the worse. These supplements are not covered under welfare. So because of my declining health worsening, I would think that the federal courts would see that as an emergency human rights issue."*

- *"That is precisely why I need an attorney ... obviously if I'm still walking away today with losing my properties and failing health, the system is not working for me doing this on my own."*

**Judge Wood acknowledged but delayed:**

- *"So Mrs. Sample, there is no right to an attorney in a civil case. And so I have to apply certain factors ... What I'm understanding you to say today is that you have no source of income currently ... you have just recently had some rental income ... That's the only income that you have right now?"*

- *"... I will issue a written order because I do need to go through the different factors ... I will make sure that you have those things this week so that you know the answers with respect to service [and] the IFP in support of your request for attorney representation."*

**This record shows the Court deferred ruling despite Plaintiff's documented indigency, disability, and escalating harm.**

**Why This Was Legally Wrong**

**1. Appointment of Counsel for Indigent Civil Rights Litigants**

- **28 U.S.C. § 1915(e)(1) – The court "may request an attorney to represent any person unable to afford counsel."**

- **Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) – Appointment is required where the indigent litigant is unable to litigate effectively and the case is factually or legally complex.**

**Plaintiff demonstrated both: (a) indigency (negative bank accounts, $1,100 rent income grossly insufficient and does not cover survival, no access to marital assets due to abuse and failure of the state system), and (b) complexity (constitutional, RICO, ADA, and emergency injunction claims). Judge Wood's deferral directly contradicts *Farmer v. Haas*.**

**2. ADA Guarantees Equal Access to the Courts**

**42 U.S.C. § 12132 (Title II, ADA) – No qualified individual with a disability shall be**

excluded from participation in or denied the benefits of services, programs, or activities of a public entity.

- **Tennessee v. Lane, 541 U.S. 509 (2004)** – The ADA applies fully to court systems, requiring accommodations for disabled litigants to access judicial services.

Plaintiff explicitly invoked ADA rights: *"I do appreciate finally getting my ADA services today."* Yet the Court failed to ensure meaningful accommodations (including timely appointment of counsel as an accommodation given disability, complexity, and indigency).

### 3. Due Process Requires Effective Participation

- **Mathews v. Eldridge, 424 U.S. 319 (1976)** – Due process requires procedures tailored to prevent erroneous deprivation.

- **Bounds v. Smith, 430 U.S. 817 (1977)** – Courts must ensure access to legal tools necessary for meaningful participation.

Here, Plaintiff was deprived of effective participation because she lacked counsel, faced systemic bias, and was denied ADA-compliant access to the legal process.

### Conclusion for Section VII

By delaying and minimizing Plaintiff's request for appointed counsel, Judge Wood violated:
28 U.S.C. § 1915(e)(1) – by failing to assign counsel where indigency and complexity were clear.

- **42 U.S.C. § 12132 (ADA) – by failing to provide reasonable accommodations.**

- **Fourteenth Amendment Due Process – by leaving Plaintiff without meaningful ability to advocate her case while facing foreclosure, utilities cutoffs, and health deterioration.**

This failure compounded the systemic deprivation of Plaintiff's rights and demonstrates judicial bias and neglect sufficient to support disqualification under 28 U.S.C. §§ 144 and 455.

## VIII. Refusal to Evaluate Emergency Relief Despite Legal Basis

Despite Plaintiff presenting urgent evidence of irreparable harm — including foreclosure, utilities shut-offs, food insecurity, and severe medical neglect — Judge Wood categorically denied relief without applying the required Rule 65 preliminary injunction standards. Instead, she mischaracterized Plaintiff's requests as improper appeals of state court rulings, failing to engage with the constitutional basis of the emergency motion.

- **Plaintiff stated:**
  *"I'm here on emergency because I'm having declining health issues and my properties are, you know, facing foreclosure and property tax sales. ... these are my real emergencies ..."*

- **Plaintiff emphasized:**
  *"The Court should immediately grant emergency relief to enforce existing court orders to protect my constitutional rights, health, safety. I suffer prolonged*

*domestic violence, medical neglect and domestic abuse conduct by my husband Dr. Madison Sample Jr., compounded by judicial inaction and systematic violations of federal laws."*

- **Plaintiff invoked the correct legal standard:**
  *"So I'm seeking relief for following authorities ... Winter v. NRDC ... I am seeking relief under those cases."*

- **Judge Wood responded:**
  *"Rule 65 doesn't give me jurisdiction where I don't already have jurisdiction. Rule 65 has to be based on a showing of a likelihood of success on the merit of the claims in the case ... Rule 65 is a procedural rule, but it doesn't grant jurisdiction. It doesn't establish a cause for relief."*

- **Judge Wood ultimately denied relief:**
  *"... my ruling today is that that relief is going to be denied."*

This demonstrates that the Court failed to apply the Rule 65 framework and dismissed the motion outright.

**Why This Was Legally Wrong**

**1. Rule 65 Requires Four-Factor Analysis**

- **Fed. R. Civ. P. 65 governs preliminary injunctions and temporary restraining orders. Courts must analyze:**
  **(1) likelihood of success on the merits,**
  **(2) irreparable harm,**

(3) balance of equities, and

(4) public interest.

- **Winter v. NRDC, 555 U.S. 7, 20 (2008)** – Courts must apply all four factors; categorical denials without analysis are legal error.

Judge Wood refused to weigh irreparable harm (loss of housing, utilities, medical care, loss of investment properties, loss of business, further financial harm, loss of quality of life and human rights) or balance equities, instead relying only on jurisdictional arguments. This was a misapplication of Rule 65.

## 2. Federal Courts May Intervene to Prevent Ongoing Constitutional Violations

- **Ex parte Young, 209 U.S. 123 (1908)** – Federal courts have authority to enjoin state officials where ongoing violations of federal law cause irreparable harm.

- **42 U.S.C. § 1983** – Provides a cause of action for constitutional deprivations under color of law.

Plaintiff alleged ongoing violations: denial of ADA accommodations, systemic refusal to enforce federal law to protect plaintiff from further harm, protecting plaintiff's safety, and deprivation of property without due process. These claims fall squarely within Ex parte Young jurisdiction, but Judge Wood ignored this authority.

## 3. Failure to Address Medical Neglect by not accepting service for the Plaintiff's husband, Dr. Madison Sample

- **Estelle v. Gamble, 429 U.S. 97 (1976)** – Deliberate indifference to serious medical needs violates the Eighth and Fourteenth Amendments.

- **Tennessee v. Lane, 541 U.S. 509 (2004)** – ADA protects meaningful access to courts where health and disability issues are implicated.

Plaintiff testified to untreated asthma, chronic pain, worsening health, and inability to afford care that isn't covered by state funded health care programs:
*"Now I suffer from untreated chronic pain, asthma complications, muscle spasms and a host of other medical issues ... I'm asking for this Court to take some emergency actions."*

The Court ignored this evidence and failed to analyze the risk of irreparable medical harm to the plaintiff, despite Plaintiff citing *Estelle v. Gamble*. The court ignored the plaintiff's right of protection from further financial loss.

### 4. Due Process Right to Emergency Consideration

- **Mathews v. Eldridge, 424 U.S. 319 (1976)** – Due process requires consideration of the risk of erroneous deprivation when basic rights are at stake.

- **Griffin v. Illinois, 351 U.S. 12 (1956)** – Access to justice cannot be denied based on inability to pay or indigency.

Plaintiff explicitly stated:
*"I'm living without consistent utilities or food supply. ... I just want to stop losing the properties and things that I've worked very hard to acquire."*
Judge Wood's refusal to weigh this evidence under *Mathews* deprived Plaintiff of due process.

### Conclusion for Section VIII

By refusing to apply the Rule 65 standard and instead categorically denying emergency relief, Judge Wood:

- Ignored Plaintiff's showing of irreparable harm (foreclosure, utilities, medical neglect, inadequate quality of life).

- Failed to balance equities and public interest.

- Misapplied jurisdiction doctrines, disregarding Ex parte Young.

- Neglected constitutional claims under the Fourteenth Amendment and the ADA.

- Dismissed medical neglect claims contrary to Estelle v. Gamble.

- Gives the appearance of bias, favoring the the Plaintiff's Spouse Dr. Madison Sample by not holding Dr. Sample to Federal Laws.

This failure to engage with controlling law demonstrates not only procedural error but also judicial bias favoring defendants. It deprived Plaintiff of due process, equal protection, and meaningful access to emergency relief — further supporting disqualification under 28 U.S.C. §§ 144 and 455.

IX. Improper Inquiry Into Plaintiff's Divorce Proceedings

During the August 25, 2025 hearing, Judge Wood improperly inquired into Plaintiff's dismissed DuPage County divorce, repeatedly asking about Plaintiff's marital status and soliciting information from opposing counsel Bradtke. These questions were irrelevant to the federal claims, created prejudice, and injected

confusion into the record. Even more troubling, Judge Wood invited defense counsel to investigate Plaintiff's private affairs and "report back" — an act tantamount to ex parte communication by proxy.

**CART Transcript**

**Judge Wood asked Plaintiff:**

"Okay. So what is the status of your divorce if the case was dismissed, are you no longer in the process of getting divorced? Are you divorced? Has it been legally finalized? What is the status?"

**Plaintiff clarified:**

"Yeah, I'm still Mrs. Jackie Sample. I'm still married to my husband Dr. Madison Sample. My divorce was dismissed in DuPage County. There is no existing divorce in DuPage County."

**Later, Judge Wood asked opposing counsel Bradtke:**

"Mr. Bradtke, just so that I know, do you have any additional information on the status of the divorce proceedings?"

**Counsel Bradtke replied:**

"I do not … I could get any requested information and file a status report if the Court would like me to do that."

**The Federal System Concluded:**

"I don't think I need that at the moment. But thank you."

Despite Plaintiff's clear statement that the divorce was dismissed, Judge Wood persisted in raising it, and even solicited extrajudicial updates from defense counsel. This created confusion, prejudice, and the appearance of bias.

**Why This Was Legally Improper**

**1. Irrelevance and Prejudice Under Rules of Evidence**

- **Fed. R. Evid. 401 – Evidence must be relevant to the claims before the court.**

- **Fed. R. Evid. 403 – Even relevant evidence must be excluded if it risks unfair prejudice, confusion, or wasting time.**

Plaintiff's divorce status was irrelevant to the RICO, § 1983 and ADA claims for denial of due process, emergency relief, and constitutional violations. By injecting the divorce into the record, Judge Wood confused the issues and prejudiced Plaintiff's right to a focused federal hearing.

**2. Violation of Due Process and Appearance of Bias**

- *In re Murchison*, 349 U.S. 133, 136 (1955) – "A fair trial in a fair tribunal is a basic requirement of due process." Even the appearance of bias violates constitutional standards.

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) – Judicial conduct must avoid creating a "serious risk of actual bias."

- 28 U.S.C. § 455(a) – A judge must disqualify herself if impartiality "might reasonably be questioned."

By repeatedly pressing Plaintiff about her dismissed divorce, Judge Wood created the impression that her federal claims were derivative of "family law" matters. Soliciting Bradtke to provide updates further created the appearance of bias, showing reliance on one side's extrajudicial framing rather than Plaintiff's sworn testimony.

### 3. Ex Parte Communication by Proxy

- Canon 2, Code of Conduct for U.S. Judges – Judges must avoid impropriety and the appearance of impropriety.

- *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) – Courts must not rely on extrajudicial information obtained from only one side.

Judge Wood's statement — "Mr. Bradtke, … do you have any additional information … ?" — coupled with Bradtke's offer to "file a status report," improperly deputized opposing counsel to investigate Plaintiff's private affairs. This was ex parte by proxy, signaling the Court's willingness to obtain and rely upon defense-sourced updates outside the record.

### 4. Acting Outside Judicial Scope

- *Lopez v. Vanderwater*, 620 F.2d 1229, 1235 (7th Cir. 1980) – Judges lose immunity when acting outside their jurisdiction or beyond the scope of matters properly before them.

Plaintiff's DuPage divorce had been dismissed. It was not pending, not currently being appealed and not part of the federal case. By questioning Plaintiff and defense counsel about it, Judge Wood acted beyond the scope of the matter before her — a federal § 1983 complaint alleging ongoing constitutional harms.

## 5. Misapplication of Federal Jurisdiction

- *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

- *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

- *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) – Rooker-Feldman does not apply where plaintiffs allege new and independent harms.

- *JB v. Woodard*, 997 F.3d 714 (7th Cir. 2021).

Judge Wood used Plaintiff's dismissed divorce to justify denying jurisdiction, suggesting her harms "stemmed from the divorce proceeding." This was factually wrong (the divorce was dismissed) and legally erroneous: Plaintiff sought relief for new and ongoing federal harms (domestic violence, utility shutoffs, foreclosure, denial of ADA rights, furthering financial loss). Rooker-Feldman did not apply.

## Conclusion for Section IX

The Federal System's inquiry into Plaintiff's dismissed divorce:

- Violated Rules 401 & 403 by introducing irrelevant and prejudicial matters.

- **Undermined due process under *Murchison* and *Caperton* by creating bias and partiality.**

- **Exceeded judicial authority under *Lopez v. Vanderwater.***

- **Misapplied jurisdiction under *Rooker-Feldman.***

- **Created the appearance of ex parte communication by proxy by soliciting defense counsel to provide extrajudicial updates.**

**Collectively, this conduct demonstrates judicial bias, factual misstatements, procedural impropriety, and jurisdictional error. It provides strong grounds for disqualification under 28 U.S.C. §§ 144 and 455.**

## X. Delegation of Investigatory Duties to Opposing Counsel

- During the August 25, 2025 hearing, Judge Wood improperly solicited defense counsel Bradtke to investigate and potentially report back on Plaintiff's dismissed DuPage divorce. This was an abdication of judicial neutrality, created the appearance of bias, and effectively deputized defense counsel to serve as an extrajudicial fact-finder against Plaintiff.

  **CART Transcript**

  Judge Wood asked:

  *"Mr. Bradtke, just so that I know, do you have any additional information on the status of the divorce proceedings?"*

  Counsel Bradtke replied:

  *"I do not … I could get any requested information and file a status report if*

*the Court would like me to do that."*

Judge Wood concluded:

*"I don't think I need that at the moment. But thank you."*

This exchange shows that Judge Wood not only inquired into irrelevant, prejudicial matters, but also opened the door for defense counsel to act as her proxy investigator into Plaintiff's personal affairs.

**Why This Was Legally Wrong**

**1. Violation of Judicial Impartiality Standards**

- **28 U.S.C. § 455(a)** – Requires disqualification when impartiality "might reasonably be questioned."

- **Canon 2, Code of Conduct for U.S. Judges** – Judges must avoid impropriety and the appearance of impropriety.

- **Canon 3(A)(4), Code of Conduct** – Judges must not initiate or permit ex parte communications concerning a pending matter.

○ By soliciting opposing counsel to "get information" about Plaintiff's divorce, Judge Wood created the reasonable impression that she would rely on **extrajudicial information from only one side.** This is a textbook example of conduct that causes impartiality to "reasonably be questioned."

**2. Appearance of Bias and Delegation of Judicial Function**

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009) – Due process requires recusal where judicial conduct creates a "serious risk of actual bias."

- *In re Murchison*, 349 U.S. 133, 136 (1955) – Even the probability of unfairness violates due process.

  ○ Delegating investigatory duties to opposing counsel signaled a willingness to rely on one side's perspective in fact-finding, creating at minimum the appearance of partiality.

### 3. Improper Delegation to an Interested Party

- *Dennis v. Sparks*, 449 U.S. 24, 28–29 (1980) – Judges are not immune when they conspire or act jointly with private parties to deprive constitutional rights.

  ○ While Judge Wood may not have completed the act of delegating, her willingness to allow defense counsel to "file a status report" reflects an openness to rely on an interested party's investigation. This undermines impartiality and judicial independence and echoes the concerns in *Dennis*, where judicial action intertwined with private actors stripped away neutrality.

### 4. Irrelevant and Prejudicial Inquiry

- **Fed. R. Evid. 401 & 403** – Courts must exclude irrelevant and prejudicial matters that confuse the issues.

  ○ Plaintiff's divorce was dismissed. Soliciting defense counsel to investigate it introduced irrelevant facts, risked confusion, and prejudiced Plaintiff by framing her federal civil rights claims as derivative of a closed divorce proceeding.

**Conclusion for Section X**

Judge Wood's solicitation of defense counsel Bradtke to obtain and provide information about Plaintiff's dismissed divorce:

- Violated **28 U.S.C. § 455(a)** and the **Code of Conduct for U.S. Judges**, creating the appearance of bias.

- Raised the specter of **ex parte communication by proxy**, contrary to **Canon 3(A)(4)**.

- Undermined due process under *Murchison* and *Caperton* by creating a serious risk of actual bias.

- Reflected improper delegation of judicial responsibility to an **interested adversary**, raising the same constitutional concerns highlighted in *Dennis v. Sparks*.

- Introduced irrelevant and prejudicial matters in violation of **Fed. R. Evid. 401 & 403**.

○ This misconduct compounded the prejudice Plaintiff faced during the hearing and further supports disqualification under **28 U.S.C. §§ 144 and 455**.

## XI. Disregard for Allegations Taken as True

At the August 25, 2025 hearing, Judge Wood repeatedly dismissed and second-guessed Plaintiff's well-pleaded allegations, despite the clear requirement under Rule 12(b)(6) that factual allegations in the complaint must be taken as true at the motion-to-dismiss stage. Instead of construing allegations in Plaintiff's favor, Judge Wood adopted defense

framing, demanded repeated factual clarifications, and characterized Plaintiff's claims as opposing Counsel's statements "misunderstandings" of judicial immunity and jurisdiction. This undermined Plaintiff's due process rights and violated controlling precedent.

**CART Transcript**

- Defense counsel Bradtke framed Plaintiff's case as a misunderstanding:

*"… the overarching theme of this case have been the plaintiff's misunderstanding of … judicial immunity …"*

- Judge Wood echoed this framing, stating:

*"… one of the things that I have to consider is whether I'm likely to have jurisdiction here, whether there is likely to be an issue of judicial immunity for some of these judges as raised in the motion to dismiss …"*

- Judge Wood repeatedly questioned Plaintiff's allegations rather than accepting them:

*"… It sounds like, if I understand you correctly, you are saying that the rulings in your divorce proceeding … as a result of those decisions, you are financially indigent now … Both of those harms … stem from the divorce proceeding."*

- Plaintiff corrected the record:

*"… That divorce is dismissed. … So this is a whole new case with a whole new set of circumstances …"*

- Yet Judge Wood dismissed Plaintiff's framing:

"... *while those may be ways that you've been harmed, I have to look at whether there is a cause of action ... the decisions that were made there ... indicate that I either don't have jurisdiction or I'd be well advised to abstain ...*"

Instead of accepting Plaintiff's factual allegations of ongoing constitutional violations as true, Judge Wood reframed them as derivative of a state proceedings which happens to be dismissed, contrary to Rule 12(b)(6).

## Why This Was Legally Wrong

### 1. Allegations Must Be Taken as True at the Pleading Stage

- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) – Courts must accept all well-pleaded factual allegations as true when ruling on motions to dismiss.

- *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) – At this stage, the question is whether allegations, taken as true, state a plausible claim for relief.

- *Haines v. Kerner*, 404 U.S. 519, 520 (1972) – Pro se pleadings are held to less stringent standards and must be liberally construed.
  However, the federal system is holding the Plaintiff at a higher standard than opposing Counsel Bradtke.

Judge Wood violated all three standards by treating Plaintiff's allegations with skepticism, crediting defense arguments, and mischaracterizing Plaintiff's claims as "misunderstandings."

### 2. Improper Crediting of Defense Framing

- *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) – At the dismissal stage, the issue is not whether a plaintiff will ultimately prevail but whether she is entitled to offer evidence.

Judge Wood effectively weighed credibility and sided with the defense narrative before any discovery, an impermissible departure from Rule 12(b)(6).

### 3. Due Process Violation Through Pre-Judgment

- *Mathews v. Eldridge*, 424 U.S. 319 (1976) – Due process requires a meaningful opportunity to be heard under fair procedures.

- By questioning Plaintiff's allegations rather than accepting them as true, the Federal System deprived Plaintiff of the benefit of the Rule 12(b)(6) presumption, undermining fair process.

### Conclusion for Section XI

The Federal System repeated disregard for the Rule 12(b)(6) standard:

- Contradicted **Twombly** and **Iqbal** by refusing to accept allegations as true.

- Ignored **Haines v. Kerner**, which requires liberal construction of pro se filings.

- Improperly adopted defense framing at the expense of Plaintiff's due process rights.

- Effectively prejudged the merits before discovery, stripping Plaintiff of her right to develop evidence.

This pattern of disregarding Plaintiff's allegations demonstrates judicial bias and legal error, further warranting disqualification under **28 U.S.C. §§ 144 and 455**.

## XII. Confusion and Bias in Handling Service of Defendant Madison Sample Jr.

During the July 16, 2025 and the August 25, 2025 hearing, the Federal System Court acknowledged that Plaintiff had attempted diligent service of Defendant Madison Sample Jr., including through personal attempts, last-known addresses, and delivery to his active P.O. Box. And email. Despite this, Judge Wood mischaracterized Plaintiff's efforts, sowed confusion, and refused to promptly grant relief for alternative service. This prejudiced Plaintiff by delaying the ability to bring Defendant Madison Sample Jr. before the Court, obstructing the progress of the case, and favoring a party with an official police report showing he is already evading accountability.

**CART Transcript**

**Plaintiff testified:**

*"I've served him at all of his last known addresses including emails and a mailbox where he receives mail and letters."*

**Judge Wood pressed:**

*"Did you hire a process server to go to the house where you last knew him to live? Did you serve him personally?"*

**Plaintiff explained:**

*"I had someone go there. He's no longer there. ... We sent a letter to him there. And also we hand delivered to the address where he receives mail at the PO box for Staples."*

**The Federal System acknowledged:**

*"So you have to get permission first to serve somebody by U.S. mail or by email. The rules require personal service as your first effort. ... But if you have tried to do that and you've been diligent in other ways, it may be that sending him service to the mailbox would be appropriate. I'll issue a separate order on that."*

Despite Plaintiff's sworn account of diligent efforts, Judge Wood did not grant relief at the hearing, instead leaving the matter unresolved. This caused confusion, delay, and uncertainty in Plaintiff's ability to move her case forward.

**Why This Was Legally Wrong**

**1. Federal Rules Require Reasonableness, Not Perfection**

- **Fed. R. Civ. P. 4(e)** – Service may be accomplished by delivering to a person's dwelling, authorized agent, or as permitted under state law. Courts routinely allow alternative service when a defendant evades service.

- *Mullane v. Cent. Hanover Bank*, 339 U.S. 306, 314 (1950) – Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the action," not perfect or impossible.

Plaintiff's attempts — personal service at last-known residence, contacting the landlord, police well-being checks, hand-delivery to an active P.O. Box, and email — were more than "reasonably calculated" to notify Defendant Madison Sample Jr. Yet Judge Wood refused to acknowledge the adequacy of these efforts.

**2. Confusion and Mischaracterization Created Prejudice**

- Judge Wood mischaracterized Plaintiff's efforts by suggesting she had not attempted personal service, even though Plaintiff testified she had sent someone to his last-known residence and verified with police and landlord that he no longer lived there.

- This mischaracterization suggested Plaintiff was failing to follow rules, when in fact she had exceeded reasonable diligence.

## 3. Denial of Equal Access and Favoring Evasion

- *Greene v. Lindsey*, 456 U.S. 444, 449 (1982) – Due process requires service procedures that ensure notice, particularly where important rights (housing, family, property) are at stake.

- *Jones v. Flowers*, 547 U.S. 220, 229 (2006) – When attempts at service fail, due process requires courts to adopt "additional reasonable steps" to notify the defendant.

The Federal System's refusal to promptly grant alternative service on July 16, 2025 and again on August 25, 2025 favored Defendant Madison Sample Jr., who is evading court proceedings and accountability for Federal crimes he is currently committing, which the Federal System is showing a pattern of complicity with Dr. Sample's actions. Instead of applying *Greene* and *Jones*, the Court created procedural barriers that punished Plaintiff despite her compliance with due process standards.

## 4. Bias in Denying Prompt Relief

- By refusing to grant relief at both July 16, 2025 AND August 25, 2025 hearings and instead deferring to a "future order," the Federal System delayed Plaintiff's ability to litigate her case fairly. This delay benefited the evading defendant and burdened Plaintiff, reflecting bias and undermining equal access to justice, once again.

**Conclusion for Section XII**

**The Federal System's handling of service on Defendant Madison Sample Jr.:**

- **Mischaracterized Plaintiff's diligent efforts at service.**

- **Ignored controlling law (*Mullane*, *Greene*, *Jones*) requiring reasonable and flexible service when defendants evade notice.**

- **Failed to resolve the issue promptly, creating confusion and delay, continued declining health issues including Chronic pain and other untreated health issues, financial loss, loss of business income, loss of real estate properties due to foreclosure.**

- **Favored Defendant Sample Jr.'s evasion, prejudicing Plaintiff's ability to proceed with her claims.**

**This conduct shows judicial bias, procedural unfairness, and a failure to apply the law, further supporting disqualification under 28 U.S.C. §§ 144 and 455.**

**XIII. Unequal Allocation of Time and Judicial Monopolization of the Hearing**

At the August 25, 2025 CART hearing, Judge Wood denied Plaintiff a meaningful opportunity to present her motion in her own words. Instead, Judge Wood monopolized much of the hearing time by paraphrasing Plaintiff's filings, lecturing on jurisdiction and immunity, and questioning Plaintiff about matters already set forth in her motion. Although defense counsel did not consume extensive time, Judge Wood herself took up the majority of the session, often cutting Plaintiff off and causing confusion.

This created both prejudice and procedural unfairness: Plaintiff was told she need not present her motion because the Court had "already read it," yet was repeatedly pressed with questions about what the motion said. Plaintiff's time to be heard was displaced by the Court's own paraphrasing, extended jurisdictional lectures, and hypotheticals.

CART Transcript

- Judge Wood began by summarizing Plaintiff's motion herself, instead of allowing Plaintiff to present it:

*"So I suppose I will start with the emergency motion ... those are the requests for relief included in the more recent motion ... I will give counsel for the judicial defendants ... an opportunity to respond orally ..."*

- When Plaintiff attempted to present her own motion, Judge Wood cut her off:

*"There is no need for you to read your motion into the record. It's part of the record because you filed it. And I did read it."*

- **Yet Judge Wood then repeatedly questioned Plaintiff about details already contained in the motion, creating confusion and unnecessary repetition:**

*"So what is the status of your divorce if the case was dismissed, are you no longer in the process of getting divorced? Are you divorced? Has it been legally finalized? What is the status?"*

*"Why is it that your utilities are being turned off?"*

*"Do you have any properties that you still own?"*

- **Judge Wood explicitly interrupted Plaintiff's presentation of emergencies:**

*"Ms. Sample, I'm sorry, I'm giving you a ruling now. I've read your papers and I've listened to you. So now it's your turn to listen ..."*

- **Judge Wood herself admitted:**

*"I've spent 45 minutes just on your issues today ..."*

But most of that time consisted of the Federal Court's own framing, paraphrasing, and questions, not Plaintiff's uninterrupted presentation.

- **In contrast, defense counsel Bradtke, Altman, and Jacobs were each permitted brief, uninterrupted remarks, even when their contributions were procedural only.**

The imbalance was not caused by defense counsel consuming time but by the Federal System monopolizing the discussion and limiting Plaintiff.

**Why This Was Legally Wrong**

### 1. Right to Present One's Own Motion

- *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970) – Due process requires a "meaningful opportunity to be heard."

- *Faretta v. California*, 422 U.S. 806, 820 (1975) – Self-represented litigants have the right to present their own case, not be spoken for by the court.

Judge Wood deprived Plaintiff of the right to present her motion by substituting her own summary, while simultaneously interrogating Plaintiff about the very contents she refused to hear read into the record.

### 2. Judicial Monopolization and Confusion

- Canon 3(A)(4), Code of Conduct for U.S. Judges – Judges must "accord to every person … full right to be heard."

- *Offutt v. United States*, 348 U.S. 11, 14 (1954) – A judge must not assume the role of advocate.

By monopolizing hearing time and preventing Plaintiff from clarifying her motion, Judge Wood blurred the line between neutral arbiter and adversary, even though Judge Wood's testimony differed from the Plaintiff 's urgent and immediate need testimony.  The Federal System's conduct created unnecessary confusion and denied Plaintiff a clear record.

### 3. Unequal Treatment Compared to Defense Counsel

- *In re Murchison*, 349 U.S. 133, 136 (1955) – Even the probability of unfairness violates due process.

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) – A "serious risk of actual bias" requires recusal.

By allowing defense counsel uninterrupted floor time while cutting Plaintiff off, the Federal System created the appearance of bias and partiality.

## Conclusion for Section XIII

The Federal System's conduct in monopolizing the hearing, paraphrasing Plaintiff's filings, refusing to allow Plaintiff to present her own motion, and simultaneously questioning her about its contents:

- Violated due process under *Goldberg* and *Faretta*.

- Contravened judicial ethics under Canon 3(A)(4).

- Crossed the line into advocacy as warned in *Offutt*.

- Created the appearance and probability of unfairness under *Murchison* and *Caperton*.

This inconsistency — telling Plaintiff she need not read her motion while simultaneously interrogating her about it — caused confusion, denied Plaintiff a meaningful opportunity to be heard, and further supports disqualification under 28 U.S.C. §§ 144 and 455.

## XIV. Improper Undermining of Plaintiff's Indigency

During the August 25, 2025 hearing, Judge Wood improperly questioned Plaintiff's credibility and indigency status, despite Plaintiff providing a clear explanation of her dire financial condition. Rather than accepting Plaintiff's sworn affidavit and clarifications, The Federal System cast doubt on Plaintiff's truthfulness by probing inconsistently. This undermined Plaintiff's credibility before opposing counsel and obstructed her right to equal access to justice under the Constitution and ADA.

## CART Transcript

- **Judge Wood questioned Plaintiff's financial affidavit:**
  *"So you filed a financial affidavit in support of your request for pro bono counsel. The financial affidavit doesn't say anything about your properties or businesses. Do you have any properties that you still own?"*


- **Plaintiff explained:**
  *"Yes, Your Honor. As mentioned in my affidavit and in my motions, my properties are all in foreclosure. ... I have rented one room in my home over the last month, which is the only income I have, which is why my utilities continue getting shut off."*

- **Judge Wood continued:**

  *"You didn't include that amount on your financial affidavit. There is a line for income."*

- **Plaintiff responded openly:**

  *"I believe that I did put it on there somewhere … I'm open about what I'm receiving and the help that I need here."*

- **Judge Wood pressed further:**

  *"Do you have any money in bank accounts? … Any retirement savings, stocks, bonds, anything like that?"*

- **Plaintiff clarified:**

  *"Right now I'm at a negative. … The lawsuit is in federal court because my husband took all of that away from me … So I don't have access to this money."*

Despite Plaintiff's clear and consistent explanations — foreclosure, indigency, utilities cut off, $1,100 monthly rental income as her only support — the Federal System repeatedly framed Plaintiff's affidavit as incomplete or unreliable, suggesting dishonesty where there was none. This line of questioning resembles further abuse of power by the Federal System.

**Why This Was Legally Wrong**

## 1. Equal Access to Courts Requires Respect for Indigency

- *Griffin v. Illinois*, 351 U.S. 12, 19 (1956) – "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."

- *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) – In forma pauperis status should be granted unless the affidavit shows the plaintiff can pay "without depriving himself of the necessities of life."

Plaintiff explained she was indigent — living without utilities, food stamps cut off, negative bank accounts — yet the Federal System treated her affidavit as suspect, undermining her constitutional right to access the courts regardless of poverty, repeating similar action from the State judicial System.

## 2. ADA Requires Equal Access for Disabled Litigants

- 42 U.S.C. § 12132 (ADA Title II) – Public entities (including courts) cannot exclude or discriminate against qualified individuals with disabilities in services or programs.

- *Tennessee v. Lane*, 541 U.S. 509 (2004) – The ADA applies to court access and requires accommodation to ensure disabled litigants can meaningfully participate.

Plaintiff's disability and indigency compounded her need for accommodations and appointed counsel. Judge Wood's questioning cast doubt instead of applying the ADA's remedial purpose, creating additional barriers.

## 3. Improper Credibility Attacks Violate Due Process

- *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971) – The courts cannot condition access to courts on ability to pay when fundamental interests are at stake.

- *In re Murchison*, 349 U.S. 133 (1955) – Due process is violated when judicial conduct creates even the appearance of unfairness.

By pressing Plaintiff in a way that suggested dishonesty about her indigency, Judge Wood created prejudice in front of opposing counsel and chilled Plaintiff's ability to assert her rights.

**Conclusion for Section XIV**

**Judge Wood's handling of Plaintiff's indigency affidavit:**

- Improperly questioned Plaintiff's credibility despite clear, consistent explanations of foreclosure, negative bank balances, and reliance on a single rental room for income.

- Ignored binding precedent (*Griffin, Adkins, Boddie*) requiring courts to ensure indigent litigants have equal access to justice.

- Failed to apply ADA Title II (42 U.S.C. § 12132) and *Tennessee v. Lane*, which mandate accommodation and fairness for disabled litigants.

- Created the appearance of bias by suggesting dishonesty and undermining Plaintiff's credibility in front of opposing counsel.
  This improper undermining of Plaintiff's indigency violated constitutional due process and ADA protections, further supporting recusal and disqualification under 28 U.S.C. §§ 144 and 455.

**XV–XXI. [Additional Points Incorporated]**

*(Improper framing of relief, dismissing claims as misunderstandings, cutting off motions, etc. — as identified above — each tied to transcript quotes and case law in full version for filing.)*

**XV. Mischaracterization of Federal Jurisdiction – Misuse of the Anti-Injunction Act**

**Transcript Evidence**

Judge Wood stated:

*"... there are several doctrines that apply including the Anti-Injunction Act, which is a federal statute that says a federal court cannot grant an injunction to stay any proceedings in state court ..."*

Judge Wood invoked the Anti-Injunction Act as a blanket prohibition, ignoring that **42 U.S.C. § 1983** provides a clear exception when constitutional rights are at stake.

**Why This Was Wrong**

- **42 U.S.C. § 1983** – Authorizes federal courts to enjoin unconstitutional action under color of law.

- *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972) – Supreme Court held § 1983 is an express exception to the Anti-Injunction Act.

- *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984) – Federal injunctive relief against state judges is permitted under § 1983 where constitutional violations are alleged.

By misusing the Anti-Injunction Act as an absolute bar, Judge Wood denied Plaintiff the right to federal relief explicitly preserved under § 1983.

## XVI. Improper Reliance on Defense Counsel's Misstatements

### CART Transcript

Defense counsel Bradtke admitted:

"… I was out of town actually for the previous two weeks and just found out about this call this morning about 20 minutes ago. So I'm not completely up to speed with the exact detail …"

Despite conceding unpreparedness, his broad and unsupported claims about "judicial immunity" and "abstention" were given weight by Judge Wood.

### Why This Was Wrong

- *Johnson v. Zerbst*, 304 U.S. 458, 462 (1938) – Fundamental fairness requires balance; courts cannot permit one side's disadvantage to dictate outcomes.

- *Powell v. Alabama*, 287 U.S. 45, 68–69 (1932) – Courts must ensure disadvantaged litigants are not procedurally steamrolled.

By amplifying Bradtke's unprepared arguments while cutting off Plaintiff's detailed filings, Judge Wood denied Plaintiff equal treatment and undermined fairness of the proceeding.

## XVII. Dismissal of ADA Accommodation Issues

### CART Transcript

Plaintiff stated:

*"… I do appreciate finally getting my ADA services today."*

Judge Wood acknowledged the provision of CART for this hearing but dismissed the significance of prior denials and did not address ongoing ADA accommodation failures.

### Why This Was Wrong

- **42 U.S.C. § 12132 (ADA Title II)** – Courts may not exclude qualified individuals with disabilities from participation in judicial services.

- *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004) – Title II applies directly to court access; accommodations are constitutionally required.

- *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993) – Courts must appoint counsel or provide other accommodations if disability prevents meaningful participation.

Judge Wood's failure to address years of ADA violations perpetuated discrimination, denying Plaintiff equal access to justice.

### XVIII. Improperly Weighing Merits at Motion-to-Dismiss Stage

### CART Transcript

Judge Wood stated:

*"… under Rule 65 … one of the things that I have to consider is whether I'm likely to have jurisdiction here, whether there is likely to be an issue of judicial immunity … or a Rooker-Feldman problem …"*

She further concluded:

*"… it does not appear to me that there is any basis for me to intervene …"*

Judge Wood prematurely evaluated jurisdiction and merits before discovery, rather than accepting allegations as true under **Rule 12(b)(6)**.

## Why This Was Wrong

- *Bell Atl. v. Twombly*, 550 U.S. 544, 555–56 (2007) – At the pleading stage, allegations must be accepted as true.

- *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) – Complaints survive dismissal if they state a plausible claim for relief.

- *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) – The question is not whether the plaintiff will prevail but whether she is entitled to offer evidence.

By applying merits standards prematurely, Judge Wood deprived Plaintiff of due process and the protections of Rule 12(b)(6).

## XIX. Failure to Address Emergency Health & Safety Concerns, financial loss, business loss, loss of real estate parcels, loss of quality of life, and failure to address domestic violence currently happening against the Plaintiff, Jackie Sample.

## Transcript Evidence

Plaintiff described:

*"…I'm having declining health issues and my properties are facing foreclosure and property tax sales …"*
*"…I'm living without consistent utilities or food supply …"*

Despite these urgent concerns, Judge Wood refused to meaningfully evaluate emergency relief.

## Why This Was Wrong

- *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976) – Deliberate indifference to medical needs violates constitutional protections.

- *Haines v. Kerner*, 404 U.S. 519, 520 (1972) – Pro se complaints must be liberally construed and heard on their merits.

- *Winter v. NRDC*, 555 U.S. 7, 20 (2008) – Courts must assess irreparable harm and balance hardships under Rule 65.

By disregarding imminent threats to Plaintiff's health and survival, The Federal System abdicated her duty under Rule 65 and binding precedent.

## XX. Repeated Misstatements of Facts in the Record

### CART Transcript

Judge Wood claimed Plaintiff's harms stemmed from her divorce:

*"… rulings in your divorce proceeding … as a result of those decisions, you are financially indigent now …"*

Plaintiff corrected:

*"My divorce was dismissed in DuPage County. There is no existing divorce in DuPage County."*

Judge Wood nevertheless continued to frame Plaintiff's harms as arising from a dismissed divorce, misstating the record.

### Why This Was Wrong

- *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) – Due process requires impartial and accurate adjudication.

- *In re Murchison*, 349 U.S. 133, 136 (1955) – Even the appearance of unfairness violates due process.

- *Lopez v. Vanderwater*, 620 F.2d 1229, 1235 (7th Cir. 1980) – Judges acting outside the matters properly before them lose immunity.

Mischaracterizing facts to dismiss jurisdiction demonstrated bias, prejudiced Plaintiff's credibility, and distorted the record..

## CUMULATIVE EFFECT

The misconduct detailed in **twenty-one independent categories** does not merely represent isolated error but establishes a **pervasive and continuing pattern of judicial bias and procedural unfairness.** This pattern began with Judge Wood's **July 16, 2025 order,** in which she:

- Failed to address pending emergency motions despite Plaintiff's showing of irreparable harm, in violation of **Fed. R. Civ. P. 65** (*Winter v. NRDC*, 555 U.S. 7 (2008)).

- Denied intervention to Mr. ElRoy Johnson without proper consideration of his statutory rights under **Fed. R. Civ. P. 24(a)(2)**, where intervention is mandatory if the applicant's interests are impaired by the disposition of the case (*Trbovich v. United Mine Workers*, 404 U.S. 528 (1972)).

- Deferred or ignored federal claims under **42 U.S.C. § 1983** and the **ADA (42 U.S.C. § 12132)**, thereby failing to give effect to binding federal statutes.

- Overlooked Plaintiff's urgent constitutional claims involving domestic violence, foreclosure, utilities, and health care, all of which implicated federal protections under the **Fourteenth Amendment** and **Violence Against Women Act (34 U.S.C. § 12291)**.

This pattern continued at the **August 25, 2025 CART hearing,** where Judge Wood:

- Misstated federal doctrines (Rooker-Feldman, Anti-Injunction Act) as categorical bars despite recognized exceptions (*Mitchum v. Foster*, 407 U.S. 225 (1972)).

- Echoed defense counsel's framing of immunity and abstention, while cutting off Plaintiff's ability to present her motion in her own words.

- Improperly solicited extra-record information from opposing counsel concerning Plaintiff's dismissed divorce, creating the appearance of ex parte influence.

- Repeatedly misstated facts in the record, including the continued reference to a divorce case that Plaintiff confirmed was dismissed.

Taken together, the **July 16, 2025 order** and **August 25, 2025 hearing** show not isolated rulings, but a **pattern of judicial conduct** where Plaintiff's emergency constitutional rights were denied, federal law was disregarded, and procedural fairness was replaced by bias.

## Legal Standards

- *In re Murchison*, 349 U.S. 133, 136 (1955) – "Fairness requires not only an absence of actual bias but the absence of even the probability of unfairness."

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) – Recusal required where there is a "serious risk of actual bias."

- *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) – Due process requires adjudication free from any possible temptation of bias.

- **28 U.S.C. § 144** – Requires recusal where a party's affidavit shows personal bias or prejudice.

- **28 U.S.C. § 455(a)** – Requires recusal where a judge's impartiality "might reasonably be questioned."

The **cumulative effect** of Judge Wood's decisions — both in her **July 16, 2025 order** and at the **August 25, 2025 hearing** — establishes a sustained course of bias, denial of due process, and disregard of controlling federal law. This ongoing pattern undermines confidence in impartial adjudication and mandates disqualification.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Disqualify and recuse Judge Andrea R. Wood** from presiding over this matter pursuant to **28 U.S.C. §§ 144 and 455**, on grounds of actual bias, appearance of bias, disregard of federal law, and repeated due process violations;

2. **Substitute another district judge** to ensure impartial adjudication and protect Plaintiff's constitutional and statutory rights;

3. **Grant such further relief as this Court deems just and proper**, including but not limited to:

   o   Reassignment of all pending emergency motions to a new judge;

   o   Review and correction of Judge Wood's July 16, 2025 order where federal law and Plaintiff's emergency rights were ignored;

   o   Guarantee of ADA accommodations and full access to the courts going forward.

VERIFIED DECLARATION UNDER 28 U.S.C. § 1746

I, Jackie Sample, declare under penalty of perjury that the foregoing motion and factual statements are true and correct to the best of my knowledge, information, and belief.

Executed on this 29 day of August , 2025.

Respectfully submitted,

/s/ Jackie Sample

Jackie Sample, Plaintiff, sui juris

jackshousinganddevelopment@gmail.com

(773)719-0337