

**FILED**

**SEP 08 2025**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**Jackie Sample,**

Plaintiff,

v.

**Madison Sample Jr., et al.,**

Defendants.

Case No. 1:25-cv-05329

Judge Andrea R. Wood

**PLAINTIFF'S MOTION FOR DISQUALIFICATION UNDER 28 U.S.C. § 144**

**INTRODUCTION**

This case involves ongoing emergency harms to Plaintiff, including imminent foreclosure of multiple properties, deteriorating health, loss of income, and denial of financial relief. At the August 25, 2025 hearing, Judge Andrea R. Wood curtailed Plaintiff's right to argue her own motion, presented and summarized Plaintiff's motion herself, and delayed

rulings on urgent issues including service of Defendant Madison Sample Jr. and emergency relief. These actions demonstrate predisposition and prejudice that deprive Plaintiff of due process and require disqualification under 28 U.S.C. § 144.

## GOVERNING LAW

28 U.S.C. § 144 provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

The statute requires only a timely and sufficient affidavit and a certificate of good faith. Once filed, the presiding judge must "proceed no further." *United States v. Balistrieri*, 779 F.2d 1191, 1204 (7th Cir. 1985).

The Supreme Court has repeatedly held that judicial bias and prejudice deny due process and require disqualification:

- *In re Murchison*, 349 U.S. 133, 136 (1955) — due process is violated when circumstances destroy the appearance of fairness.

- *Offutt v. United States*, 348 U.S. 11, 14 (1954) — recusal required where judicial hostility or conduct demonstrates bias and prejudices a litigant.

- *Balistrieri*, 779 F.2d at 1204 — binding Seventh Circuit precedent that once a § 144 affidavit is sufficient, reassignment is mandatory.

## FACTS DEMONSTRATING BIAS AND PREJUDICE

1. **Predisposition and Curtailment of Argument**

   At the August 25, 2025 hearing, Judge Wood presented and summarized Plaintiff's motion herself before allowing Plaintiff to argue. Every litigant is entitled to present their own case. By speaking for Plaintiff and then turning the matter over to opposing counsel, the Court demonstrated predisposition and denied Plaintiff an opportunity to be heard. This conduct indicates bias and prejudice.

2. **Failure to Rule on Service of Defendant**

   Judge Wood acknowledged that Plaintiff had exercised due diligence in attempting service on Defendant Madison Sample Jr., who is evading service while abroad. Despite this acknowledgment, the Court has delayed ruling on Plaintiff's motions for special service for months. Without service, Plaintiff cannot obtain relief from Defendant, who has failed to pay maintenance, mortgage, or provide insurance, causing Plaintiff to face foreclosure and financial collapse.

3.  **Delays in Emergency Motions**

    Plaintiff filed emergency motions in May, July, and August 2025. None were addressed promptly. The July 16 hearing occurred two months after the first emergency motion. The August 25 hearing occurred three weeks after the August 3 motion. Emergency motions are defined by law as requiring immediate attention, yet Judge Wood's delays allowed irreparable harm to continue, including foreclosures, water damage to properties, and deterioration of Plaintiff's health.

4.  **Bias Resulting in Prejudice**

    The Court's actions mirror the pattern of inaction Plaintiff experienced from four DuPage County judges, who uniformly failed to enforce orders against Defendant. Plaintiff has alleged ongoing violations under color of law and elements of a RICO conspiracy. As sworn: "I currently have a federal lawsuit filed for Violations under Color of Law and Deprivation of Rights — and there are clear elements of a RICO case. The fact that four state judges, and now a federal judge, have acted in the same pattern cannot be a coincidence."

**RELIEF REQUESTED**

For these reasons, Plaintiff respectfully requests that this Court:

1.  Find the affidavit legally sufficient under 28 U.S.C. § 144;

2. Order that Judge Andrea R. Wood proceed no further in this matter;

3. Refer this motion to another district judge through the Executive Committee or Chief Judge for decision; and

4. Stay all substantive rulings pending resolution of this motion.

Respectfully submitted,

Dated: September 8, 2025

/s/ **Jackie Sample**

Plaintiff, Sui Juris

jackshousinganddevelopment@gmail.com

(773)719-0337