IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE JOHNSON SAMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-05329 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MADISON SAMPLE, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

    Plaintiff's motions to disqualify and for substitution of judge for cause [74], [85], [89], [100], pursuant to 28 U.S.C. §§ 144 and 455, are denied. With those matters resolved, the Court will proceed with written rulings on the pending motions that are ripe for decision in due course. See the accompanying Statement for details.

## STATEMENT

    Plaintiff Jackie Sample, proceeding *pro se*, brings this action against ten defendants: her husband, Madison Sample, Jr.; Illinois state court judges Kenton Skarin, James Orel, Neal Cerne, and Susan Alverado; the Circuit Court of the Eighteenth Judicial Circuit, DuPage County; financial institutions Old National Bank, GN Bank, and Select Portfolio Servicing Inc.; and the United States of America. (Dkt. No. 1.) Her eight-count complaint asserts claims based on alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the "tribal sovereignty and exhaustion doctrine," the "breach of federal trust doctrine," violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, "predatory lending practices," and a conspiracy to violate her civil rights under 42 U.S.C. § 1985(3). After this Court denied Sample's requests for a temporary restraining order and preliminary injunction in an oral ruling on August 22, 2025 (Dkt. No. 72), she filed a series of motions seeking disqualification or recusal of the undersigned judge for cause. (*See* Dkt. Nos. 74, 85, 89, 100.) This order addresses those motions.

    While Sample has filed multiple motions and supporting documents, her requests for relief raise essentially the same arguments and rely on two statutory bases: 28 U.S.C. § 144 and 28 U.S.C. § 455. As set forth in her affidavits pursuant to § 144 (Dkt. Nos. 91, 92, 99), and elsewhere in her moving documents, Sample asserts that the undersigned judge has demonstrated bias and prejudice against her through various rulings and case management decisions. Among other things, she states that the undersigned judge presented and summarized her emergency issues during the August 25, 2025 hearing and did not allow her to speak, adopted the opposing party's arguments, disregarded governing legal standards, failed to act on her emergency motions, and

delayed action on her motion for alternative service (instead taking it under advisement for a written ruling), thereby allegedly shielding her ex-husband from responsibility for his actions. She further contends that the Court improperly referenced her requested disability accommodation during a hearing and disregarded "urgent, life-threatening" circumstances. Notably, there is no allegation that the undersigned judge has any personal relationship or familiarity with any of the parties in this case; indeed, she has none.

Section 144 protects parties from proceeding in a case before a judge that has a "personal bias or prejudice" against them. 28 U.S.C. § 144. A judge must recuse herself if the movant satisfies certain procedural requirements. Specifically, the statute requires the movant to file a timely and sufficient affidavit:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

*Id*. When addressing a motion under § 144, the presiding judge is "allowed to pass only on the timeliness and sufficiency of the affidavit, accepting the factual averments as true." *United States v. Balistrieri*, 779 F.2d 1191, 1200 (7th Cir. 1985). Still, "[a] court may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (internal quotation marks omitted). The Seventh Circuit has emphasized that the requirements of § 144 must be strictly enforced. *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020).

As an initial matter, although Sample has filed both an affidavit and a certificate in support of her § 144 motion, she is not represented by counsel. Federal courts have consistently held that *pro se* litigants cannot satisfy the requirements of § 144 by signing and filing a certificate of good faith on their own behalf. *See Mitchell v. United States*, 126 F.2d 550, 552 (10th Cir. 1942) (holding that the requirement for a certificate by counsel is an essential safeguard to prevent abuse of § 144); *see also Watford v. LaFond*, 725 F. App'x 412, 414 (7th Cir. 2018) (citing *Mitchell* with approval in holding that without counsel a *pro se* plaintiff could not have complied with § 144's requirement that counsel of record certify that the plaintiff's affidavit is filed in good faith); *United States v. Betts-Gaston*, 860 F.3d 525, 537 (7th Cir. 2017) (explaining the separate requirements under § 144 for an affidavit from the party and a certificate by counsel of record); *Robinson v. Gregory*, 292 F. Supp. 334, 337–38 (S.D. Ind. 1996) (holding that a party's affidavit filed without a certificate of counsel of record "fails on this threshold matter"). Since Sample is not represented by counsel of record, and therefore no such counsel has filed a certificate of good faith, her motion under § 144 is procedurally inadequate and properly denied on that basis alone.

Even if Sample had satisfied the procedural requirement of a certificate of counsel of record, the facts and reasons stated in her affidavit still would not be legally sufficient to establish bias or prejudice for purposes of § 144. A legally sufficient affidavit must allege "personal bias or prejudice stemming from an extrajudicial source and resulting in an opinion on the merits on

2

some basis other than what the judge learned from participation in the case." *Barr*, 960 F.3d at 919. None of Sample's statements in her affidavit point to bias derived from any source outside of these proceedings.

Moreover, as the Seventh Circuit has explained, "[u]nlike a motion to recuse under 28 U.S.C. § 455, which simply requires the reasonable appearance of bias, a motion to disqualify under § 144 requires a showing of *actual bias*. And only personal animus or malice on the part of the judge can establish actual bias. Moreover, judicial rulings alone will almost never constitute a valid basis for disqualification under § 144." *Hoffman*, 368 F.3d at 718 (internal citations omitted). Yet Sample's objections relate solely to judicial rulings and matters of docket management, such as the denial of her request for emergency relief and the decision to take her request for alternative service of process under advisement for a written ruling. Disagreeing with the Court's application of the law is grounds for appeal, not recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).[1] Thus, Sample's request for recusal under § 144 is denied.

As a second ground for seeking a new judge, Sample invokes § 455, which governs judicial disqualification. Section 455(a) requires disqualification where a judge's impartiality might reasonably be questioned. This is an objective standard. The relevant inquiry is whether a well-informed, thoughtful observer—rather than a "hypersensitive or unduly suspicious person"—would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Section 455(b)(1) provides a similar but narrower basis for disqualification where the judge has "a personal bias or prejudice" concerning a party. *Id.*. To be disqualified under this provision, the bias must be personal, not judicial, and must stem from a source outside the proceedings. *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009). With respect to § 455 generally, judicial rulings, expressions of impatience, and even strong criticisms do not warrant recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. See also *United States v. Perez*, 956 F.3d 970, 975 (7th Cir. 2020) (holding that a judge's ordinary efforts at courtroom administration or docket management are immune from claims of bias or partiality).

Sample has not identified any facts or circumstances that would lead a reasonable and well-informed observer to question the impartiality of the undersigned judge. The conduct about which Sample complains falls squarely within the realm of routine judicial functions. In denying her request for emergency injunctive relief, for example, the Court carefully reviewed all Sample's filings, considered the relevant case law, provided Sample with more than one opportunity to be heard, and, in denying her requested relief, explained why such relief would not

---

[1] The undersigned judge acknowledges that she did ask at the most recent hearing on September 9, 2025 whether counsel for other parties had anything to add regarding Sample's motions for disqualification and recusal. While it is this judge's routine practice to give all parties a chance to speak at court hearings, in this instance, the invitation was ill-advised. The Seventh Circuit has advised judges to refrain from asking for views of counsel on matters of recusal. *Barr*, 960 F.3d at 921. That said, the Seventh Circuit has also expressly held that a party's input on such motions is not grounds for finding prejudice and does not require recusal. *Id*. Moreover, any statements by Defendants' counsel at the September 9 hearing had no bearing on this ruling. Accordingly, consistent with Seventh Circuit precedent, the undersigned judge finds no resulting basis for recusal or disqualification.

be granted. At the three court hearings already held in this matter, the undersigned judge has allowed the parties to present their positions, asked questions to ensure an understanding of their arguments, made some rulings, and set appropriate schedules for others. A reasonable observer would not question the Court's impartiality in this case. As the Seventh Circuit has emphasized, "[a] trial judge has as much obligation not to recuse herself when there is no occasion for her to do so as she does to recuse when the converse prevails." *Hoffman v. Caterpillar Inc.*, 368 F.3d 709, 717 (7th Cir. 2004).

In sum, Sample has failed to show that recusal is warranted under either 28 U.S.C. § 144 or 28 U.S.C. § 455(a). Accordingly, her motions to disqualify and for substitution of judge for cause (Dkt. Nos. 74, 85, 89, 100) are denied.

Dated: September 11, 2025

_____
Andrea R. Wood
United States District Judge