
Case: 1:25-cv-05329 Document #: 104 Filed: 09/17/25 Page 1 of 6 PageID #:911

FILED
9/17/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PJJ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JACKIE SAMPLE,

Plaintiff,

v.

JUDGE ANDREA R. WOOD, et al.,

Defendants.

Case No.: 1:25-cv-05329

MOTION FOR RECONSIDERATION, RENEWED EMERGENCY RELIEF, AND JUDICIAL RECUSAL

NOW COMES the Plaintiff, Jackie Sample, pro se and sui juris, and respectfully moves this Court to reconsider its September 11, 2025 Order (Dkt. 102) denying Plaintiff's motions for disqualification, judicial recusal, ADA accommodations, and emergency relief. Plaintiff also seeks renewed emergency relief to prevent imminent harm and requests immediate ADA accommodations, including counsel, CART services, and transcript access. In support of this motion, Plaintiff states as follows:

I. BACKGROUND

1. Plaintiff previously filed motions under 28 U.S.C. §§144 and 455 (Dkt. 74, 85, 89, 100) seeking judicial recusal due to actual bias, favoritism toward Defendant Madison Sample, and denial of ADA accommodations.

2. Plaintiff has filed sworn affidavits and supplemental affidavits (Dkt. 91, 92, 99) documenting judicial misconduct, denial of emergency relief, and ADA violations, including denial of counsel, delayed CART services, and lack of transcript access.

3. Plaintiff has experienced ongoing procedural and constitutional harms, including obstruction of service on Defendant Madison Sample, denial of requested emergency relief, denial of meaningful ADA accommodations, and repeated exposure to threats to safety, property, and health.

4. The hearings on July 16, 2025; August 25, 2025; and September 9, 2025 are referenced based on docket entries and observed procedural actions, not verbatim transcripts.

## II. COMPREHENSIVE CHART OF VIOLATIONS

| # | Alleged Violation | Harm Caused | Statute / Case Law | Supporting Motions / | Hearing Refer |
|---|---|---|---|---|---|
| 1 | Denial of recusal motions due to pro se status | Denied access to §144 relief; trapped in | 28 U.S.C. §§144, 455; Caperton v. A.T. Massey Coal Co., Liljeberg v. Health Servs. Acquisition Corp., Gideon v. | Dkts. 74, 85, 89, 100 | July 16, Aug |
| 2 | Denial of ADA counsel appointment | Denied meaningful access; | 42 U.S.C. §12132; Tennessee v. Lane | Dkts. 40, 41, 42, 50 | July 16, Aug |
| 3 | Delayed CART services and | Impaired access, delayed | 42 U.S.C. §12132; Tennessee v. Lane | Dkts. 53, 65, 91, 92 | Aug 25, |
| 4 | Refusal to accept service on Dr. | Obstructed relief, | 42 U.S.C. §§1983, 1985; Caperton | Dkts. 50, 53, 65 | July 16, |
| 5 | Soliciting input from opposing | Appearance of bias; procedural | Liteky v. United States, Perez, Hoffman | Dkts. 74, 85, 89 | Sep 9 |
| 6 | Speaking in agreement with | Partiality, prejudgment | Federal Judicial Canons 1, 2, 3(C)(1), 3(C)(1)(c) | Dkts. 74, 85, 89 | Sep 9 |
| 7 | Denial of emergency relief (TRO, PI, | Threats to safety, property, medical needs | 42 U.S.C. §§1983, 1985; Caperton; Fuentes | Dkts. 40, 41, 42, 50, 53 | July 16, Aug |
| 8 | Pattern mirroring DuPage County | Systemic obstruction of | §1983, §1985; Caperton | Dkts. 74, 85, 89, | All hearin |
| 9 | Punishing Plaintiff for | Denial of fair access, | Elrod v. Burns; Caperton; Liljeberg | Dkts. 74, 85, 89, | All hearin |
| 1 | Ignoring ADA requests while | Denied meaningful | 42 U.S.C. §12132; Tennessee v. Lane | Dkts. 40, 41, 42, | July 16, |

## III. MEMORANDUM OF LAW

1. Denial of Recusal Motions

- Facts: Judge Wood denied Plaintiff's §144 motions because she is pro se and cannot file a certificate of counsel, while simultaneously refusing ADA accommodation for counsel.

- Law: 28 U.S.C. §§144, 455; Caperton; Liljeberg; Gideon.

- Harm: Prevents access to recusal relief; traps Plaintiff in Catch-22, denying Due Process and Equal Protection.

2. Denial of ADA Rights

- Facts: Transcripts not provided, CART services delayed, other ADA accommodations ignored.

- Law: 42 U.S.C. §12132; Tennessee v. Lane.

- Harm: Loss of meaningful access, delayed filings, heightened safety and health risks.

3. Facilitation of Domestic Abuse / Favoritism

- Facts: Refusal to accept service on husband, soliciting opposing counsel input, speaking in agreement with opposing counsel, questioning jurisdiction.

- Law: 42 U.S.C. §§1983, 1985; Caperton.

- Harm: Obstructed relief, prolonged abuse, financial and emotional harm.

4. Procedural Misconduct

- Facts: Punishing Plaintiff for being pro se; agreeing with opposing counsel.

- Law: Liteky, Perez, Hoffman.

- Harm: Denial of impartial adjudication and fair procedural process.

5. Pattern of Misconduct

- Facts: Mirrors prior DuPage County judges' actions: delayed emergency motions, denied ADA accommodations, facilitated favoritism toward spouse.

- Law: §1983, §1985; Caperton.

- Harm: Demonstrates systemic obstruction of Plaintiff's rights and highlights a pattern of judicial misconduct.

6. Judicial Canon Violations (Federal Canons)

- Canon 1: Uphold integrity and independence; avoid impropriety.

- Canon 2: Avoid actual bias and appearance of bias.

- Canon 3(C)(1): Perform duties impartially and competently.

- Canon 3(C)(1)(c): Disqualify when impartiality might reasonably be questioned.

- Facts: Judge Wood's actions, including favoritism toward opposing counsel and refusal to accommodate ADA needs, directly violate these canons.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Reconsider the denial of recusal under 28 U.S.C. §§144 and 455;

2. Order immediate ADA accommodations, including appointment of counsel, CART services, and transcript access;

3. Grant renewed emergency relief regarding foreclosure, utilities, and domestic safety;

4. Address judicial bias, favoritism, and systemic pattern of obstruction evidenced in this case and the prior DuPage County judges' conduct;

5. Grant any other relief this Court deems just and proper.

Respectfully submitted,

Signature: _____

Jackie Sample, Sui Juris

jackshousingandconstruction@gmail.com

(773) 719-0337