IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE JOHNSON SAMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-05329 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MADISON SAMPLE, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motion for reconsideration, renewed emergency relief, and judicial recusal [104] is denied. See the accompanying Statement for details.

**STATEMENT**

This Order address Plaintiff's motion for reconsideration of the Court's order dated September 11, 2025 (Dkt. No. 102), which denied Plaintiff's motions to disqualify and for substitution of judge for cause. Although Plaintiff's motion suggests that the September 11, 2025 order also denied her motion for attorney representation, it did not. Rather, the Court has taken Plaintiff's motion for attorney representation under advisement.

Federal Rule of Civil Procedure 54(b) governs the present motion for reconsideration because the September 11, 2025 order did not adjudicate all the issues in this case and the action is ongoing. Motions to reconsider under Rule 54(b) are "generally judged by the same standards as a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment." *Belcastro v. United Airlines, Inc.*, No. 17-CV-01682, 2021 WL 1172242, at *2 (N.D. Ill. Mar. 29, 2021). And under Rule 59(e), a motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Importantly, "a manifest error is not demonstrated by the disappointment of the losing party," and a motion for reconsideration will not be granted where the movant simply takes umbrage with the court's ruling and "rehash[es] old arguments." *Oto Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Plaintiff has presented no basis for Rule 54(b) relief here. Her motion repeats the same legal and factual arguments as raised in the documents comprising her initial request for relief. (*See* Dkt. Nos. 74, 85, 89, 100.) For the reasons explained in the September 11, 2025 order, those arguments lack merit and are denied.

That said, one point raised in Plaintiff's motion warrants an additional response. Plaintiff contends that the Court "denied Plaintiff's § 144 motions because she is *pro se* and cannot file a certificate of counsel, while simultaneously refusing [Americans with Disabilities Act] accommodation for counsel." (Mot. at 3, Dkt. No. 104.) First, while the Court found Plaintiff's

§ 144 motion procedurally deficient due to the lack of a certificate of counsel (based on abundant legal precedent), the Court also found that the facts and reasons stated in Plaintiff's affidavit would not be legally sufficient to establish bias or prejudice for purposes of § 144 even if she had been able to meet the certificate requirement. Second, Plaintiff is mistaken in suggesting that the decision to grant attorney representation to a *pro se* civil litigant is governed by the accommodation requirements of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12132. To the contrary, as the Seventh Circuit has explained, 28 U.S.C. § 1915(e)(1), ***not*** the ADA, governs a court's discretion to recruit counsel for a *pro se* litigant. *Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019). One of the factors to be considered under § 1915(e)(1) is whether, given the difficulty of the case, the plaintiff appears competent to litigate it herself. *Id.* This factor "takes account of mental or physical capabilities that may affect a plaintiff's ability to litigate." *Id.* But there are other factors to be considered as well. *See Watts v. Kidman,* 42 F.4th 755, 760 (7th Cir. 2022) (detailing the two-step inquiry for determining whether to recruit pro bono counsel for a *pro se* civil litigant). The Court will rule by separate order on Plaintiff's request for attorney representation applying the factors under § 1915(e)(1).

Dated: October 31, 2025

                                                                                     Andrea R. Wood
United States District Judge