

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

Jackie Sample,

Plaintiff,

v.

Madison Sample Jr., et al.,

Defendants.

**FILED**
NOV 07 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No. 1:25-cv-5329

Judge Andrea Wood

**EMERGENCY MOTION To Accept Service for Defendant Madison Sample Jr., Immediate Release of Financial Resources, and Protection from Domestic Violence**

I, Jackie Sample, submit this motion and personal statement to Accept Service upon my husband, Dr. Madison Sample Jr., and for immediate action to release financial resources from my husband for food, shelter, medical care, utilities, and other basic human needs, and to halt ongoing domestic violence I continue facing.

This emergency filing is made due to the government shutdown, which has caused a delay in my food assistance benefits for November. I have received no food stamps and currently have no financial means to meet my basic survival needs, as the state and federal court have been made aware.

My husband, Dr. Madison Sample Jr., has unlawfully taken unilateral control over all of our assets and income. He has a longstanding pattern of evading court proceedings by

refusing to appear in court, violating state and federal laws that prohibit domestic violence and financial abuse by unlawfully cutting me off financially leaving me broke. Without the Court's immediate intervention to compel his appearance and release of funds, I will continue to suffer harm and be left in danger.

My husband remains my sole financial provider, and this Court has both authority and jurisdiction to prevent further harm and loss of housing, food supply, income, assets, medical care, liberty, and human dignity. My most recent loss is the loss of food access, which had already been reduced because both this Court and the state courts have denied my due process rights under color of law. These combined failures have caused me significant emotional distress and physical harm.

This Court is already aware of my husband's history of domestic violence, as Dr. Sample's repeated refusal to follow state court orders and state and federal laws has been demonstrated in both the state and federal proceedings. Yet, this Court has exhibited a pattern of bias and favoritism toward my husband, shielding him from legal proceedings and accountability, as well as toward the Defendant Judges—Skarin, Orel, Cerne, and Alvarado—and the United States of America.

**Conflicting Judicial Conduct and Disparate Treatment**
During a prior court appearance, this Court instructed opposing counsel, Michael Bradtke, to investigate my divorce dismissal and report back to the Court. However, during a later hearing, the same Court stated it could not engage in ex parte communication with me when I requested a breakout room to discuss my disability accommodations and ADA needs privately.

This double standard exemplifies the unequal treatment I have received—favoring opposing counsel while denying me reasonable communication to ensure due process and ADA compliance.

**Refusal and Delay of Service on Dr. Madison Sample**

This Court has continually delayed acceptance of service upon my husband, despite acknowledging on record that I have done everything within my power to serve him properly. Each delay enables my husband to continue financial and psychological abuse while the Court remains complicit.

**Retaliation and Threats**

Although I filed motions requesting protection from retaliation, the Court has taken no action to protect me. I submitted a sworn statement of truth and exhibits showing evidence of retaliation due to my role as a whistleblower exposing judicial misconduct involving the infamous DuPage Four Judiciary.

Instead of addressing my retaliation claims, Attorney Michael Bradtke, who is unlawfully representing Judges Skarin, Orel, Cerne, and Alvarado, made an oral motion to the Court requesting a warning be issued to me regarding distribution of judicial addresses. Although I have not distributed the personal addresses of the judges and there is no evidence of me distributing or intending to distribute the addresses of Judges, the Court agreed with opposing counsel to unreasonably intimidate me with a warning.

Meanwhile, I have received threatening letters from the DuPage County State's Attorney's Office threatening unreasonable legal action against me over a $38 water bill, later followed by a fraudulent, inflated bill exceeding $5,600 the following month.

**Misrepresentation and Coercive Comments**

In a recent hearing, this Court questioned whether the Defendant United States of America had been properly served, despite the Clerk's Office confirming service months earlier.

The Court also made statements suggesting the government shutdown might halt this case. I believe such remarks are coercive and intimidating. It is reasonable to believe these actions are intended to limit my speech and deter me from asserting my constitutional rights, which continue to be violated under color of law.

**Ongoing Pattern of Due Process Violations**

From DuPage County Court to the U.S. District Court, I have faced a consistent pattern of due process violations. Unless these matters are properly investigated by authorities such as the FBI, DOJ, Illinois Attorney General, State's Attorney, and the U.S. Attorney's Office, I have no confidence that justice will ever be served in my cases filed across Illinois courts.

**6. Retaliation Across Multiple Courts**

I am prepared to testify under oath regarding the retaliation, harassment, and conspiracy against rights occurring in multiple cases and courts.

6.a. Although I was rear-ended in two separate automobile accidents, both of which caused me injuries and for which I was legally not at fault, I recently discovered that my personal injury case in the Circuit Court of Cook County was dismissed with prejudice.

6.b. The first attorney who initially represented me on both personal injury cases stopped participating in the case. The second attorney who took over the case filed a motion containing fraudulent statements and petitioned the court to withdraw as my counsel. I was not given an opportunity to respond to these motions; the court simply granted the withdrawal, leaving me without legal representation. Despite my repeated pleas for legal counsel and ADA accommodations, the judge handling this personal injury case dismissed the case with prejudice. It is reasonable to believe that these actions are part of an organized conspiracy intended to keep me financially destitute.

6.c. The DuPage County Court refused to enforce financial orders that would have compelled my marital assets to be lawfully distributed between my spouse and myself, and for my husband to provide support in accordance with Illinois domestic laws. Meanwhile, this federal court continues to delay and refuses to accept service for my husband, enabling ongoing abuse that directly harms me.

6.d. Simultaneously, the Cook County Court dismissed my legitimate injury claim with prejudice, ensuring that I remain without financial resources or relief. Taken together, it is reasonable to believe these actions reflect an orchestrated pattern of judicial and institutional misconduct designed to keep me impoverished and silenced due to my whistleblower status against the DuPage judiciary and my spouse, Dr. Madison Sample Jr., a well-connected anesthesiologist. Dr. Sample has claimed to have judicial connections and friends in high places.

## 7. Plea for Judicial Impartiality and Immediate Relief

I am pleading for this Court to stop holding my case hostage while enabling ongoing domestic violence and financial deprivation. Each day of delay causes irreparable harm and places my life and safety at risk.

I respectfully request that my case be released and reassigned to a judge who is impartial, unbiased, and free from conflicts of interest. I have given this Court every opportunity to demonstrate fairness, uphold the Constitution, and protect my rights under law. Unfortunately, this Court has failed at every opportunity. The repeated inaction, delays, and contradictions cannot be dismissed as coincidence—they represent a systemic obstruction of justice, a pattern of conspiracy against rights, and discrimination under color of law.

**Immediate disqualification of Judge Andrea R. Wood pursuant to 28 U.S.C. §§ 144 and 455**

**Vacatur of all void orders entered by Judge Wood, including but not limited to:**

- July 16, 2025 order denying ADA accommodations and TRO

- August 25, 2025 hearing orders

- September 11, 2025 order denying TRO and preliminary injunction

Immediate reassignment to a new district judge unconnected to judicial defendants. Prohibition on Judge Wood's further involvement in Case No. 1:25-cv-05329.

## STATEMENT OF FACTS

### A. Judicial Conflict and Bias

Judge Wood is presiding over a case where four state-court judges are named defendants (Judges Skarin, Orel, Cerne, Alvarado). This presents an irreconcilable conflict of interest.

Despite repeated motions under 28 U.S.C. §§ 144 and 455, Judge Wood refused to recuse, citing "certificate of counsel" requirements, while simultaneously denying Plaintiff's ADA request for appointed counsel. This created a Catch-22 depriving Plaintiff of recusal protections.

### B. ADA Violations

Plaintiff filed multiple requests for accommodations under 42 U.S.C. § 12132 (ADA Title II), including appointment of counsel, CART captioning, and certified transcripts. Judge Wood denied or ignored these requests, depriving Plaintiff of meaningful participation.

**Case law:** Tennessee v. Lane, 541 U.S. 509 (2004); Gideon v. Wainwright, 372 U.S. 335 (1963).

### C. Protection of Abuser and Property Neglect

Judge Wood refused to permit service of process on Defendant Madison Sample Jr., thereby shielding him from accountability and enabling:

- Domestic violence and coercive control
- Financial abuse and denial of spousal support
- Ongoing property neglect (standing water in basements creating hazards)

This violates the Violence Against Women Act (18 U.S.C. § 2265).

### D. Canonical Violations and Bias

Judge Wood adopted opposing counsel's arguments verbatim on jurisdiction and recusal. She solicited arguments from the Attorney General's office to defend judicial defendants, while denying Plaintiff counsel.

These acts violate Judicial Canons:

- Canon 1 (Integrity and Independence)
- Canon 2 (Avoid Impropriety)
- Canon 3(C)(1)(c) (mandatory disqualification where impartiality is questioned)

### E. Conflict of Interest in Representation

Judge Wood permitted Assistant Attorney General Michael Bradtke to represent the four judicial defendants, despite the conflict of interest and misuse of state resources.
This prejudiced Plaintiff and undermined her § 1983 claims, creating the appearance of collusion.

**F. Pattern of Irreparable Harm**

Plaintiff faces loss of food supply, building collapsing due to lack of finances to address property maintenance, water sitting in the basement unaddressed, imminent foreclosure, loss of property due to unpaid taxes, utility disconnection, and denial of medical care. Plaintiffs are exposed to continued domestic violence, coercive control, and retaliation from DuPage County State's Attorney's Office and other government authorities. Plaintiff is deprived of transcript access, preventing appeal and record preservation. Each harm is ongoing and irreparable.

## CAUSE OF ACTION

- Violation of 28 U.S.C. §§ 144 and 455 – failure to recuse where impartiality reasonably questioned

- Deprivation of Rights Under Color of Law – 42 U.S.C. § 1983; Dennis v. Sparks, 449 U.S. 24 (1980)

- Conspiracy Against Rights – 42 U.S.C. § 1985; 18 U.S.C. §§ 241, 242

- ADA Title II Violations – 42 U.S.C. § 12132

- VAWA Violations – 18 U.S.C. § 2265

- Racketeering / Judicial Corruption (RICO) – 18 U.S.C. §§ 1961–1968

- **LEGAL STANDARD**

  Mandamus is appropriate where:

- The petitioner has a clear and indisputable right to relief

- The district judge has committed a clear abuse of discretion or usurpation of judicial power

- No other adequate means exist to attain relief. *Kerr v. U.S. Dist. Court*, 426 U.S. 394 (1976)

Each prong is satisfied here.

## CONCLUSION & PRAYER FOR RELIEF

For the foregoing reasons, Petitioner respectfully requests that this Court:

- Accept Service for my husband, Dr. Madison Sample and order immediate release of our finances from Dr. Sample to allow his wife, Jackie Sample to meet basic human needs.

- Issue a Writ of Mandamus compelling the disqualification of Judge Andrea R. Wood

- Reassign Case No. 1:25-cv-05329

- Order immediate reassignment to a neutral judge

- Prohibit Judge Wood from taking further action in this matter

- RELEASE MY case

- Grant any further relief this Court deems just and proper

Respectfully submitted,

Jackie Sample, Sui Juris

jackshousinganddevelopment@gmail.com

(773) 719-0337

*/s/ Jackie Sample*