

**FILED**
1/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXM

# OMNIBUS MOTION TO TAKE JUDICIAL NOTICE OF MANDATORY REPORTING FAILURES, FIDUCIARY BREACHES, AND SYSTEMIC CRIMINAL MISCONDUCT, CONSPIRACY TO OBSTRUCT AND DEPRIVE JACKIE SAMPLE OF HER RIGHT TO AN HONEST JUDICIAL SYSTEM

**NOTICE:** This Omnibus Motion is filed as a record-preservation, judicial-notice, and equitable-relief request. It does not seek criminal prosecution by this Court and cites penal statutes solely to demonstrate notice, willfulness, and pattern, consistent with controlling precedent.

*(To Be Filed along with a Complaint of Criminal Actions of Judges and Lawyers, Attached)*

## I. IDENTIFICATION OF FILER AND RELATED COURT CASES

### Jackie Sample — Court Cases

### UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

Case No. 1:25-cv-05329 — Judge Andrea Wood

### EIGHTEENTH JUDICIAL CIRCUIT COURT, DUPAGE COUNTY, ILLINOIS

Case No. 2023DN000129 — Judge Neal Cerne — Sample vs. Sample — Judge Neal Cerne unlawfully dismissed my divorce, forcing me to remain

married to my abuser, leaving me financially broke.

Case No. 2025FC000199 — Judge Robert G. Gibson (Foreclosure)

## STATE OF ILLINOIS, THIRD DISTRICT APPELLATE COURT

Case No. 3-25-0278

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Case No. 2023L011621 — Judge Moira Johnson (Personal injury dismissed with prejudice)

Case No. 2022L003851 — Judge Michael Otto (Personal Injury dismissed?)

Case No. 2024CH3995 — Judge Jean Cocozza (Foreclosure)

Case No. 2024CH09387 — Judge James Derico, Jr. (Foreclosure)

## II. INTRODUCTION AND GENERAL MOTION STATEMENT

NOW COMES the undersigned Party, litigant appearing, and respectfully moves this Honorable Court to take judicial notice of mandatory reporting failures, fiduciary duty violations, systemic criminal misconduct, deprivation of rights, and conspiracy against Jackie Sample's rights and to Obstruct Honest Service From The Judicial System, under color of law and RICO actions committed. This Motion is intentionally filed for inclusion in every pending and related court case, regardless of party posture, and in support thereof states as follows:

## III. PURPOSE OF THIS MOTION

This Motion is submitted to formally place on the record documented failures by judges, opposing counsel, and former counsel to comply with the law and mandatory reporting obligations under the Rules of Professional Conduct and the Code of Judicial Conduct, as well as breaches of attorney fiduciary duties owed to the undersigned Party and to stay foreclosure cases,.

Additionally, this Motion seeks to:

**A stay of proceedings / enforcement effects**

**Equitable relief to preserve the status quo**

AND, OR;

Vacate all foreclosure orders affecting my properties.
Vacate all orders dismissing personal injury cases.
Vacate the order issued by Judge Andrea R. Wood from the most recent court hearing to deny motion to dismiss Attorney Bradke.

Andrea R. Wood is removed, recuse herself from my case, as Andrea Wood is knowingly practicing conspiracy against rights, deprivation of rights, and obstructing Jackie Sample's right to honest services from the Judicial system, including obstructing ADA rights and engaging in other misconduct affecting Jackie Sample's legal proceedings in the US Northern District, eastern Division Court.

This Motion is intended to ensure that all actions affecting my legal right to honest services from a judicial system, deprivation of property, and access to

justice are corrected and that judicial and professional misconduct is fully addressed before further legal actions occur in order to prevent further harm.

## IV. ALLEGATIONS REGARDING CRIMINAL CONDUCT, MISCONDUCT, AND COLOR-OF-LAW VIOLATIONS

### A. Criminal Conduct, Misconduct, Violations Under Color of Law, and RICO Implications Must Be Reported, Investigated, and Prosecuted

Law enforcement has a mandatory legal duty to report and act on known criminal conduct.

Under 18 U.S.C. § 4, anyone who knows of a felony and fails to report it commits misprision of a felony, and officers have an affirmative obligation to intervene.

Under 18 U.S.C. § 242, if officers become aware that someone's constitutional rights are being violated and refuse to act, they may be held criminally liable.

42 U.S.C. § 1986 further requires officials to stop or prevent civil-rights conspiracies when they have the power to do so.

Illinois law also mandates action:

720 ILCS 5/31-4 prohibits obstructing justice;
720 ILCS 5/33-3 (Official Misconduct) makes it a felony for any public

official to knowingly fail to perform a mandatory duty, including reporting or investigating crime.

The Illinois Law Enforcement Training and Standards Board (ILETSB) Code of Conduct requires officers to uphold the Constitution, take action when aware of a crime, report criminal misconduct, and prevent violations of constitutional rights. Once officers become aware of criminal activity— whether committed by civilians or judges—they are legally obligated to act.

## B. Judges' and Attorneys' Failures

The named defendants in a US Northern District, Eastern Division case No 05329—Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado, who were assigned to my state case—knowingly failed to report my former counsel—Meighan Harmon, Tracey Wertz, Shawn Monroe, Fedor Kozlov, Ashonta Rice, Lyna Hollis, Alicia Fitz, and Masah SamForay—and the opposing parties John Conniff, Matthew Elster, and Katheryn Homburger of Beermann LLP for multiple counts of misconduct, criminal misconduct and deprivation of Jackie Sample's right to honest services in the judicial system, under color of law. They also knowingly failed to report other judges for misconduct and criminal misconduct, conspiracy, and deprivation of rights to honest services in the judicial system, under color of law.

The opposing parties—John Conniff, Matthew Elster, and Katheryn Homburger of Beermann LLP—knowingly failed to report the judges for judicial misconduct, criminal misconduct, and knowingly failed to report my

counsel (Meighan Harmon, Tracey Wertz, Shawn Monroe, Fedor Kozlov, Ashonta Rice, Lyna Hollis, Alicia Fitz, and Masah SamForay) deprivation of rights to honest judicial services, under color of law, and failed to report other attorneys for criminal misconduct, conspiracy, and deprivation rights to honest judicial services, under color of law.

My former counsel (Meighan Harmon, Tracey Wertz, Shawn Monroe, Fedor Kozlov, Ashonta Rice, Lyna Hollis, Alicia Fitz, and Masah SamForay) knowingly failed to report the judges, opposing counsel, and other attorneys for criminal misconduct, conspiracy, and deprivation of rights to honest judicial services, under color of law.

REPORTING MISCONDUCT IS MANDATORY under both the Rules of Professional Conduct and the Code of Judicial Conduct. Failure to report misconduct is misconduct in itself, Failure to report criminal misconduct is criminal misconduct in itself, as is failure to enforce ones constitutional duties as prescribed in the rules and codes.

## V. ATTORNEY FIDUCIARY DUTY VIOLATIONS

### C. Attorney Fiduciary Duty Violations

My counsel failed to report judicial misconduct, Attorney misconduct, obstruction of Jackie Sample's right to honest services from the judicial system and failed to act in accordance with their fiduciary obligations to their client. Attorneys owe clients a duty of:

Loyalty

Honesty

Care

Competence

Undivided commitment to the client's best interests

Relevant civil law authority includes:

Breach of Fiduciary Duty (Common Law)

Legal Malpractice (Negligence Standard)

Possible RICO Conspiracy

Illinois Rules of Professional Conduct:

Rule 1.1 – Competence

Rule 1.3 – Diligence

Rule 1.4 – Communication

Rule 1.7 – Conflict of Interest

Rule 8.3 – Duty to Report Misconduct

The breach of fiduciary duty by my former attorneys, along with negligence and careless representation, and obstruction to honest services from the judicial system is beyond unethical. It is legally described as fraud upon the court and is causing financial and legal harm to Jackie sample. Their failures deprived Jackie Sample of fair legal process and their actions knowingly contributed to violations of constitutional rights.

## VI. ADDITIONAL ALLEGATIONS CONCERNING FEDERAL JUDICIAL MISCONDUCT AND ONGOING DEPRIVATION OF RIGHTS

### D. Additional Allegations Concerning Federal Judicial Misconduct and Ongoing Deprivation of Rights

Andrea R. Wood is included in this Omnibus Motion due to her failure to report judicial criminal misconduct of state judges and attorneys while engaging in a continuing pattern of deprivation of Jackie Sample's right to honest services from the judicial system, under color of law.

Andrea Wood has knowingly denied Jackie Sample's due process rights and my rights under the Americans with Disabilities Act (ADA), which has directly contributed to my ongoing foreclosure and further financial loss of assets and intentional infliction of emotional duress.

The denial of ADA accommodations and due process in my federal case is not isolated. Rather, it reflects the same coordinated pattern of deprivation of rights previously committed by the DuPage County state court judges named herein. This coordinated pattern has resulted in unequal access to court-resulting in continued financial harm, including foreclosure, and has prevented me from fully and equally participating in my legal proceedings, causing more emotional duress.

The actions of Andrea Wood demonstrate coordination with the state court judges and former attorney's actions of depriving Jackie Sample of her right to honest judicial services under color of law. All of whom engaged in criminal misconduct and possible RICO-related actions. This ongoing pattern continues depriving Jackie Sample of her right to honest judicial services, my property and assets, causing properties to proceed in Forclosure, while covering up the criminal actions of the state judges, former attorneys and my spouse Dr. Madison Sample, who committed actions which fall under RICO violations committed during my divorce proceedings.

This conduct constitutes an ongoing conspiracy against my constitutional rights to receive honest judicial services under color of law.


## VII. DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE

## SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794

DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE (SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794) — Against the U.S. District Court and Defendant Andrea Wood in her individual capacity and official capacity for Prospective Relief; and Damages Where Legally Available) Plaintiff re-alleges I-VII

Plaintiff is a qualified individual with a disability and is financial disability within the meaning of 29 U.S.C. § 794.

1. Executive Functioning organize information, prioritize tasks, sequence steps in complex processes, manage time and deadlines, filter relevant information from irrelevant information. In legal proceedings are negatively affected by my disability. Navigating procedural rules, preparing filings without legal assistance, responding to multiple deadlines simultaneously, presenting arguments concisely without legal assistance is impossible. Given my disability, these matters are far too complex and require legal assistance.

2. Information Processing Under Duress may be slowed, disrupted or diminished processing. When faced with large volumes of information, difficulty recalling details on demand, increased cognitive overload in adversarial or fast-paced environments is compromised. Court settings — with strict rules, formal language, and time constraints exacerbate these limitations and my disability, even when I understand the substance of the issues.

3. Verbal Expression and Communication, the ability to summarize complex facts succinctly, maintaining a linear narrative when interrupted, responding quickly to unexpected questions is impossible to equally participate in court proceedings. This does not reflect dishonesty or confusion about facts, but rather a neurological difference in how information is processed, accessed and expressed, creating unequal participation, giving the opposing side a significant advantage.

4. Regulation of Attention (Not Lack of Attention) hyperfocus on critical details, struggle to shift focus efficiently, without legal assistance, sometimes difficulty deciding which information is most legally relevant without legal guidance. Without accommodations, communication can be misinterpreted as "rambling" or "over-explaining," when it is actually a disability style of communication.

5. Impact on Legal Self-Representation requires additional time to process responses, questions and comments during hearings, transcripts and simplified written instructions required. Procedural flexibility and legal assistance to draft motions, digest motions and legal documents Required. Unable to equally participate without legal assistance. These are reasonable accommodations that are required which don't harm opposing parties because they have legal representation.

## VIII. ADDITIONAL ALLEGATIONS CONCERNING FEDERAL JUDICIAL MISCONDUCT — ANDREA R. WOOD

### E. Additional Allegations Concerning Federal Judicial Misconduct — Andrea R. Wood

On numerous occasions, Andrea R. Wood has practiced law from the bench in favor of opposing counsel and the four judicial defendants. Specifically, Andrea Wood denied my motion to dismiss Attorney Michael Bradtke from representing all four state judge defendants, unlawfully stating that the judges

acted in their official capacity, despite Mr. Bradtke's representation presenting a clear conflict of interest.

Further, Judge Wood engaged in conduct, practicing law-from-the-bench on numerous occasions, by presenting motions on behalf of opposing counsel and the defendant judges and by testifying on the record that the state judges acted within their official capacity in my divorce case which they are being sued for under violation of due process under color of law. Andrea Wood knowingly gave false testimony on the record and prejudicial statements to my case. By knowingly making false testimony without providing me a jury trial, Andrea Wood unlawfully deprived me of my constitutional right to an honest services from the judicial system, including due process under color of law, and effectively knowingly endorsed the criminal actions committed by the state judges in the case I am currently suing them for.

Andrea Wood's actions demonstrate a continued pattern of practicing law from the bench, coordinating conspiracy to obstruct and deprive Jackie Sample of her right to receive honest services from the judicial system just as the state judges, Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado, did in state court, further contributing to the deprivation of my rights under color of law.


## IX. FEDERAL CIVIL RIGHTS VIOLATIONS

## F. Federal Civil Rights Violations

The conduct of the Andrea Wood, Kenton Skarin, James Orel, Neal Cerne, Susan Alvarado and multiple attorneys in my state case and now in my federal case demonstrates a conspiracy to deprive Jackie Sample of her right to honest services in the judicial system, under color of law:

Violations Include:

18 U.S.C. § 242 – Willful deprivation of rights under color of law

18 U.S.C. § 241 – Conspiracy to deprive rights

I trust you will uphold your oath and demonstrate:

Rule 1.1 – Competence

Rule 1.3 – Diligence

Rule 3.2 – Expediting Litigation

Rule 3.1 – Meritorious Claims and Contentions

Rule 8.3 – Duty to Report Professional Misconduct

Communication and corrective action are expected to address ethical violations, impose penalties where appropriate, and maintain the integrity of the judicial system. In the public interest, and as trustees of justice, this is necessary to maintain public trust. Failure to do so further contributes to a conspiracy to deprive Jackie Sample against rights of honest judicial services, under color of law. In the interest of justice, reporting is legally required. Failure to act further incites and supports misconduct, criminal conduct, including possibly RICO implications.

## X. ARGUMENT FOR CORRECTIVE RELIEF: FRAUD-TAINTED ORDERS, FORECLOSURE / PERSONAL-INJURY CORRECTION, AND ADA-ACCESS VIOLATIONS

ARGUMENT FOR CORRECTIVE RELIEF: FRAUD-TAINTED ORDERS, FORECLOSURE/PERSONAL-INJURY CORRECTION, AND ADA-ACCESS VIOLATIONS

Plaintiff respectfully submits that corrective relief is warranted because Plaintiff alleges (1) a pattern of fraud, concealment, and/or criminal misconduct affecting the integrity of judicial proceedings; and (2) denial of disability accommodations necessary for equal and meaningful participation, which Plaintiff alleges prevented equal access to court processes and the ability to protect property and legal constitutional rights.

### A. Fraud, Criminal misconduct and misconduct require corrective action to protect the integrity of proceedings.

Federal Rule of Civil Procedure 60 expressly recognizes relief from judgments/orders on grounds including "fraud… misrepresentation, or other misconduct," and preserves the Court's authority to grant relief where "fraud has been perpetrated upon" the Court. The Supreme Court has confirmed that where fraud is perpetrated on a court by a successful litigant, courts have the power to vacate prior judgments to protect the integrity of the judicial process. Further, the Supreme Court has emphasized that an "independent

action" exists to prevent a "grave miscarriage of justice," citing Hazel-Atlas as the benchmark for that demanding standard.

Plaintiff alleges that the orders and outcomes across Plaintiff's related proceedings—including foreclosure orders and dismissals in personal injury matters—are causally connected to and infected by the alleged fraud/misconduct and deprivation of meaningful access to honest services by the judicial system described in this Motion. Where the validity of the underlying proceedings is allegedly tainted, the Court may stay proceedings and require corrective process to avoid compounding a potential miscarriage of justice and to preserve the integrity of judicial outcomes.

**B. Foreclosure and related civil orders should not proceed where Plaintiff plausibly alleges fraud in the chain of causation and denial of meaningful access to court and deprived of honest services from the judicial system.**

A foreclosure presupposes lawful process—including a valid basis for default, standing, and due process. Plaintiff alleges that fraud, criminal misconduct and misconduct in related proceedings caused loss of assets, loss of ability to pay, and tainted legal outcomes that were then used as the factual and financial predicates for foreclosure actions. Plaintiff therefore requests equitable relief, including a stay and corrective proceedings, to prevent further irreparable harm while the Court addresses (i) fraud-on-the-court concerns and (ii) disability-access violations.

## C. Disability-access violations affecting court participation are independently grounds for corrective relief and a stay.

Access to courts is a fundamental right, and the Supreme Court has recognized the application of disability-rights protections to ensure meaningful access to judicial services. Plaintiff alleges that the denial of reasonable accommodations—needed for executive functioning, processing under duress, communication, attention regulation, and meaningful and equal self-representation on matters that are far too complex for Jackie sample to equally participate without legal assistance —prevented equal participation across Plaintiff's cases and directly contributed to adverse outcomes, including inability to protect property interests and legal claims. Plaintiff therefore requests that proceedings be stayed until reasonable accommodations are provided and implemented in a way that ensures equal and meaningful access to honest services from the judicial system.

## D. Penal statutes cited as evidence of willfulness/pattern, not as private causes of action.

Plaintiff references 18 U.S.C. §§ 241 and 242 (conspiracy against rights and deprivation of rights under color of law), and related Illinois statutes including 720 ILCS 5/31-4 (obstructing justice) and 720 ILCS 5/33-3 (official misconduct), solely to demonstrate the alleged willfulness, pattern, gravity, and notice associated with the conduct described herein, and to

support requests for referral to appropriate authorities where warranted—not as standalone private claims.

## XI. LEGAL SIGNIFICANCE

### III. LEGAL SIGNIFICANCE

Mandatory reporting duties imposed by judicial and professional conduct rules are non-discretionary. Failure to report known misconduct, criminal misconduct constitutes independent misconduct and independent criminal misconduct. Attorney fiduciary duties are fundamental, continuous, and non-waivable. Matters affecting the integrity of judicial proceedings and constitutional compliance are properly before the Court.

## XII. COURT CASES CAUSED OR AFFECTED BY CONSPIRACY AGAINST RIGHTS, DEPRIVATION OF RIGHTS, DEPRIVING A LITIGANT OF HONEST SERVICES IN THE JUDICIAL SYSTEM UNDER COLOR OF LAW

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)
Case No. 1:25-cv-05329 — Judge Andrea Wood

EIGHTEENTH JUDICIAL CIRCUIT COURT, DUPAGE COUNTY, ILLINOIS
Case No. 2023DN000129 — Judge Neal Cerne — Sample vs. Sample — Judge Neal Cerne unlawfully dismissed my divorce, forcing me to remain

married to my abuser, Dr. Madison sample, leaving me indigent, penniless, and financially broke.

Case No. 2025FC000199 — Judge Robert G. Gibson (Foreclosure)

STATE OF ILLINOIS, THIRD DISTRICT APPELLATE COURT
Case No. 3-25-0278

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Case No. 2023L011621 — Judge Moira Johnson (Personal injury dismissed with prejudice)
Case No. 2022L003851 — Judge Michael Otto (Personal injury dismissed?)
Case No. 2024CH3995 — Judge Jean Cocozza (Foreclosure)
Case No. 2024CH09387 — Judge James Derico, Jr. (Foreclosure)

## XIII. WHEREFORE / PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court (1) stay all related proceedings impacting Plaintiff—including foreclosure-related actions and enforcement effects—until ADA/Section 504 accommodations are ordered and implemented and until the Court addresses the mandatory reporting failures and fraud-taint allegations raised herein; and (2) order such additional corrective relief as is necessary to prevent irreparable harm and to protect the integrity of the judicial process.

## RELIEF REQUESTED (STAY, EQUITABLE RELIEF, AND CONDITIONAL VACATUR)

Plaintiff respectfully requests that this Court exercise its inherent and equitable authority to prevent irreparable harm, preserve the status quo, and protect the integrity of judicial proceedings.

Specifically, Plaintiff requests that the Court:

1. **Order an immediate stay of proceedings and enforcement effects** in this matter and in related actions affecting Plaintiff, including but not limited to foreclosure-related actions, sales, transfers, writs, and enforcement measures, **for the purpose of preserving the status quo and preventing irreparable harm** pending resolution of the issues raised herein.

2. **Grant equitable relief necessary to protect Plaintiff's constitutional and statutory rights**, including but not limited to the right to due process, equal access to the courts, and equal participation in judicial proceedings, where Plaintiff alleges denial of disability accommodations, mandatory-reporting failures, and misconduct affecting the integrity of the proceedings.

3. **Vacate foreclosure orders, judgments, and related enforcement actions to the extent permitted by law, where such orders are alleged to be tainted by fraud, fraud upon the court, concealment, deprivation of due process, denial of ADA and Section 504**

**accommodations, or other misconduct undermining the integrity of the judicial process**, including where such orders are causally connected to the harms alleged in this Motion.

4. **Alternatively**, issue such corrective, prospective, and equitable relief as the Court deems just and proper to prevent a grave miscarriage of justice, to preserve Plaintiff's rights and property interests, and to maintain public confidence in the judicial system.

**Jackie Sample**

**jackshousinganddevelopment@gmail.com**

**(773)719-0337**

**CASE COMPLAINT:**

**Conspiracy To Obstruct Justice And Deprive Jackie Sample Of Her Right To Honest Services From The Judicial System**

**Submitted to:** Any Applicable Law Enforcement Agency, Including:

- U.S. Department of Justice – Civil Rights Division and Criminal Enforcement Division

- Federal Bureau of Investigation – Civil Rights Division and Criminal Enforcement Division

- Illinois Attorney General – Civil Rights Division and Criminal Enforcement Division

- DuPage County Sheriff's Office – Civil Rights Division and Criminal Enforcement Division

- DuPage County State's Attorney's Office – Civil Rights Division and Criminal Enforcement Division

- Office of Executive Inspector General – Civil Rights Division and Criminal Enforcement Division

**Individuals Involved:**

- Judge Kenton Skarin

- Judge James Orel

- Judge Susan Alvarado

- Judge Neal Cerne

- Opposing Counsel John Conniff – John A. Conniff Lawfirm

- Madison Sample – Spouse

- Former Counsel, Meighan Harmon – Schiller, Ducanto & Fleck LLP

- Former Counsel, Tracey Wertz – Schiller, Ducanto & Fleck LLP

- Opposing Counsel, Matthew Elster – Beermann LLP

- Opposing Counsel, Katheryn Homburger – Beermann LLP

- Former Counsel, Shawn Monroe-Fedor Kozlov Lawfirm

- Former Counsel, Feder Kozlov- Fedor Kozlov Lawfirm

- Former Counsel, Ashonta Rice

- Former Counsel, Ms. Hollis

- Former Counsel, Ms. Alycia Fitze

- Former Counsel, Masah SamForay

- Additional presiding judges as applicable

## I. Declaration

I, Jackie Sample, being first duly sworn, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am over the age of 21 years, competent to testify, and that the foregoing is true and correct to the best of my knowledge and belief.

## II. Federal Criminal Violations

- 18 U.S.C. § 1512 – Tampering with a Witness / Obstruction of Justice

- 18 U.S.C. § 242 – Deprivation of Civil Rights under Color of Law

- 18 U.S.C. § 241 – Conspiracy Against Rights

- 18 U.S.C. § 1962 – Racketeering (RICO)

- 18 U.S.C. § 1343 – Possible Wire Fraud

- 18 U.S.C. § 1341 – Mail Fraud

- 18 U.S.C. § 4 – Misprision of Felony

- 18 U.S.C. § 241 Conspiracy Against Rights

## III. State Criminal Violations (Illinois)

- 720 ILCS 5/12-3.2 – Domestic Violence (Coercive Control)

- Aiding and abetting fraud under Illinois law

### IV. Facts and Criminal Conduct
### Fraudulent Financial Scheme (Feb 7, 2023 – Present)

**Facts:**
John Conniff, Matthew Elster, Katheryn Homburger, Meighan Harmon, Tracey Wertz, and Dr. Madison Sample knowingly devised a scheme to defraud Jackie Sample of money and property by materially false and fraudulent pretenses, representations, and promises.

Dr. Madison Sample prepared, and Conniff, Elster, Homburger, Harmon, and Wertz submitted to the DuPage County Circuit Court a Financial Affidavit that materially underreported Dr. Sample's income and assets by approximately 75% and omitted millions in investments and business assets.

**Purpose:** reduce Jackie Sample's rightful financial estate, minimize Dr. Sample's support obligations, and secure a favorable divorce settlement for Dr. Madison Sample.

Fraudulent documents were delivered via online court filing systems, emails, and direct submissions to the court, including Judge James Orel and the DuPage County Circuit Court.

From May 15, 2023, through May 16, 2025, judges Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado knowingly refused to enforce court orders violated by Dr. Madison Sample.

From May 15, 2023, through January 30, 2024, and thereafter, judges accepted fraudulent financial affidavits submitted by Dr. Madison Sample.

From May 15, 2023, through May 16, 2025, judges ignored truthful documentation and evidence submitted by Jackie Sample regarding financial fraud.

This coordinated inaction caused ongoing financial harm and deprived Jackie Sample of her constitutional rights and property.

Harmon and Wertz knowingly concealed felony activity and refused to take legal action or file a motion to reinstate the financial status quo, despite repeated requests by Jackie Sample.

On or about April 15, 2023, they sent an email falsely claiming that an order existed to reinstate the financial status quo.

Their conduct obstructed justice, suppressed evidence, and facilitated ongoing deprivation of Jackie Sample's constitutional rights.

From May 15, 2023, through May 16, 2025, judges knowingly refused to enforce court orders violated by Dr. Madison Sample.

From May 15, 2023, through January 30, 2024, and thereafter, judges accepted fraudulent financial affidavits submitted by Dr. Madison Sample.

From May 15, 2023, through May 16, 2025, judges ignored truthful documentation and evidence submitted by Jackie Sample regarding financial fraud.

This coordinated inaction caused ongoing financial harm and deprived Jackie Sample of her constitutional rights.

John Conniff, Matthew Elster, Katheryn Homburger, Meighan Harmon, Tracey Wertz, and Dr. Madison Sample knowingly devised a scheme to defraud Jackie Sample of money and property by materially false and fraudulent pretenses, representations, and promises.

Beginning around June 2023, I began experiencing escalating interference with my ability to retain legal counsel for my divorce litigation. Multiple attempts to secure representation were made from approximately May 1, 2023 through the present, yet each effort was met with obstruction or unexpected withdrawal by prospective attorneys.

Upon information and belief, opposing counsel **John Conniff**, my husband **Dr. Madison Sample**, and **Judge Kenton Skarin** played direct or indirect roles in preventing me from obtaining legal representation. Initially, I consulted with *Beermann LLP*, providing them with confidential details regarding the divorce and related issues. However, shortly thereafter, John Conniff and Dr. Sample retained Beermann LLP — despite my prior consultation — and upon information and belief, information I disclosed was later used against me.

The pattern of interference with my right to legal representation has remained consistent and ongoing to date. Each time I have attempted to secure counsel, there has been sudden disruption, withdrawal, or unexplained refusal, suggesting coordinated obstruction rather than coincidence.

On or about May 15, 2023, Dr. Madison Sample prepared, and John Conniff, Matthew Elster, Katheryn Homburger, Meighan Harmon, and Tracey Wertz submitted to the DuPage County Circuit Court a Financial Affidavit that materially underreported Dr. Sample's income and assets by approximately 75% and omitted millions in investments and business assets.

The purpose was to reduce the Sample's financial estate, minimize Dr. Sample's support obligations, reduce Jackie Sample's settlement, and secure a favorable divorce settlement for Dr. Madison Sample.

On or about May 15, 2023, through around March 15, 2025, fraudulent financial documents were delivered via online court filing systems, emails, and direct submissions to the court, involving Judge Kenton Skarin, John Conniff, Matthew Elster, Katheryn Homburger, Meighan Harmon, Tracey Wertz, Judge James Orel, and the court-appointed financial expert, Attorney Andrew Cores of the DuPage County Circuit Court.

On or about June 18, 2023, John Conniff, on behalf of Dr. Madison Sample, devised a scheme to defraud Jackie Sample of the equity in the marital home. Using Dr. Madison Sample's fraudulent financial affidavit, John Conniff filed a Motion to "Force the Sale of the Marital Home."

The Motion included a fraudulent valuation lowering the value of the home to $1,800,000—approximately $1,000,000 lower than the bank's verified appraisal of $2,800,000. The purpose of this scheme was to defraud Jackie Sample of her rightful equity in the home.

Dr. Sample offered Jackie $100,000 of the proceeds from the home sale once the home was sold for an expected $1,800,000 and the mortgage balance of $1,500,000 was paid in full.

On or about June 15, 2023, Judge Kenton Skarin, as part of the scheme to defraud Jackie Sample of her property and assets from the Sample estate, accepted the fraudulent financial affidavit submitted by Dr. Madison Sample and his attorney, John Conniff.

On or about June 15, 2023, Judge Kenton Skarin, in a scheme to defraud Jackie Sample of property and assets, accepted John Conniff's fraudulent Motion to Force the Sale of the Marital Home, despite knowing the motion was based on a fraudulent financial affidavit omitting millions in assets submitted by Dr. Madison Sample.

On or around June 1, 2023, through August 20, 2023, motions were filed on multiple occasions to Reinstate the Financial Status Quo that would have addressed an active scheme defrauding Jackie Sample of marital assets.

On or about June 1, 2023, during hearings to address an Emergency Motion to Reinstate the Financial Status Quo and address the domestic violence committed by Dr. Sample, Judge Kenton Skarin acted as part of a scheme to ensure that Jackie Sample remained broke and that Dr. Madison Sample maintained sole control over the Sample's finances.

Judge Skarin did not allow Jackie Sample to speak or present her Motion to Reinstate the Financial Status Quo or address the domestic violence being committed by Dr. Madison Sample.

On or around August 30, 2023, during hearings to address an Emergency Motion to Reinstate the Financial Status Quo and address the domestic violence being committed by Dr. Sample, Judge Kenton Skarin again acted in a scheme to ensure that Jackie Sample remained broke and ensured Dr. Madison Sample maintained sole control over the Sample's finances.

Judge Skarin disregarded his own court order that Dr. Sample had violated and did not allow Jackie Sample's counsel, Shawn Monroe, to present the Emergency Motion for a TRO and to Reinstate the Financial Status Quo.

On or around April 15, 2024, Judge James Orel signed a fraudulent order using Dr. Sample's fraudulent financial affidavits, which represented a lowered income of approximately 75% less, in order to defraud Jackie Sample of property and force the sale of the marital home.

On or around June 15, 2023, through May 16, 2025, Judges Skarin, Orel, Cerne, and Alvarado participated in a scheme to Force the Sale of the Marital Home based upon accepting Dr. Madison Sample's fraudulent financial affidavit, reflecting a decreased income lowered by approximately 75% and millions in hidden assets.

On or around June 15, 2023, through May 16, 2025, Judges Skarin, Orel, Cerne, and Alvarado participated in a scheme to Force the Sale of the Marital Home while disregarding truthful Bank of America financial documentation showing income of over $48,000 per month, cryptocurrency investments over $5,000,000, coin collections, and business investments submitted by Jackie Sample, as part of a scheme to keep Jackie Sample broke.

On or about May 15, 2023, through May 15, 2025, and thereafter, Judges Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado accepted fraudulent financial affidavits submitted by Dr. Madison Sample as part of a scheme to keep Jackie Sample broke.

From May 15, 2023, through May 16, 2025, Judges Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado disregarded truthful financial documentation and evidence submitted by Jackie Sample regarding financial fraud committed by Dr. Madison Sample, as part of a scheme to ensure Jackie Sample remained broke.

On or about May 15, 2023, through May 16, 2025, Judges Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado knowingly refused to enforce all court orders with financial directives which were repeatedly violated by Dr. Madison Sample, as part of a scheme to ensure Jackie Sample remained broke.

This coordinated inaction caused ongoing financial harm and deprived Jackie Sample of her constitutional rights to finances and property, causing the marital home to go into foreclosure.

On or about February 7, 2023, when the divorce was filed, through May 16, 2024, when Judge Neal Cerne unlawfully dismissed the divorce, Judge No. 1 Kenton Skarin, Judge No. 2 James Orel, Judge No. 3 Neal Cerne, Judge No. 4 Susan Alvarado, and Judge No. 5 Neal Cerne conspired to deprive Jackie Sample of her rights, property, and assets as a coordinated scheme in favor of her husband, Dr. Madison Sample.

This scheme was designed to aid Dr. Sample in taking unilateral control over millions in assets, leaving Jackie penniless and without financial support.

This scheme was designed to steal the equity in her marital home.

This malignant scheme, carried out by presiding Judges Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado, was designed to assist Dr. Sample in unlawfully seizing control over the entire financial estate, leaving Jackie broke, defrauding her of the home's equity, and forcing her out of the marital home by any means necessary, including foreclosure.

This malignant scheme was further designed to block Jackie Sample's due process rights by preventing her from accessing the court, filing appropriate motions, and obtaining lawful judicial review necessary to protect her constitutional rights.

This scheme was devised to deprive Jackie Sample of access to her finances and property, causing financial hardship and leading to her property at 7439 S. Prairie, Chicago, Illinois 60619, going into foreclosure.

This scheme was devised to deprive Jackie Sample of access to her finances and property, causing financial hardship and leading to her property at 641 West 119th Street, Chicago, Illinois 60628, going into foreclosure.

This scheme was devised to deprive Jackie Sample of access to her finances and property, causing financial hardship and leading to her property at 9476 Falling Water Dr. E., Burr Ridge, Illinois 60527, going into foreclosure.

This scheme was devised to deprive Jackie Sample of access to her finances and property, causing financial hardship and leading to her properties at 645–651 West 119th Street, resulting in unpaid property taxes.

This scheme was devised to deprive Jackie Sample of access to her finances and property, causing financial hardship and leading to the loss of her businesses, licenses, and insurance.

Further, Around 2020 and again in 2021, I was the victim of two separate rear-end automobile collisions that resulted in bodily injuries requiring ongoing medical treatment. To provide clarity for the record, I was able to secure legal representation for these personal injury matters prior to 2023. I retained personal injury counsel to prosecute both claims.

However, after my divorce case was filed in 2023, my attorneys abruptly stopped communicating with me, leaving me without representation and forcing me to obtain replacement counsel. As the divorce progressed — and as I continued reporting judicial misconduct involving DuPage County judges — the second attorney also unexpectedly withdrew from representation. Upon information and belief, both withdrawals were not based on legal or procedural grounds, but were instead retaliatory in nature, tied directly to my whistleblowing activity, including my filing of complaints identifying four DuPage County judges as operating within a coordinated pattern consistent with a RICO enterprise.

Following this sequence of events, the state judges presiding over my personal injury cases dismissed my claims **with prejudice**, effectively and permanently terminating my right to recover damages for injuries sustained in those crashes.

Since the dismissals, I have repeatedly encountered obstruction and interference when attempting to secure new counsel. Numerous law firms initially agreed to represent me, only to abruptly withdraw shortly thereafter without justification or explanation. This pattern has persisted for more than two years.

Upon information and belief, these actions were calculated to silence me, retaliate against my constitutionally protected whistleblowing activity, and financially destabilize me so that I could not sustain litigation against the four DuPage County judges named in my filings. I have been explicitly warned that I am "making too much noise" by reporting judicial misconduct. On information and belief, the coordinated withdrawal of counsel and the strategic dismissal of my injury claims were executed to keep me financially impaired, legally unrepresented, and unable to continue exposing corruption involving judicial actors and attorneys connected to these matters.

**B. Criminal Conduct by Schiller, Ducanto & Fleck LLP (Mar 15, 2023 – Present)**
**From May 15, 2023, through May 16, 2025, all judges knowingly refused to enforce court orders violated by Dr. Madison Sample.**

- From March 15, 2023, through around June 16, 2023, and thereafter, judges accepted fraudulent financial affidavits submitted by Dr. Madison Sample.

- From March 15, 2023, through June 16, 2025, Schiller DuCanto & Fleck colluded with opposing counsel, John Conniff and Judge Skarin, ignored truthful documentation and evidence submitted by Jackie Sample regarding financial fraud submitted by Dr. Madison Sample.

- From March 15, 2023, through June 16, 2025, Schiller DuCanto & Fleck colluded with opposing counsel, John Conniff. An email was sent to manipulate and deceive Jackie Sample into believing that an order to reinstate the financial status quo had been issued by Judge Kenton Skarin. No such order existed.

- This scheme was devised to give Dr. Madison Sample the upper hand on the couples finances and ensure Jackie Sample remained broke.

- This coordinated ongoing conspiracy and inaction to protect my interest by my own counsel caused financial harm and deprived me of my constitutional rights.

**Individuals Involved:** Meighan Harmon and Tracey Wertz

**Violations:**

- Misprision of Felony (18 U.S.C. § 4)

- Witness Tampering / Obstruction of Justice (18 U.S.C. § 1512)

- Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

- Racketeering Activity (18 U.S.C. § 1962)

- Wire Fraud (18 U.S.C. § 1343)

- Mail Fraud (18 U.S.C. § 1341)

- Conspiracy against Rights ( 18 U.S.C. 241 )

**Probable Cause:**

- Emails, communications, court filings, personal knowledge, and supporting documentation establish probable cause for violations listed above.


**C. Criminal Conduct by Beermann LLP (June 1, 2023 – November 2024)**

**Individuals:** Matthew Elster, Katheryn Homburger, John Conniff

**Violations:**

- Misprision of Felony (18 U.S.C. § 4)

- Witness Tampering / Obstruction of Justice (18 U.S.C. § 1512)

- Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

- Wire Fraud (18 U.S.C. § 1343)

- Possible Mail Fraud (18 U.S.C. § 1341)

- Racketeering (18 U.S.C. § 1962)

- Domestic Violence / Coercive Control (720 ILCS 5/12-3.2)

**Facts:**

- On or Around January 30, 2024, Matthew Elster altered a court order by omitting critical verbiage from the judge's verbal instructions.

- Around September 11, 2023, Elster and Homburger sent emails using coercive control to force Jackie Sample to accept an unreasonable settlement offer and move from her home, or else they would depriving her of basic human needs.

- From around September 2023 through around December 2024, Beermann LLP submitted a barrage of fraudulent motions filed into the court case.

- Beermann LLP used confidential information shared by Jackie Sample during an initial consultation that took place prior to Dr. Sample retaining Beermann LLP. These actions were acted out to manipulate the divorce proceedings and cover up fraudulent financial affidavits submitted by Dr. Madison Sample.

- From May 15, 2023, through May 16, 2025, all judges knowingly refused to enforce court orders violated by Dr. Madison Sample.

- From May 15, 2023, through January 30, 2024, and thereafter, judges accepted fraudulent financial affidavits submitted by Dr. Madison Sample.

- From May 15, 2023, through May 16, 2025, judges ignored truthful documentation and evidence submitted by Jackie Sample regarding financial fraud.

- This coordinated inaction caused ongoing financial harm and deprived Jackie Sample of her constitutional rights.

**Probable Cause:**

- Emails, communications, court filings, and supporting documentation establish probable cause for the above violations.

**D. Judicial Misconduct – Failure to Enforce Court Orders and Acceptance of Fraudulent Documents (May 15, 2023 – May 16, 2025)**

**Individuals:** Judge Kenton Skarin, Judge James Orel, Judge Susan Alvarado, Judge Neal Cerne, and other presiding judges

**Violations:**

- Misprision of Felony (18 U.S.C. § 4)

- Witness Tampering / Obstruction of Justice (18 U.S.C. § 1512)

- Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

- Conspiracy Against Rights (18 U.S.C. § 241)

- Racketeering (18 U.S.C. § 1962)

**Facts:**

- From May 15, 2023, through May 16, 2025, judges knowingly refused to enforce court orders violated by Dr. Madison Sample.

- From May 15, 2023, through January 30, 2024, and thereafter, judges accepted fraudulent financial affidavits submitted by Dr. Madison Sample.

- From May 15, 2023, through May 16, 2025, judges ignored truthful documentation and evidence submitted by Jackie Sample regarding financial fraud.

- This coordinated inaction caused ongoing financial harm and deprived Jackie Sample of her constitutional rights.

**E. RICO Enterprise**

**Enterprise Members:**

- Dr. Madison Sample

- Attorneys: John Conniff, Matthew Elster, Katheryn Homburger, Meighan Harmon, Tracey Wertz

- Judges: Kenton Skarin, James Orel, Susan Alvarado, Neal Cerne, and additional presiding judges

**Predicate Acts:**

- Wire Fraud (18 U.S.C. § 1343)

- Mail Fraud (18 U.S.C. § 1341)

- Obstruction of Justice / Witness Tampering (18 U.S.C. § 1512)

- Misprision of Felony (18 U.S.C. § 4)

- Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

**Summary:**

- The coordinated actions of attorneys, judges, and Dr. Madison Sample constitute a pattern of racketeering activity, ongoing fraud, coercive control, and deprivation of constitutional rights.

## F. Probable Cause Statement

Based on review of emails, communications, court filings, personal knowledge, and supporting documentation, there is probable cause to believe the individuals listed above committed:

- Federal Program Fraud (18 U.S.C. §§ 1341, 1343)

- Obstruction of Justice / Witness Tampering (18 U.S.C. § 1512)

- Civil Rights Violations under Color of Law (18 U.S.C. § 242)

- Conspiracy Against Rights (18 U.S.C. § 241)

- Domestic Violence / Coercive Control (720 ILCS 5/12-3.2)

- Misprision of Felony (18 U.S.C. § 4)

- Racketeering Activity (RICO) (18 U.S.C. § 1962)

## ADA–BASED OBSTRUCTION & REFUSAL OF REASONABLE ACCOMMODATION

I respectfully assert that I have been denied reasonable accommodations necessary to meaningfully participate in court proceedings in the Following Courts:

-DuPage County Courthouse
-Cook County Circuit Court
-United States Norther District, Eastern Division Court
-Seventh Circuit Court

In violation of my protected rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., and specifically Title II, 42 U.S.C. §12132. As a litigant with a qualifying disability, I am entitled to equal access to hearings, court documents, deadlines, and judicial processes. Denial of accommodations is not only discriminatory, but it directly obstructs my ability to exercise my constitutional right to due process under the Fourteenth Amendment.

My repeated requests for ADA access, including assistance, modifications, and accommodations necessary for my full participation were either ignored, delayed, or denied without lawful justification. This has materially impacted my ability to file and respond to motions, communicate effectively in hearings, and prepare my defense or claims. When a court fails to provide reasonable accommodation after being placed on notice, it violates federal law and places a disabled litigant at a structural disadvantage that is both discriminatory and fundamentally unconstitutional.

Under 42 U.S.C. §12132, no qualified individual with a disability may be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity. A courtroom constitutes a public entity. The denial of ADA accommodations interfered with my right to be heard, to understand legal proceedings, to adequately respond to filings, and to present evidence. This constitutes not only disability discrimination, but an obstruction of access to justice itself.

Under Illinois law, the **Illinois Human Rights Act (775 ILCS 5/1-101 et seq.)** prohibits discrimination on the basis of disability, including interference with participation in public programs or services, which encompasses access to the courts. Further, **720 ILCS 5/32-4** establishes criminal penalties for obstruction of justice, including interference with a party's ability to pursue or participate in legal proceedings. The persistent denial of ADA accommodations in state court proceedings therefore constitutes both civil and criminal violations under Illinois law.

The refusal or failure to accommodate a disabled litigant is also an actionable civil rights violation enforceable under 42 U.S.C. §1983, where those obstructing access are state actors operating under color of law, including judges, clerks, and court-appointed personnel. Where ADA interference results in the denial of court access, such conduct may additionally violate **18 U.S.C. §241 (conspiracy against rights)** and **18 U.S.C. §242 (deprivation of rights under color of law)**, when done knowingly, willfully, or in concert to deprive a protected person of federally secured rights.

I assert that the obstruction and refusal of accommodations is materially impairing my ability to fairly participate in litigation, respond to filings, challenge rulings, secure legal representation, and defend myself against adverse actions. The resulting harm is ongoing and severe, compounding financial loss, procedural disadvantage, and emotional distress. I request appropriate judicial review and enforcement of ADA compliance, under both federal and Illinois law, to restore my lawful access to the courts and to remedy past and ongoing prejudice.

## V. Binding Declaration

I, Jackie Sample, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am over the age of 21 years, competent to testify, and that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this $\underline{31}$ day of $\underline{De}$ , **2025**

Complainant: _____

Jackie Sample

**Contact Information:**

Address: _____

Phone: (773) 719-0337

Email: jackshousinganddevelopment@gmail.com

EX #2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

**JACKIE SAMPLE,**
Plaintiff,

v.

**ANDREA R. WOOD,** in her **individual capacity**, and in her **official capacity** for prospective relief only; and
**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,**

Defendants.

**COMPLAINT**

**(CONSTITUTIONAL CLAIMS; REHABILITATION ACT; DECLARATORY & PROSPECTIVE INJUNCTIVE RELIEF)**

**(JURISDICTION FOUNDED ON 28 U.S.C. §§ 1331, 1343; DECLARATORY RELIEF 28 U.S.C. §§ 2201–2202; ADDITIONAL RELIEF AS PLEADED)**

# NOTICE

PLEASE TAKE NOTICE that Plaintiff, **Jackie Sample,** has filed a Motion in this action and respectfully requests that the Court consider the Motion and grant the relief requested therein.

Dated: Jan 1, *2026*

**Jackie Sample**
Plaintiff/Litigant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JACKIE SAMPLE,
Plaintiff,

v.

ANDREA R. WOOD, in her **individual capacity**, and in her **official capacity** for prospective relief only; and
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,
Defendants.

COMPLAINT

(CONSTITUTIONAL CLAIMS; REHABILITATION ACT; DECLARATORY & PROSPECTIVE INJUNCTIVE RELIEF)

(JURISDICTION FOUNDED ON 28 U.S.C. §§ 1331, 1343; DECLARATORY RELIEF 28 U.S.C. §§ 2201–2202; ADDITIONAL RELIEF AS PLEADED)

DECLARATION OF JACKIE SAMPLE (28 U.S.C. § 1746)

I, **Jackie Sample**, declare that I am over the age of twenty-one (21) and am mentally competent to testify to the matters stated herein.

I declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the foregoing is true and correct.

Executed on Jan 6 , 20.24

**Jackie Sample**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JACKIE SAMPLE,
Plaintiff,

v.

ANDREA R. WOOD, in her **individual capacity**, and in her **official capacity** for
prospective relief only; and
~~UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF~~
~~ILLINOIS~~,


Defendants.

COMPLAINT

(CONSTITUTIONAL CLAIMS; REHABILITATION ACT; DECLARATORY &
PROSPECTIVE INJUNCTIVE RELIEF)

(JURISDICTION FOUNDED ON 28 U.S.C. §§ 1331, 1343; DECLARATORY RELIEF 28
U.S.C. §§ 2201–2202; ADDITIONAL RELIEF AS PLEADED)

Plaintiff **JACKIE SAMPLE**, Sui Juris and proceeding individual citizen pursuant to Hale Vs.
Henkel


I. NATURE OF THE ACTION

1. This action seeks **declaratory relief**, and **prospective injunctive relief** and **monetary damages**, for completed and ongoing violations of Plaintiff's rights secured by the First Amendment, ~~Fifth Amendment, Eighth amendment, the fourteenth amendment~~ (due process and equal protection principles applicable to federal officials), and disability-rights laws applicable to federal entities and their programs, including **Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794**, and implementing regulations.

2. This case arises from Defendant **Judge Andrea R. ~~Wood's~~** intentional, biased, and **non-judicial/administrative/investigative** acts and omissions undertaken under color of federal law that Plaintiff alleges deprived her of:

   ○ meaningful access to the federal courts,

   ○ due process and an impartial tribunal,

   ○ equal protection/fair treatment as an indigent and disabled pro se litigant,

   ○ and reasonable accommodations necessary for financial disability required for meaningful participation.

3. Plaintiff further alleges that Defendant Judge Wood, despite being put on notice by Plaintiff's filings and on-the-record statements describing serious misconduct, **failed to report** the alleged misconduct of identified **state judges** and **attorneys** as required by mandatory reporting duties in applicable professional and judicial conduct rules/codes, and that this failure contributed to continued deprivation of rights and denial of meaningful court access.

4. Plaintiff alleges urgent, concrete harms—**imminent foreclosure**, repeated **utility shut-offs, food insecurity, loss of medical care** and worsening health, **loss of business income**, and loss of real estate parcels—were presented to the Court through emergency motions but were not meaningfully heard or evaluated under the proper legal standards.

# II. JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction under **28 U.S.C. § 1331** because Plaintiff raises claims arising under the Constitution and laws of the United States, including the **Fifth Amendment** and **29 U.S.C. § 794 (Rehabilitation Act § 504)**.

6.  This Court has jurisdiction under **28 U.S.C. § 1343** to the extent applicable to civil-rights claims seeking redress for deprivations of federally secured rights.

7.  Declaratory relief is authorized under **28 U.S.C. §§ 2201–2202**.

8.  Venue is proper in this District under **28 U.S.C. § 1391(b)** because Defendant Judge Wood performs official duties in this District and the acts and omissions giving rise to these claims occurred in this District.

9.  Plaintiff acknowledges that **criminal statutes** generally do **not** create a private cause of action. However, Plaintiff alleges that the conduct described herein implicates and resembles patterns addressed by federal criminal civil-rights and obstruction provisions, including **18 U.S.C. §§ 241, 242, 1505, 1512**, and **18 U.S.C. §§ 1961–1968 (RICO)**. Plaintiff references these statutes **solely** as evidence of willfulness, intent, pattern, gravity, and to support requests for appropriate **referral** to authorities pursuant to Federal Mandatory Duty where warranted—not as standalone private claims.

# III. PARTIES

10. **Plaintiff Jackie Sample** is a natural person residing in Illinois. Plaintiff is **indigent** and a **qualified individual with a disability** And a financial disability who has been denied meaningful access to the courts and deprived of rights secured by the Constitution and federal law.

11. Defendant **Andrea R. Wood** is a United States District Judge for the Northern District of Illinois.
    a. She is sued in her **individual capacity** for alleged none judicial actions, Plaintiff describes as **non-judicial, administrative, investigative, and biased** conduct undertaken

in clear absence of lawful authority and outside protected judicial functions.

b. Defendant Andrea Wood is also sued in her **individual capacity** for purposes of **prospective declaratory and injunctive relief** to remedy ongoing and continuing violations of federal law, under recognized exceptions permitting prospective relief for unconstitutional or ultra vires conduct., including principles recognized in **Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949)** and **Dugan v. Rank, 372 U.S. 609 (1963)**, and consistent with prospective-relief doctrines.

12. Defendant **United States District Court for the Northern District of Illinois** is a federal judicial entity responsible for providing equal access to judicial services, programs, and activities and for compliance with federal disability-rights obligations applicable to federal entities and programs, including **Section 504 of the Rehabilitation Act**, 29 U.S.C. § 794.

# IV. FACTUAL ALLEGATIONS

## A. Background Circumstances and Resulting Harm

13. Plaintiff filed civil rights claims in federal court against Kenton Skarin, James Orel, Neal Cerne, Susan Alvarado, and her spouse, Madison Sample jr and others arising from none disputed alleged criminal violations tied to state divorce proceedings and related events that left Plaintiff without access to marital assets and in a state of complete indigency.

14. Plaintiff alleges that as a direct result of a **criminal conspiracy to knowingly obstruct justice and deprive Jackie Sample of her right under color of law to honest service from the judicial system**, Plaintiff was denied status quo protections:

• Maintain housing with consistent working utilities,

• Obtain consistent medical care for documented health issues and disabilities,

- Secure adequate food,

- Or pay existing financial obligations.

- Everyday living expenses

15. Plaintiff alleges she was deprived of all financial assets; her salon business was forced to close; and her buildings were forced into foreclosure due to criminal conspiracy and deprivation of Plaintiff's constitutional rights and her assets, eliminating her source of livelihood.

16. Plaintiff has disabilities including financial disability and physical limitations that substantially limit one or more major life activities, including the ability to litigate complex legal proceedings without assistance.

17. Plaintiff made known to the Court that accommodations were needed and made explicit requests for reasonable accommodations.

**B. Emergency Motions and Requests for Relief And Demand For Status Quo Rights**

18. Facing imminent irreparable harm to her health, safety, and subsistence, Plaintiff filed emergency motions seeking a **temporary restraining order** and other emergency relief, including to prevent imminent foreclosure, utility shut-offs, and to address urgent medical needs.

19. These emergency motions detailed immediate and ongoing threats to housing security, access to medical treatment for serious health conditions, access to utilities necessary for basic health and safety, the ability to obtain food and other necessities of life, and escalating health risks.

20. Plaintiff's emergency motions were supported by Affidavit of Truth of Plaintiff's indigent status.

## C. Hearings and Record Evidence (July 16, 2025 and August 25, 2025)

21. Plaintiff was a litigant in a federal civil rights case before Defendant Andrea Wood.

22. On **August 25, 2025**, a hearing was held on Plaintiff's emergency motion for a temporary restraining order to prevent imminent foreclosure, utility shut-offs, and address urgent medical needs.

## 1. Andrea Wood  Improperly Presented Plaintiff's Motion Instead of Allowing Plaintiff to Speak

23. Plaintiff alleges that rather than allowing Plaintiff to present her emergency motion, Andrea Wood summarized and reframed Plaintiff's filing before Plaintiff could argue, stating:
    **"So I suppose I will start with the emergency motion … having reviewed the written filing from Ms. Sample, I will give counsel for the judicial defendants … an opportunity to respond orally."** (CART Transcript, Aug. 25, 2025)

24. Plaintiff alleges this substituted the Court's characterization for Plaintiff's arguments, prejudged the issues, and denied Plaintiff a meaningful opportunity to be heard pursuant to Constitutional Rights.

25.  Actions and Appearance of Bias / Favoritism Toward Defendants

26. Plaintiff alleges Andrea Wood showed favoritism by repeatedly echoing defense themes (immunity, abstention) while minimizing Plaintiff's constitutional claims.

27. Plaintiff alleges Andrea Wood herself assumed an advocacy posture by shaping Plaintiff's arguments for the defense, restricting Plaintiff's ability to present her case, and creating a dismissive, prejudicial atmosphere toward an indigent litigant.

## 3. Material Misstatements of Fact and Constructive Denial of Access

28. Plaintiff repeatedly stated on the record that her **DuPage County divorce case was dismissed** and no longer pending.

29. Andrea Wood nonetheless repeatedly treated the divorce as ongoing and used that premise to frame Plaintiff's federal claims as stemming from divorce proceedings, thereby invoking jurisdictional doctrines and abstention concepts to deny relief.

30. Transcript exchange as alleged by Plaintiff includes:
    Andrea Wood: **"So what is the status of your divorce if the case was dismissed... Are you divorced? Has it been legally finalized?"**
    Plaintiff: **"Yes, I'm still Mrs. Jackie Sample... my divorce was dismissed in DuPage County. There is no existing divorce in DuPage County."**

31. Plaintiff alleges that despite this clarification, Andrea Wood continued to treat Plaintiff's harms as stemming from a divorce proceeding, using that premise to deny emergency relief and federal review of independent constitutional claims.

32. Plaintiff alleges this amounted to a constructive denial of access to the courts, because it foreclosed meaningful federal review of independent claims (including domestic violence under color of law, ADA/disability discrimination in court access, financial abuse, and emergency constitutional injuries).

## 4. Improper Inquiry Into Plaintiff's Divorce Proceedings and Solicitation of Extra-Record Information

33. Plaintiff alleges Andrea Wood improperly inquired into Plaintiff's dismissed DuPage County divorce, repeatedly asking about Plaintiff's marital status and soliciting information from opposing counsel.

34. **Andrea** Wood asked defense counsel:
    **"Mr. Bradtke, just so that I know, do you have any additional information on the status of the divorce proceedings?"**
    Counsel responded: **"I do not... I could get any requested information and file a status report if the Court would like me to do that."**
    Andrea Wood: **"I don't think I need that at the moment. But thank you."**

35. Plaintiff alleges that inviting an adversary to investigate and report back on Plaintiff's private affairs created the appearance of bias and ex parte communication by proxy and improperly deputized defense counsel as an extra-judicial fact finder.

**5. Premature Adjudication and Echoing Defense Counsel at Emergency/Pleading Stage**

36. Plaintiff alleges Andrea Wood weighed merits defenses (immunity, jurisdiction, abstention) at an emergency hearing and before discovery, and adopted defense counsel's framing that Plaintiff's case was a "misunderstanding."

37. Defense counsel argued: **"... the overarching theme of this case have been the plaintiff's misunderstanding of ... judicial immunity ..."**
Plaintiff alleges Andrea Wood echoed and adopted this framing, stating she had to consider jurisdiction and immunity as raised in the motion to dismiss at that stage.

38. Plaintiff alleges this misapplied the pleading-stage rule that well-pleaded allegations must be treated as true and deprived Plaintiff of the benefit of Rule 12(b)(6) protections, as a litigant.

**6. Denial of Meaningful Access and Failure to Integrate ADA/Disability Accommodations**

39. Plaintiff alleges she documented disability, financial disability and indigency and repeatedly sought accommodations and meaningful access, including transcripts and accommodations necessary for effective participation.

40. Plaintiff alleges Andrea Wood delayed ruling on appointment of counsel and failed to ensure disability accommodations were meaningfully integrated, thereby denying Plaintiff a meaningful opportunity to participate in proceedings.

41. Plaintiff alleged ongoing health deterioration and urgent medical need and testified to severe hardship, including utilities being shut off, lack of consistent water/food, and inability to afford medical supplements not covered by welfare programs, and further loss of assets, income and further deterioration of properties.

**7. Appointment of Counsel: Indigency and Disability Evidence Presented; Relief Deferred**

42. Plaintiff stated:

- "So I am in need. I am indigent status, which is why my utilities are repeatedly shut off. I wake up some mornings wondering am I going to have water today… sometimes I don't have running water. Sometimes I don't have food."

- "That is precisely why I need an attorney…"

42. Judge Wood responded in substance that there is no right to counsel in a civil case and that she would issue a written order after applying factors. Plaintiff alleges that Andrea Wood deferred despite documented indigency, disability, complexity, and escalating harm.

**8. Rule 65 Emergency Relief: Failure to Apply the Required Four-Factor Framework**

43. Plaintiff alleges she invoked preliminary injunction authorities and identified irreparable harms (foreclosure, utilities shut-offs, food insecurity, medical neglect, loss of properties, business loss, quality-of-life and human rights harms).

44. Plaintiff invoked **Winter v. NRDC** and requested emergency actions to protect constitutional rights, health, safety, and to address prolonged domestic violence and medical neglect by her husband, Dr. Madison Sample Jr., compounded by Andrea Wood's inaction.

45. Andrea Wood responded in substance that Rule 65 is procedural and does not create jurisdiction and denied relief, which Plaintiff alleges reflects a failure to apply the required Rule 65 four-factor analysis and a categorical denial, causing plaintiff more harm.

46. Plaintiff alleges Andrea Wood ignored irreparable medical harm evidence (asthma complications, chronic pain, muscle spasms, worsening health) and failed to analyze balance of equities and public interest.

### 9. Service Issues and Alleged Prejudice Favoring Defendant Madison Sample Jr.

47. Plaintiff alleges she attempted diligent service of Defendant Madison Sample Jr., including service attempts at last-known addresses, hand delivery to an active P.O. box, and email.

48. Plaintiff alleges Andrea Wood mischaracterized Plaintiff's service efforts, sowed confusion, and refused to promptly grant relief for alternative service, delaying the case and favoring a defendant allegedly evading accountability.

49. Plaintiff alleges this delay compounded harm, including declining health, financial loss, business loss, and loss of real estate properties due to foreclosure.

### 10. Unequal Allocation of Time and Judicial Monopolization

50. Plaintiff alleges Andrea Wood monopolized hearing time by paraphrasing Plaintiff's filings, lecturing on jurisdiction and immunity, and repeatedly pressing Plaintiff on matters already in the motion.

51. Plaintiff alleges she was told she need not read her motion because the Court read it, yet was repeatedly interrogated about details, and was cut off when attempting to present emergencies.

52. Judge Wood stated: **"Ms. Sample, I'm sorry, I'm giving you a ruling now... So now it's your turn to listen..."** and remarked she spent "45 minutes" on Plaintiff's issues; Plaintiff alleges most of that time was the Andrea Wood's own framing rather than Plaintiff's uninterrupted presentation.

### 11. Undermining of Indigency / Credibility Regarding Financial Affidavit

53. Plaintiff alleges Andrea Wood questioned Plaintiff's indigency status, implying incompleteness or dishonesty regarding income and assets while Plaintiff explained foreclosure, negative bank accounts, and the only income being a rented room.

54. Plaintiff alleges this undermined Plaintiff's credibility in front of opposing counsel and obstructed equal access to justice.

## D. Alleged Systemic Barriers to Access (as alleged by Plaintiff)

55. Plaintiff alleges Andrea Wood's knowingly systemic obstruction to meaningful court access, including:

a. procedural requirements imposed on litigants with disability and financial disability exceeding those required of represented parties, creating disparate treatment based on indigency, disability, and inability to afford counsel;

b. premature assessment of merits and false framing that Kenton Skarin, James Orel, Neal Cerne and Susan Alvarado in case No. **1:23-cv-5329** acted in their official capacity during a pleading/emergency stage hearing.

c. failure to provide timely hearings and meaningful actions on emergency motions presenting imminent irreparable harm;

d. failure to provide reasonable accommodations for disability and financial disability necessary for equal participation .

## E. Requested Accommodations (as pleaded)

56. Plaintiff requested reasonable modifications, including:

a. legal representation for filing responsive pleadings and motions to account for disability and financial disability limitations;

b. simplified procedural requirements where simplification would not fundamentally alter the process or prejudice opposing parties;

c. additional explanation/clarification of complex procedural requirements through providing transcripts, records and legal counsel;

d. consideration of disability-related communication style limitations when evaluating substantial compliance.

57. Plaintiff alleges these modifications would not harm defendants and are routinely provided to represented parties through the attorney-client relationship.

58. Plaintiff alleges Andrea Wood denied reasonable accommodation requests without adequate individualized consideration of necessity or feasibility and without considering the harm being caused to Plaintiff.

## F. Mandatory Reporting Allegations (State Judges and Attorneys; and Judge Wood's Failure to Report)

59. Plaintiff alleges Andrea Wood failed to report the following judges assigned to Plaintiff's state case—**Kenton Skarin, James Orel, Neal Cerne, Susan Alvarado, and Chief Judge Bonnie Wheaton**—knowingly failed to report Plaintiff's former counsel—**Meighan Harmon, Tracey Wertz, Shawn Monroe, Fedor Kozlov, Ashonta Rice, Lyna Hollis, Alicia Fitz, and Masah SamForay**—and opposing parties **John Conniff, Matthew Elster, and Katheryn Homburger of Beermann LLP** for multiple counts of alleged criminal misconduct and deprivation of rights under color of law.

60. Plaintiff alleges Andrea Wood failed to report other judges and the state judges failed to report other judges for criminal misconduct, criminal actions, conspiracy, and deprivation to obstruct Jackie Sample of her right to honest service from the judicial system under color of law.

61. Plaintiff alleges the opposing parties—**Conniff, Elster, and Homburger in plaintiff state case**—knowingly failed to report the judges for judicial misconduct and criminal misconduct, failed to report Plaintiff's counsel for criminal misconduct and deprivation of rights under color of law, and failed to report other attorneys for criminal misconduct, conspiracy, and deprivation of Jackie Sample's rights to honest services from the court under color of law.

62. Plaintiff alleges Plaintiff's former counsel in her state case knowingly failed to report Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado, opposing counsel, and other attorneys for criminal misconduct, conspiracy, and deprivation of rights to deprive Jackie Sample of honest services from the court, under color of law.

63. Plaintiff alleges: **REPORTING MISCONDUCT IS MANDATORY** under Rules of
Professional Conduct and Codes of Judicial Conduct; Andrea Wood's failure to report
misconduct is misconduct itself, as is failure to enforce constitutional duties.

64. Plaintiff further alleges that Defendant **Andrea R. Wood**, once placed on notice through
Plaintiff's filings and sworn statements describing misconduct by Kenton Skarin, James
Orel, Neal Cerne, and Susan Alvarado and the attorneys, **failed to report** criminal actions
as required, thereby contributing to continued deprivation and conspiracy to obstruct
Jackie Sample of her rights to honest services from the judicial system and denial of
meaningful access.

# V. CAUSES OF ACTION AND CLAIM FOR RELIEF

~~Note on correct legal vehicles:~~ Claims for constitutional damages against federal officials are
generally pleaded under **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971), where
applicable, and subject to immunity defenses. Plaintiff's allegations expressly characterize the
challenged conduct as **non-judicial/administrative/investigative/bias-based acts** beyond
protected judicial functions.

## COUNT I — DEPRIVATION OF DUE PROCESS

**(Constitutional Claim for Damages Against Defendant Andrea Wood in Individual
Capacity; and Declaratory Relief as Applicable)**

65. Plaintiff realleges paragraphs 1–64.

66. Plaintiff alleges Defendant Andrea Wood, acting under color of federal law, engaged in
the non-judicial acts described above, including but not limited to: judicial re-
characterization and presentation of Plaintiff's emergency motion; misstating material
facts about a dismissed divorce case; soliciting extra-record information from opposing
counsel; prejudging defenses and merits before discovery; failing to provide meaningful

emergency consideration; undermining Plaintiff's indigency and credibility; and failing to ensure disability accommodations were meaningfully integrated.

67. Plaintiff alleges these actions deprived Plaintiff of a fair proceeding before an impartial tribunal and denied Plaintiff meaningful opportunity to be heard on urgent matters affecting housing, utilities, medical care, safety, and basic survival needs.

68. Plaintiff alleges Defendant's actions were intentional, done with deliberate indifference, or with reckless disregard for Plaintiff's constitutional rights.

69. Plaintiff seeks compensatory and punitive damages against Defendant Andrea Wood in her individual capacity, and declaratory relief as otherwise available by law.

## COUNT II — DENIAL OF ACCESS TO THE COURTS

**Constitutional Claim for Damages Against Defendant Andre Wood in her Individual Capacity**

1. Plaintiff re-alleges all allegations 1-69

70. Plaintiff alleges the constitutional right of access to the courts requires a meaningful opportunity to present non-frivolous claims.

71. Plaintiff alleges Defendant Andrea Wood's pattern of conduct—reframing Plaintiff's claims, relying on factual misstatements to deny meaningful review, creating a biased atmosphere, and denying reasonable participation accommodations—constructively denied Plaintiff meaningful access to the federal forum to seek redress for urgent constitutional injuries.

72. Plaintiff alleges this denial was intentional and caused direct injury including loss of housing stability, utilities, medical care access, financial harm, business loss, emotional distress, humiliation, loss of dignity, and exacerbation of disability-related symptoms.

# COUNT III — DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE

**(SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794) — Against the U.S. District Court and Defendant Andrea Wood in her individual capacity for Prospective Relief; and Damages Where Legally Available)**

73. Plaintiff re-alleges 1–73.

74. Plaintiff is a qualified individual with a disability and financial disability within the meaning of **29 U.S.C. § 794**.

## 1. Executive Functioning

- organize information,

- prioritize tasks,

- sequence steps in complex processes,

- manage time and deadlines,

- filter relevant from irrelevant information.

In legal proceedings, my disability affects:

- navigating procedural rules,

- prepare filings without assistance,

- respond to multiple deadlines simultaneously,

- present arguments concisely under time pressure.

## 2. Information Processing Under Duress

- slowed or disrupted processing when faced with large volumes of information,

- difficulty recalling details on demand,

- increased cognitive overload in adversarial or fast-paced environments.

Court settings — with strict rules, formal language, and time constraints **exacerbate these limitations,** even when I understands the substance of the issues.


## 3. Verbal Expression and Communication

- the ability to summarize complex facts succinctly,

- maintaining a linear narrative when interrupted,

- responding quickly to unexpected questions.

This does **not** reflect dishonesty or confusion about facts, but rather **a neurological difference in how information is accessed and expressed,** particularly under duress.


## 4. Regulation of Attention (Not Lack of Attention)

- hyperfocus on critical details,

- struggle to shift focus efficiently,

- have difficulty deciding which information is most legally relevant without guidance.

Without accommodations, this can be misinterpreted as "rambling" or "over-explaining," when it is actually a compensatory strategy and disability style of communication.

## 5. Impact on Legal Self-Representation

- require additional time to process questions and comments during hearings,

- benefit from written instructions and transcripts,

- need procedural flexibility to ensure meaningful participation.

- Need legal assistance to equally participate

These are **reasonable accommodations that are** required, and not advantages.

75. Defendant U.S. District Court for the Northern District of Illinois is responsible for ensuring equal access to judicial services, programs, and activities in compliance with Section 504.

76. Plaintiff requested reasonable modifications and accommodations necessary for meaningful access, including assistance equivalent to representation needs, procedural simplification where feasible, additional explanation/clarification through transcripts, and consideration of disability-related communication limitations.

77. Plaintiff alleges Defendants denied these requests without adequate individualized assessment, and failed to ensure program accessibility and meaningful access for Plaintiff.

78. Plaintiff alleges that as a direct and proximate result, Plaintiff suffered and continues to suffer denial of equal access to the courts, intentional infliction of emotional distress, humiliation, loss of dignity, and exacerbation of disability-related symptoms, alongside substantial economic losses.

## COUNT IV — DECLARATORY RELIEF

**(28 U.S.C. §§ 2201–2202) — Against Defendant Andrea Wood (Individual Capacity ) and the U.S. District Court**

79. Plaintiff re-alleges 1–79.

80. An actual controversy exists regarding whether Defendants' practices and Defendant Wood's acts/omissions violated Plaintiff's rights under the Fifth Amendment and federal disability-rights statutes.

81. Plaintiff seeks a declaration that:

a. the systematic denial of necessary reasonable accommodations violates federal disability-rights obligations;

b. the imposition of heightened procedural burdens on indigent litigants not imposed on represented parties violates equal protection principles embodied in the Fifth Amendment;

c. the failure to provide meaningful hearings on emergency motions presenting imminent irreparable harm violates due process;

d. the repeated reliance on materially misstated facts and solicitation of defense-sourced extra-record information undermined impartial adjudication;

e. the failure to report serious alleged criminal misconduct once on notice violated mandatory reporting duties as alleged criminal acts and contributed to continued to deprive Jackie Sample of her right to honest services from the judicial system under color of law.

## COUNT V — PROSPECTIVE INJUNCTIVE RELIEF

**(To Remedy Ongoing Disability-Access Violations and Ensure Meaningful Court Access) — Against All Defendants as Legally Applicable**

82. Plaintiff re-alleges 1–82.

83. Plaintiff alleges ongoing and irreparable harm from continuing failure to provide reasonable accommodations and meaningful access to the courts.

84. Plaintiff has no adequate remedy at law to address ongoing violations affecting present and future access.

85. Plaintiff seeks prospective injunctive relief requiring Defendants to:

a. implement policies and procedures to identify litigants with disabilities who may require reasonable accommodations;

b. conduct individualized assessments of accommodation requests;

c. provide reasonable modifications to procedures where necessary to afford meaningful and equal access;

d. provide transcripts and accommodation-related supports as needed for meaningful and equal participation;

e. train judicial officers and staff on disability access obligations and meaningful and equal access requirements;

f. ensure pending emergency motions are heard and evaluated under the correct legal framework.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award:

A. **Declaratory Relief** under 28 U.S.C. §§ 2201–2202 declaring that Defendants' actions/ practices as alleged violated Plaintiff's rights under the Fifth Amendment and federal disability-rights law; **TBD**

B. **Prospective Injunctive Relief** requiring implementation of reasonable accommodation procedures and meaningful access measures as pleaded; **TBD**

C. **Compensatory Damages** for deprivation of constitutional rights, denial of court access, intentional infliction of emotional distress, humiliation, loss of dignity, exacerbation of disability-related symptoms, exacerbation of health issues and other injuries; **TBD**

D. **Economic Damages** for loss of business, property, medical care access, and other financial harms proximately caused by denial of equal court access and alleged unlawful acts/omissions; **TBD**

E. **Punitive Damages** against Defendant Andrea Wood in her individual capacity to the extent legally permitted, based on willful, malicious, and reckless disregard of Plaintiff's Constitutional rights; **TBD**

F. **Costs of Suit** and **reasonable attorney's fees** to the extent authorized by applicable law (to be applied for legal work and assistance. **TBD**

G. **Such other and further relief** as this Court deems just and proper, including appropriate referrals to authorities if warranted based on the criminal allegations. **TBD**

Plaintiff estimates damages in her pleadings, including:

- ADA/disability-access related damages estimated between **TBD**

- Economic damages estimated between **TBD**
  with final amounts to be proven at trial.

- Intentional Infliction of emotional distress estimated between **TBD**

- Summary Judgement for immediate losses caused to date while under jurisdiction of the court estimated between-$5,000,000-$15,000,000..The argued Crypto currency investments have tripled in value.

# VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

# VIII. VERIFICATION / DECLARATION

**DECLARATION OF JACKIE SAMPLE**

I, **Jackie Sample**, declare as follows:

I am **over the age of twenty-one (21)** and **competent to testify** as to the matters stated herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is **true and correct**.

**Jackie Sample**

Executed on this ___ day of ___Jan_____, 2026.

Respectfully submitted,

**JACKIE SAMPLE, Litigant**

(773)719-0337
**jackshousinganddevelopment@gmail.com**

*Ex #3*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**JACKIE SAMPLE,**
Plaintiff,

v.

**JAMES MENDRICK,**
in his individual capacity and official capacity as
Sheriff of DuPage County,
Defendant.

and

**DUPAGE COUNTY SHERIFF'S OFFICE,**


**DECLARATION OF JACKIE SAMPLE**


I, **Jackie Sample**, declare as follows:

1.   I am over the age of eighteen (18) years.

2.   I am competent to testify to the matters set forth herein, and if called as a witness, I could and would testify truthfully based upon my personal knowledge.

3.   This declaration is made in support of the pleadings and claims filed in the above-captioned matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 26, 2026,
Jackie Sample

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**JACKIE SAMPLE,**
Plaintiff,

v.

**JAMES MENDRICK,**
in his individual capacity and official capacity as
Sheriff of DuPage County,
Defendant.

and

**DUPAGE COUNTY SHERIFF'S OFFICE,**

**NOTICE**

Plaintiff **Jackie Sample,** by and through herself, hereby provides notice to the Court and all parties that she has filed, or will be filing, a civil action in this Court arising from alleged violations of her constitutional rights under **42 U.S.C. § 1983,** including but not limited to, defamation of character, Libel committed with the intent to cause reputational damage and to discredit Plaintiff, **First Amendment retaliation, harassment, viewpoint discrimination, and related unlawful conduct** committed under color of state law.

This Notice is provided to formally place the Court and interested parties on notice of the nature of the claims asserted and the parties involved in the action.

Plaintiff reserves all rights to amend, supplement, or otherwise modify her pleadings as permitted by the Federal Rules of Civil Procedure.


Respectfully submitted,

**Jackie Sample, Litigant**

jackshousinganddevelopment@gmail.com

**(773)719-0337**
_Jackie Sample_      Jan 24, 2026

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**JACKIE SAMPLE,**

Plaintiff,

v.

**JAMES MENDRICK,**

in his **individual capacity** and **official capacity as Sheriff of DuPage County,**
Defendant.

**DUPAGR COUNTY SHERIFF'S OFFICE,**

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**

**(42 U.S.C. § 1983 — First Amendment Retaliation, Harassment, Viewpoint Discrimination; Defamation and Libel Under Color of Law; Dereliction of Duty)**

Defendant, acting **under color of state law**, engaged in a pattern of **retaliatory and harassing conduct** against Plaintiff in violation of the **First Amendment**, including **viewpoint discrimination** and retaliation for Plaintiff's protected speech and litigation activity.

Defendant further **published false and defamatory statements**, including libelous accusations of criminal conduct, with **knowledge of their falsity or reckless disregard for the truth**, for the purpose of causing **reputational harm**, intimidating Plaintiff, and chilling her exercise of constitutional rights.

Page 1

Defendant's defamatory statements were made while invoking the authority and credibility of his office as Sheriff, thereby constituting **state-sanctioned defamation** actionable under **42 U.S.C. § 1983**.

In addition, Defendant was **derelict in his official duties** by willfully failing to **investigate and report alleged criminal conduct** made known to him, as required by law, and instead retaliated against Plaintiff for reporting such misconduct. This failure further demonstrates abuse of authority, bad faith, and unconstitutional retaliation.

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the **First Amendment** and **42 U.S.C. § 1983**.

2. This Court has jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343**.

3. Venue is proper under **28 U.S.C. § 1391(b)** because Defendant is the Sheriff of DuPage County, Illinois, and the acts complained of occurred in DuPage County and within this District.

## II. PARTIES

4. Plaintiff **Jackie Sample** is a resident of Illinois and a private citizen.

5. Defendant **James Mendrick** is the elected **Sheriff of DuPage County, Illinois,** and at all relevant times acted **under color of state law**. He is sued in both his **official capacity** and **individual capacity**.

**Page 2**

## III. FACTUAL ALLEGATIONS

## A. Plaintiff's Protected Activity: Lawsuits and Complaints

Plaintiff engaged in **core First Amendment protected activity**, including the **exercise of free speech and the right to petition the government for redress of grievances**, including but not limited to:

- Filing and prosecuting **federal lawsuits against judges in DuPage County** alleging constitutional and legal violations;

- **Publicly criticizing government officials**, including Defendant, Sheriff James Mendrick;

- **Submitting complaints and reports** to law-enforcement and oversight bodies concerning **judicial misconduct and corruption.**

7. Filing lawsuits and seeking redress from the courts is protected by the **First Amendment right to petition the government.**

8. Defendant James Mendrick was aware of Plaintiff's lawsuits and complaints against DuPage County judges.

## B. Defendant's Mandatory Duties and Plaintiff's Complaints

9. Plaintiff made Defendant aware of alleged criminal conduct, financial fraud and misconduct involving judges in her cases.

10. Plaintiff alleges Defendant failed and refused to perform mandatory investigative and reporting duties required of his office.

11. Plaintiff alleges Defendant's hostility toward her increased after she pursued litigation and complaints concerning judicial misconduct and criminal misconduct allegations against four DuPage County Judges.

12. Plaintiff alleges Defendant's hostility toward her increased after she pursued complaints against the DuPage Sheriff's Office for not following law officials guidelines for mandatory reporting and investigating legitimate criminal allegations.

Page 3

13. Plaintiff alleges Defendant's hostility toward her increased after she pursued complaints against the DuPage County State's Attorney's Office for retaliation, harassment and for failing to following law officials guidelines for mandatory reporting and investigating legitimate criminal allegations.

## C. Defendant's Social Media Pages as Public Forums

14. Defendant maintains and operates Facebook pages, including:

- An official sheriff-related page; and

- A campaign-related page branded **"Sheriff James Mendrick for Governor."**

13. Defendant uses these pages to communicate with constituents, discuss public matters, and solicit public interaction.

14. The interactive portions of these pages constitute **designated public forums**.


## D. Viewpoint-Based Blocking and Harassment

15. Plaintiff publicly criticized Defendant for failing to uphold constitutional obligations.

16. **Solely because of this criticism**, Defendant **blocked Plaintiff** from:

- His official sheriff page; and

- His campaign page.

17. Defendant did not block Plaintiff for spam, threats, or rule violations, but because of **her viewpoint and criticism**.

18. Blocking Plaintiff prevented her from:

- Viewing statements made by Defendant;

- Responding to statements made about her;

- Participating in public discourse with an elected official.

Page 4

19. Defendant's blocking constituted **viewpoint discrimination, retaliation,** and **harassment Defamation of character, Reputational Harm, liable**

20. **Defendant made false allegations with the intent to inflict emotional duress and mental anguish.**

### E. False and Defamatory Public Statements (Libel) Made With Intent to Cause Reputational Harm and Damage Credibility

Defendant **published false and defamatory statements of fact,** including **libelous accusations,** with **knowledge of their falsity or reckless disregard for the truth,** and **with the intent to cause reputational harm, damage Plaintiff's credibility, and chill Plaintiff's exercise of constitutionally protected rights.**

21. While Plaintiff was blocked and unable to respond, Defendant published or caused to be published statements on Facebook asserting that Plaintiff:

- Had agreed to a **plea bargain;** and

- Had engaged in unlawful conduct involving the protection of a criminal suspect.

21. Plaintiff alleges these statements are **false, fabricated,** and **never occurred.**

22. Plaintiff has **never agreed to any plea bargain** and has no criminal record consistent with Defendant's statements.

23. Defendant presented these statements as **facts,** not opinion, while invoking his authority as a sitting sheriff.

24. Multiple third parties viewed these statements.

25. Publishing false criminal accusations about Plaintiff constituted **harassment, retaliation,** and an attempt to **discredit and intimidate** her.

### F. Threats to Expose Nonexistent "Police Records"

26. Plaintiff was informed by a third party that Defendant stated he would make Plaintiff's "police records" public.

Page 5

27. Plaintiff alleges **no such police records exist**.

28. Plaintiff reasonably understood this statement as a threat and intimidation tactic.

29. Threatening to expose nonexistent law-enforcement records constitutes **harassment** and **retaliation** under color of law.

## G. Retaliatory Motive and Causal Connection

30. Defendant's actions—including blocking from a public forum, false public statements, and alleged threats to expose criminal record—occurred **after** Plaintiff filed and pursued federal lawsuits against DuPage County judges.

31. Plaintiff alleges Defendant acted with **animus** toward her for suing DuPage County judges and exposing alleged misconduct within the DuPage Sheriff's Office and in DuPage County.

32. Defendant's conduct was intended to:

- Punish Plaintiff for her lawsuits;

- Punish her for exercising her first amendment right against alleged corruption in DuPage County

- Punish her for exercising her first amendment right against Sheriff Mendrick's alleged derelict of duty in investigating corruption.

- Deter her from continuing litigation and public speech;

- Chill her First Amendment rights.

33. Defendant's conduct constitutes a **pattern of retaliatory harassment**.

## IV. CLAIMS FOR RELIEF

**Page 6**

## COUNT I — First Amendment Retaliation

(42 U.S.C. § 1983 – Individual & Official Capacity)

34. Plaintiff realleges paragraphs 1–33.

35. Plaintiff engaged in protected speech and litigation activity.

36. Defendant took adverse actions against Plaintiff.

37. Defendant's actions would deter a person of ordinary firmness from continuing protected activity.

38. Defendant acted because of Plaintiff's protected activity.

39. Defendant violated Plaintiff's First Amendment rights.

## COUNT II — Retaliation and Harassment for Petitioning the Government

(42 U.S.C. § 1983)

40. Plaintiff realleges paragraphs 1–33.

41. Plaintiff sued DuPage County judges in federal court.

42. Defendant harassed and retaliated against Plaintiff for exercising her right to petition the government.

43. Defendant's conduct constitutes unconstitutional harassment and criminal retaliation.

## COUNT III — Viewpoint Discrimination

(42 U.S.C. § 1983)

44. Plaintiff realleges paragraphs 1–33.

45. Defendant operated designated public forums.

Page 7

46. Defendant excluded Plaintiff based on viewpoint.

47. Defendant violated the First Amendment.

## COUNT IV — Declaratory and Injunctive Relief

(Official Capacity)

48. An actual controversy exists regarding Defendant's ongoing practices.

49. Plaintiff seeks declaratory and injunctive relief to prevent future retaliation and harassment.

## V. DAMAGES

50. Plaintiff has suffered:

- Reputational harm;

- Intentional infliction of emotional duress;

- Mental anguish;

- Fear and intimidation;

- Chilling of speech;

- Loss of access to public forums.

51. Defendant's conduct was willful, malicious, and in reckless disregard of Plaintiff's rights.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare Defendant's conduct unconstitutional;
B. Enjoin Defendant from further retaliation or harassment;

Page 8

C. Order Defendant to unblock Plaintiff;

D. Order removal and/or retraction of false statements;

E. Award compensatory damages;

F. Award punitive damages against Defendant in his official and individual capacity;

G. Award attorney's fees and costs under 42 U.S.C. § 1988;

H. Grant all other just relief.

## VII. JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

Respectfully Submitted,

Jackie Sample, Litigant

jackshousinganddevelopment@gmail.com

(773)719-0337

Jackie Sample          Jan 24, 2026

Page 9

Sheriff...
January 13 at 7:23 PM · 🌐



**LAW WEAPONS supports Sheriff James "Jim" Mendrick for Governor.**

## Your Voice, Your Rights:

Join the conversation on restoring the 2nd Amendment in Illinois.
**Share your vision with the Sheriff**
Protect our rights. Meet the candidates fighting for our freedom.

### Join Us, Thursday, January 29th
### From 4:00 p.m. to 7:00 p.m.
### 912 Industrial Drive, Aurora IL 60506

**Meet the Sheriff Who Has Your Back**
**Defending Law, Liberty, and Lawful**
**Firearms.**

Let's Bring
Common Sense
Back to Illinois







JAMES **SHERIFF**
**MENDRICK**
FOR
**GOVERNOR**

👍 197

28 comments   87 shares

👍 Like          💬 Comment          ➢ Share

Comment as Jack Johnson

5720&__cft__[0]=AZbv0SGkhY4TY_R8kFXNYEmX_4oEgzDv65ZvmbB3Z1x_FU7LMjjRmQDRYLdDi4ZcLZFDbxS6lhNFPI059XOd8tqdPyLOT

 GOVERNOR

👍 197          28 comments

👍 Like        ○ Comment        ▷ Share

All comments ▾

 **Diane File**
Praying for a win! This state needs you!

1w   Like   Reply      9 

 **Dawn Mooney**
Need to get you on the news in Chicago!

1w   Like   Reply      5 

 **Jaime Walton**
**Sheriff James Mendrick for Governor** blocked one of his victims from his page. Her name is **Jackie Johnson-Sample** . It is not legal for public officials to block constituents, but this man does. He is silencing dissent and breaking the law.

22h   Like   Reply

      ✏️ Author
     **Sheriff James Mendrick for Governor** ☑️
     The person you are referring to has never had direct interaction with the DuPage County Sheriff's department. However, her interaction with the DuPage County States Attorney's office has led to her agreeing to a plea bargain due to her unlawful attempt to protect a teen who is accused of forcing himself on an 11 year old girl.

     18h   Like   Reply

        **Jaime Walton**
       **Sheriff James Mendrick for Governor** YOU ARE A FILTHY LIAR AND A CROOK.

       10h   Like   Reply

        **Jaime Walton**
       HOW DARE YOU MAKE FALSE ALLEGATIONS AGAINST A WOMAN YOU ILLEGALLY BLOCKED FROM YOUR PAGE.

 Comment as Jack Johnson             

https://www.facebook.com/share/p/18donj3kWPJ7mi...

**US ATTORNEY**

**NORTHERN DISTRICT OF ILLINOIS,**

**EASTERN DIVISION**

**In re: Request for Grand Jury Investigation**

**Submitted by:** Jackie Sample

**Date:** January 16, 2026

**FORMAL REQUEST FOR GRAND JURY INVESTIGATION**

**Pursuant to 18 U.S.C. § 3332(a)**

**1. Introduction and Authority**

**1.1** I, **Jackie Sample**, respectfully submit this request pursuant to **18 U.S.C. § 3332(a)**, seeking the mandatory presentation of the following allegations to a federal grand jury for investigation.

**1.2** This request concerns allegations of conspiracy against rights and deprivation of my right to honest services from the judicial system under color of law, including systemic judicial misconduct, attorney misconduct, obstruction of justice, fraud affecting property and court proceedings, and related federal offenses documented in my filings and sworn statements.

**2. Summary of Allegations**

**2.1** In multiple state and federal proceedings, including but not limited to divorce, foreclosure, personal injury, appellate, and federal civil rights actions, I have reported conduct constituting federal felonies, including violations of **18 U.S.C. §§ 241 and 242**, arising from coordinated actions by judges, attorneys, and other officials acting under color of law in order to obstruct my right to honest services from the judicial system.

**2.2** I allege that state court judges and attorneys engaged in a **conspiracy against rights and deprivation of my right to honest services from the judicial system under color of law**, including deliberate failures to report known criminal misconduct, obstruction of justice, and retaliation through judicial and legal processes.

**2.3** I further allege that federal judicial actors were placed on notice of this misconduct through motions, sworn filings, and oral proceedings, yet failed to act, report, or intervene, thereby permitting continued deprivation of rights, denial of due process, and denial of required disability accommodations.

**2.4** As a result of fraud-tainted judicial actions and denial of meaningful and equal access to the courts, I have suffered loss of assets, foreclosure proceedings predicated on tainted outcomes, dismissal of personal injury claims, and ongoing financial, legal harm and intentional infliction of emotional duress.

**2.5** Four state judges—Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado— engaged in a criminal conspiracy against my rights and deprived me of my right to honest services from the judicial system, under color of law. Each judge knowingly accepted fraudulent financial affidavits from my spouse, Dr. Madison Sample, jr.  My spouse lowered our true assets by more than 75% in a scheme to still millions of dollars in my marital assets.

Around May 2025, Judge Neal Cerne dismissed my divorce case against my expressed wishes, effectively trapping me in a marriage to my abuser while facilitating my spouse's

flight to the Philippines after the theft of my assets, leaving me indigent, broke and penniless.

## 3. Harm to Victims and Community

**3.1** As a direct result of the alleged conduct, I have been deprived of lawful adjudication, honest judicial services, meaningful access to the courts, and protection of property assets, quality of life, worsening health, intentional infliction of emotional duress and constitutional rights under color of law.

**3.2** The alleged misconduct has resulted in severe financial harm, including foreclosure actions, loss of legal claims, and continued deprivation of assets, human rights violations and loss of basic quality of life.

**3.3** These actions undermine public confidence in the judicial system, erode trust in courts as neutral arbiters, and perpetuate systemic abuse affecting other litigants and the broader community.

## 4. Legal Basis and Consequences

**4.1** The duty of the United States Attorney to present these allegations to a grand jury under **18 U.S.C. § 3332(a) is mandatory and non-discretionary.**
(*In re Grand Jury Application*, 617 F. Supp. 199, 202 (S.D.N.Y. 1985)).

**4.2** Victims' rights under **18 U.S.C. § 3771** are enforceable through mandamus and appellate review.
(*Kenna v. U.S. District Court*, 435 F.3d 1011 (9th Cir. 2006); *In re Dean*, 527 F.3d 391 (5th Cir. 2008)).

**4.3** Persistent failure to present credible allegations of federal crimes to a grand jury may result in judicial remedies, disciplinary action, and further legal consequences.

## 5. Request for Immediate Intervention

**5.1** In light of the foregoing, I respectfully and urgently request that the United States Attorney:

- Present these allegations to a federal grand jury for investigation;

- Allow the grand jury to determine whether indictments, reports, or referrals are warranted;

- Take appropriate steps to preserve evidence and prevent further harm or retaliation.

**Respectfully submitted,**

**Jackie Sample**

jackshousinganddevelopment@gmail.com

(773) 719-0337]

Jan 16, 2026

NOTICE OF INTENT TO SUE

**Americans with Disabilities Act (Title II), Rehabilitation Act § 504,**

**42 U.S.C. § 1983, and Fourteenth Amendment Due Process Violations**

**Via Certified Mail & Electronic Mail**

**Date:** [Insert Date]

**To:**

Elena Shea Demos, J.D.

Senior Labor and Employment Counsel & Court Disability Coordinator

Office of the Chief Judge, Charles S. Beach II

Circuit Court of Cook County

69 W. Washington Street, Suite 3300

Chicago, Illinois 60602

elena.demos@cookcountyil.gov

ocj.chief@cookcountyil.gov

kjelkhatib@cookcountycourt.com

**Cc:**

Khaled J. Elkhatib, Deputy General Counsel

Clerk of the Circuit Court of Cook County

**Re: Formal Notice of Intent to Initiate Legal Action**

Dear Ms. Demos:

This letter serves as **formal notice of my intent to initiate legal action** against the **Circuit Court of Cook County**, its responsible officials, and other appropriate parties, **unless the matters described below are promptly and fully resolved**.

This Notice is provided pursuant to **Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), 42 U.S.C. § 1983**, and the **Due Process and Equal Protection Clauses of the Fourteenth Amendment**.

**I. Background and Accommodation Requests**

I am a **qualified individual with a disability** under federal law. Beginning no later than **March 2025**, and continuing through **November 2025**, I repeatedly and formally requested reasonable accommodations through the Office of the Court Disability Coordinator for multiple active matters in the Circuit Court of Cook County.

My accommodation requests included, but were not limited to:

- Effective communication services, including CART

- Timely access to transcripts and written orders

- Structured proceedings and additional processing time

- Remote access where appropriate

- Organizational and filing assistance

  Appointment of counsel as a necessary accommodation to ensure meaningful participation

These requests were made **in writing, by email, by motion, and through direct court appearances**, over a period exceeding **six months**.

**II. Appointment of Counsel as a Disability Accommodation**

Due to the nature of my disability, the complexity of my cases, and the volume and procedural posture of the matters pending, **self-representation has not allowed me equal or meaningful access to the court** despite good-faith efforts.

Accordingly, I **repeatedly requested appointment of counsel as a disability accommodation**, not as a generalized right to counsel, but as a **reasonable modification necessary to ensure equal access** under **ADA Title II and Section 504 and financial disability**.

**Judicial Confirmation**

On **November 17, 2025**, during a court appearance in **Case No. 2024 CH 09387**, before **Judge James Derico, Jr.**, Judge Derico **expressly instructed me to inform the ADA Office** that:

**Once an attorney is appointed, he will move quickly on the matter.**

That instruction was communicated to your office on the same day.

Despite this judicial acknowledgment that appointment of counsel is a functional

prerequisite to moving the case forward, **no appointment has occurred,** nor has a lawful alternative accommodation been implemented that ensures equal and meaningful access to court.

## III. Violations of Federal Law

The prolonged failure to implement accommodations—including failure to address the request for appointed counsel—constitutes the following violations:

### A. ADA Title II – Denial of Meaningful Access

Title II requires public entities, including state courts, to provide **reasonable modifications and effective communication in a timely manner**, giving **primary consideration** to the individual's requested aids.
*Tennessee v. Lane*, 541 U.S. 509 (2004).

Where a litigant's disability prevents equal and meaningful participation without legal assistance, **refusal to consider or implement counsel as an accommodation—constitutes denial of access.**

### B. Rehabilitation Act § 504

As a recipient of federal funds, the Circuit Court of Cook County may not exclude a qualified individual with a disability from equal participation in court services by reason of disability. The same conduct violates § 504.

### C. Procedural Due Process

The inability to understand proceedings, process orders, track hearings, or respond equally — after repeated notice—deprived me of **notice equal opportunity to be heard and obstruction to honest services from the judicial system,** in violation of the Fourteenth Amendment.

Page 1

### D. 42 U.S.C. § 1983

The sustained failure to provide federally required accommodations after repeated notice constitutes **deliberate indifference under color of state law**, actionable under § 1983.

## IV. Harm

As a direct and foreseeable result of these failures, I have suffered:

- Inability to equally and meaningfully participate in hearings

- Procedural prejudice and prolonged litigation

- Missed or misunderstood orders and deadlines

- Financial harm and severe intentional infliction of emotional duress

- Ongoing denial of equal access to the courts

## V. Demand for Cure

To resolve this matter without litigation, I demand the following **within fourteen (14) days** of receipt of this Notice:

1. **Written confirmation** of a clear, enforceable ADA accommodation plan applicable to all pending Cook County matters;

2. **Written confirmation** that accommodation requests—including appointment of counsel—are timely communicated to and enforced by presiding judges;

Page 2

3. **A formal determination** regarding appointment of counsel as a disability accommodation, including an individualized analysis as required by federal law, or a lawful alternative accommodation that ensures equal and equivalent access;

4. **Designation of a single ADA point of contact** responsible for coordination and implementation.

## VI. Notice of Intent

If this matter is **not resolved within fourteen (14) days**, I will proceed with filing suit **without further notice**, seeking all available relief, including:

- Declaratory and injunctive relief

Jann S          Jun 16, 2026