IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE JOHNSON SAMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-05329 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MADISON SAMPLE, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This Order memorializes the oral ruling on 12/9/2025 [122] denying Plaintiff's motion to disqualify counsel for judicial defendants [40], [56]. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Jackie Sample raises a range of claims in this action against multiple defendants, including four Illinois state court judges ("Judicial Defendants"). Among other things, Sample alleges that these judges violated her procedural due process rights. This order addresses Plaintiff's motion to disqualify Attorney Michael Bradtke, or any other attorney from Illinois's Office of the Attorney General, from representing Judicial Defendants.

As the Seventh Circuit has explained, disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982). None of the arguments offered by Sample warrants disqualification in this case. First, the acts Sample alleges that Judicial Defendants took against her fall squarely within the language of the Illinois representation and indemnification statute, as those acts constituted decisions, rulings, or orders of judges made in the course of their judicial duties. *See* 5 ILCS 350/2(c). Accordingly, Judicial Defendants are entitled to representation by an attorney for the State of Illinois.

Second, Sample has no standing to seek to disqualify counsel based on either a conflict of interest or misuse of taxpayer funds. For a motion to disqualify, "the proper party to raise a conflict of interest issue is the party that the relevant rules of professional conduct were intended to protect, that is the current or former clients of the attorney." *Nw. Ill. Area Agency on Aging v. Basta*, No. 22 C 50070, 2022 WL 16752414, at *2 (N.D. Ill. Oct. 12, 2022) (internal quotation marks omitted). Moreover, with respect to Sample's argument that public funds are being misused, taxpayer standing can only exist in very narrow circumstances; none of which are present here. *See Hinrichs v. Speaker of House of Representatives of Ind. Gen. Assembly*, 506 F.3d 584, 598 (7th Cir. 2007).

Finally, Sample has made only conclusory assertions that Judicial Defendants' counsel might be a necessary witness in this case. "A necessary witness under Rule 3.7 is one whose testimony is unobtainable elsewhere." *Kindstrom v. Lake County*, No. 3:22-CV-50041, 2024 WL 916154, at *6 (N.D. Ill. Mar. 4, 2024). Sample has not provided the Court with any basis to support a conclusion that Judicial Defendants' counsel may need to testify or that his testimony is unobtainable elsewhere. Moreover, even if she had, Rule 3.7 "concerns do not come into play unless and until the attorney-witness is also trial counsel." *Id.* (internal quotation marks omitted). Thus, disqualification pursuant to Rule 3.7 would be premature at this point. *Id.* To the extent Sample's request for disqualification actually seeks to challenge claims of Eleventh Amendment immunity and judicial immunity, those arguments go to the merits of this case. She may make those arguments at the appropriate time, but they are not relevant to this motion.

Sample's motion to disqualify counsel for Judicial Defendants is thus denied.

Dated: February 11, 2026

_____
Andrea R. Wood
United States District Judge