IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE JOHNSON SAMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-05329 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MADISON SAMPLE, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This Order addresses Plaintiff's motions for emergency injunctive relief against Defendants [26], [79], [111], [118], excluding her requests for attorney representation, which will be addressed by separate order. For the reasons stated below, the motions are denied. This Order further serves to memorialize and provide further explanation regarding oral rulings during telephonic status hearings held on 7/16/2025 [47], 8/25/2025 [72], 10/31/2025 [117], and 12/9/2025 [122]. In addition, Plaintiff's motion for clarification of the Court's 7/16/2025 minute order [51] is terminated as moot, as this Order provides the requested clarification. Plaintiff's emergency motion to set hearing and expedite rulings [78] is also terminated as moot.

**STATEMENT**

Plaintiff Jackie Sample ("Sample") filed this action on May 14, 2025, asserting wide-ranging claims against ten Defendants: her ex-husband Madison Sample, Jr. ("Madison"); Illinois state court judges Kenton Skarin, James Orel, Neal Cerne, and Susan Alverado (collectively, "Judicial Defendants"); the Circuit Court of the Eighteenth Judicial Circuit ("DuPage County Court"); financial institutions Old National Bank, GN Bank, and Select Portfolio Servicing Inc.; and the United States of America. (Compl., Dkt. No. 1.) Sample's complaint invokes this Court's federal question jurisdiction based on alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the "tribal sovereignty and exhaustion doctrine," the "breach of federal trust doctrine," violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, claims for "predatory lending practices," and an alleged conspiracy to violate her civil rights under 42 U.S.C. § 1985(3).

Shortly after filing suit, Sample filed the first in a series of motions seeking temporary restraining orders or preliminary injunctions. (*See* Dkt. No. 15.) The Court denied two such motions in an oral ruling on August 25, 2025. (*See* 8/25/2025 Minute Entry, Dkt. No. 72.) Since then, Sample has filed additional motions seeking similar relief. (*See, e.g.*, Dkt. Nos. 26, 79, 111, 118.) Among other things, these motions seek orders: (i) enjoining Defendants' acts or omissions that interfere with Sample's right to meaningful participation in state court judicial proceedings, such as by obstructing her access to court transcripts; (ii) preventing Defendants from denying

Sample access to marital assets and ordering immediate release of financial resources from Madison; (iii) enjoining foreclosure proceedings, property tax sales, and assessment of homeowner's association penalties; (iv) prohibiting the DuPage Water Department and the Village of Burr Ridge from shutting off Sample's water services and utilities and from increasing her water bills in retaliation for her efforts to seek justice; and (v) enjoining Judicial Defendants from interfering with her access to legal counsel or judicial relief. These requests for emergency injunctive relief must be denied because she has not satisfied the requirements under Federal Rule of Civil Procedure 65.

To obtain a temporary restraining order or preliminary injunction, a plaintiff first "must establish that [she] has some likelihood of success on the merits; that [she] has no adequate remedy at law; [and] that without relief [she] will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (internal quotation marks omitted). If the plaintiff demonstrates those threshold requirements, the Court then "must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Id.* (internal quotation marks omitted). In this Circuit, courts employ a "sliding-scale approach": the more likely a plaintiff is to prevail on the merits, the less the balance of harms must weigh in her favor; correspondingly, the less likely a plaintiff is to prevail, the more the balance must weigh in her favor. *Id.* at 364; *see also Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001) (explaining the "sliding-scale approach"). However, "[if] the plaintiff fails to meet any of the[] threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 992 F.3d at 364.

At their core, Sample's requests for emergency injunctive relief ask this Court to interfere with state court proceedings stemming from the dissolution of her marriage—either to enforce state court orders that she believes have been ignored (such as a contempt order against Madison) or to reverse or enjoin enforcement of state court decisions with which she takes issue (such as the foreclosure and sheriff's sale of her properties), or to compel the Judicial Defendants to manage her cases differently (such as by providing her court transcripts at no cost). Specifically, the harms about which Sample complains stem from the divorce action *Sample v. Sample*, DuPage County Case No. 2023 DN 129, and at least one foreclosure action, *U.S. Bank National Association v. Jackie Smith*, Cook County Case No. 2024CH03955. This Court lacks jurisdiction to grant the relief Sample seeks, however, and therefore she cannot show a likelihood of success on her claims for such relief.

First, this Court's subject-matter jurisdiction is limited by the *Rooker-Feldman* doctrine. This well-established doctrine provides that lower federal courts have no appellate authority over state courts; thus, it bars any action in federal court that "alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision." *Fliss v. Generation Cap. I, LLC*, 87 F.4th 348, 353 (7th Cir. 2023) (internal quotation marks omitted). "*Rooker-Feldman* applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). At minimum, the doctrine bars the injunctive relief Sample seeks with respect to the default judgment against her in *U.S. Bank National Association v. Jackie Smith*, a foreclosure action in the Circuit Court of Cook County.

To the extent Sample seeks to prevent enforcement of that judgment, or any other state court judgment, the *Rooker-Feldman* doctrine bars a federal district court from granting such relief.

Second, this Court lacks jurisdiction to interfere with Sample's divorce proceedings in state court. To the extent Sample effectively asks this Court to review and overturn state court decisions in those proceedings, such relief is again barred by *Rooker-Feldman*. But moreover, under the domestic relations exception to federal jurisdiction, federal courts lack subject-matter jurisdiction to issue or modify divorce, alimony, or child-custody decrees. *See Marshall v. Marshall*, 547 U.S. 293, 308 (2006); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Those matters are better suited for state courts, which "are assumed to have developed a core proficiency" in the domestic arena. *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016). This understanding is supported by "sound policy considerations," as state courts are more adept at handling issues that arise from domestic relations decrees due to their close association with relevant state and local government organizations and their special proficiency in handling such issues. *Ankenbrandt*, 504 U.S. at 703–04. *Cf. Camarda v. Whitehorn*, No. 24-3244, 2025 WL 1121599, at *1 (7th Cir. Apr. 16, 2025), *cert. denied*, No. 25-5166, 2025 WL 2824381 (U.S. Oct. 6, 2025) (affirming dismissal of plaintiff's due process challenge to the state's enforcement of a child support order based on the domestic relations exception, "given that the relief [the plaintiff] seeks . . . would encroach on the state court's adjudication of family law matters"). The domestic relations exception to federal jurisdiction precludes Sample's requested relief to the extent she seeks to enforce, invalidate, or modify orders entered in her state court divorce proceeding. *See Woolsey v. Woolsey,* No. 2:22-CV-12-TLS-APR, 2022 WL 326558, at *2 (N.D. Ind. Feb. 3, 2022) ("The Court lacks subject[-matter] jurisdiction over the Plaintiff's motion because the motion seeks the modification of a divorce and custody judgment."). That includes modification or enforcement of orders relating to the disposition of assets and the contempt order that she faults the Judicial Defendants for failing to enforce.

Third, the principles outlined in the Seventh Circuit's decision in *J.B. v. Woodard*, 997 F.3d 714 (7th Cir. 2021), also counsel against exercising jurisdiction to interfere with Sample's state court proceedings. The plaintiff in *Woodard* was engaged in a child custody dispute in Illinois state court. *Id*. at 718–19. While those proceedings were pending, he filed a federal action against various employees of the Illinois Department of Children and Family Services on the grounds that their actions had violated his constitutional rights. *Id*. at 719. The Seventh Circuit affirmed the district court's decision to abstain from exercising jurisdiction, explaining that the plaintiff clearly hoped to obtain "a favorable federal court judgment" to influence the ongoing proceedings before the state court, which would have violated core "principles of equity, comity, and federalism." *Id.* at 722. This was especially problematic as "family law" is an area "traditionally reserved for state and local government." *Id*. at 723. Similarly, here, granting Sample injunctive relief with respect to the state court's management of her divorce proceedings would improperly intrude on state operations in the domestic sphere. *Cf. Jones v. Brennan*, 465 F.3d 304, 307–08 (7th Cir. 2006) (explaining, in the context of the probate exception to federal jurisdiction, that the court should not "take over the administration of the estate").[1] That is

---

[1] The Court observes that the *Younger* doctrine also may preclude much of Sample's requested relief. *See Younger v. Harris*, 401 U.S. 37 (1971). That doctrine directs "federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings." *Woodard*, 997 F.3d at 722. "Under *Younger*, abstention is required if the ongoing state matter (1) is judicial in nature, (2)

especially true given that state courts are fully competent to adjudicate Sample's ADA, due process, and other federal claims.

Finally, the Court notes that Sample's more recent motion focus on her desire for an order that would prevent the DuPage Water Department and the Village of Burr Ridge (and presumably other utility operators) from shutting off her water services and utilities, and from unlawfully increasing her water bills. However, as the Court noted during the status hearing on December 9, 2025, neither the Village of Burr Ridge nor any utility company is named as a defendant in this case. Based on the current complaint, there is no basis for this Court to order any injunctive relief against Sample's utility providers.

For the above reasons, Sample has not established a likelihood of success on the merits of her claims for injunctive relief. Accordingly, the Court need not address the remaining factors under Rule 65. *GEFT Outdoors*, 922 F.3d at 368; *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018). While the Court acknowledges the hardships that Sample describes in her submissions, her motions for temporary and preliminary injunctive relief are not the appropriate vehicle to achieve the relief she seeks. Accordingly, the motions are denied.

Dated: February 12, 2026

_____
Andrea R. Wood
United States District Judge

---

implicates important state interests, (3) offers an adequate opportunity for review of constitutional claims, and (4) involves no extraordinary circumstances, such as harassment or bias." *Richwine v. Matuszak*, 148 F.4th 942, 951 (7th Cir. 2025). Based on the present record, the applicability of the *Younger* doctrine is less clear than the applicability of *Rooker-Feldman*, the domestic relations exception, and *Woodard*. Accordingly, the Court focuses on the latter three bases in denying Sample's present requests for injunctive relief.