

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JACKIE SAMPLE,

Plaintiff,

v.

MADISON SAMPLE, et al.,

Defendants.



Case No. 1:25-cv-05329

Judge Andrea R. Wood

# EMERGENCY MOTION FOR ORDER TO SHOW CAUSE TO COMPEL DEFENDANT MADISON SAMPLE'S PARTICIPATION,

# FOR PROCEDURAL CLARIFICATION, AND FOR APPOINTMENT OF COUNSEL OR ACCOMMODATION EQUIVALENT NECESSARY FOR EQUAL AND MEANINGFUL PARTICIPATION

Plaintiff Jackie Sample respectfully moves this Court for (1) entry of an Order to Show Cause requiring Defendant Madison Sample to appear and respond to this action, (2)

clarification regarding service and appropriate procedural progression, and (3) appointment of counsel or accommodation equivalent necessary to ensure equal and meaningful participation. In support, Plaintiff states as follows:

## I. BACKGROUND AND PROCEDURAL POSTURE

1. Plaintiff initiated this action seeking relief for alleged wrongful deprivation of substantial marital and financial assets.

2. Plaintiff caused Defendant Madison Sample to be served at his last known residential address and at his known post office box.

3. Proof of service has been filed with the Court.

4. Defendant has failed to file an appearance, answer, or other responsive pleading.

5. Plaintiff does not know whether service has been deemed sufficient under Federal Rule of Civil Procedure 4.

6. Plaintiff does not know whether she must pursue default under Rule 55, attempt alternative service, or take additional procedural steps.

7. Without clarification, Plaintiff is unable to meaningfully advance this matter.

## II. DEFENDANT'S NONPARTICIPATION AND IRREPARABLE HARM

Plaintiff's inability to access funds necessary for medical care and basic subsistence, allegedly due to Defendant Madison Sample financial misconduct, has resulted in ongoing untreated health conditions and preventable daily pain. Plaintiff is effectively mostly confined to her home due to indigency, unable to obtain adequate medical

treatment or maintain basic living conditions necessary for health and dignity. The continued procedural delay in resolving these claims materially heightens the risk of irreparable harm to Plaintiff's health, housing stability, and constitutionally protected property interests, implicating not only fundamental due process protections under the Fourteenth Amendment, but also basic principles of human dignity and access to justice recognized in our constitutional system. Timely judicial intervention is necessary to prevent further deterioration of Plaintiff's health and fundamental rights.

8. Defendant's failure to appear or respond has prevented this matter from progressing toward resolution.

9. Plaintiff alleges that Defendant wrongfully deprived her of substantial assets, resulting in:

    - Utility shutoff notices;

    - Housing instability;

    - Inability to obtain necessary medical treatment for chronic pain and other health conditions;

    - Plaintiff suffers from untreated health conditions and is experiencing

    - Severe financial hardship and lack of access to basic subsistence needs.

10. Continued procedural delay materially increases the risk of irreparable harm, including loss of housing and deterioration of health.

11. Plaintiff cannot obtain financial relief or meaningful adjudication without Defendant's participation or appropriate procedural enforcement by the Court.

## III. LEGAL BASIS

12. Under Federal Rule of Civil Procedure 4, a properly served defendant must respond within the time prescribed by Rule 12(a).

13. Where a defendant fails to appear, courts may issue orders requiring response or proceed under Rule 55.

14. Federal courts possess inherent authority to manage their dockets to prevent undue delay and injustice.

15. Due process requires a meaningful opportunity to be heard at a meaningful time. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

16. Prolonged procedural stagnation in matters involving significant property interests heightens the risk of erroneous deprivation.

## IV. DISABILITY AND PROCEDURAL COMPLEXITY

17. Plaintiff has a documented disability that materially affects her ability to process and navigate complex procedural requirements, particularly in adversarial litigation.

18. Although Plaintiff remains competent, she experiences significant difficulty understanding and applying technical federal procedural rules without assistance.

19. This matter involves:

- Service of process issues;

- Default procedures under Rule 55;

- Potential enforcement mechanisms under Rule 69;

- Complex financial tracing and asset recovery issues.

20. The interaction between Defendant's nonparticipation, procedural complexity, and Plaintiff's disability creates a substantial risk of continued and escalating harm.

21. Appointment of counsel or accommodation equivalent necessary to ensure equal and meaningful participation is required to prevent further prejudice and to allow this case to proceed in an orderly manner.

22. The sworn facts set forth in Plaintiff's Declaration demonstrate that this matter is not a routine procedural dispute, but one involving ongoing financial deprivation, untreated medical conditions, and risk to housing stability arising from alleged domestic and financial abuse. Where a litigant's health and subsistence are directly impacted by the inability to obtain timely adjudication, courts possess both the authority and the obligation to ensure that procedural mechanisms function in a manner consistent with due process and meaningful access to justice. Prompt clarification of service, enforcement of procedural compliance, and provision of counsel or accommodation equivalent necessary for equal and meaningful participation are necessary to prevent further irreparable harm and to preserve the integrity of these proceedings.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

23. Appoint counsel or provide accommodation equivalent necessary to ensure equal and meaningful participation;

24. Grant such other relief as justice requires.

# DECLARATION OF JACKIE SAMPLE

(Pursuant to 28 U.S.C. § 1746)

I, Jackie Sample, declare as follows:

1. I am the Plaintiff in the above-captioned matter. I am over the age of eighteen (18), competent to testify to the matters stated herein, and have personal knowledge of the facts set forth below.

2. I am a victim of domestic violence, including financial abuse, which forms part of the basis of the claims asserted in this action.

3. As a result of the financial deprivation alleged in this case, I currently lack access to funds necessary for medical care, utilities, housing stability, and basic subsistence.

4. I suffer from ongoing health conditions, including daily chronic pain and related medical complications that require treatment and management.

5. Due to my financial condition, I am unable to obtain necessary medical treatment and am largely confined to my home, unable to maintain normal daily functioning.

6. The unresolved status of this matter directly affects my ability to secure financial relief and materially impacts my health, housing stability, and basic living conditions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13 day of February, 2026.

Respectfully submitted,

Jackie Sample

Date:

Feb 17, 2026