# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JACKIE SAMPLE,

Plaintiff,

v.

MADISON SAMPLE, et al.,

Defendants.



Case No. 1:25-cv-05329

Judge Andrea R. Wood

# MOTION FOR JUDICIAL DISQUALIFICATION

# PURSUANT TO 28 U.S.C. § 455(a)

Plaintiff Jackie Sample respectfully moves for judicial disqualification pursuant to 28 U.S.C. § 455(a), and states as follows:

## I. INTRODUCTION

Plaintiff presently has a live Motion for Appointment of Counsel and Request for Reasonable Accommodations pending before this Court. That motion asserts that, due to

a documented disability, Plaintiff cannot equally and meaningfully participate in these proceedings without appropriate safeguards.

The matters currently before the Court materially affect Plaintiff's primary residence, additional real property interests, and substantial personal assets. Plaintiff asserts that without meaningful participation and adequate accommodation, she faces a substantial risk of erroneous deprivation of constitutionally protected property interests, including potential loss of housing stability.

The same subject matter — specifically the adequacy of accommodation safeguards and access to court — forms part of separate litigation in which the presiding judicial officer is named as a defendant.

This motion is not based on disagreement with judicial rulings. It is based on the objective appearance concern created when a judge is asked to adjudicate issues involving meaningful access and constitutional safeguards that are simultaneously the subject of parallel litigation naming that same judge.

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 455(a) provides:

Constitutional Due Process Principles. In addition to 28 U.S.C. § 455(a), the Due Process Clause independently safeguards the right to an impartial tribunal. The United States Supreme Court has recognized that recusal may be constitutionally required even in the absence of proven actual bias where objective circumstances

create a serious risk to the appearance of fairness. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

In *Caperton*, the Court emphasized that the Due Process Clause operates through objective standards and does not require proof of actual bias before recusal becomes necessary. The Court explained that constitutional protection extends to circumstances where the probability of bias is sufficiently substantial to undermine confidence in the neutrality of the adjudicator. As the Supreme Court stated:

"The Due Process Clause has been implemented by objective standards that do not require proof of actual bias." *Caperton*, 556 U.S. at 883.

Accordingly, the inquiry is not limited to demonstrated prejudice, but whether objective circumstances create a constitutionally intolerable risk to the fairness of the proceedings.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his impartiality might reasonably be questioned."

The Seventh Circuit applies an objective test:

"The question is whether a reasonable person, knowing all the circumstances, would harbor doubts concerning the judge's impartiality."
*United States v. Herrera-Valdez*, 826 F.3d 912, 918 (7th Cir. 2016).

The inquiry is not whether actual bias exists, but whether public confidence in judicial neutrality may reasonably be affected.

**III. STRUCTURAL APPEARANCE CONCERN**

Plaintiff has filed separate litigation naming the presiding judicial officer as a defendant. That action includes allegations concerning access to court, disability-related accommodations, and procedural fairness.

In the present case, the Court is currently being asked to rule on:

- A motion concerning equal access to court proceedings;

- Requests for disability-related accommodations;

- Safeguards necessary to prevent erroneous deprivation of property interests.

The overlap between the pending accommodation issues and the subject matter of parallel litigation creates a structural circumstance in which the Court is asked to adjudicate issues that directly relate to claims asserted against the presiding judicial officer in separate proceedings.

Under § 455(a), recusal is required where impartiality "might reasonably be questioned." The concern here is not personal disagreement. It is whether an objective, fully informed observer could reasonably question continued adjudication where the Court's rulings on accommodation and access issues materially affect claims that are being litigated against the same judicial officer elsewhere.

## IV. SIGNIFICANCE OF THE RIGHTS AT STAKE

The matters presently before the Court implicate constitutionally protected property rights, housing stability, and significant personal assets.

Plaintiff asserts that without meaningful and equal participation, there exists a substantial risk of erroneous deprivation of these protected interests.

When the adjudication of disability accommodations and access safeguards — which directly affect Plaintiff's ability to protect her home and estate — overlaps with pending litigation naming the presiding judicial officer, the appearance of impartial adjudication may reasonably be questioned under the objective standard required by § 455(a).

This concern arises from the structural posture of the litigation, not from dissatisfaction with judicial decisions.

## V. CONCLUSION

For the foregoing reasons, and pursuant to 28 U.S.C. § 455(a), Plaintiff respectfully requests that the Court disqualify itself from further proceedings in this matter in order to preserve the appearance of impartiality and public confidence in the integrity of the judicial process.

Respectfully submitted,

Jackie Sample

_____
Date: Feb 17, 2026