

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JACKIE SAMPLE,

Plaintiff,

v.

MADISON SAMPLE, et al.,

Defendants.

Case No. 1:25-cv-05329

Judge Andrea Wood



**AMENDED MOTION FOR APPOINTMENT OF COUNSEL**

**AND REQUEST FOR REASONABLE ACCOMMODATIONS**

Plaintiff Jackie Sample respectfully moves this Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), and for reasonable accommodations necessary to ensure meaningful and equal access to these proceedings. This request is made to ensure fair and efficient adjudication of the issues before the Court and not for purposes of delay. In support, Plaintiff states as follows:

ISSUE PRESENTED

Whether, under 28 U.S.C. § 1915(e)(1), the Due Process Clause of the Fifth Amendment, the balancing framework articulated in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), and the Seventh Circuit's governing standard in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007), this Court should appoint counsel and order appropriate accommodations where Plaintiff's disability, combined with the procedural and evidentiary complexity of this matter, creates a substantial risk of erroneous deprivation of significant constitutional and property interests.

Plaintiff does not assert a categorical constitutional right to counsel in all civil cases. Rather, under the specific circumstances presented here, appointment of counsel or accommodations equivalent is warranted as a discretionary and constitutionally appropriate safeguard to ensure fundamental fairness and meaningful access to the courts.

## II. GOVERNING LEGAL STANDARDS

### A. Discretionary Appointment Under § 1915(e)(1)

Federal courts possess discretionary authority to appoint counsel in appropriate circumstances. 28 U.S.C. § 1915(e)(1). That discretion must be exercised in a manner consistent with constitutional due process guarantees.

The Supreme Court has recognized that due process requires fundamental fairness where significant liberty or property interests are at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18 (1981).

Under *Mathews v. Eldridge*, courts must balance:

• The private interest affected;

• The risk of erroneous deprivation through existing procedures;

• The probable value of additional procedural safeguards; and

• The government's interest.

424 U.S. 319, 335 (1976).

Due process requires a meaningful opportunity to be heard "at a meaningful time and in a meaningful manner." Id. at 333.

Where private interests are substantial and the risk of erroneous deprivation is high, additional safeguards — including appointment of counsel — may be constitutionally required.

In *Turner v. Rogers*, 564 U.S. 431 (2011), the Court reaffirmed that when a litigant faces a substantial risk of erroneous deprivation and lacks the ability to adequately represent herself, additional procedural protections may be necessary to ensure fairness.

Within the Seventh Circuit, the controlling inquiry is two-fold:

- Whether the plaintiff has made reasonable efforts to obtain counsel; and

- Whether the factual and legal difficulty of the case exceeds the plaintiff's capacity, as a layperson, to coherently present it.

*Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007).

Both factors weigh in favor of appointment here.

## B. Disability and Meaningful Access

Access to the courts is a fundamental right. *Tennessee v. Lane*, 541 U.S. 509 (2004).

Federal disability-access principles, including those reflected in Title II of the Americans with Disabilities Act, prohibit exclusion from meaningful participation in judicial proceedings on the basis of disability. 42 U.S.C. § 12132.

Federal law further reflects the principle that communications with individuals with disabilities must be as effective as communications with others. See 28 C.F.R. § 35.160. In determining appropriate accommodations, the nature, length, and complexity of proceedings are relevant considerations.

To the extent the Court receives federal financial assistance, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, independently prohibits disability-based exclusion or denial of benefits.

Independently of statutory protections, the Due Process Clause of the Fifth Amendment guarantees fundamental fairness and meaningful access to the courts.

Consistent with Judicial Conference policy governing the federal judiciary, reasonable accommodations must be provided sufficient to ensure meaningful and equal access to proceedings.

## III. APPLICATION

Plaintiff has been granted leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 753(f) authorizes provision of transcripts where necessary and non-frivolous.

Plaintiff is competent to participate in these proceedings.

**Plaintiff's ability to draft written submissions outside the immediacy of live proceedings does not eliminate the functional impairments that arise during real-time hearings. The distinction between written reflection and contemporaneous procedural advocacy is central to the risk of erroneous deprivation addressed in this motion.**

However, Plaintiff has a qualifying disability. Plaintiff has a qualifying disability that substantially limits major life activities, including the ability to process information efficiently, communicate effectively under stress, and navigate complex legal proceedings without reasonable accommodation. Plaintiff's disability materially affects cognitive

processing speed, working memory under stress, and the ability to synthesize complex legal information in real time. During adversarial proceedings, Plaintiff experiences difficulty simultaneously listening to testimony, analyzing legal arguments, identifying evidentiary issues, and formulating legally precise responses. These limitations significantly impair Plaintiff's ability to comply with procedural rules, respond to objections, preserve issues for appeal, and engage in effective cross-examination.

**For example, during prior proceedings Plaintiff has experienced difficulty identifying and articulating objections in real time before rulings were entered, organizing responsive arguments within time constraints, and preserving issues contemporaneously when unexpected legal arguments were raised. These limitations are amplified under adversarial pressure and cannot be cured retroactively through transcripts or later written filings.**

The challenges described are not merely a matter of unfamiliarity with the law, but reflect functional limitations in processing and organizing complex legal information under adversarial pressure.

Plaintiff has clearly made the Court aware of her documented disability and her need for reasonable accommodations to ensure equal participation. Once the court has been made aware, the obligation to ensure fair and equal process under the Federal Rules of Civil Procedure and the Fifth Amendment requires safeguards sufficient to prevent further deprivation of constitutional rights through procedural imbalance.

Plaintiff respectfully notes that she has previously experienced difficulty securing effective accommodations in other judicial proceedings to ensure equal access to court, including one matter that forms part of the background giving rise to the present action. This history is provided for context only and not to assign fault, but to underscore the importance of clearly defining and implementing adequate safeguards in the present matter to ensure equal and meaningful participation.

**Federal law reflects the fundamental principle that constitutional rights must be protected through fair and impartial process. The purpose of this motion is to ensure that procedural safeguards are sufficient to prevent unintended deprivation resulting from structural imbalance rather than adversarial merit.**

This matter involves intricate legal issues, procedural requirements, evidentiary standards, and adversarial strategy that materially exceed the capacity of a layperson without legal training. Plaintiff's documented disability further impairs her ability to navigate procedural requirements, comply with evidentiary rules, and respond effectively to adversarial litigation strategy.

As a result, Plaintiff faces a substantial and foreseeable risk of procedural default and erroneous deprivation of significant property and constitutional interests, including the risk of loss of housing and resulting homelessness. Granting appropriate safeguards at this stage promotes judicial economy and minimizes the risk of avoidable procedural error.

The Court's procedural rulings thus far reflect the substantial legal and evidentiary complexity of the issues presented. When considered alongside Plaintiff's documented disability and functional limitations, that complexity materially increases the risk of ongoing and imminent erroneous deprivation of protected property and constitutional interests.

Under the *Mathews* balancing framework, the private interests at stake include Plaintiff's primary residence, additional real property interests, and access to essential medical care. The risk of erroneous deprivation is materially heightened due to the interaction between documented disability and case complexity. The probable value of appointing counsel is substantial because legal representation would directly mitigate procedural error, evidentiary missteps, and strategic disadvantage in adversarial litigation.

**The governmental interest in conserving judicial resources must be balanced against the substantial risk of constitutional error and avoidable procedural inefficiency that may result if safeguards are denied at this stage.**

Due process requires more than formal participation; it requires meaningful participation. *Mathews*, 424 U.S. at 333. Where procedural and substantive demands exceed a litigant's functional capacity to effectively present evidence, respond to argument, and protect constitutional and property interests, the risk of error is significantly heightened.

Requiring Plaintiff to proceed in litigation under these circumstances materially impairs Plaintiff's ability to safeguard her constitutional rights. The Fifth Amendment requires

safeguards adequate to reduce the risk of erroneous deprivation. Access must be meaningful, not theoretical.

While real-time transcription services (CART) may assist with auditory access, they do not mitigate the cognitive and functional limitations implicated in complex legal advocacy, including issue identification, evidentiary objections, procedural navigation, cross-examination, and strategic decision-making. Lesser accommodations are insufficient to reduce the identified risk of erroneous deprivation given the adversarial and procedurally complex nature of this case.

**While transcripts assist in reviewing what occurred, they do not cure the inability to identify legal issues in real time, make timely objections, preserve evidentiary arguments, or strategically structure responses during live proceedings. The limitation is not solely access to words spoken, but the ability to analyze and deploy legal reasoning contemporaneously within procedural constraints. Accordingly, transcripts alone do not eliminate the heightened risk of erroneous deprivation created by the interaction between disability and litigation complexity.**

The combination of:

- Disability-related limitations;

- Procedural and evidentiary complexity;

- Adversarial representation by opposing counsel; and

- Significant constitutional and property interests at stake

creates a substantial risk of erroneous deprivation.

These proceedings place at imminent risk Plaintiff's primary residence and additional real property interests, implicating constitutionally protected property rights and housing stability. The matters at issue also affect Plaintiff's access to essential medical care. The combined exposure to foreclosure, financial destabilization, and declining health presents a substantial risk of irreparable harm.

Plaintiff cannot effectively present her testimony without legal assistance. Under *Mathews* and *Pruitt*, the difficulty of this case exceeds Plaintiff's capacity to litigate effectively. The risk of erroneous deprivation is substantial.

**Plaintiff has contacted multiple private attorneys and legal aid organizations in an effort to secure representation. These efforts have included outreach to attorneys experienced in federal civil litigation and disability-related matters. Plaintiff has received declinations citing financial constraints, case complexity, or resource limitations. Despite documented and reasonable efforts, Plaintiff has been unable to obtain counsel. Under *Pruitt*, both the effort to obtain representation and the inability to litigate effectively due to complexity and functional limitations weigh in favor of appointment.**

Given Plaintiff's IFP status and documented disability affecting information processing, transcripts are necessary to ensure equal and effective participation pursuant to 28 U.S.C. § 753(f).

Plaintiff's documented disability is established by materials properly filed in the record and incorporated herein by reference.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

• Appoint counsel pursuant to 28 U.S.C. § 1915(e)(1); Or Equivalent accommodations

• Order reasonable accommodations sufficient to ensure meaningful and equal participation;

• Grant transcripts pursuant to 28 U.S.C. § 753(f); and

• Grant such other relief as justice requires.

Executed on this 17 day of Feb, 2026,

Respectfully submitted,

Jackie Sample

_____

Jackshousinganddevelopment@gmail.com

Date: Feb 17, 2026

**DECLARATION OF JACKIE SAMPLE**

(28 U.S.C. § 1746)

I, Jackie Sample, declare as follows:

I am over the age of eighteen (18) and competent to testify to the matters stated herein.

I have personal knowledge of the facts set forth in the foregoing Motion for Appointment of Counsel and Request for Reasonable Accommodations, and if called as a witness, I could and would testify thereto.

The statements made in the referenced motion are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

## Risk of Irreparable Property Loss Due to Inability to Meaningfully Participate

Jackie Sample's primary residence, additional real property interests, and personal assets are presently at risk due to her inability to participate equally and meaningfully in these proceedings. On multiple occasions, Jackie Sample did not assert objections or raise procedural issues when she believed procedures were improper, not out of waiver or acquiescence, but due to lack of legal training and disability-related limitations affecting her ability to identify and apply procedural rules in real time. The functional impairment

arises not from unwillingness to comply, but from disability limitations that materially affect the ability to process, analyze, and deploy legal arguments under adversarial pressure and in real time. Without appropriate accommodations of appointment of counsel or accommodations equal, Jackie Sample faces a substantial and foreseeable risk of losing her home, real property interests, and personal assets, resulting in severe and potentially irreparable harm, including homelessness. My disability, combined with the procedural and evidentiary complexity of this matter, creates a substantial high risk of erroneous deprivation of significant constitutional and property interests. Granting appointment of counsel or equal appropriate accommodations would not impose an undue burden on the Court, but would promote judicial efficiency and help ensure balanced and fair proceedings. The governmental interest is best served by safeguarding accurate and equitable adjudication.

Executed on this _17_ day of _Feb_____, 2026,

Respectfully submitted,

Jackie Sample

_____

Jackshousinganddevelopment@gmail.com

Date: ____Feb 17, 2026