**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JACKIE JOHNSON SAMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-05329 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MADISON SAMPLE, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Plaintiff's motion for judicial qualification (Dkt. No. 134) is denied. In her most recent motion seeking to disqualify the undersigned judge from this matter, Plaintiff contends that the judge must disqualify herself pursuant to 28 U.S.C. § 455(a) because Plaintiff brought a separate lawsuit naming the judge as a defendant. Specifically, she asserts that "[t]he overlap between the pending accommodation issues and the subject matter of the parallel litigation creates a structural circumstance in which the Court is asked to adjudicate issues that directly relate to claims asserted against the presiding judicial officer in separate proceedings." As an initial matter, the Court notes that the separate lawsuit to which Plaintiff refers has been dismissed. (*See* Case No. 26-cv-00941 (N.D. Ill.), Dkt. No. 10.) But regardless of whether the other case remained pending, § 455 would not require disqualification.

Pursuant to § 455, a judge shall disqualify herself in any proceeding in which her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). But as the Seventh Circuit has explained, a litigant cannot "***create*** the ground on which he seeks the recusal of the judge assigned to his case." *Sullivan v. Conway,* 157 F.3d 1092, 1096 (7th Cir. 1998); *accord United States v. Owens,* 902 F.2d 1154, 1156 (4th Cir. 1990) ("Parties cannot be allowed to create the basis for recusal by their own deliberate actions. To hold otherwise would encourage inappropriate 'judge shopping.'"). Thus, it is well-established that a party cannot mandate recusal or disqualification by naming the presiding judge as an additional defendant in the case or bringing a collateral legal action against her. *See, e.g., In re Taylor,* 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties. One reason for this policy is that a per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge." (internal citations omitted)); *Agrawal v. Briley*, No. 02 C 6807, 2008 WL 4449862, at *2 (N.D. Ill. Sept. 30, 2008) (denying the plaintiff's motion for substitution where the plaintiff claimed the judge's impartiality was tainted because the plaintiff had named the judge as a defendant in another lawsuit); *see also United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) ("It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."). Otherwise, "a litigant wanting to manipulate a judicial assignment could simply sue the assigned judge and then contend that he must step aside, but 'courts do not allow such easy manipulation.'" *Sykes v. United States*,

No. 12 C 158, 2012 WL 2865475, at *1 (N.D. Ill. July 11, 2012) (quoting *In re Specht*, 622 F.3d 697, 700 (7th Cir. 2010)). Accordingly, Plaintiff's motion for disqualification (Dkt. No. 134) is denied.

Dated: April 13, 2026

Andrea R. Wood
United States District Judge

2