# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JACKIE JOHNSON SAMPLE,  )
                        )
      Plaintiff,       )
                        )     No. 25-cv-05329
     v.                )
                        )     Judge Andrea R. Wood
MADISON SAMPLE, JR., et al.,  )
                        )
      Defendants.      )

## ORDER

Plaintiff's amended motion for appointment of counsel [136], considered together with the previous versions of her request, [39], [80], [116], is denied without prejudice to renewal as the case progresses. To the extent Plaintiff's motions also include requests for other accommodations related to Plaintiff's disabilities, the Court has communicated to Plaintiff through the Northern District's Access Coordinator that she will be afforded various accommodations to ensure that she is able to participate fully in these proceedings. As discussed below, however, Plaintiff's request for attorney representation is governed by 28 U.S.C. § 1915(e), not the American with Disabilities Act, and at this early stage in the proceedings, the Court does not find recruitment of an attorney to be warranted under § 1915(e). See the accompanying Statement for details.

## STATEMENT

Plaintiff Jackie Sample has asked the Court to recruit an attorney for her through the Northern District of Illinois's pro bono program. Sample asserts that assignment of an attorney is a necessary accommodation for her disabilities under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. However, the Seventh Circuit has explained that 28 U.S.C. § 1915(e)(1), not the ADA, governs a court's discretion to recruit counsel for a *pro se* litigant. *See Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019). So, the Court considers her request under the standard for § 1915(e).

"Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). But the Court nonetheless "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In this Circuit, courts engage in a well-established two-step inquiry when considering motions for recruitment of counsel, asking: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Watts v.*

*Kidman*, 42 F.4th 755, 760 (7th Cir. 2022). "This standard takes into account a plaintiff's mental or physical capabilities that may affect a plaintiff's ability to litigate." *Mapes*, 932 F.3d at 971.

"The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Atwood v. Shelby Cnty. Sheriff's Dept.*, No. 1:20-cv-03161-JPH-TAB, 2021 WL 1784960, at *1 (N.D. Ind. May 3, 2021) (quoting *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021)). Here, Sample has provided the Court with a list of attorneys she has contacted for representation, all of whom declined the assignment for various reasons. (*See* Dkt. No. 39 at 6–7.) Accordingly, the Court finds that she has satisfied the first requirement.

The Court next considers whether, given the difficulty of the case, Sample appears competent to litigate the action herself. This inquiry "requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682. With respect to a plaintiff's competency to litigate a case herself, the Court considers, among other things, the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history. *Id.* At this step, the Court also considers the extent to which a plaintiff's disability prevents her from litigating the case herself. "The inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Mapes,* 932 F.3d 971.

Having considered all the relevant factors, the Court finds that Sample's handling of this action so far, including her written filings, show that she is capable of representing herself at this early stage in the proceedings. To begin, Sample does not contend that she is physically or mentally unable to make filings on her own. On the contrary, she has made numerous filings in the case thus far. Moreover, she has demonstrated that she is intelligent and capable of explaining her version of events and making legal arguments. True, some of the legal doctrines implicated by her complaint, including immunity and subject-matter jurisdiction, may be considered relatively complex. However, such issues are regularly handled by *pro se* litigants less capable than Sample. With modest accommodations such as additional time to prepare written filings and breaks in any lengthy court hearings, the Court believes that Sample can represent herself competently at this early stage in the proceedings, where all she must do is show that she has a plausible claim for relief over which the Court has may exercise subject-matter jurisdiction.

In addition, the Seventh Circuit has made clear that the Court may consider the strength or weakness of a plaintiff's claim in deciding whether to recruit counsel. *Watts*, 42 F.4th at 766. Indeed, consideration of the merits of a *pro se* plaintiff's claims is "[a] permissible and important aspect" of the Court's role as a "steward[] of the limited resource of volunteer attorneys." *Id.* at 764 (internal quotation marks omitted). The Court remains mindful that its evaluation of the merits of a *pro se* plaintiff's claim "is being made on uncounseled papers—early-stage pleadings written and submitted by litigants asking for the court's help due to incompetency, unfamiliarity with the law, or on the belief that a lawyer is almost certain to be a better advocate." *Id.* at 766.

Here, the Court's review of Sample's amended complaint raises the concern that most of her claims would not proceed past the pleadings stage with or without the assistance of counsel.

Certain of her claims appear to be barred by judicial immunity. The Court appears to lack subject-matter jurisdiction over other claims based on one or more doctrines limiting federal-court intervention in state-court judicial proceedings. (*See, e.g.,* Order dated Feb. 12, 2026, Dkt. No. 130.) Moreover, the claims against the banks and mortgage servicer are subject to pending motions to dismiss pointing out a lack of allegations about the role those Defendants played in the alleged violations of Sample's rights.

The Court finds Sample more than capable of addressing these threshold issues regarding the viability of her claims on her own, particularly if she is afforded additional time and flexibility in preparing her written submissions. If Sample's claims survive the pleadings stage, she may renew her request for attorney representation. The Court recognizes that the tasks a *pro se* litigant must perform become more complex as the case proceeds. If the case moves into discovery, the accommodations noted above may not be feasible or sufficient. Accordingly, the Court will revisit the propriety of recruiting pro bono counsel as the case progresses.

Dated: April 13, 2026

_____
Andrea R. Wood
United States District Judge