IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JACKIE JOHNSON SAMPLE,

     Plaintiff,

v.

MADISON SAMPLE JR., et al.,

     Defendants.

Case No. 1:25-cv-05329

Hon. Andrea R. Wood

United States District Judge

**F I L E D**

APR 27 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PLAINTIFF'S EMERGENCY MOTION FOR APPOINTMENT OF COUNSEL

PURSUANT TO 28 U.S.C. § 1915(e)(1) AND

THE INHERENT EQUITABLE POWER OF THE COURT

Plaintiff Jackie Johnson Sample, appearing pro se, respectfully moves this Court, pursuant to 28 U.S.C. § 1915(e)(1) and the Court's inherent equitable power to ensure the fair and orderly administration of justice, for an Order appointing counsel to represent her in this proceeding. In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

1

This action presents a constellation of constitutional, statutory, and common law claims of substantial complexity, involving multiple defendants drawn from both private and governmental actors, concurrent state-court foreclosure proceedings, alleged deprivation of federal civil rights, and multi-district litigation that collectively exceed the realistic capacity of any pro se litigant to effectively manage.

The sole statutory authority under which Plaintiff seeks appointment of counsel is 28 U.S.C. § 1915(e)(1), which authorizes this Court to request an attorney to represent a person unable to afford counsel. Plaintiff's documented disabilities, as recognized under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., are referenced solely as factual matters bearing upon the complexity of this litigation and Plaintiff's capacity to prosecute it—not as an independent legal basis for the relief requested.

Plaintiff remains legally competent to pursue this action—possessing the requisite capacity to understand the nature of the proceedings and to direct her own cause of action as defined under Black's Law Dictionary and as recognized in federal jurisprudence. See Godinez v. Moran, 509 U.S. 389, 396 (1993). Plaintiff seeks the appointment of counsel solely to ensure effective and equitable participation in light of the extraordinary complexity of these proceedings, consistent with the principle that meaningful access to justice requires not merely formal permission to appear, but a realistic opportunity to be heard. Bounds v. Smith, 430 U.S. 817, 823 (1977).

Plaintiff is additionally confronted with three (3) pending Motions to Dismiss, each requiring a substantive written Opposition. The interests of justice demand that counsel be appointed.

## II. FACTUAL BACKGROUND

Plaintiff Jackie Johnson Sample has filed this action in the United States District Court for the Northern District of Illinois asserting claims arising from a sustained pattern of alleged judicial misconduct, financial fraud, civil rights deprivation, and retaliatory conduct spanning multiple jurisdictions—including DuPage County Circuit Court and Cook County Circuit Court—over the course of several years. The proceeding involves numerous defendants, including private individuals, municipal entities, county governmental officials, and agencies of the United States government.

Plaintiff has documented disabilities within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102. Those disabilities are referenced herein solely to describe the factual limitations they impose on Plaintiff's capacity to conduct legal research, draft and file complex pleadings, manage discovery, and engage effectively in the demands of federal litigation of this magnitude. They are not invoked as an independent legal basis for the appointment of counsel.

On October 27, 2025, this Court acknowledged Plaintiff's emergency filing comprising, with exhibits, 244 pages, including petitions for ADA accommodations, appointment of counsel, continuances, and related relief. (Dkt. No. 114.) The volume and scope of that single filing reflects the extraordinary complexity of the issues this case presents.

As a result of the April 14, 2025 hearing, this Court addressed that three (3) Motions to Dismiss are presently pending against Plaintiff, each requiring a substantive written Opposition. Plaintiff cannot adequately research, analyze, and brief three responsive Oppositions to Motions to Dismiss while simultaneously managing all other aspects of this multi-party federal litigation without the assistance of counsel.

### III. STANDARD

3

28 U.S.C. § 1915(e)(1) is the governing statutory authority for the relief requested. It provides: "The court may request an attorney to represent any person unable to afford counsel." This statute vests the district court with discretionary authority to appoint counsel for qualifying civil litigants. The Americans with Disabilities Act confers no such authority and is not invoked as the basis for this Motion.

The applicable standard is that set forth in Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc), which requires consideration of: (1) whether the plaintiff has made a reasonable attempt to obtain counsel; and (2) whether, given the difficulty of the case, the plaintiff appears competent to litigate it herself.

In addition, this Court possesses broad inherent equitable power to take such actions as are necessary to ensure fundamental fairness in the proceedings before it, including the request and recruitment of counsel. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–02 (1989).

## IV. ARGUMENT

### A. Plaintiff's Attempts to Retain Counsel Have Been Futile Due to Financial Inability.

Plaintiff's attempts to retain counsel have been and remain futile due to the dire financial circumstances in which she finds herself—a condition that is a direct consequence of the unlawful deprivation of her assets and property that forms the subject matter of this action. Plaintiff has not failed to secure counsel for lack of effort; she has failed because she is financially unable to do so. The first prong of Pruitt is satisfied.

4

**B. The Complexity of This Litigation Exceeds Plaintiff's Realistic Capacity to Litigate Without Counsel.**

The second Pruitt inquiry asks whether this is a case "in which an experienced attorney would provide meaningful assistance." *503 F.3d at 656.* The answer is unequivocally yes. The following considerations, individually and in combination, compel the appointment of counsel:

(a)   Multiple Defendants Across Governmental and Private Lines. The case names numerous defendants including private individuals, municipal officials, county entities, and agencies of the United States government, requiring navigation of immunity doctrines, coordinated defense strategies, and service-of-process requirements across multiple governmental layers.

(b)  The Federal Forum. Litigation in this Court is governed by the Federal Rules of Civil Procedure, the Local Rules of this District, and complex bodies of federal constitutional and statutory law. Admission to practice in this Court requires separate federal bar admission, and the demands of federal practice are categorically distinct from and exceed those of state court proceedings. The great majority of Illinois-licensed attorneys are not admitted in this District and do not regularly practice federal civil rights law.

(c)   Constitutional and Statutory Complexity. The complaint asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Due Process Clause of the Fifth Amendment. Each implicates a distinct body of demanding federal jurisprudence. The interplay among these theories—including questions of qualified immunity, sovereign immunity, and the applicability of Amended General Order 25-0024—presents questions that would challenge any attorney not regularly engaged in federal civil rights practice.

5

(d) Plaintiff's Documented Disabilities. Plaintiff has documented disabilities within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102. Those disabilities substantially limit her capacity for sustained legal research, brief-writing, docket management, and the cognitive demands of multi-party federal litigation. These factual limitations bear directly on the second-prong complexity inquiry under Pruitt and are relevant to whether Plaintiff can competently litigate this matter without assistance. The Americans with Disabilities Act is referenced here solely as the definitional source establishing Plaintiff's disability status; it does not provide and is not asserted as a basis for the appointment of counsel. That authority is provided exclusively by 28 U.S.C. § 1915(e)(1).

(e) Volume of the Record. The docket reflects at least 114 entries, with a single filing comprising 244 pages of petitions and exhibits. The volume and complexity of the existing record alone renders effective pro se management of this matter impracticable.

(f) Three Pending Motions to Dismiss Requiring Opposition Briefs. Three (3) Motions to Dismiss are presently pending before this Court, each requiring Plaintiff to prepare and file a substantive written Opposition. The obligation to research and oppose three separate dispositive motions—while simultaneously managing all other aspects of this multi-party federal litigation without counsel, and while subject to the functional limitations imposed by documented disabilities—further demonstrates that appointment of counsel under 28 U.S.C. § 1915(e)(1) is necessary and appropriate.

## V.  CONCLUSION

For the foregoing reasons, and pursuant to 28 U.S.C. § 1915(e)(1) and the Court's inherent equitable power, Plaintiff Jackie Johnson Sample respectfully requests that this Court appoint counsel, or request that a member of the bar of this Court represent

Plaintiff, in this proceeding. Plaintiff is presently confronted with three (3) pending Motions to Dismiss each requiring a substantive written Opposition, further underscoring the necessity and urgency of this relief. A full Memorandum of Law is filed contemporaneously herewith.

Respectfully submitted,

Jackie Johnson Sample

jackshousinganddevelopment@gmail.com

(773)719-0337

Plaintiff, Pro Se

Date:April 20, 2026

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION


JACKIE JOHNSON SAMPLE,

     Plaintiff,

v.

MADISON SAMPLE JR., et al.,

     Defendants.


Case No. 1:25-cv-05329

*Judge* Andrea R. Wood

United States District Judge


PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF

MOTION FOR APPOINTMENT OF COUNSEL

PURSUANT TO 28 U.S.C. § 1915(e)(1) AND

THE INHERENT EQUITABLE POWER OF THE COURT


TABLE OF AUTHORITIES

<u>Constitutional Provisions</u>

U.S. Const. amend. V..............................................................................................................
passim

U.S. Const. amend. XIV, § 1..............................................................................................
passim

Federal Statutes

28 U.S.C. § 1915(e)(1).......................................................................................................
passim

42 U.S.C. §
1983............................................................................................................................. 2

42 U.S.C. § 12101 et seq. (Americans with Disabilities
Act).................................................... 3, 8

Federal Rules

Fed. R. Civ. P.
12(b)................................................................................................................ 9

Cases

Bounds v. Smith, 430 U.S. 817
(1977)......................................................................... 5

Bracey v. Grondin, 712 F.3d 1012 (7th Cir.
2013)................................................................ 10

Chambers v. NASCO, Inc., 501 U.S. 32
(1991)................................................................. 7

Henderson v. Ghosh, 755 F.3d 559 (7th Cir.
2014)................................................................ 9

Johnson v. Doughty, 433 F.3d 1001 (7th Cir. 2006).................................................................... 10

Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989)............................... 7, 8

Navejar v. Iyiola, 718 F.3d 692 (7th Cir. 2013)........................................................................ 8

Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007) (en banc)........................................................... passim

Watts v. Kidman, 42 F.4th 755 (7th Cir. 2022)........................................................................ 9

## INTRODUCTION

Plaintiff Jackie Johnson Sample submits this Memorandum of Law in support of her Motion for Appointment of Counsel. The sole statutory authority on which this Motion rests is 28 U.S.C. § 1915(e)(1), which authorizes a district court to request an attorney to represent any person unable to afford counsel. The Americans with Disabilities Act does not confer upon any court the authority to appoint counsel and is not invoked as a legal basis for the relief sought. Plaintiff's documented disabilities are referenced solely as factual matters bearing upon the complexity of this litigation and her capacity to prosecute it, as relevant to the governing standard established in Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007) (en banc).

This Memorandum proceeds through the governing hierarchy of legal authority: from the Constitution of the United States, through 28 U.S.C. § 1915(e)(1), to the Court's inherent equitable power, and finally to the controlling case law of the Seventh Circuit. The claims

at issue are of constitutional dimension. The defendants include governmental actors at the county and federal level as well as private individuals. The procedural posture involves concurrent state-court foreclosure proceedings and a docket of more than 114 entries. Three (3) Motions to Dismiss are presently pending, each requiring a substantive written Opposition. Plaintiff is a person unable to afford counsel whose attempts to hire an attorney have been rendered futile by the dire financial straits in which she finds herself. She cannot, consistent with any meaningful conception of due process or access to justice, be expected to manage this litigation and prepare three Opposition briefs without professional legal assistance.

## I. THE CONSTITUTIONAL FOUNDATION: DUE PROCESS AND THE RIGHT OF MEANINGFUL ACCESS TO THE COURTS

The hierarchy of law begins with the Constitution of the United States, the supreme law of the land from which all statutory and judicial authority derives. U.S. Const. art. VI, cl. 2. The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fourteenth Amendment extends this guarantee against state actors. U.S. Const. amend. XIV, § 1.

The Due Process Clause guarantees not merely the nominal right to file a lawsuit, but the right of meaningful access to the courts. The Supreme Court has long recognized that formal access unaccompanied by realistic capacity to participate is no access at all. Bounds v. Smith, 430 U.S. 817, 822–24 (1977). Courts must ensure that the constitutional right of access to the courts is not rendered illusory by the practical inability of a litigant to navigate the system.

Plaintiff's documented disabilities, as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102, substantially limit her capacity to engage in the sustained cognitive

11

and analytical tasks that federal litigation demands, including legal research, brief-writing, docket management, discovery, and preparation for judicial proceedings. These factual limitations are relevant to the constitutional guarantee of meaningful access because they bear on whether Plaintiff can realistically participate in this proceeding without assistance. The Americans with Disabilities Act is referenced as the definitional framework for Plaintiff's disability status only; it provides no authority for appointment of counsel. That authority derives from 28 U.S.C. § 1915(e)(1) and the Court's inherent power, addressed below.

The pendency of three Motions to Dismiss, each requiring a substantive written Opposition, further implicates the constitutional guarantee of meaningful access to the courts. A pro se plaintiff with documented disabilities who cannot adequately research and brief three Opposition responses without professional assistance is not in a position to meaningfully exercise her constitutional right to defend her claims.

The constitutional imperative also arises from the structural features of this proceeding. Multiple represented institutional defendants possess inherent advantages in legal sophistication, resources, and information that, without the assistance of counsel for Plaintiff, create a procedural asymmetry fundamentally inconsistent with due process. The Fifth Amendment's guarantee of fair process requires that Plaintiff have a realistic opportunity to be heard, not merely a nominal one.

## II.   THE STATUTORY AUTHORITY: 28 U.S.C. § 1915(e)(1)

The direct and exclusive statutory authority for the relief requested is 28 U.S.C. § 1915(e)(1), which provides: "The court may request an attorney to represent any person unable to afford counsel." This is the governing provision. The Americans with Disabilities Act is a civil rights statute that prohibits discrimination on the basis of disability; it does not

12

authorize the appointment of counsel in civil proceedings and is not asserted here as doing so.

Section 1915(e)(1) vests the district court with broad discretionary authority to secure counsel for qualifying civil litigants, translating the constitutional imperative of meaningful access into an actionable statutory mechanism. It does not require a finding that the plaintiff's claims are certain to succeed, nor does it impose a merits threshold. It requires the Court to exercise reasoned discretion in light of the plaintiff's financial circumstances, the difficulty of the case, and the realistic capacity of the plaintiff to prosecute her claims without assistance.

The Seventh Circuit has recognized that § 1915(e)(1) serves the "fundamental values of fairness and equal justice" by enabling district courts to level the playing field between represented and unrepresented litigants in appropriate cases. Pruitt v. Mote, 503 F.3d 647, 656 (7th Cir. 2007) (en banc). The statute applies with particular force where the nature of the claims, the number and sophistication of the opposing parties, and the plaintiff's individual circumstances combine to make pro se litigation wholly inadequate to the task. The pendency of three Motions to Dismiss, each requiring a substantive written Opposition, is precisely the type of compounding procedural demand that § 1915(e)(1) was designed to address.

## III.  THE COURT'S INHERENT EQUITABLE POWER

Beyond statutory authority, and derived from the constitutional vesting of judicial power in Article III courts, federal district courts possess inherent equitable power, "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v.

NASCO, Inc., 501 U.S. 32, 43 (1991) (internal quotation omitted). This inherent power is not a creation of Congress; it inheres in the constitutional grant of judicial authority.

The Supreme Court addressed the intersection of inherent power and the appointment of counsel in Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989). While Mallard held that § 1915 does not authorize a federal court to compel an unwilling attorney to represent an indigent litigant, the decision expressly preserved the Court's authority under its inherent power to request and take equitable steps to secure voluntary representation in appropriate cases. 490 U.S. at 301–02. Courts in this Circuit have consistently applied the inherent power as a supplemental and independent basis for securing counsel in meritorious civil cases. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013).

The Court's inherent power to manage its own docket is further implicated by the pendency of three Motions to Dismiss, each requiring a substantive Opposition brief. The orderly resolution of those motions requires adequate briefing from all parties, and the appointment of counsel is a necessary step toward ensuring that the Court receives the briefing required for fair and informed adjudication.

## IV. CONTROLLING SEVENTH CIRCUIT AUTHORITY: THE PRUITT FRAMEWORK AND ITS APPLICATION

### A. The Pruitt Two-Part Analytical Framework

The Seventh Circuit's en banc decision in Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007), establishes the controlling analytical framework for the exercise of § 1915(e)(1) discretion in this Circuit. The Pruitt Court articulated a two-part inquiry: first, whether the indigent plaintiff has made a reasonable attempt to obtain counsel on her own; and

second, whether the difficulty of the case, considering its legal and factual complexity, exceeds the plaintiff's capacity to litigate it competently without assistance. 503 F.3d at 654–55. Both prongs are satisfied here.

### B.  First Prong: Plaintiff's Attempts to Retain Counsel Remain Futile Due to Dire Financial Straits.

The first Pruitt prong is directed solely at the plaintiff's financial inability to retain counsel and requires that she have made a reasonable and good-faith attempt to obtain representation before requesting judicial assistance. This inquiry has nothing to do with Plaintiff's disability status under the Americans with Disabilities Act, which is a separate and distinct factual matter addressed under the second prong below.

Plaintiff satisfies the first prong on purely financial grounds. Her attempts to retain counsel have been and remain futile due to the dire financial straits in which she finds herself—a condition that is itself a direct consequence of the unlawful deprivation of her assets and property that lies at the heart of this action. Plaintiff has not failed to secure counsel for lack of effort; she has failed because she is financially unable to do so. The first prong of Pruitt is satisfied.

### C.  Second Prong: The Difficulty of This Case Substantially Exceeds Plaintiff's Realistic Capacity to Litigate It.

The second Pruitt inquiry requires a "realistic assessment" of whether, given the legal and factual complexity of the case, the plaintiff can adequately present her claims without assistance. 503 F.3d at 655. The Seventh Circuit has identified several relevant factors: the complexity of the legal issues; the number of defendants; whether the case will require extensive discovery; the plaintiff's demonstrated litigation capacity; and whether

15

the plaintiff labors under any disability or impairment that affects her ability to litigate effectively. See also Watts v. Kidman, 42 F.4th 755, 761–62 (7th Cir. 2022); Henderson v. Ghosh, 755 F.3d 559, 564–65 (7th Cir. 2014).

### 1. Exceptional Legal and Factual Complexity.

This action asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Due Process Clause of the Fifth Amendment, among other theories. The defendants include county governmental officials, state-level actors, municipal entities, private individuals, and agencies or officers of the United States government. The case involves overlapping state and federal proceedings including active foreclosure actions in Cook County and DuPage County. Legal issues include federal pleading standards under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009); qualified immunity doctrine; sovereign immunity prerequisites for suit against federal defendants; and the applicability of this Court's Amended General Order 25-0024 as noted in the Court's October 27, 2025 Order. (Dkt. No. 114.) The interplay among these legal frameworks presents a challenge that would tax experienced federal civil rights practitioners and cannot realistically be managed by a pro se litigant without counsel.

### 2. The Federal Forum Demands Skills Beyond the Average Practitioner.

Practice in the United States District Court for the Northern District of Illinois requires admission to the federal bar of this District, separate and apart from licensure to practice in the State of Illinois. N.D. Ill. Local Rule 83.12. The overwhelming majority of Illinois-licensed attorneys, particularly those handling state family law, property, or general civil matters, are not admitted in this District and are unfamiliar with the Federal Rules of Civil Procedure, this Court's Local Rules, CM/ECF electronic filing requirements, or the

body of Seventh Circuit jurisprudence governing federal civil rights claims. The Seventh Circuit has recognized that the demands of federal civil rights practice are categorically more complex than those of ordinary state court proceedings. See Bracey v. Grondin, 712 F.3d 1012, 1016 (7th Cir. 2013); Johnson v. Doughty, 433 F.3d 1001, 1007 (7th Cir. 2006). If even the average state attorney lacks the competency to be admitted and to navigate this forum as a practitioner, it follows with overwhelming force that an unrepresented plaintiff with documented disabilities cannot do so effectively as a litigant.

3. Plaintiff's Documented Disabilities Diminish Her Capacity to Litigate.

Under the second prong of Pruitt, Plaintiff's documented disabilities are a relevant factual consideration bearing on whether she can competently litigate this matter without assistance. The Americans with Disabilities Act, 42 U.S.C. § 12102, provides the definitional framework under which those disabilities are recognized; the Act does not, and is not asserted to, provide authority for the appointment of counsel. That authority rests exclusively with 28 U.S.C. § 1915(e)(1) and the Court's inherent equitable power.

Plaintiff's disability conditions substantially limit one or more major life activities including, directly and relevantly, her capacity for sustained reading, legal research, complex writing, and management of the cognitive demands of multi-party federal litigation. These limitations directly impair her ability to perform precisely the tasks this proceeding requires: researching governing legal standards; drafting motions, briefs, and responses; reviewing and addressing filings by multiple sets of opposing counsel; managing a docket of more than 114 entries; and preparing for and participating in judicial proceedings. The Pruitt framework expressly contemplates that a plaintiff's physical or mental impairments are material factors weighing in favor of appointment of counsel. 503 F.3d at 655–56. That factor is strongly and directly present here.

17

    4.  The Volume of the Existing Record Confirms the Impracticability of Pro Se Management.

The docket in this matter already reflects more than 114 entries. Plaintiff's October 2025 filing alone comprised 244 pages of petitions and exhibits addressing ADA accommodations, appointment of counsel, stays of foreclosure, and related emergency relief. (Dkt. No. 114.) The volume and complexity of the existing record, considered alongside the number of defendants and the multiplicity of legal theories, makes effective pro se management of this proceeding realistically impossible for a litigant with Plaintiff's disabilities.

    5.  Three Pending Motions to Dismiss Require Substantive Opposition Briefs.

Three (3) Motions to Dismiss are presently pending before this Court, each requiring Plaintiff to prepare and file a substantive written Opposition. Plaintiff, a pro se litigant with documented disabilities who is unable to afford counsel, is faced with preparing three separate Opposition briefs while simultaneously managing all other aspects of this multi-party federal litigation. This further demonstrates that Plaintiff's capacity to litigate this matter without professional assistance is insufficient and that the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is necessary.

## V.  THE INTERESTS OF JUSTICE INDEPENDENTLY COMPEL APPOINTMENT OF COUNSEL

Beyond the technical requirements of the Pruitt framework, the broad interest of justice that animates both § 1915(e)(1) and the Court's inherent equitable power independently supports appointment of counsel in this case. This action, at its core, involves a disabled plaintiff's allegation that she was systematically denied her constitutional rights across multiple judicial forums and left without effective remedy. Whether or not those

allegations are ultimately sustained on the merits, the Court has a compelling institutional interest, rooted in the Constitution and the integrity of the federal judicial process, in ensuring that such claims are meaningfully presented and fairly adjudicated.

That interest cannot be served where the plaintiff is structurally incapable, by reason of disability and the complexity of the proceeding, of articulating her claims in a manner adequate to permit the Court to evaluate them. Allowing this case to proceed with an effectively incapacitated pro se plaintiff facing multiple represented institutional defendants, in a federal court where even the average state-licensed attorney lacks the competency to be admitted as a practitioner, is not a neutral outcome. It is an outcome that systematically advantages the parties with resources and disadvantages the party without them, in a case where equal justice before the law is precisely what is at stake.

Plaintiff is presently faced with three (3) pending Motions to Dismiss, each requiring a substantive written Opposition. Without the assistance of counsel appointed pursuant to 28 U.S.C. § 1915(e)(1), Plaintiff cannot adequately prepare those Oppositions. The Court's authority under § 1915(e)(1) and its inherent equitable power exist to ensure that such a result does not occur.

CONCLUSION

The hierarchy of applicable authority—from the Due Process Clause of the Fifth Amendment through 28 U.S.C. § 1915(e)(1) to the Court's inherent equitable power, as confirmed and applied by the Seventh Circuit's en banc decision in Pruitt v. Mote—compels the conclusion that appointment of counsel is warranted in this proceeding. Plaintiff's attempts to retain counsel remain futile due to dire financial straits. Three (3) Motions to Dismiss are pending, each requiring a substantive written Opposition, further

19

demonstrating the necessity of this relief. Plaintiff Jackie Johnson Sample respectfully requests that this Court:

(1) Find that this proceeding presents legal and factual complexity substantially exceeding Plaintiff's realistic capacity to litigate without professional assistance, satisfying the second prong of Pruitt v. Mote;

(2) Find that Plaintiff is faced with three (3) pending Motions to Dismiss each requiring a substantive written Opposition, which further necessitates the appointment of counsel;

(3) Find that appointment of counsel is warranted under 28 U.S.C. § 1915(e)(1) and this Court's inherent equitable power to ensure the fair and orderly administration of justice; and

(4) Enter an Order appointing a member of the bar of this Court, or requesting a qualified volunteer attorney, to represent Plaintiff Jackie Johnson Sample in all further proceedings in this action.

Respectfully submitted,

Jackie Johnson Sample
Plaintiff, Pro Se
(773)719-0337

Date: April 20, 2026

20

## CERTIFICATE OF SERVICE

I, Jackie Johnson Sample, hereby certify that on the date indicated above, I caused a true and correct copy of the foregoing Memorandum of Law to be served upon all parties or their counsel of record via the CM/ECF electronic filing system of the United States District Court for the Northern District of Illinois, which constitutes service upon all registered participants.

Respectfully submitted,

Jackie Johnson Sample

Plaintiff, Pro Se

Jackshousinganddevelopment@gmail.com

(773)719-0337

Date: April 20, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKIE JOHNSON SAMPLE,
     Plaintiff,
v.
MADISON SAMPLE JR., et al.,
     Defendants.


Case No. 1:25-cv-05329

Hon. Andrea R. Wood

United States District Judge


DECLARATION OF JACKIE JOHNSON SAMPLE
PURSUANT TO 28 U.S.C. § 1746


I, Jackie Johnson Sample, Plaintiff in the above-captioned action, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am legally competent to pursue this action. I am financially unable to retain counsel, as a direct consequence of the unlawful deprivation of my assets and property that forms the subject matter of this litigation. I have made good-faith efforts to obtain representation; those efforts have been futile due to financial circumstances and beyond.

2. I have documented disabilities within the meaning of 42 U.S.C. § 12102 that substantially limit my capacity for sustained legal research, writing, and management of the cognitive demands of this multi-party federal litigation. These disabilities, combined with the complexity of this proceeding and three (3) presently pending Motions to Dismiss each requiring a substantive written Opposition, make it impossible for me to litigate this matter equally, equitably and meaningfully without the assistance of counsel.


Respectfully submitted,


_____

Jackie Johnson Sample

Plaintiff, Pro Se
jackshousinganddevelopment@gmail.com
(773) 719-0337


22