



FILED
5/29/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXM

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

**JACKIE JOHNSON SAMPLE,**
    Plaintiff,

v.

**MADISON SAMPLE JR., et al.,**
    Defendants.

Case No. 1:25-cv-05329
Judge Andrea R. Wood

---

# DEFENDANT MADISON SAMPLE JR.'S MOTION TO DISMISS AND TO JOIN CO-DEFENDANTS' MOTIONS TO DISMISS

Defendant Madison Sample Jr., proceeding pro se, respectfully moves this Court to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure **12(b)(1) and 12(b)(6)**, and to join and adopt the motions to dismiss filed by co-defendants. In support, Defendant states:

---

# I. INTRODUCTION

Plaintiff's Amended Complaint attempts to transform a domestic relations dispute into a broad federal civil rights and racketeering action. The Complaint fails to allege sufficient facts to state any plausible claim for relief against Defendant, a private individual, and relies on conclusory allegations rather than well-pleaded facts.

# II. JOINDER IN CO-DEFENDANTS' MOTIONS

Defendant respectfully joins in and adopts the arguments set forth in the motions to dismiss filed by co-defendants, including the Judicial Defendants and financial institution defendants.

The claims asserted against Defendant arise from the same underlying allegations and suffer from the same legal deficiencies identified in those motions, including lack of jurisdiction, failure to state a claim, and other grounds for dismissal.

**Defendant adopts those arguments to the extent applicable and incorporates them herein by reference as if fully set forth.**

---

# III. INDEPENDENT GROUNDS FOR DISMISSAL

## A. Failure to State a Claim

Plaintiff's Complaint consists largely of conclusory allegations and fails to identify specific conduct attributable to Defendant that would give rise to liability.

---

## B. No Action Under Color of State Law (42 U.S.C. § 1983)

Defendant is a private individual. Plaintiff fails to allege facts showing Defendant acted under color of state law, as required under 42 U.S.C. § 1983.

Participation in litigation or interaction with courts does not transform a private party into a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

## C. RICO Allegations Are Insufficient

Plaintiff fails to adequately plead:

- A pattern of racketeering activity
- Predicate acts with particularity

- A cognizable enterprise

The allegations do not meet the requirements of Rule 8 or Rule 9(b).

---

## D. Conspiracy Allegations Are Conclusory

Plaintiff fails to allege specific facts showing any agreement or coordinated action involving Defendant.

---

## E. Domestic Relations Abstention

Plaintiff's claims arise from a marital dispute involving divorce proceedings and property issues, matters traditionally reserved to state courts.

---

## F. Lack of Valid Federal Jurisdiction Based on Tribal Claims

Plaintiff fails to establish a legally sufficient basis for federal jurisdiction based on tribal law or removal doctrines.

---

# IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice.

---

# Respectfully submitted,

/s/ Madison Sample Jr.
Madison Sample Jr.
Defendant, Pro Se
567 Cason Lane, Ste B
Murfreesboro, TN 37128

msamplejr@gmail.com
(779) 303-4474

---

# CERTIFICATE OF SERVICE

I, Madison Sample Jr., hereby certify that on May 6, 2026, I caused a true and correct copy of the foregoing **Defendant Madison Sample Jr.'s Motion to Dismiss and to Join Co-Defendants' Motions to Dismiss** to be served on all parties of record.

Date: May 6, 2026

/s/ Madison Sample Jr.
Madison Sample Jr.