IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKIE JOHNSON-SAMPLE,
Plaintiff,

v.

MADISON SAMPLE, et al.,
Defendants.

\C

FILED

JUN 11 2026 Jkj

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No. 1:25-cv-05329

NOTICE

PLAINTIFF'S NOTICE OF RELATED STATE PROCEEDINGS AND FEDERAL RIGHTS

IMPLICATED

Plaintiff Jackie Johnson-Sample, appearing pro se, respectfully submits this Notice to advise the Court that the pending state foreclosure and eviction proceedings identified in Plaintiff's filings are directly related to the federal civil-rights claims in this action and should not proceed to enforcement while the constitutional, disability-access, and financial-exploitation of a disabled person issues remain unresolved.

Plaintiff files this Notice respectfully and not for the purpose of showing disrespect to any state court, judicial officer, party, or attorney.

Plaintiff seeks to preserve her property ownership, possession, and property rights, prevent irreparable harm, and ensure that the federal issues before this Court are considered before Plaintiff suffers irreversible foreclosure sale, sheriff's sale, eviction, or permanent deprivation of property.

Plaintiff does not seek to preserve the financial circumstances that resulted from Defendant Madison Sample Jr.'s alleged financial exploitation of a disabled person, but rather seeks to preserve her possession, title, and property rights pending resolution of her federal claims. This Notice cites both federal and state legal authorities. Each presiding

Page 1 of 9

court is respectfully asked to consider and apply those authorities that are applicable to the specific proceedings before it. Not every authority cited will apply in every forum.

## I. ORIGIN AND RELATED PROCEEDINGS

All of the proceedings identified below arise from or were directly caused by the dissolution case, In re the Marriage of Sample, Case No. 2023DN000129, Circuit Court of DuPage County, Illinois. That case is the originating matter from which every related proceeding flows.

In Case No. 2023DN000129, Defendant Madison Sample Jr. was ordered under the April 11, 2023 Agreed Court Order and applicable temporary-relief orders entered under 750 ILCS 5/501 to maintain mortgage payments, homeowners association assessments, utilities, and all financial obligations connected to the marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527. Plaintiff alleges that Madison Sample Jr. willfully violated every one of those obligations. Plaintiff further alleges that Madison Sample Jr. dissipated over $700,000 in marital assets in violation of the April 11, 2023 court order, which is documented by Bank of America records submitted to the state court. Plaintiff further alleges that Madison Sample Jr. submitted fraudulent financial affidavits to the state court materially understating his income by more than 75% and concealing millions in cryptocurrency, business interests, and other investments. A November 2024 Rule to Show Cause Order found Madison Sample Jr. in contempt of all financial orders while holding millions in digital assets — a finding that is documented in the official state court record. Plaintiff contends that Madison Sample Jr.'s willful noncompliance — not any default or financial failure on Plaintiff's part — directly caused the foreclosure and eviction proceedings now before multiple courts.

Plaintiff does not ask this Court to adjudicate divorce, dissolution, or domestic relations matters. Plaintiff provides this background solely to establish the causal connection between Defendant Madison Sample Jr.'s alleged conduct and the federal constitutional, ADA, and civil rights violations for which Plaintiff seeks relief in this Court.

The related proceedings include, but are not limited to:

1. Old National Bank v. Madison Sample Jr. and Jackie Johnson-Sample, Case No. 2025 FC 199, DuPage County Circuit Court, concerning 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527;

2. HOA eviction proceedings, Case No. 2025EV003508, DuPage County Circuit Court;

3. GN Bank v. Jackie Johnson Smith a/k/a Jackie L. Johnson, et al., Case No. 2024CH09387, Cook County Circuit Court, concerning 641-43 W. 119th Street, Chicago, Illinois 60628; and

4. Towd Point Mortgage Trust 2018-2 v. Jackie L. Johnson-Smith a/k/a Jackie Johnson, et al., Case No. 2024CH03955, Cook County Circuit Court, concerning 7439 S. Prairie Avenue, Chicago, Illinois 60619.

Plaintiff respectfully contends that these proceedings did not arise in isolation. Plaintiff alleges that the foreclosure and eviction matters are the direct and foreseeable result of the same underlying pattern of financial exploitation of a disabled person, deprivation of marital and property resources, disability-access barriers, and denial of meaningful access to court that form the basis of this federal action.

*Plaintiff further alleges that the pattern of conduct described herein includes plausible fraud on the court, financial exploitation of a person with a disability, and violations of court-ordered financial obligations, all of which form the factual basis for Plaintiff's federal civil rights claims and the emergency relief requested herein."*

## II. CONNECTION BETWEEN THE STATE PROCEEDINGS AND THE FEDERAL CLAIMS

Plaintiff respectfully gives notice that the state foreclosure and eviction proceedings are intertwined with the federal civil-rights claims pending before this Court.

Plaintiff contends that Defendant Madison Sample Jr.'s financial conduct — including alleged deprivation of marital resources, submission of fraudulent financial affidavits, concealment of millions of dollars of assets, and willful failure to comply with court-ordered financial obligations — substantially contributed to the defaults, foreclosures, eviction , forced closure of Plaintiff's business, inability to retain counsel, and inability to protect Plaintiff's property rights across all related proceedings.

Plaintiff further contends that she is a person with a disability and that she has requested disability accommodations verbally and in writing in connection with related

proceedings. Plaintiff alleges that enforcement of foreclosure, eviction, or sale proceedings while disability accommodations remain denied, unresolved, or inadequately implemented deprives her of equal, meaningful, and effective access to judicial proceedings affecting fundamental property rights.

Plaintiff additionally contends that she has been unable to secure legal representation despite diligent efforts, and that she has received information suggesting, upon information and belief, that the attorney who is representing the defendant judges have been directed not to represent her in connection with these matters. Plaintiff contends that proceedings conducted while she was unable to secure legal representation under these circumstances impaired her equal and meaningful ability to participate, defend her property rights, and access the courts.

Plaintiff does not ask this Court to assume that all disputed facts have already been proven. Rather, Plaintiff respectfully requests that the Court recognize that these issues are material to the emergency relief requested and that allowing enforcement to proceed before these issues are addressed would risk irreparable harm.

## III. FEDERAL LAW IMPLICATED

Plaintiff respectfully gives notice that the following federal rights and authorities are implicated by the pending enforcement proceedings:

1. Title II of the Americans with Disabilities Act, 42 U.S.C. Section 12132, prohibits public entities from denying qualified individuals with disabilities the benefits of public services, programs, or activities, including meaningful access to court proceedings.

2. Tennessee v. Lane, 541 U.S. 509 (2004), recognizes the importance of access to courts for individuals with disabilities and supports the principle that court systems must provide meaningful access consistent with the ADA.

3. Federal regulations implementing Title II require public entities to make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination on the basis of disability. 28 C.F.R. Section 35.130(b)(7). Courts must also take appropriate steps to ensure that communications with persons with disabilities are as effective as communications with others. 28 C.F.R. Section 35.160.

4. The Due Process Clause of the Fourteenth Amendment protects against deprivation of property without meaningful notice and a meaningful opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319 (1976).

5.   42 U.S.C. Section 1983 provides a civil remedy for deprivation of federal constitutional or statutory rights under color of state law.

6.   Federal Rule of Civil Procedure 65 authorizes temporary restraining orders and preliminary injunctive relief when necessary to prevent imminent and irreparable harm.

7.   Mitchum v. Foster, 407 U.S. 225 (1972), recognizes that Section 1983 is an expressly authorized exception to the Anti-Injunction Act, 28 U.S.C. Section 2283.

8.   Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), limits Younger abstention to exceptional categories of state proceedings and supports Plaintiff's position that federal review is not automatically barred merely because related state civil proceedings exist.

Plaintiff respectfully gives notice that her requested accommodations concern communication-related disability barriers affecting her ability to meaningfully participate in court proceedings. In state court proceedings, these rights are protected under Title II of the ADA, 42 U.S.C. Section 12132, and the ADA's effective-communication regulations, including 28 C.F.R. Section 35.160. In federal court proceedings, Title II of the ADA and Section 504 of the Rehabilitation Act do not directly govern the federal judiciary. However, the Judicial Conference of the United States has adopted a policy that all federal courts provide reasonable accommodations to persons with communications disabilities, including sign language interpreters and other appropriate auxiliary aids and services, at no charge to participants in federal court proceedings. Each federal court is required to designate an access coordinator responsible for implementing this policy. Plaintiff respectfully requests that all proceedings affecting her property, housing, and access to court be stayed or appropriately adjusted until communication-access accommodations are addressed and implemented.

Plaintiff respectfully submits that these authorities support emergency preservation of the status quo where state enforcement proceedings threaten foreclosure sale, sheriff's sale, eviction, or loss of property before federal constitutional and disability-access claims can be heard.

## IV. STATE LAW ISSUES ALSO IMPLICATED

Plaintiff also gives notice that Illinois law provides relevant context for why the related state proceedings should not proceed to enforcement while the underlying issues remain unresolved.

Under 735 ILCS 5/15-1508(b), an Illinois court may decline to confirm a foreclosure sale where justice was not otherwise done. Plaintiff respectfully contends that justice has not been done where foreclosure or eviction enforcement arises from alleged fraud, financial exploitation of a disabled person, violation of court-ordered financial obligations, denial of meaningful participation, and unresolved disability-access barriers — none of which resulted from any default or financial failure on Plaintiff's part.

Under 735 ILCS 5/2-1401, judgments may be challenged under appropriate circumstances, including where enforcement would be fundamentally unjust or where fraud or other equitable grounds justify relief. Illinois courts recognize that section 2-1401 relief invokes equitable principles and may be available where enforcement of a judgment would be fundamentally unjust. Smith v. Airoom, Inc., 114 Ill. 2d 209 (1986).

Under 720 ILCS 5/17-56, Illinois law recognizes financial exploitation of a person with a disability as a serious offense. This statute prohibits a person in a position of trust, including a spouse, from obtaining control over the property of a disabled person through deception, intimidation, or force. Plaintiff contends that the alleged financial exploitation at issue directly contributed to the defaults and enforcement proceedings now threatening Plaintiff's property.

Under 750 ILCS 5/501, temporary orders in domestic-relations proceedings may govern financial obligations. Plaintiff contends that Madison Sample Jr.'s willful violation of court-ordered financial obligations — including his failure to maintain mortgage payments, homeowners association assessments, and utilities as required by the April 11, 2023 Agreed Court Order — contributed directly to the foreclosure and eviction circumstances at issue.

Under 735 ILCS 5/2-1001(a)(3), Illinois law provides a mechanism for substitution of judge for cause where legally sufficient grounds exist. Plaintiff preserves all rights under this statute.

Plaintiff cites these state-law provisions respectfully and only to show that the foreclosure and eviction proceedings raise serious issues of fairness, justice, access, and causation that should be addressed before enforcement proceeds.

## V. NOTICE REGARDING JUDICIAL CONDUCT AND RESPECTFUL PRESERVATION OF ISSUES

Plaintiff respectfully acknowledges that judges are generally entitled to judicial immunity for judicial acts. However, Plaintiff also respectfully preserves the issue that judicial immunity does not extend to ex party collusion, nonjudicial or administrative conduct. Forrester v. White, 484 U.S. 219 (1988). Plaintiff therefore gives notice that, to the extent

any conduct at issue is administrative, enforcement-related, or undertaken outside the traditional judicial role after documented notice of alleged financial exploitation, disability-access violations, and constitutional deprivations, Plaintiff reserves all rights to raise those issues in the appropriate forum.

Plaintiff respectfully gives notice that proceeding with enforcement while the federal civil-rights issues, ADA-access issues, and financial-exploitation issues remain unresolved may compound the harm and may become relevant to Plaintiff's request for federal relief.

## VI. NOTICE REGARDING CRIMINAL STATUTES

Plaintiff respectfully gives notice that her filings reference serious alleged conduct that may implicate criminal statutes, including alleged financial exploitation of a disabled person, obstruction, fraud, and deprivation of rights. Plaintiff understands that private litigants generally do not prosecute criminal statutes and that charging decisions belong to appropriate law-enforcement authorities.

Plaintiff references these statutes not as independent private causes of action, but to show the seriousness of the alleged conduct, the need to preserve Plaintiff's property ownership and possession, and the importance of preventing enforcement proceedings from moving forward where Plaintiff contends the proceedings were caused and substantially contributed to by plausible criminal conduct.

Plaintiff respectfully reserves the right to report alleged criminal conduct to appropriate authorities, including law enforcement and oversight agencies, and to rely on the same factual allegations as part of her civil claims where legally permitted.

## VII. IRREPARABLE HARM

Plaintiff faces imminent and irreparable harm from foreclosure sale, sheriff's sale, eviction, loss of possession, loss of unique real property, and deprivation of meaningful access to court. The marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527 has an estimated market value of approximately $2,900,000 and equity exceeding $1,000,000. The HOA eviction is scheduled for July 7, 2026. Once a foreclosure sale, eviction, or transfer of property occurs, money damages may not adequately restore Plaintiff's home, property interests, possession, business loss, constitutional rights, or disability-access rights.

Plaintiff respectfully submits that maintaining the status quo while the Court considers the federal civil-rights and ADA-access issues is necessary to prevent irreversible harm.

## VIII. RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests that this Court:

1. Take notice that the pending state foreclosure and eviction proceedings are related to and intertwined with the federal civil-rights claims in this action, and that all related proceedings arose directly from the originating pattern of financial exploitation and non-enforcement documented in Case No. 2023DN000129;

2. Consider the alleged financial exploitation, disability-access barriers, denial of meaningful participation, violation of court-ordered financial obligations, and deprivation of property resources as part of the emergency context supporting Plaintiff's request for injunctive relief;

3. Preserve the status quo by staying or enjoining enforcement activity — including foreclosure sales, sheriff's sales, eviction, confirmation of sale, transfer of possession, or other enforcement actions — pending further order of this Court;

4. Consider Plaintiff's filings, prior notices, incorporated exhibits, and verified statements in support of emergency relief; and

5. Grant any other relief the Court deems just, equitable, and necessary to prevent irreparable harm.


May 11, 2026

Respectfully submitted,

Jackie Johnson-Sample

Plaintiff, Pro Se

9476 Falling Waters Drive East

Burr Ridge, Illinois 60527

(773) 719-0337

jackshousinganddevelopment@gmail.com

## VERIFICATION

I, Jackie Johnson-Sample, certify under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.


_____

Jackie Johnson-Sample

Date: _____June 11, 2026_____