# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JACKIE JOHNSON SAMPLE,        )
           )
        Plaintiff,        )
           )     No. 25-cv-05329
        v.        )
           )     Judge Andrea R. Wood
MADISON SAMPLE, JR., et al.,      )
           )
        Defendants.     )

## ORDER

Plaintiff's emergency motion for a temporary restraining order, drug testing, and injunctive relief [147], emergency motion for appointment of counsel [153], emergency motion for temporary restraining order and preliminary injunction [155], and emergency motion for temporary restraining order and to enjoin state court enforcement proceedings [160] are denied in their entirety. Plaintiff's motion to complete response to Judicial Defendants' motion to dismiss and for appointment of counsel or equivalent accommodation, extension of time, and accommodations [156] is denied in part and granted in part. The Court will extend the deadline for Plaintiff to supplement her response [53] to Defendants' motion to dismiss [49], and the deadline for Plaintiff to respond to Defendant Select Portfolio Servicing Inc.'s motion to dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6) [17] and Defendant Old National Bank's motion to dismiss Plaintiff's amended complaint [73]. New dates will be set at the court hearing on 6/18/2026. See the accompanying Statement for details.

## STATEMENT

Plaintiff Jackie Sample ("Sample") filed this action in May 2025, asserting wide-ranging claims against ten Defendants: her ex-husband Madison Sample, Jr. ("Madison"); Illinois state court judges Kenton Skarin, James Orel, Neal Cerne, and Susan Alverado ("Judicial Defendants"); the Circuit Court of the Eighteenth Judicial Circuit; financial institutions Old National Bank, GN Bank, and Select Portfolio Servicing Inc.; and the United States of America. (Compl., Dkt. No. 1.) Since initiating this suit, Sample has filed a series of motions seeking temporary restraining orders or preliminary injunctions. (*E.g.*, Dkt. Nos. 15, 79, 111.) The Court previously addressed those motions in an Order issued on February 12, 2026. (Dkt. No. 130.) Additionally, the Court previously addressed Sample's multiple requests for appointment of counsel in an Order issued on April 13, 2026. (Dkt. No. 143.)

Now before the Court are several new motions filed by Sample. Those motions include Sample's emergency motion for a temporary restraining order, immediate drug testing of Madison, and injunctive relief to protect Sample's property (Dkt. No. 147), an emergency motion for appointment of counsel (Dkt. No. 153), a second emergency motion for a temporary restraining order and preliminary injunction (Dkt. No. 155), a second motion for appointment of

counsel or equivalent accommodation and an extension of time to respond to the pending motions to dismiss (Dkt. No. 156), and a third emergency motion for a temporary restraining order and to enjoin state court enforcement proceedings (Dkt. No. 160). The relief requested in these motions echoes past requests already denied by this Court. Thus, largely for the reasons outlined in the Court's February 12, 2026, and April 13, 2026, Orders, the present motions must also be denied.

The Court begins with Sample's first emergency motion for injunctive relief, filed April 13, 2026 (Dkt. No. 147). As clarified by Sample on the record at the status hearing held on April 14, 2026 (Dkt. No. 150), that motion seeks three core forms of relief. The motion requests, first, a temporary restraining order freezing all financial accounts and assets under Madison's control; second, an injunction staying all foreclosure proceedings related to the Sample family's property; and third, immediate court-ordered drug testing of Madison.

The first two forms of requested relief were effectively addressed by the Court's prior Order dated February 12, 2026. As explained previously, to obtain a temporary restraining order or preliminary injunction, a plaintiff first "must establish that [she] has some likelihood of success on the merits; that [she] has no adequate remedy at law; [and] that without relief [she] will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (internal quotation marks omitted). Without rehashing the prior Order in full, the Court finds that Sample cannot show a likelihood of success on the merits because this Court lacks jurisdiction to grant the relief she seeks. A full discussion of the doctrines precluding this Court's jurisdiction can be found in the Court's prior Order. (Order dated Feb. 12, 2026, at 2–4.) Here, it is enough to say that control over marital assets and supervision of the foreclosure process are both issues that have been or are currently being handled in state court proceedings. This Court may not interfere with those proceedings. (*Id.* at 2.) Because Sample has not established a likelihood of success on the merits of her claims for injunctive relief, the Court need not address the remaining factors under Federal Rule of Civil Procedure 65. *GEFT Outdoors*, 922 F.3d at 368; *Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018). The Court's analysis applies with equal force to Sample's second and third motions for injunctive relief (Dkt. Nos. 155, 160), which are essentially duplicative of the first two requests in her earlier motion.

Sample's third form of requested relief was not raised in her prior motions. She asks this Court to order that Madison be drug tested "due to concerns regarding impairment and decision-making capacity." (Pl.'s Emergency Mot. 8, Dkt. No. 147.) The Court is not aware of any legal basis permitting the Court to order drug testing of party to a civil case in this context. Accordingly, Sample's request to order drug testing of Madison is denied. Thus, for the reasons discussed above, Sample's emergency motions for injunctive relief (Dkt. Nos. 147, 155, 160) are denied in their entirety.

Similarly, the Court previously addressed Sample's requests for appointment of counsel in an Order dated April 13, 2026. In that Order, the Court denied Sample's requests but noted that it would entertain a renewed motion at a later stage of the case. Sample has since filed two additional motions containing requests for counsel. Nonetheless, neither the stage of the case nor the Court's assessment of the propriety of assigning counsel for Sample have changed. If the case moves past the pleadings stage, the Court will revisit whether assignment of counsel is warranted, taking into account the accommodations granted Sample. The Court therefore denies the motions

for appointment of counsel (Dkt. Nos. 153, 156) for the same reasons described in its April 13, 2026, Order.

That said, the Court will grant Sample additional time to supplement to her response to Defendants' motion to dismiss (Dkt. No. 49), and to respond to Defendant Select Portfolio Servicing Inc.'s and Defendant Old National Bank's respective motions to dismiss (Dkt. No. 17, 73). New dates will be set at the court hearing on June 18, 2026.

Dated:  June 18, 2026

Andrea R. Wood
United States District Judge