

**F I L E D**

JUN 18 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT,

EASTERN DIVISION

JACKIE SAMPLE

v.

MADISON SAMPLE, et al.,

Case No. 1:25-cv-05329  Judge Andrea R. Wood, presiding

Date filed: 05/14/2025

Date of last filing: 06/12/2026

NOTICE OF DISABILITY RELATED BARRIERS

NOTICE OF DOCUMENTED FINANCIAL EXPLOITATION

NOTICE OF DECLINING HEALTH, CHRONIC PAIN  AND MEDICAL HARM

NOTICE OF FRAUD CAUSATION OF FORECLOSURE, EVICTION PROPERTY

TAX ARREARS

STATEMENT OF CAUSATION ACROSS RELATED PROCEEDINGS

My cases span four courts: the Northern District of Illinois federal court, the Seventh Circuit Court of Appeals, DuPage County foreclosure court, and Cook County foreclosure court. They are not unrelated. They trace back to one originating event and its consequences.

The origin is the financial exploitation and fraud committed against me by Madison Sample Jr. during our divorce in DuPage County. He dissipated over $700,000 in marital assets in violation of a court order, submitted fraudulent financial affidavits understating his income by more than 75%, concealed millions in cryptocurrency, and cut off my health insurance, utilities, and basic necessities to coerce me into giving up my legal rights. Four successive judges failed to enforce the orders meant to stop this. That failure is what caused the DuPage and Cook County foreclosures now before me.

The remaining federal cases stem from a second source: plausible retaliation connected to my original divorce case and to my first federal civil rights case, 1:25-cv-05329. As I pursued relief for the original fraud, I experienced additional adverse actions that I believe were retaliatory responses to that litigation, resulting in the other federal matters and the pending Seventh Circuit appeal.

This is not a series of coincidences. It is a pattern of practice: one person's documented fraud, left unaddressed by the courts responsible for stopping it, followed by plausible retaliation for seeking accountability. I am not litigating unrelated cases. I am litigating the consequences of one unaddressed wrong and what happened to me for fighting it.

I respectfully ask this Court a direct question. I have a documented disability. I am self-represented. I am facing complex procedural rules across multiple courts. I have requested accommodations equivalent to legal assistance across multiple cases and have yet to receive them.

I am asking the Court plainly: what does it expect me to do? I cannot navigate procedural deadlines and evidentiary rules without help. I am not asking the Court to decide my case

for me. I am asking what equal participation looks like in practice, when the accommodation I need has not been received

I respectfully request guidance on this point before further deadlines pass.

MASTER CASE LIST — JACKIE JOHNSON-SAMPLE

FEDERAL COURT — NORTHERN DISTRICT OF ILLINOIS

1. Johnson-Sample v. Sample, et al.
Case No. 1:25-cv-05329 — Judge Andrea R. Wood
Filed: 05/14/2025 | Last filing: 06/12/2026

2. Sample v. Cook County, Illinois, et al.
Case No. 1:26-cv-05075 — Judge John F. Kness
Filed: 05/01/2026 | Last filing: 05/21/2026

3. Sample v. Mendrick, et al.
Case No. 1:26-cv-00943 — Judge April M. Perry
Filed: 01/27/2026 | Last filing: 04/15/2026

4. Sample v. DuPage County, Illinois, et al.
Case No. 1:26-cv-01299 — Judge April M. Perry
Filed: 02/04/2026 | Terminated: 04/20/2026 | Last filing: 05/22/2026

5. Sample v. Hasabou, et al.
Case No. 1:26-cv-03846 — Judge Joan H. Lefkow
Filed: 04/07/2026 | Last filing: 06/16/2026

6. Sample v. Village of Burr Ridge, et al.
Case No. 1:26-cv-04783 — Judge Georgia N. Alexakis
Filed: 04/27/2026 | Last filing: 06/12/2026

7. Johnson-Sample v. Bendik, et al.
Case No. 1:26-cv-06659 — Judge John J. Tharp Jr.
Filed: 06/04/2026 | Last filing: 06/11/2026

FEDERAL APPEAL — SEVENTH CIRCUIT

8. Sample v. DuPage County, Illinois, et al. (Appeal)
Case No. 26-2099 — appeal of Case No. 1:26-cv-01299

ILLINOIS STATE COURT — COOK COUNTY

9. Towd Point Mortgage Trust 2018-2 v. Johnson-Smith, et al. (Foreclosure)
Case No. 2024CH03955 — Chancery Division — 7439 S. Prairie Ave., Chicago

10. GN Bank v. Johnson Smith, et al. (Foreclosure)
Case No. 2024CH09387 — Chancery Division — Judge Derico — 641-43 W. 119th Street, Chicago

ILLINOIS STATE COURT — DUPAGE COUNTY

11. Old National Bank v. Sample, et al. (Foreclosure)
Case No. 2025 FC 199 — Judge Robert Gibson — 9476 Falling Waters Drive East, Burr Ridge

12. Falling Water Homeowners Association v. Sample, et al. (Eviction)
Case No. 2025EV003508 — Judge Leah Bendik — 9476 Falling Waters Drive East, Burr Ridge

13. Sample v. Sample (Duplicative Dissolution Filing)
Case No. 2026DN000485 — Judge Kenton Skarin — DuPage County

6/18/2026

Page 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKIE JOHNSON-SAMPLE,
Plaintiff,

v.

MADISON SAMPLE, et al.,
Defendants.

Case No. 1:25-cv-05329

PLAINTIFF'S STATEMENT OF HEALTH AND MEDICAL HARM CAUSED BY
DEFENDANT MADISON SAMPLE WITHHOLDING OF MEDICAL INSURANCE,
MEDICAL FUNDS, FOOD, UTILITIES AND BASIC NEEDS ON SURRENDER OF
LEGAL RIGHTS AND PROPERTY RIGHTS

Plaintiff Jackie Johnson-Sample respectfully submits this Statement to place this Court
on documented notice of the specific, ongoing, and worsening health and medical
consequences she is suffering as a direct result of Defendant in case 1:25-cv-05329,
Madison Sample Jr.'s willful withholding of health insurance, medical funds, food, and
utilities since 2023. Plaintiff submits that these consequences are not incidental — they
are the direct and foreseeable result of Defendant's deliberate use of basic human needs as
instruments of coercive control to force Plaintiff to relinquish her legal rights and
property rights.

I. DEFENDANT'S USE OF BASIC NEEDS AS INSTRUMENTS OF COERCION

Madison Sample Jr. is a medical doctor who specializes in anesthesia and pain
management. He has direct knowledge of Plaintiff's health history, having provided
medical guidance to Plaintiff before the marriage and throughout their ten-year marriage.
Since 2023, Madison Sample Jr. has willfully used that knowledge — and Plaintiff's
resulting medical vulnerability — as leverage to coerce Plaintiff into surrendering her
legal and property rights.

Page 1

Since 2023, Madison Sample Jr. has consistently conditioned access to health insurance, medical treatment funds, food, and utilities upon Plaintiff's compliance with his demands, including demands that Plaintiff transfer cryptocurrency assets from a blocked account, sell the marital home exclusively on his terms, waive spousal support, relinquish all legal claims, and execute an indemnification clause preventing future legal action for finances that he unlawfully took possession of. Madison Sample Jr. has verbally and transmitted threats, coercive control, and withheld basic human needs since 2023. His legal counsel transmitted demands in written electronic communications in or around November 2023 to move out of the marital home in order to receive basic human needs. Madison, again communicated his terms in or around April 2026. Madison Sample Jr. has made verbal and written statements to Plaintiff that the path she has chosen leads to death and destruction. Plaintiff is in possession of written evidence of these statements and have filed evidence into multiple court cases. Plaintiff has documentary evidence of these communications.

Madison Sample Jr. has stated to Plaintiff directly that unless she gives up all of her rights, she will continue to suffer. The health consequences documented in this Statement confirm that he has carried out that threat.

## II. HEALTH INSURANCE — WILLFUL DISCONTINUATION IN VIOLATION OF COURT ORDERS

Madison Sample Jr. willfully discontinued Plaintiff's health insurance in violation of court orders during a different court proceeding. Specifically, there is a protective financial Court Order, which required him not to close accounts, dissipate, transfer funds and orders to maintain financial obligations including health coverage for Plaintiff. He did not maintain Jackie Sample's health insurance in a deliberate attempt to force Plaintiff's compliance with his demands. The discontinuation of health insurance has been the direct cause of Plaintiff's inability to access medical treatment for every health condition described in this Statement.

## III. CHRONIC PAIN AND MUSCLE SPASMS

Plaintiff has preexisting health conditions that require ongoing medical treatment and management. Since Madison Sample Jr. discontinued her health insurance and withheld medical funds, Plaintiff has been unable to obtain the treatment and medical procedures required to manage her chronic pain and muscle spasms. Plaintiff is experiencing chronic pain and muscle spasms daily. These conditions remain untreated and unmanaged as a direct result of Defendant's withholding of medical insurance, funds and financial exploitation of a disabled person .

## IV. ASTHMA AND BREATHING DIFFICULTIES

Plaintiff has a documented history of asthma. During a period of multiple asthma flare-ups, Plaintiff was unable to obtain the medication required for her breathing machine, which she uses at home. Madison Sample Jr. — who is aware of Plaintiff's asthma history — willfully withheld health insurance and funds necessary for Plaintiff to obtain this medication. He offered to restore access to those resources only on the condition that Plaintiff moved out of the marital home and agreed to other legal terms that were unreasonable and not in her long-term best interest. Plaintiff was thus forced to choose between her health and her legal rights.

*Defendant, Madison Sample withheld funds necessary to replace furnace filters, which are required to maintain clean air quality in the home — a basic health necessity for a person with Plaintiff's documented history of asthma, chronic bronchitis, and breathing difficulties.*

## V. CARDIAC HEALTH — WORSENING AND LOSS OF ESTABLISHED CARE

Prior to the marriage and during the marriage, Plaintiff maintained a long-established doctor-patient relationship with her cardiologist at Loyola Medical Center. That relationship was consistent before the marriage and ongoing during the marriage. Since Madison Sample Jr. took control of the marital estate, discontinued Plaintiff's health insurance, and left Plaintiff penniless and indigent, Plaintiff's cardiac medical symptoms have worsened. Plaintiff is no longer able to seek cardiac care management from her trusted cardiologist. The loss of this established and trusted medical relationship, and the worsening of Plaintiff's cardiac condition, are a direct consequence of Defendant's financial exploitation of a disabled person and withholding of medical resources.

## VI. DIGESTIVE HEALTH — HOSPITALIZATION AND DIVERTICULITIS

Plaintiff has preexisting digestive medical issues that require ongoing treatment and dietary management. Madison Sample Jr.'s financial exploitation of a disabled person has caused Plaintiff's inability to purchase adequate food, supplements that she had taken for years which successfully managed her digestive symptoms, and obtain treatment for these conditions. As a direct result, Plaintiff's digestive medical issues have worsened, leading to hospitalization for approximately one week. Plaintiff now has diverticulitis. This condition causes Plaintiff to suffer in pain. Madison Sample Jr. is willfully withholding Plaintiff's access to the financial resources required to treat and manage her digestive medical issues and to obtain the best available health outcomes.

## VII. VISION — WORSENING WITHOUT ACCESS TO EYE CARE

Page 3

Plaintiff has a vision impairment. Due to indigency caused by Madison Sample Jr.'s financial exploitation of a disabled person, Plaintiff has not had eye care or prescription eyeglasses since early 2023. Her vision has continued to worsen since that time. This has made it increasingly difficult for Plaintiff to read court documents, legal filings, notices, orders, exhibits, and other case-related materials, further impairing her ability to participate meaningfully in these proceedings.

## VIII. DENTAL HEALTH — UNTREATED PAIN AND INABILITY TO ACCESS DENTAL CARE

Plaintiff is experiencing dental pain and requires dental care that she has been unable to obtain due to indigency caused by Madison Sample Jr.'s financial exploitation. Since Madison Sample Jr. took sole control of marital finances in 2023 and discontinued Plaintiff's access to those resources, Plaintiff has been unable to afford dental treatment. Untreated dental conditions are not solely a matter of comfort — they carry documented health risks including infection, cardiovascular complications, and worsening of existing medical conditions. For a person with Plaintiff's documented cardiac and other documented health conditions, the inability to access dental care presents a serious and ongoing health risk. This deprivation is a direct consequence of Madison Sample Jr.'s willful withholding of marital financial resources to force Plaintiff's compliance.

## IX. FOOD — INSUFFICIENT ACCESS TO ADEQUATE NUTRITION

Madison Sample Jr. cut off Plaintiff's access to marital finances in 2023, leaving her penniless and without funds to purchase adequate food. Plaintiff was forced to apply for food stamp assistance. The Illinois Department of Human Services recently reduced Plaintiff's food stamp benefit to approximately $79.00 per month, which is insufficient to provide adequate nutrition. The lack of adequate nutrition has directly contributed to the worsening of Plaintiff's pre-existing digestive conditions, her inability to manage chronic pain, and her overall deteriorating health.

## X. UTILITIES — ONGOING THREAT TO SAFE HOUSING CONDITIONS

Plaintiff has experienced utility shut-offs as a direct consequence of Madison Sample Jr.'s unlawfully taking control of Plaintiff's assets, financial exploitation of a disabled person, and Madison Sample Jr.'s refusal to maintain financial obligations he was court-ordered to satisfy. The ongoing threat of utility discontinuation — including heating, electricity, and other essential services — has created unsafe and unstable living conditions for Plaintiff as a disabled person with documented health conditions, including asthma, cardiac conditions, and chronic pain. Plaintiff's medical conditions make stable utility service a health and safety necessity, not merely a convenience.

XI. Plaintiff's documented health conditions — including asthma, chronic bronchitis,

Page 4

cardiac conditions, and chronic pain — make stable, safe housing a medical necessity. Although Plaintiff's health conditions are currently unmanaged and untreated due to Defendant's financial exploitation, the threat of eviction and homelessness would significantly worsen her already deteriorating health. Displacement from her home would further destabilize Plaintiff's ability to address her health conditions and would compound the medical harm already caused by Defendant's financial exploitation.

## XII. IMMEDIATE RELIEF NEEDED AND IMPACT ON DAILY FUNCTIONING

Plaintiff respectfully submits that she is in need of immediate relief for chronic pain that ordinarily requires a medical procedure but which she has been unable to obtain due to indigency caused by Madison Sample Jr.'s financial exploitation. Plaintiff further states that she believes additional health symptoms she is currently experiencing are the result of multiple preexisting conditions going untreated and unmanaged simultaneously.

Plaintiff additionally submits that these court proceedings — conducted without disability-related accommodations or assistance — have consumed the time Plaintiff would otherwise use for basic self-care, medical management, and researching and applying to organizations that provide assistance with utility costs. Plaintiff's utilities have been subject to repeated shut-offs. Without accommodations and assistance, Plaintiff is unable to manage court deadlines and simultaneously protect her health and housing stability. This is not a failure of effort. It is the direct consequence of being a disabled person proceeding without the accommodations and assistance to which she is entitled, and without the financial resources that Madison Sample Jr.'s exploitation took from her.

## XII. CUMULATIVE IMPACT

Each of the health consequences described in this Statement has worsened since 2023 and continues to worsen. None of these consequences result from Plaintiff's own choices or negligence. Each is the direct and documented result of Madison Sample Jr.'s willful withholding of health insurance, medical funds, food, and utilities as instruments of coercive control to force Plaintiff to surrender her legal rights and property rights.

Plaintiff is a person with a disability whose health and medical needs are not abstract — they are urgent, documented, and worsening in real time. The ongoing withholding of resources necessary to address those needs constitutes financial exploitation of a person with a disability under 720 ILCS 5/17-56 and willful deprivation under the Illinois Domestic Violence Act, 750 ILCS 60/101 et seq., including 750 ILCS 60/103. The

Page 5

electronic transmission of demands conditioning access to those resources on the surrender of legal rights constitutes wire fraud under 18 U.S.C. Section 1343.

Plaintiff respectfully submits that no court should allow enforcement proceedings that would permanently deprive a disabled person of her home, property, and equity where those proceedings were caused directly by financial fraud, deprivation of right to receive honest services from the court system and the conduct described in this Statement, and where the same Defendant who caused the harm continues to use Plaintiff's disability, health, basic human needs as instruments of coercion to force Plaintiff to give up legal rights to this day.

Respectfully submitted,

Jackie Johnson-Sample

Plaintiff, Pro Se

(773) 719-0337

jackshousinganddevelopment@gmail.com

Date: _____June 18, 2026_____

## VERIFICATION

I, Jackie Johnson-Sample, declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief, except as to matters stated upon information and belief, and as to such matters I verily believe the same to be true.

Jackie Johnson-Sample

Date: _6-18-2026_

Page 6

EXHIBIT 2

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

IN RE THE MARRIAGE OF:               )
MADISON SAMPLE, JR.,                 )
                                     )
      *Petitioner,*               )
                                     )    Case No: 2023 DN 129
                                     )
  and                           )
                                     )
JACKIE SAMPLE,                       )
                                     )
      *Respondent*              )

## EMERGENCY
## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND TO RESUME AND MAINTAIN FINANCIAL STATUS QUO

NOW COMES the Respondent, JACKIE SAMPLE (hereinafter "Respondent" or "JACKIE"), by and through Respondent's attorneys, THE LAW OFFICES OF FEDOR KOZLOV, P.C., and as and for her Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and to Resume and Maintain Financial Status Quo, pursuant to 750 ILCS 5/501(a)(2) and by Sections 11-101and 11-102 of the Illinois Code of Civil Procedure (735 ILCS 5/11-101; 735 ILCS 5/11-102), respectfully state to this Honorable Court as follows:

1. The parties were lawfully married on December 7, 2013, in Chicago, County of Cook, Illinois, and the marriage is registered there.

2. On February 7, 2023, Petitioner, MADISON SAMPLE, JR (hereinafter "Petitioner" or "MADISON") filed a Petition for Dissolution of Marriage in the above- entitled cause, which remains pending and undetermined.

3. On or about April 11, 2023, this Court entered an Agreed Action Order (hereinafter "Agreed Order"), which states, in pertinent parts, as follows:

1

"1. Effective immediately, both parties are restrained from withdrawing, assigning, encumbering, removing, dissipating, hiding, transferring, concealing, hypothecating, pledging, mortgaging, making gifts of, guarantying debts with, expending, or otherwise dealing with, or squandering or disposing of any real or personal property, or income in which Petitioner or Respondent has any interest whatsoever, except in the usual course of business or for the necessities of life.

2. *Both parties shall have equal access to the parties' joint checking account.* Neither party shall incur any personal expense in excess of $400.00 without written agreement between the parties.

3. Both parties shall exchange Financial Disclosure Affidavits and Supporting Financial Documents within 28 days.

4. This order entered by agreement of counsel, as stated on the record."
   See **Exhibit "A"** attached hereto.

4. Petitioner violated Paragraph 1 of the Agreed Action by unilaterally closing the parties' joint account, namely Bank of America xx1808.

5. Petitioner violated Paragraph 1 of the Agreed Order by removing and/or otherwise denying Respondent access to the parties' joint checking account(s).

6. Petitioner violated Paragraph 1 of the Agreed Order by opening a new account (or accounts), and transferring funds into the same, as well as underfunding or otherwise hiding/concealing funds from Respondent, upon information and belief.

7. Petitioner violated Paragraph 2 of the Agreed Order by denying Respondent access to any joint funds, even for regular and ordinary purchases of less than $400.00, and in his sole discretion requires Respondent to ostensibly beg for money for groceries, gas, prescription medications, and other daily necessities. See Respondent's Affidavit attached hereto as **Exhibit "B"**.

8. Upon information and belief, Petitioner has been engaging in additional out-of-the-ordinary travel and vacations, causing further depletion of the parties' marital funds, and also violative of Paragraph 2 of the Agreed Order. See **Exhibit "B"**.

9. The foregoing offending conduct and actions by Petitioner were taken in direct and

2

overt contravention of the Agreed Order and without any notice whatsoever to Respondent, or agreement therewith. See **Exhibit "B"**.

10. **THIS MATTER IS AN EMERGENCY** in that Respondent ostensibly has no access whatsoever to joint marital funds, beyond what Petitioner unilaterally decides to dole out to her after extensive demeaning debate, and accordingly Respondent does not have the means to pay for necessary prescription medications, groceries, gas, and other daily necessities of life. See **Exhibit "B"**.

11. **THIS MATTER IS AN EMERGENCY** in that Petitioner now controls unfettered access to all the parties' financial accounts and/or investments, and Petitioner has utterly deprived Respondent of access to the same; upon information and belief, Petition is closing and opening accounts, and moving around funds, monies and investments, all without any notice whatsoever to Respondent, or agreement therewith. See **Exhibit "B"**.

12. **THIS MATTER IS AN EMERGENCY** in that Respondent suffers from a myriad of health-related issues as a result of two major automobile accidents, including severe Tachycardia, chronic bronchitis, and also relies on asthma breathing machine and medications to survive (Respondent also will likely require additional medical procedures, as she had an ablation in March 2023, and the right side of her heart may require ablation as well, but this currently undetermined); however, Petitioner has even locked-out Respondent from the parties' Amazon accounts which even prohibits her from ordering the additional medical supplies that she desperately needs. See **Exhibit "B"**.

13. JACKIE believes that unless stopped by a temporary restraining order and

3

preliminary injunction, that MADISON will continue engage in further financial abuses against her, which will inhibit her ability purchase necessary medical prescriptions and treatments, as well as daily necessities such as groceries and gas, the direct and proximate result of which will be irreparable harm to JACKIE's health, safety and physical and emotional well-being.

14. It should also be notes that MADISON has began emptying the parties' marital residence of clothes, personal belongings, and even household supplies such as toilet paper and toiletries which, in light of the fact that he refuses to granted JACKIE any access to the parties' marital funds, can only be designed to cause emotional distress and turmoil, and done solely for purposes of creating a hardship and harassment towards JACKIE, upon information and belief.

15. JACKIE has demonstrated complete fulfillment of all requirements for a Temporary Restraining Order and Preliminary Injunction, as set forth in *In re Marriage of Stamberg*, 218 Ill.App.3d 333, 579 N.E.2d 261 (1st Dist. 1991); *Jefco Laboratories, Inc. v. Carroo*, 136 Ill.App.3d 793, 483 N.E.2d 999 (1985), as follows:

    a. JACKIE has a protectable right or interest at issue ("a certain and clearly ascertainable right which needs protection"), *In re Marriage of Joerger*, 221 Ill.App.3d 400, 163 Ill.Dec.796, 581 N.E. 2d 1219 (4th Dist., 1991), including and not limited to a legal interest in the parties' marital funds and property, as well as a right be free from financial abuse and harassment.

    b. JACKIE will suffer irreparable injury if relief is not granted, because if MADISON is allowed to continue his actions unrestrained by the Court, JACKIE believes the harassment will continue and cause irreparable injury her physical

health, as well as to her mental and emotional well-being, including but not limited to severe emotional distress and any number of additional issues for which there would be inadequacy of the legal remedy and inadequacy of a money judgment to compensate her injuries; *In re Marriage of Sherwin*, 123 Ill.App.3d 748, 463 N.E.2d 755 (1984); *Bio-Medical Laboratories v. Trainor*, 68 Ill.2d 540, 370 N.E.223 (1977).

   c. JACKIE has described precisely the injury that will occur if MADISON is not enjoined in this matter. *Mingare v. DeVito*, 67 Ill.App.3d 371, 385 N.E.2d 20 (1978).

   d. On the basis of these verified facts and allegations stated herein, JACKIE has shown that she has a great likelihood of success on the merits, considering MADISON's conduct as heretofore alleged. *In re Marriage of Schmidt*, 118 Ill.App.3d 467, 455 N.E.2d 123 (1st. Dist. 1983).

   e. Failure of this Court to act will likely cause disproportionately greater harm to JACKIE than an Order of Injunction would cause MADISON. *Scott and Fetzer Co. v. Kahn*, 74 Ill.App.3d 400, 292 N.E.2d 102 (1979).

16. The purpose of this Temporary Restraining Order and converting same to a Preliminary Injunction is so that this Court may maintain the status quo until the merits of the case can be decided and to preserve the rights of the parties.

17. By his own intentional and overt actions, MADISON has caused JACKIE to incur attorneys' fees and costs in connection with the preparation, presentation, filing and litigation of this Motion.

18. This Honorable Court should assess against MADISON any and all attorneys' fees and

costs incurred by JACKIE in connection with the preparation and presentation of this Motion.

19. As aforesaid, JACKIE does not even have access to funds by which to post and bond or fees, and respectfully asks this Court to waive any applicable requirements of the same.

**WHEREFORE**, Respondent, JACKIE SAMPLE, prays this Honorable Court enter an Order as follows:

A. For the entry of a temporary restraining order and preliminary injunction against Petitioner, enjoining and restraining him from the conduct set forth herein;

B. That Respondent be granted immediate and unfettered access to the parties joint accounts, as well as electronic access to all the parties' investments accounts, notwithstanding under whose name(s) the accounts currently exist;

C. That Petitioner be required to provide Respondent an accounting within seven (7) days of all major financial transactions since entry of the Agreed Order on April 11, 2023, including but not limited to transfers of funds, opening and closing of accounts, and all fundings of the same, purchase and sale of investments, and all expenditures of his own exceeding $400.00 per transaction;

D. That a bond be waived;

E. That Petitioner be ordered to pay attorney's fees incurred in the filing, presentment and litigation of this Motion; and

F. For such further, other or different relief as this Honorable Court deems reasonable and just.

Respectfully submitted,

**JACKIE SAMPLE**

*/s/ Shawn A. Monroe*

By: _____

**Shawn A. Monroe,
One of her attorneys**

**LAW OFFICE OF FEDOR KOZLOV, P.C.**
1990 East Algonquin Road, Suite 100
Schaumburg, Illinois 60173
Tel: (847) 241-1299
Fax: (847) 241-1166
DuPage County Attorney No: 255591 [FIRM]
shawn@nslslaw.com

6

## CERTIFICATION BY VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he or she verily believes the same to be true.

*Jackie Sample*
Jackie Sample (Aug 22, 2013 11:26 CDT)

JACKIE SAMPLE

ACTION ORDER                                                                              2023DN000129-43

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

IN RE: THE MARRIAGE OF
## MADISON SAMPLE JR

Plaintiff

AND

## JACKIE L SAMPLE

Defendant

2023DN000129
CASE NUMBER

# FILED

**23 Apr 11   AM 11: 35**

*Candice Adams*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

**AGREED**

**ACTION ORDER**

This matter having come before the Court, the Court having jurisdiction and being fully advised in the premises:

**IT IS HEREBY ORDERED** as follows:

The case is continued to 05/10/2023 in 2010 at 10:50 AM for STATUS - FOR VIDEO CALL.
Description: DISCOVERY PRODUCTION/SETTLEMENT

1. Effective immediately, both parties are restrained from withdrawing, assigning, encumbering, removing, dissipating, hiding, transferring, concealing, hypothecating, pledging, mortgaging, making gifts of, guarantying debts with, expending, or otherwise dealing with, or squandering or disposing of any real or personal property, or income in which Petitioner or Respondent has any interest whatsoever, except in the usual course of business or for the necessities of life.

2. Both parties shall have equal access to the parties' joint checking account. Neither party shall incur any personal expense in excess of $400.00 without written agreement between the parties.

3. Both parties shall exchange Financial Disclosure Affdiavits and Supporting Financial Documents within 28 days.

4. This order entered by agreement of counsel, as stated on the record.

Submitted by: JOHN A CONNIFF
Attorney Firm: LAW OFFICES OF JOHN A. CONNIFF
DuPage Attorney Number: 311564          ☐ PRO SE
Attorney for: MADISON SAMPLE
77 W WACKER DRIVE, SUITE 4500
CHICAGO, IL, 60601
312-255-0007
Email: jconniff@jacfamilylaw.com

File Date: 04/11/2023

JUDGE KENTON J SKARIN
Validation ID : DP-04112023-1135-13800

Date: 04/11/2023

**EXHIBIT B**

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

IN RE THE MARRIAGE OF:         )
MADISON SAMPLE, JR.,         )
         )
         *Petitioner,*         )
         )         Case No: 2023 DN 129
         )
and         )
         )
JACKIE SAMPLE,         )
         )
         *Respondent*         )

## AFFIDVAIT OF JACKIE SAMPLE

The Affiant, being duly sworn, under oath states:

1. THAT my name is JACKIE SAMPLE, and I am making this statement of my own free will, and am of sound mind and body and over the age of eighteen (18) years.

2. THAT I am the Respondent in the above-captioned matter.

3. THAT I have reviewed the factual allegations contained in my Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and to Resume and Maintain Financial Status Quo, and they are true and correct to best of my knowledge, including those made upon information and belief.

4. THAT I believe this matter is an Emergency because Petitioner, MADISON SAMPLE, continues to deny me access to our joint martial funds despite the Agreed Action Order dated April 11, 2023, and this is true even for regular and ordinary purchases of less than $400.00, and he demands that I come to him every time I need money even for groceries, gas, prescription medications, and other daily necessities, which is incredibly humiliating and demeaning to me.

1

5.  THAT I believe this matter is an Emergency because I suffer from a myriad of health-related issues as a result of two major automobile accidents, including severe Tachycardia, chronic bronchitis, and I rely on an asthma breathing machine and multiple medications in order to survive, but MADISON has even locked me out of our Amazon account and will not give me the passwords, which prevents me from being able to order necessary medical supplies, groceries, etc.

6.  THAT I believe this matter is an Emergency because MADISON has also locked me out of all our financial accounts and investments, leaving me unable to even check account balances, and I have personal knowledge that he has opened new accounts and transferred funds, but he still refuses to disclose the full details with me.

7.  THAT I believe this matter is an Emergency because MADISON continues to find ways to harass and abuse me, and his actions appear only designed as an attempt to financially starve me out of this litigation, so that I am left with no alternative but to acquiesce to his demands instead of having my interests represented in the matter.

8.  THAT MADISON's continued actions of financial abuse and harassment have caused me severe emotional distress and are having an extremely negative impact upon my physical health as well, which resulted in me having to seek out a domestic abuse advocate to try to help me cope through this litigation.

9.  THAT unless the Court takes immediate actions to restore the status quo and restrain and enjoin MADISON's behaviors, I firmly believe irreparable harm will result to me both physically and emotionally, as well as to our marital estate.

10. If called as a witness, I would testify as aforesaid.

2

FURTHER AFFIANT SAYETH NOT.          Dated this 22nd Day, of August, 2023


*Jackie Sample*
Jackie Sample (Aug 22, 2023 11:26 CDT)

JACKIE SAMPLE

**Prepared by:**
**LAW OFFICE OF FEDOR KOZLOV, P.C.**
1990 East Algonquin Road, Suite 100
Schaumburg, Illinois 60173
Tel: (847) 241-1299
Fax: (847) 241-1166
DuPage County Attorney No: 255591 [FIRM]
shawn@nslslaw.com

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


JACKIE JOHNSON-SAMPLE,
Plaintiff,


v.


MADISON SAMPLE, et al.,
Defendants.


Case No. 1:25-cv-05329


PLAINTIFF'S NOTICE OF FRAUD-CAUSED FORECLOSURE AND EVICTION
PROCEEDINGS

AND REQUEST TO PRESERVE THE STATUS QUO OF PROPERTY OWNERSHIP

Plaintiff Jackie Johnson-Sample, appearing pro se, respectfully submits this Notice to advise the Court that the pending foreclosure, eviction, and property-loss proceedings are directly connected to, or materially caused by, the federal civil rights claims in this action and should not proceed to enforcement while the underlying fraud, financial exploitation, disability-access, and due-process issues remain unresolved.

Plaintiff files this Notice respectfully and not for the purpose of showing disrespect to any court, judicial officer, party, or attorney. Plaintiff does not ask this Court to decide the divorce case. Plaintiff asks this Court to recognize that the pending foreclosure and eviction proceedings were allegedly caused by documented financial misconduct, non-enforcement of financial orders, concealment of marital assets, and denial of meaningful access to court. Plaintiff seeks temporary preservation of the status quo only, so the fraud, disability-access, and property-rights issues can be meaningfully reviewed before irreversible loss occurs.


I. ORIGIN OF THE RELATED PROCEEDINGS

The related proceedings arise from or were materially caused by In re the Marriage of Sample, Case No. 2023DN000129, Circuit Court of DuPage County, Illinois.


Page 1

In that case, Defendant Madison Sample Jr. was ordered under the April 11, 2023 Agreed Court Order and related temporary financial orders to maintain mortgage payments, homeowners association assessments, utilities, and financial obligations connected to the marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527.

Plaintiff alleges Defendant willfully violated those obligations, dissipated over $700,000 in marital assets, submitted fraudulent financial affidavits materially understating his income by more than 75%, and concealed millions of dollars in cryptocurrency, salary, business interests, investments, and other marital assets. Plaintiff alleges Bank of America records and other records submitted to the state court document the dissipation and concealment of marital assets.

Plaintiff further gives notice that a November 2024 Rule to Show Cause and/or contempt-related order is part of the official state court record and concerns Defendant's alleged noncompliance with financial obligations while holding substantial digital assets.

## II. RELATED FORECLOSURE, EVICTION, AND PROPERTY-LOSS PROCEEDINGS

Plaintiff alleges Defendant's noncompliance, fraudulent disclosures, concealment of assets, and coercive financial conduct directly caused or materially contributed to the following proceedings:

1. Old National Bank v. Madison Sample Jr. and Jackie Johnson-Sample, Case No. 2025 FC 199, DuPage County Circuit Court, concerning 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527;

2. HOA eviction proceedings, Case No. 2025EV003508, DuPage County Circuit Court, with sheriff's eviction scheduled for July 7, 2026;

3. GN Bank v. Jackie Johnson Smith a/k/a Jackie L. Johnson, et al., Case No. 2024CH09387, Cook County Circuit Court, concerning 641-43 W. 119th Street, Chicago, Illinois 60628;

4. Towd Point Mortgage Trust 2018-2 v. Jackie L. Johnson-Smith a/k/a Jackie Johnson, et al., Case No. 2024CH03955, Cook County Circuit Court, concerning 7439 S. Prairie Avenue, Chicago, Illinois 60619;

5. Property-tax arrears affecting 645 West 119th Street, Chicago, Illinois 60628, which Plaintiff alleges are also part of the fraud-caused property-loss pattern; and

6. Property-tax arrears affecting 647-653 West 119th Street, Chicago, Illinois 60628, which Plaintiff alleges are also part of the fraud-caused property-loss pattern.

Plaintiff alleges these arrears were caused or materially worsened by Defendant's deprivation of marital resources, concealment of assets, failure to comply with financial obligations, and the resulting inability of Plaintiff to protect her property interests.

Plaintiff contends these are not ordinary property tax arrears, foreclosure, or eviction proceedings. Plaintiff alleges they are fraud-caused enforcement proceedings arising from Defendant's violation of court-ordered financial obligations, concealment of marital assets, fraudulent financial disclosures, and deprivation of resources Plaintiff needed to protect her home, properties, business, health, and legal rights. Plaintiff's position is simple: these proceedings should not be treated as ordinary defaults, because Plaintiff alleges the defaults were created or materially worsened by fraud, concealment of marital assets, and non-enforcement of financial orders.

## III. WHY ENFORCEMENT SHOULD NOT PROCEED

Plaintiff respectfully gives notice that foreclosure, eviction, sale, confirmation of sale, transfer of possession, or other enforcement should not proceed because the alleged defaults were not caused by Plaintiff's independent financial failure.

Plaintiff alleges the defaults were caused or materially worsened by:

1. Defendant's failure to comply with the April 11, 2023 Agreed Court Order;

2. Defendant's failure to maintain court-ordered financial obligations connected to the marital residence;

3. Defendant's alleged dissipation of over $700,000 in marital assets;

4. Defendant's alleged concealment of millions of dollars in cryptocurrency and other marital assets;

5. Defendant's alleged fraudulent financial affidavits understating income and resources;

6. Defendant's alleged deprivation of marital funds needed for mortgage payments, utilities, medical care, health insurance, counsel, business operations, and property protection;

7. Defendant's alleged coercive communications conditioning restoration of basic necessities on Plaintiff's surrender of property rights, legal claims, support claims, and control over marital assets; and

8. Repeated non-enforcement despite documented notice of the alleged financial misconduct.

Page 3

Plaintiff contends that allowing enforcement to proceed would reward Defendant for the very defaults and property loss allegedly caused by his own misconduct.

## IV. FRAUD, FINANCIAL EXPLOITATION, AND COERCIVE CONTROL

Plaintiff alleges the record shows a pattern of financial exploitation and coercive control, including deprivation of marital resources, concealment of assets, false financial disclosures, and pressure to force Plaintiff to surrender legal and property rights while lacking access to money, health insurance, medical care, utilities, and stable housing.

Plaintiff alleges Defendant and/or counsel used written and electronic communications to condition restoration of health insurance, food, utilities, medical care, financial support, and access to basic necessities on Plaintiff's agreement to transfer property rights, waive spousal support, relinquish claims, sell the marital residence on Defendant's terms, and sign indemnification language limiting future legal action.

Plaintiff contends these facts raise serious concerns of fraud, financial exploitation, coercive control, obstruction, witness or victim intimidation, and other law-enforcement concerns. Plaintiff does not ask this Court to make criminal findings in this Notice. Plaintiff raises these facts to show why the status quo must be preserved before irreversible property loss occurs.

## V. DISABILITY ACCESS AND MEANINGFUL PARTICIPATION

Plaintiff is a person with a disability and has requested disability accommodations verbally and in writing in connection with related proceedings.

Plaintiff alleges that enforcement should not proceed while disability accommodations remain denied, unresolved, or inadequately implemented because foreclosure, eviction, sale, or transfer of possession affects fundamental property rights and requires meaningful access to court.

Plaintiff asks this Court to consider that denial or inadequate implementation of disability accommodations affects Plaintiff's ability to understand proceedings, respond to filings, gather records, retain counsel, present evidence, protect property, and prevent irreversible harm.

### VI. PATTERN OF NON-ENFORCEMENT

Plaintiff respectfully gives notice that the April 11, 2023 Agreed Court Order and documented evidence of Defendant's noncompliance were placed before four successive judicial officers in Case No. 2023DN000129.

Page 4

Plaintiff alleges those judicial officers were made aware that Defendant had dissipated over $700,000 in marital assets, concealed millions of dollars in cryptocurrency and other assets, submitted fraudulent financial affidavits, and violated court-ordered financial obligations.

Plaintiff alleges that despite this documented record, no effective enforcement, sanctions, asset freeze, or meaningful corrective relief was entered to protect Plaintiff from the resulting foreclosure, eviction, business loss, medical harm, and property loss.

Plaintiff further gives notice that the repeated pattern of advance knowledge, identical non-enforcement, and rulings inconsistent with the documented financial record raises a serious concern that off-record communications, undisclosed coordination, or unequal access may have affected enforcement decisions. Plaintiff does not state this as proven. Plaintiff raises it as a serious concern requiring preservation of the status quo and meaningful review of the record.

## VII. IRREPARABLE HARM

Plaintiff faces imminent and irreparable harm from foreclosure sale, sheriff's sale, eviction, loss of possession, confirmation of sale, transfer of property, and deprivation of meaningful access to court.

The marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527 has an estimated market value and equity that Plaintiff will substantiate with appropriate documentation as directed by the Court. The HOA eviction is scheduled for July 7, 2026.

Once foreclosure, eviction, confirmation of sale, transfer of possession, or sale of property occurs, money damages may not adequately restore Plaintiff's home, possession, property interests, business losses, health-related harms, disability-access rights, constitutional rights, or ability to recover marital assets allegedly concealed or dissipated by Defendant.

Plaintiff respectfully contends that the harm is especially irreparable because the threatened enforcement proceedings are alleged to arise from fraud, financial exploitation, concealment of marital assets, coercive financial conduct, and non-enforcement of protective financial orders.

## VIII. RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests that this Court:

1. Take notice that the pending foreclosure, eviction, and property-loss proceedings are related to and intertwined with the federal civil rights claims in this action;

2. Recognize that Plaintiff alleges the related proceedings were caused or materially contributed to by fraud, financial exploitation, hidden marital assets, coercive financial conduct, and non-enforcement of financial orders;

3. Preserve the status quo by staying or enjoining foreclosure sales, sheriff's sales, eviction, confirmation of sale, transfer of possession, or other enforcement activity pending further order of this Court and to the extent permitted by law;

4. Consider Plaintiff's filings, prior notices, verified statements, incorporated exhibits, bank records, court orders, communications, and other documentary records in support of emergency relief;

5. Prevent alleged fraud, asset concealment, financial exploitation, and potentially criminal financial conduct from becoming the basis for irreversible property loss before Plaintiff receives meaningful access to court and review of her federal claims; and

6. Grant any other relief the Court deems just, equitable, and necessary to prevent irreparable harm.

Respectfully submitted,

Jackie Johnson-Sample

Plaintiff, Pro Se

9476 Falling Waters Drive East

Burr Ridge, Illinois 60527

(773) 719-0337

jackshousinganddevelopment@gmail.com

Date: _____6/18/2026_____

Page 6

## VERIFICATION

I, Jackie Johnson-Sample, certify under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.


_____

Jackie Johnson-Sample


Date: ___6/18/2024___

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JACKIE JOHNSON-SAMPLE,

      Plaintiff,

V

MADISON SAMPLE, et al.,

      Defendants.

Case No. 1:25-cv-05329

## PLAINTIFF'S NOTICE OF DOCUMENTED FINANCIAL EXPLOITATION

## OF A DISABLED PERSON AND DOMESTIC VIOLENCE

## I. PURPOSE OF THIS NOTICE

Plaintiff Jackie Johnson-Sample, appearing pro se, respectfully submits this Notice to place this Court on documented notice of ongoing financial exploitation, coercive control, intimidation, and domestic violence committed by Defendant Madison Sample Jr. against Plaintiff as a person with a disability. These violations have been occurring since 2023 and are evidenced by Defendant's actions of withholding finances and his own written communications, which are attached as exhibits. This Notice does not summarize or characterize. It presents his words.

## II. PLAINTIFF

Plaintiff is a person with a documented disability under 42 U.S.C. § 12102 and 42 U.S.C. § 12132. She has cardiac issues that is actively worsening. She experiences chronic pain and daily muscle spasms requiring repeated medical procedures to manage. Defendant discontinued her health insurance. She cannot currently receive treatment for chronic back pain or see her cardiologist. She receives food stamp assistance that does not provide adequate food each month. She has no access to marital finances. She has no legal counsel. She is appearing before this Court without resources because Defendant took them.

## III. DOCUMENTED PATTERN OF FINANCIAL EXPLOITATION OF A DISABLE PERSON AND DOMESTIC VIOLENCE

Page 1

The following conduct is documented in the attached exhibits consisting of emails, text messages, and iMessages sent by Defendant Madison Sample Jr. to Plaintiff between 2023 and 2026.

A. Financial Exploitation of a Disabled Person — 720 ILCS 5/17-56

Defendant took sole and unlawful control over all marital finances. He eliminated Plaintiff's access to bank accounts, credit cards, and marital funds without her consent and acted in opposition of legal authority. Defendant, Madison Sample discontinued her health insurance and left her without money for food, medicine, utilities, stable housing and basic human needs.

When Plaintiff requested restoration of basic necessities — health insurance, HOA payment to prevent eviction, utilities, and food — Defendant responded in writing on or around April 12, 2026:

*"You misread my message. You controlled the few last years of marriage and the divorce process.*

*If this is done, it will be done my way. Or you can continue doing whatever you are doing right now."*

Defendant conditioned every basic necessity on Plaintiff's surrender of legal rights, property rights, and frozen cryptocurrency assets — including transfer of blocked cryptocurrency, sale of the marital home on his exclusive terms, waiver of spousal support, and release of all future claims for finances and assets he took under his control .

B. Coercive Control and Intimidation — 720 ILCS 5/12-6; 750 ILCS 60/103(14.5)

In his June 2, 2023 email, subject "Last Offer," Defendant wrote:

*"Jackie. You find yourself in a precarious situation. This is what I am willing to do.*

*I am NOT willing to just give you money."*

*"If you refuse. Good luck to you. Your attorney is not going to force me to do anything."*

That same communication demanded that Plaintiff sign over the marital home, remove her name from all Bank of America accounts including business accounts, return items he accused her of stealing within 24 hours, and accompany him personally to transfer a vehicle. All were conditions of receiving any financial support to pay for food, medical supplies, and basic human needs.

In an April 12, 2023 email, Defendant told Plaintiff she should "consider taking my offer sooner than later" and that she should "not lose the Salon" — a direct threat to her business while she was financially dependent and had no access to resources.

C. Death Threats — 720 ILCS 5/12-6

On August 7, 2023, Defendant sent Plaintiff an email containing the following statements, highlighted in the attached exhibit:

*"The path you have chosen leads to death. You don't care."*

*"Your chosen path will lead to destruction and once achieved you will blame me for your decision."*

These statements were made in direct response to Plaintiff's refusal to comply with Defendant's financial demands. They were made by a larger man to a disabled woman he had left without resources, food supply, medical care, stable utilities, housing stability, basic human needs and more.

D. Use of Judicial Proceedings to Intimidate — 18 U.S.C. § 1512

Defendant repeatedly referenced court proceedings in written communications to create fear and pressure Plaintiff into compliance. On February 18, in two separate messages sent at 3:14 PM and 6:26 PM, Defendant wrote:

*"The Judge will determine everything else."*

On July 25, 2023, Defendant wrote:

*"I am sure you heard the Judge. He made it clear that this should be easier without kids."*

*"The Judge could not of been more clear!"*

These statements were made while Plaintiff had no legal counsel, no financial resources to participate in proceedings, and no disability accommodations. Defendant used the court as a weapon to threaten consequences and force Plaintiff's compliance with his financial demands which are unreasonable and not in Plaintiff's long term best interest.

E. Willful Violation of Court-Ordered Financial Obligations — 750 ILCS 5/501

On April 11, 2023, the Circuit Court of DuPage County entered a financial protective Order in Case No. 2023DN000129, following additional orders requiring Defendant Madison Sample to maintain mortgage payments, homeowners association assessments, utilities, and all related financial obligations on the marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527, Pay maintenance and health insurance .

Defendant willfully refused to make those payments while using the threat of resulting defaults as leverage to coerce Plaintiff into surrendering her legal and property rights. The direct and foreseeable consequences of that willful violation are:

Page 3

- Foreclosure of the marital residence — Case No. 2025 FC 199, DuPage County Circuit Court;

- HOA eviction — Case No. 2025EV003508, DuPage County Circuit Court, sheriff's eviction scheduled July 7, 2026;

- Foreclosure — 641-43 W. 119th Street, Chicago — Case No. 2024CH09387, Cook County Circuit Court; Judgment of Foreclosure entered June 3, 2026 in the amount of $132,795.31;

- Foreclosure — 7439 S. Prairie Ave., Chicago — Case No. 2024CH03955, Cook County Circuit Court; and

- Forced closure of Plaintiff's business due to financial deprivation.

- Property Taxes arrears 645 W 119th street, 60628

- Property taxes arrears 647-653 West 119th street 60628

- Loss of General Contractors/Builder's License

- Loss of ALL LLC'S

- Decline in Credit Score

## F. Physical Safety — Tire Communication

In a text message attached as an exhibit, Defendant informed Plaintiff that "one of the tires can blow out at anytime" on a vehicle Plaintiff was operating and stated "Hope you stay safe. I will get it fixed when we have money." Plaintiff's handwritten notation on the exhibit states that her tires in fact blew out approximately one month after this message was sent. Defendant was aware of the safety condition and did not address it.

## IV. APPLICABLE FEDERAL AND STATE LAW

Federal Authorities:

- 42 U.S.C. § 12132 — ADA Title II: Financial exploitation that destroyed Plaintiff's resources, businesses, medical care, housing stability, and ability to participate in court proceedings is directly connected to her disability status.

- 42 U.S.C. § 1983: Deprivation of constitutional rights under color of state law arising from the documented Court's failure to enforce court orders protecting a disabled person.

- 18 U.S.C. § 1343 — Wire Fraud: Defendant used email and iMessage to execute a scheme to deprive Plaintiff of her property and financial rights and transferring money overseas in a scheme to further dissipate assets .

- 18 U.S.C. § 1512 — Witness Tampering and Intimidation: Defendant withheld marital assets, used references to judicial proceedings and threats of destruction to intimidate Plaintiff away from asserting her legal rights.

Page 4

- 18 U.S.C. §§ 2261–2262 — Violence Against Women Act: Domestic violence, coercion, and financial abuse communicated across state lines via electronic means.

Illinois State Authorities:

- 720 ILCS 5/17-56 — Financial Exploitation of a Person with a Disability: Defendant obtained control over Plaintiff's property through coercion and deprivation by a person in a position of trust.
- 720 ILCS 5/12-6 — Intimidation: Defendant threatened death, destruction, and financial ruin to force Plaintiff to surrender her legal rights and property rights.
- 750 ILCS 60/103(14.5) — Illinois Domestic Violence Act: Coercive control, financial abuse, and deprivation of necessities of life constitute domestic abuse under the IDVA.
- 750 ILCS 5/501: Defendant willfully violated the April 11, 2023 Agreed Court Order, directly causing all foreclosure and eviction proceedings.
- 735 ILCS 5/15-1508(b): A court may refuse to confirm a foreclosure sale where justice was not otherwise done. Justice was not done here.

## EXHIBIT LIST FILED INTO MULTIPLE CASES

Exhibit A: April 12, 2026 email chain — Defendant's conditional demands in exchange for health insurance, HOA payment, utilities, and food.

Exhibit B: June 2, 2023 email, subject "Last Offer" — seventeen-point list of demands conditioning financial relief on surrender of legal and property rights.

Exhibit C: August 7, 2023 email, subject "Re: Settlement Outline" — statements that Plaintiff's chosen path "leads to death" and "destruction."

Exhibit D: July 25, 2023 email, subject "Summary" — Defendant's use of judicial proceedings as leverage to coerce Plaintiff.

Exhibit E: April 12, 2023 email — Defendant's threat to Plaintiff's business.

Exhibit F: February 18 text messages (3:14 PM and 6:26 PM) — "The Judge will determine everything else."

Exhibit G: Text message — Defendant's statement that tire "can blow out at anytime" while Plaintiff was operating the vehicle.

Exhibit H: Text message — Defendant's statement that a woman yelling at "a bigger man" is "dangerous" with references to treatment of women in other regions.

Exhibit I: Exhibit 9, Coercive Communications, Domestic Violence, and Financial Abuse — Plaintiff's prior documented summary of criminal statutes violated.

Page 5

Respectfully submitted,

_____

Jackie Johnson-Sample

Plaintiff, Pro Se

(773) 719-0337

jackshousinganddevelopment@gmail.com

Date: _June 18, 2026_____

## VERIFICATION

I, Jackie Johnson-Sample, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

_____

Jackie Johnson-Sample
Date: _June 18, 2026___

PLAINTIFF'S NOTICE OF DOCUMENTED FINANCIAL EXPLOITATION OF A PERSON WITH A DISABILITY AND PLAUSIBLE APPLICABLE CRIMINAL AND CIVIL STATUTES

| Criminal statute | Classification | Communication Supporting implicated Criminal Statutes |
|---|---|---|
| 720 ILCS 5/17-56 — Financial Exploitation of an Elderly | Illinois criminal statute | Strongest fit if Jackie is a qualifying person with a disability. Madison is Jackie's spouse, which may place him in a position of trust or confidence. Jackie requested health insurance, utilities, HOA payment to prevent eviction, and money for food. Madison then conditioned resolution on "non-negotiable" demands involving cryptocurrency, sale of the home, waiver of spousal support, release of claims, and control over property terms. The statute criminalizes financial exploitation of an |
| 720 ILCS 5/12-6 — Intimidation | Illinois criminal statute | Strong possible fit. Madison's statement, "If this is done, it will be done my way. Or you can continue doing whatever you are doing right now," came immediately after Jackie requested food, utilities, health insurance, HOA payment, and basic support. This can be framed as a communicated threat of continued deprivation unless Jackie performs demanded acts: file documents, transfer cryptocurrency, |
| 720 ILCS 5/16-1 — Theft / Theft by | Illinois criminal statute | Possible fit as part of an attempted or broader property-control scheme. Madison demanded that cryptocurrency in Jackie's Coinbase account be "immediately" returned and sent to Madison's crypto address. He also demanded terms controlling the marital home sale, proceeds, future claims, assets, and property |
| 18 U.S.C. § 1343 — Wire Fraud | Federal criminal | Possible fit if the message was sent electronically and was part of a scheme to obtain money or property. The demanded property includes cryptocurrency, home-sale control, waiver of financial support, and release of claims. Federal wire fraud |
| 18 U.S.C. § 1512 — Witness Tampering / Victim or | Federal criminal statute | Possible fit if Madison's purpose was to stop, influence, delay, or punish Jackie's testimony, reporting, evidence, lawsuits, or participation in official proceedings. The demand that the parties "relinquish our right to sue" and that assets "will not now or ever be in contention" may be relevant if tied to stopping court claims, evidence, reporting, or legal participation. Section 1512 is a federal obstruction statute |

Criminal statutes directly supported by the communications which are attached to this email below.

| Criminal statute | State/ Federal | implicated Criminal actions |
|---|---|---|
| 720 ILCS 5/12-6 — Intimidation | Illinois criminal statute | The communications repeatedly use pressure tied to judges, money, property, legal outcomes, and alleged consequences if Jackie does not accept Madison's position. Illinois intimidation criminalizes communicating a threat with intent to cause another |
| 720 ILCS 5/17-56 — Financial Exploitation of an Elderly | Illinois criminal statute | Implicated if Jackie is a qualifying person with a disability and Madison, as her spouse and a person in a position of trust or confidence, used deception, intimidation, coercion, or control to obtain, control, conceal, dissipate, or restrict access to her money, property, assets, home equity, accounts, or resources. The communications discuss money, property, inability to pay, house- |

Page 1

| 720 ILCS 5/16-1 — Theft / Theft by Deception | Illinois criminal statute | Implicated if the communications are part of a broader effort to obtain or exert unauthorized control over Jackie's property, assets, cryptocurrency, home equity, accounts, or proceeds through deception, threat, or coercion, with intent to deprive her of the use or benefit of that property. This is especially relevant to demands |
|---|---|---|
| 720 ILCS 5/26.5-3 — Harassme nt Through Electronic | Illinois criminal statute | Implicated if the texts or emails were sent with intent to harass, threaten, abuse, torment, intimidate, or disturb Jackie, or as part of repeated electronic communications made for a prohibited purpose under the statute. The exhibits include electronic messages containing insults, pressure, references to judges, financial consequences, and statements likely to cause emotional |
| 720 ILCS 5/12-7.3 — Stalking | Illinois criminal statute | Implicated if the communications are part of a repeated course of conduct directed at Jackie that Madison knew or should have known would cause a reasonable person to fear for her safety, fear harm to her property or another person, or suffer emotional |
| 720 ILCS 5/12-7.5 — Cyberstalk ing | Illinois criminal statute | Implicated if the texts, emails, or other electronic communications are part of a repeated course of conduct directed at Jackie that Madison knew or should have known would cause a reasonable person to fear for her safety, fear harm to her property or another person, or suffer emotional distress. Because cyberstalking |
| 18 U.S.C. § 1343 — Wire Fraud | Federal criminal statute | Implicated if emails, texts, or other electronic communications were used as part of a scheme to defraud Jackie or to obtain money or property from her, including cryptocurrency, home equity, real property interests, financial accounts, sale proceeds, or other assets. The strongest supporting facts are communications involving property-sale pressure, "deal" language, financial |
| 18 U.S.C. § 875 — Interstate Threats / Extortionat | Federal criminal statute | Implicated if the communications traveled in interstate or foreign commerce and contained threats made with intent to extort money, property, claims, settlement concessions, or another thing of value. This is fact-dependent, but communications pressuring Jackie to accept terms or face continued financial deprivation, property loss, |
| 18 U.S.C. § 1512 — Witness Tampering / Victim or | Federal criminal statute | implicated if communications contained threats, intimidation, harassment, corrupt persuasion, or misleading conduct intended to influence testimony, affect the production of evidence, discourage reporting to law enforcement, interfere with participation in an official proceeding, or retaliate against a person for providing |

Additional documentation supporting other implicated criminal statutes is available upon request or investigation:

| Criminal statute | State/ Federal |
|---|---|

Page 2

| Statute | Type | Description |
|---|---|---|
| 18 U.S.C. § 241 — Conspir | Federal criminal statute | Implicated- evidence shows that Madison agreed with at least one other person to injure, oppress, threaten, or intimidate Jackie in the exercise or enjoyment of rights protected by the Constitution or federal law. References to judges in the communications may be |
| 18 U.S.C. § 242 — Deprivation of | Federal criminal statute | Implicated supporting documentation shows deprivation was committed by a person acting under color of law, such as a judge, law-enforcement officer, public official, or a private person acting jointly with state actors. Madison, as a private spouse, is not covered by § 242 based on private conduct alone; additional evidence would |
| 18 U.S.C. § 2261A — Interstat | Federal criminal statute | Implicated supporting documentation shows repeated communications or conduct involving interstate or foreign commerce, travel, electronic communications, or internet/phone systems, and were made with intent to harass, intimidate, injure, place under surveillance, or cause substantial emotional distress. This requires |
| 18 U.S.C. § 2261 — Interstate | Federal criminal statute | Implicated supporting documentation shows the required federal jurisdictional connection, such as interstate travel, crossing state lines, Indian country, or related interstate conduct, plus qualifying domestic-violence conduct. The communications may be relevant background evidence, but they do not, by themselves, establish all |
| 18 U.S.C. § 2262 — Interstate Violation | Federal criminal statute | Implicated supporting documentation shows a qualifying protection order and evidence of interstate travel, interstate conduct, or another required federal jurisdictional connection connected to violating that order. Without a qualifying protection order and interstate/federal nexus, this statute should not be listed as directly supported. |
| 720 ILCS 5/12-7.4 — Aggrava | Illinois criminal statute | Implicated supporting documentation shows first establish stalking under Illinois law and also show one of the aggravating circumstances required by statute, such as bodily harm, confinement or restraint, violation of a qualifying court order, or another statutory aggravating factor. The communications may support a stalking or |

Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746

I, Jackie Johnson Sample, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief, and that any supporting documentation referenced herein is true and accurate to the best of my knowledge.

_____

Jackie Sample

Page 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKIE JOHNSON-SAMPLE,
Plaintiff,

v.

MADISON SAMPLE, et al.,
Defendants.

Case No. 1:25-cv-05329

PLAINTIFF'S NOTICE OF DISABILITY-RELATED BARRIERS,
NEED FOR ACCOMMODATIONS, AND STATEMENT OF
IMPACT OF FINANCIAL EXPLOITATION OF A DISABLED PERSON AND PLAINTIFF'S
INABILITY TO EQUALLY PARTICIPATE IN THESE PROCEEDINGS

## I. PRELIMINARY STATEMENT

Plaintiff Jackie Johnson-Sample respectfully asks this Court not to hold it against her or penalize her for not knowing the law or for procedural imperfections that are the direct result of disability barriers that have prevented her from equally participating in these proceedings. Plaintiff is self-represented and respectfully requests that this Court construe her filings liberally in light of her pro se status and documented disability.

Plaintiff has been forced to speak publicly about her disability and to identify herself as a disabled person in these proceedings, even though her disability-related barriers are matters she has always kept private. This Notice is submitted respectfully and solely to ensure that this Court has a complete understanding of the barriers Plaintiff faces so that appropriate accommodations may be put in place.

## II. PLAINTIFF'S HISTORY OF SELF-ACCOMMODATION AND SUCCESSFUL FUNCTIONING

For many years, Plaintiff was able to keep her disability-related barriers private because she learned how to compensate for those barriers by hiring assistants and providing her own

accommodations. Years ago, Plaintiff sought help from professionals who specialized in assisting people with disability barriers like hers. Those professionals provided training, support, and guidance that helped Plaintiff address her barriers and function successfully in both her business and personal life.

Plaintiff has always relied on assistance to accommodate her disability-related needs. That assistance was instrumental to her success. She depended on help with daily tasks, organization, schedules, appointments, note-taking, business responsibilities, and other matters necessary for day-to-day functioning.

Plaintiff was once a successful entrepreneur who managed multiple businesses. She was able to keep up with licensing, utilities, tenants, Section 8 requirements, community responsibilities, and other City Of Chicago business obligations because she had day-to-day assistance. That support allowed her to participate in business activities, maintain her responsibilities, and remain active in the community. Without those accommodations and assistance, the barriers she experiences as a disabled person would not have allowed her to achieve the same level of success. Plaintiff learned how to succeed by providing herself with the accommodations she needed.

### III. HOW FINANCIAL EXPLOITATION DESTROYED PLAINTIFF'S ABILITY TO ACCOMMODATE HER OWN DISABILITY

Because Plaintiff is a victim of domestic violence and financial exploitation, she can no longer afford to hire or provide assistance for herself. Plaintiff is now in court, indigent, and without the financial ability to provide the accommodations she previously relied upon. As a result, she is being forced to publicly discuss private disability-related barriers and repeatedly advocate for assistance that she can no longer provide for herself.

Plaintiff respectfully asks this Court to understand that she is truly a person with a disability, and that she has depended on accommodations and assistance throughout her career in order to function, communicate, organize information, manage responsibilities, and participate meaningfully in business and daily life. She can no longer provide those accommodations for herself because she is now indigent and without the financial resources that previously allowed her to hire assistance. This has created an unfair and disabling barrier in her legal cases and in her life.

The connection between Plaintiff's current inability to participate equally in these proceedings and Defendant Madison Sample Jr.'s financial exploitation is direct and documented. Before Madison Sample Jr.'s financial exploitation, Plaintiff was able to function successfully because she had access to the assistance and accommodations necessary to support her disability-related barriers in daily operation. Madison Sample Jr.'s financial exploitation removed Plaintiff's ability to pay for the accommodations and assistance she previously relied upon to function, operate her businesses, protect her property rights, manage communications, maintain records, meet deadlines, and respond to legal and business matters.

## IV. IMPACT OF DISABILITY BARRIERS ON THESE PROCEEDINGS

Plaintiff's disability affects her communication, executive functioning, real-time processing, and beyond, organization, document management, complex decision sequencing, time-sensitive tasks, and navigation of business and administrative procedures. Without accommodations, Plaintiff cannot equally participate, and she cannot meet the same expectations as a person who does not have her disability-related barriers.

The absence of disability-related accommodations has materially impaired Plaintiff's ability to maintain court schedules, organize case files, follow complex procedures, track deadlines, and respond to legal materials in the structured manner this Court requires. These are not failures of effort or intention. They are the direct and documented consequences of proceeding without the accommodations Plaintiff previously provided for herself and can no longer afford due to Madison Sample Jr.'s financial exploitation. Plaintiff respectfully submits that these barriers demonstrate why accommodations are necessary — not why relief should be denied.

The amount of time Plaintiff is forced to spend on court matters is unreasonable for any person, and it is especially unreasonable for a person with a disability. Because of her disability, it takes Plaintiff much longer to complete tasks that others may be able to complete more easily. Without assistance or accommodations, the legal process itself becomes a barrier that prevents Plaintiff from equally and meaningfully accessing this Court.

Plaintiff respectfully asks this Court to consider what she is expected to do when she is unable to adequately communicate with the Court and equally participate in her overall case because of disability barriers, and when those same barriers prevent her from clearly presenting the information needed for the Court to provide relief.

## V. VISION IMPAIRMENT

Due to indigency, Plaintiff does not have resources for eye care. Plaintiff has a vision impairment and has not had eye care or prescription eyeglasses since early 2023. Her vision has continued to worsen since that time. This has made it even more difficult for her to read court documents, legal filings, notices, orders, exhibits, and other case-related materials.

## VI. REQUEST FOR ACCOMMODATIONS

Plaintiff is respectfully requesting accommodations to assist her with reading, understanding, organizing, and responding to documents related to her cases. Now that this Court is aware that Plaintiff is unable to keep up with court expectations without disability-related accommodations, Plaintiff respectfully asks this Court to address these barriers so that she may have meaningful and equal access to participate in her legal proceedings.

Plaintiff's disability-related barriers are protected under Title II of the Americans with Disabilities Act, 42 U.S.C. Section 12132, and the ADA's effective-communication regulations,

28 C.F.R. Section 35.160. The Judicial Conference of the United States has adopted a policy that all federal courts provide reasonable accommodations to persons with communications disabilities. Plaintiff respectfully requests that this Court implement those accommodations effective immediately and before any further proceedings affecting her rights occur.


Respectfully submitted,

*Jackie Sample*

Jackie Johnson-Sample

Plaintiff, Pro Se

9476 Falling Waters Drive East

Burr Ridge, Illinois 60527

(773) 719-0337

jackshousinganddevelopment@gmail.com


Date: 6-18-2026


## VERIFICATION

I, Jackie Johnson-Sample, declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief.


*Jackie Sample*

Jackie Johnson-Sample


Date: 6-18-2026