**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JACKIE JOHNSON SAMPLE, | ) | |
| | ) | Case No. 1:25-cv-5329 |
| Plaintiff, | ) | |
| | ) | Hon. Andrea R. Wood |
| v. | ) | |
| | ) | Hon. Heather K. McShain, |
| | ) | Magistrate Judge |
| MADISON SAMPLE JR., e*t al*., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JUDICIAL DEFENDANTS'
REPLY IN SUPPORT OF THEIR RULE 12(b)(1) & 12(b)(6) MOTION TO DISMISS**

Judicial Defendants Cerne, Alverado, Orel, and Skarin, by their attorney, Kwame Raoul, Attorney General of Illinois, in reply of their motion to dismiss all claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), state as follows:

**INTRODUCTION**

Plaintiff has sued the Judicial Defendants based on decisions they made when they were presiding over Plaintiff's domestic relations case, *In Re the Marriage of Madison Sample, Jr. and Jackie L Sample,* Case No. 2023 DN 129*,* in the Circuit Court of DuPage County. ECF No. 8 at 6. Judicial Defendants are named in Counts I (Title II of the ADA), II (Procedural Due Process), III (Equal Protection), IV (Tribal Sovereignty and Exhaustion Doctrine), and V (Conspiracy).

Judicial Defendants moved to dismiss Plaintiff's claims under Title II of the ADA (Count I) because Title II of the ADA does not allow for individual liability. (ECF No. 49 at 3). Plaintiff's response concedes this point but requests the Court not dismiss her claim. (ECF No. 168 at 4). Plaintiff instead asks this Court to identify the deficits and allow her to amend. *Id*. As she concedes

1

Title II of the ADA does not allow for individual liability, any amendment would be futile, and the claim should be dismissed with prejudice.

Judicial Defendants also moved to dismiss Counts II-V of Plaintiff's complaint because *Rooker-Feldman*, *Younger,* and federal abstention preclude Plaintiff's claims. (ECF No. 49 at 3-5). In response, Plaintiff states she is not attempting to have this Court review state court domestic relations rulings. (ECF No. 168 at 6). Plaintiff's contentions hold no weight, as her complaint makes clear that the basis for this suit is the state court decisions and rulings made by Judicial Defendants in the underlying domestic relations case. Further, if *Rooker-Feldman* or *Younger* are not a perfect fit, abstention is still appropriate under *J.B v. Woodard*..

Judicial Defendants also established that Plaintiff's claims are barred under judicial immunity. (ECF No. 49 at 6). In response, Plaintiff argues that judicial immunity does not preclude her claims because the acts she complains of were not judicial in nature. (ECF No. 168 at 11-12). Again, Plaintiff's complaint makes clear that the basis for this case is the various rulings and decisions made by Judicial Defendants in the underlying domestic relations case, and therefore Judicial Defendants are entitled to judicial immunity.

Finally, Judicial Defendants established that Plaintiff's official capacity claims are barred by the Eleventh Amendment because Judicial Defendants are an arm of the state and because they are not persons subject to suit under Section 1983. (ECF No. 49 at 8). Plaintiff concedes to both arguments but requests this Court allow her to amend rather than dismiss her claims with prejudice. (ECF No. 168 at 22-29). Here again, any amendment would be futile as Plaintiff's claims are precluded under the Eleventh Amendment and Section 1983. Accordingly, Judicial Defendants request this Court grant their motion to dismiss and dismiss them from this matter with prejudice.

## ARGUMENT

### I.      There Is No Individual Liability Under Title II of the ADA.

Plaintiff does not dispute Defendants' argument that Title II of the ADA and the Rehabilitation Act do not allow for individual liability. (ECF No. 168 ¶ 22-24). Accordingly, Judicial Defendants must be dismissed from Count I.

### II.     The *Rooker-Feldman* and *Younger* Doctrines Bar Plaintiff's Claims Against Judicial Defendants.

In their opening brief, Judicial Defendants explained that the *Rooker-Feldman* and *Younger* doctrines bar Plaintiff's claims against them because Plaintiff is essentially asking this Court to review state court rulings in an ongoing state court case. In response, Plaintiff claims that she is not seeking to have this court review stat-court domestic relations decisions. (ECF No. 168 ¶33-38). However, Plaintiff's complaint clearly identifies state court decisions as the basis for her claims. (ECF No. 8 ¶¶ 6, 33-35, 41 64-68). Both *Rooker-Feldman* and *Younger* prohibit review of these state-court decisions in federal court.

### III.    This Court should decline to hear Plaintiff's claims against the Judicial Defendants based on principles of federal abstention.

In their opening brief, the Judicial Defendants explained that even if the *Rooker-Feldman* and *Younger* doctrines do not apply, the Court should abstain based on general principles of federalism and comity.  To begin with, *J.B. v Woodard* recognizes that even if a recognized abstention doctrine is not an exact fit, abstention can be appropriate because "[t]o insist on literal perfection" based on a complaint's allegations "risks a serious federal infringement." 997 F.3d 714, 723 (7th Cir. 2021) (declining to exercise federal jurisdiction in a due process custody claim). In response, Plaintiff claims that she is not asking this court to review or overturn any of the Judicial Defendants' decisions in the underlying domestic relations case. (ECF No. 168 ¶¶ 33-38). This is contradicted by her own complaint. Plaintiff's complaint invites this Court to review the

actions and orders of Judicial Defendants as they presided over Plaintiff's domestic relations case and evaluate the conduct of the state court proceedings. (ECF No. 8 ¶¶ 6, 33-35, 41 64-68). This would certainly "intrude upon the independence of the state courts and their ability to resolve the cases before them." *J.B.*, 997 F.3d at 721-22 (quoting *SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)). Accordingly, abstention is appropriate here.

**IV.    Plaintiff's Claims Against the Judicial Defendants Are Barred by Absolute Judicial Immunity.**

In their opening brief, Judicial Defendants explained that they are entitled to absolute judicial immunity. In response, Plaintiff argues that judicial immunity does not require dismissal at the pleadings stage and that she is not seeing damages for protected judicial acts but for "a repeated pattern and practice by all four Judicial Defendants involving nonjudicial conduct, administrative obstruction, ex parte collusion, ex parte coordination, disability-access interference, retaliation, interference with counsel, and deprivation of property rights." (ECF No. 168 ¶ 67). Plaintiff is again incorrect. As noted in Judicial Defendants' motion, courts should resolve immunity issues at the earliest point in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Plaintiff's response also concedes that the actions complained of took place in the underlying domestic relations case that Judicial Defendants presided over. (ECF No. 168 ¶8, 9, 11). Specifically, Plaintiff challenges the entry of orders, refusal to hear motions, and striking motions. (ECF No. 168 ¶ 78-80). All of these acts are clearly judicial in nature and entitle Judicial Defendants to immunity.

Judicial Defendants deny Plaintiff's allegations that they retaliated against the Plaintiff or engaged in off-record *ex parte* conduct. But even if Plaintiff's conclusory allegations had any merit, which they do not, such allegations cannot defeat absolute judicial immunity. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (judge immune from damages in a conspiracy case alleging

bribery); *see also Nesses v. Shepard*, 68 F.3d 1003, 1006 (7th Cir. 1995) (recognizing judicial defendants were entitled to have suit dismissed on grounds of immunity in case alleging "massive, tentacular conspiracy among the lawyers and the judges to engineer" plaintiff's defeat). "Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." The doctrine provides immunity from suits even when the judicial acts are "alleged to have been done maliciously or corruptly." *Bradley v. Fisher,* 80 U.S. 335, 351, 20 L. Ed. 646 (1871). Allegations of *ex parte* communications are also covered under judicial immunity. *See Forrester v. White*, 484 U.S. 219, 227 (1988) ("ex parte nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character."). Plaintiff's complaint makes clear that the basis for her claims is the actions of Judicial Defendants while presiding over a case properly before them.

Accordingly, Judicial Defendants should be dismissed from this action with prejudice.

**V.      Plaintiff's Official Capacity Claims Against the Judicial Defendants are Barred by the Eleventh Amendment.**

In their opening brief, Judicial Defendants argued that Plaintiff's official capacities claims are barred by the Eleventh Amendment because Judicial Defendants are an arm of the state. Judicial Defendants also argued they are not persons subject to suit under 42 U.S.C. § 1983. Plaintiff's response concedes to both arguments but requests that this Court allow her to amend her complaint rather than dismiss her claims with prejudice. (ECF No. 168 ¶ 155). Any amendment would be futile because Plaintiff has conceded that the claims are barred under the Eleventh Amendment and  that Judicial Defendants are not person subject to suit under Section 1983. Thus, the official capacity claims against Defendants should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss the Judicial Defendants from this case with prejudice.

Respectfully submitted,

By: */s/ Michael J. Bradtke*
    Michael J. Bradtke
    Assistant Attorney General
    Office of the Illinois Attorney General
    Government Representation Division
    115 S. LaSalle Street
    Chicago, Illinois 60603
    (312)814-1212
    Michael.Bradtke@ilag.gov

    *Counsel for Judicial Defendants*