BC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JACKIE JOHNSON SAMPLE,
Plaintiff,

v.

MADISON SAMPLE JR., et al.,
Defendants.

Case No. 1:25-cv-05329

Hon. Andrea R. Wood

FILED
9/9/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**NOTICE REGARDING**
**APPEARANCE OF PARTIALITY UNDER 28 U.S.C. § 455(a)**

Plaintiff Jackie Johnson Sample respectfully submits this Notice to preserve and clarify the record concerning the specific and cumulative grounds raised in her Motion to Disqualify, Dkt. 74, under 28 U.S.C. § 455(a). Plaintiff's motion did not challenge adverse rulings. It identified a continuing pattern of conduct and misapplied civil procedures taken together, Plaintiff contends creates an objectively reasonable question concerning the Court's impartiality: Judge Wood displaced Plaintiff's own advocacy; echoed and adopted the Judicial Defendants' framing of judicial immunity; restricted Plaintiff from presenting her own motion while the Court itself presented the substance of that motion; solicited opposing counsel to investigate and supply information concerning Plaintiff's state divorce and report back; and later solicited opposing counsel's views concerning Judge Wood's own recusal.

**INTEGRATED CLARIFICATION AND PRESERVATION OF ALL ORIGINAL CONTENT**

This integrated Notice combines Plaintiff's original § 455(a) Notice with the supplemental strengthening analysis previously prepared from Jami Luqman's assessment. Every substantive allegation, contention, quotation, legal theory, objection, ground, preservation statement, and exhibit from the original Notice is preserved. Repetition has been removed only where the same proposition appeared more than once; no unique substantive content is withdrawn or watered down.

For organizational emphasis only, Plaintiff identifies the Court's solicitation of opposing counsel to investigate and obtain information concerning Plaintiff's dismissed DuPage divorce as a central Wood-specific § 455(a) fact. This emphasis does not diminish, retract, qualify, or concede any other ground. Plaintiff preserves each ground at full force, individually and cumulatively.

**1. Prior Rule 24 ruling concerning Judicial Defendant James Orel.**

Before Plaintiff filed her recusal motion, Judge Wood denied El Roy Johnson's Motion to Intervene and found that his guardianship claims against Judge James Orel had "no apparent connection to Plaintiff Sample's claims other than that the legal proceedings were presided over by the same judge." (Dkt. 47, PageID #628; July 16, 2025.) Plaintiff's own pleading alleged guardianship-related due-process conduct involving Judge Orel, while Mr. Johnson likewise alleged guardianship-related due-process violations involving Judge Orel. Plaintiff contends that the Court's failed to apply Rule 24, characterization disregarded the asserted factual and legal overlap directly involving Judicial Defendant Orel and failed to account for the common guardianship-related conduct and due-process issues presented to the Court. Plaintiff preserves this ruling as part of the pattern relevant to the objective appearance-of-impartiality inquiry under § 455(a).

Plaintiff expressly preserves, without retraction or qualification, the original Rule 24 contention stated above. Plaintiff likewise preserves her separate Rule 24 / Judge Orel Notice, including her contention that the November 30, 2023 record corroborates her pleaded guardianship-related allegations, that Judge Orel pressured and repeatedly pursued the guardianship and mental-health-petition issue after it was raised, and that

the record bears on the factual and legal connection Plaintiff asserted between the two proceedings. Nothing in this integrated Notice concedes that the Rule 24 issue was proper, harmless, irrelevant, or unrelated to the appearance-of-partiality analysis.

**2. Judge Wood echoed and adopted the Judicial Defendants' judicial-immunity framing.**

Plaintiff's motion expressly stated that defense counsel argued that the "overarching theme" of the case was Plaintiff's "misunderstanding of ... judicial immunity," and that "Judge Wood echoed and adopted this framing, stating:"

> *"... one of the things that I have to consider is whether I'm likely to have jurisdiction here, whether there is likely to be an issue of judicial immunity for some of these judges as raised in the motion to dismiss ..." (Dkt. 74, p. 6.)*

Judge Wood "echoed and adopted" defense counsel's framing and, as Plaintiff specifically alleged in Dkt. 74, prematurely treated judicial immunity as a categorical barrier at the pleading stage before accepting Plaintiff's factual allegations as true and before addressing Plaintiff's allegations that the Judicial Defendants engaged in nonjudicial, administrative, coordinated, discriminatory, and conspiratorial conduct. Plaintiff contends that this was not an isolated legal ruling but part of the appearance-of-partiality pattern because the Court adopted the Judicial Defendants' characterization of Plaintiff's claims while failing to address the pleaded allegations Plaintiff asserted fell outside protected judicial conduct. (Dkt. 74, pp. 6-8.)

Plaintiff preserves the asserted distinction between a court neutrally adjudicating an immunity defense and a court adopting the adversaries' overarching characterization of Plaintiff's action before independently confronting the allegations Plaintiff contends fall outside protected judicial functions. Plaintiff preserves this ground at full force, both individually and cumulatively.

**3. Judge Wood took over the presentation of Plaintiff's motion and restricted Plaintiff from presenting that motion herself.**

Plaintiff's Motion to Disqualify stated: "At the August 25, 2025 CART hearing, Judge Wood denied Plaintiff a meaningful opportunity to present her motion in her own words. Instead, Judge Wood monopolized much of the hearing time by paraphrasing Plaintiff's filings, lecturing on jurisdiction and immunity, (Dkt. 74, p. 39.)

Plaintiff's motion then documented Judge Wood beginning the presentation of Plaintiff's emergency motion herself: "So I suppose I will start with the emergency motion ... those are the requests for relief included in the more recent motion ... I will give counsel for the judicial defendants ... an opportunity to respond orally ..." (Dkt. 74, p. 39.)

When Plaintiff attempted to present in her own case, Judge Wood stated: "There is no need for you to read your motion into the record. It's part of the record because you filed it. And I did read it." Plaintiff's motion further quoted Judge Wood interrupting Plaintiff's presentation: "Ms. Sample, I'm sorry, I'm giving you a ruling now. I've read your papers and I've listened to you. So now it's your turn to listen ..." (Dkt. 74, pp. 39-40.)

Plaintiff's allegation is not merely that Judge Wood presented Plaintiff's motion, but that the court used ample time then limited plaintiff's ability to advocate her motion. Plaintiff alleged that Judge Wood displaced Plaintiff's own presentation, substituted the Court's presentation and framing for Plaintiff's advocacy, consumed the hearing with the Court's own framing, jurisdictional lectures, questioning, and hypotheticals, and then restricted Plaintiff from presenting and clarifying her own motion. Plaintiff expressly asserted that this conduct "blurred the line between neutral arbiter and adversary" and created an appearance and probability of unfairness. Plaintiff preserves this conduct as a central component of the § 455(a) inquiry. (Dkt. 74, pp. 39-42.)

Plaintiff further preserves her allegation that this conduct displaced her advocacy, created procedural unfairness, and contributed to the appearance and probability of unfairness. Plaintiff does not recast this as

mere dissatisfaction with ordinary time management. She preserves the original allegation at full force and contends that its significance must be considered together with the other conduct identified in this Notice.

**4. Judge Wood solicited opposing counsel to investigate and provide information concerning Plaintiff.**

At Dkt. 74, pp. 28-31, Plaintiff alleged that Judge Wood solicited defense counsel Bradtke to obtain information and report back regarding Plaintiff's dismissed DuPage divorce. Plaintiff characterized this conduct as an "abdication of judicial neutrality," as creating an appearance of bias, and as effectively deputizing opposing counsel to serve as an extrajudicial fact-finder concerning Plaintiff. Plaintiff further asserted that the solicitation raised the specter of ex parte communication by proxy and created the appearance that the Court was willing to obtain information concerning Plaintiff through the very attorneys defending parties against her. Plaintiff contends that this conduct directly implicates the objective appearance-of-impartiality standard of § 455(a).

Plaintiff emphasizes this already-preserved conduct as a central Wood-specific § 455(a) fact. Plaintiff's contention is not merely that defense counsel was permitted to argue law. Plaintiff contends that the Court looked to an attorney actively defending parties against Plaintiff as a source for obtaining outside factual information concerning Plaintiff's separate personal state-court litigation. Plaintiff maintains the full force of her original characterizations: abdication of judicial neutrality, effective deputization of adverse counsel as an extrajudicial fact-finder, the specter of ex parte communication by proxy, and an appearance that the Court was willing to obtain information concerning Plaintiff through the very attorneys defending parties against her.

Plaintiff further preserves the contention that the fact counsel may not ultimately have completed the contemplated investigation does not erase the solicitation itself or the appearance Plaintiff contends it created. Plaintiff preserves the objective question whether a well-informed observer, knowing that a federal judge solicited one side's lawyer to obtain outside factual information concerning the opposing pro se litigant, could reasonably question impartiality.

**5. Judge Wood's own September 11, 2025 Order confirms the governing § 455(a) standard and acknowledges that her solicitation of counsel's views on recusal was "ill-advised."**

Judge Wood's Order states: "Section 455(a) requires disqualification where a judge's impartiality might reasonably be questioned." (Dkt. 102, p. 3, PageID #902.) The same Order acknowledges that Judge Wood asked counsel for other parties whether they had anything to add regarding Plaintiff's motions for disqualification and recusal and expressly states that "the invitation was ill-advised." (Dkt. 102, p. 3 n.1, PageID #902.) The Court nevertheless denied Plaintiff's motions under §§ 144 and 455(a). (Dkt. 102, p. 4, PageID #903.) Plaintiff preserves the Court's own acknowledgment because the issue under § 455(a) is not limited to proof of actual bias; it is whether the cumulative circumstances would cause a well-informed, thoughtful observer reasonably to question impartiality.

Plaintiff preserves that acknowledgment exactly as part of the record. Plaintiff contends that its significance increases when considered together with the earlier solicitation of defense counsel to obtain information concerning Plaintiff's DuPage proceeding. The first incident involved potential outside factual investigation concerning Plaintiff; the later incident involved opposing counsel being invited to address the Court's own recusal. Plaintiff contends that the objective appearance created by these events must be assessed cumulatively rather than fragmented into isolated acts.

**6. The Court recited the § 455(a) standard but failed to apply that standard to the cumulative conduct actually presented.**

Although the September 11, 2025 Order stated that § 455(a) requires disqualification when a judge's impartiality might reasonably be questioned, the Order characterized Plaintiff's objections as routine judicial rulings and docket management. Plaintiff contends that this characterization did not confront the cumulative significance of the conduct Plaintiff placed before the Court: the Rule 24 not applied, the ruling involving Judicial Defendant Orel; Judge Wood's echoing and adoption of the Judicial Defendants' immunity framing;

Judge Wood's taking over the presentation of Plaintiff's motion while restricting Plaintiff from presenting and clarifying it herself; Judge Wood's solicitation of opposing counsel to investigate and provide information concerning Plaintiff; and Judge Wood's later, acknowledged "ill-advised" solicitation of counsel's views on her own recusal. Plaintiff therefore preserves the specific contention that the Court stated the governing § 455(a) standard but failed to apply that objective appearance standard to the totality of the facts and circumstances Plaintiff presented. (Dkt. 47, PageID #628-629; Dkt. 74, pp. 6-8, 26-31, 39-42; Dkt. 102, pp. 3-4, PageID #902-903.)

Plaintiff's § 455(a) position remains cumulative. Plaintiff contends that the objective inquiry must consider the full sequence: the Rule 24/Judge Orel issue; the judicial-immunity framing; the displacement and restriction of Plaintiff's advocacy; the solicitation of opposing counsel to investigate and provide outside information concerning Plaintiff; the later solicitation of counsel's views concerning recusal; and the Court's own acknowledgment that the latter invitation was "ill-advised." Plaintiff does not waive the independent significance of any one ground by asserting their cumulative force.

**Preservation of the record.**

Plaintiff expressly preserves, both individually and cumulatively, every factual assertion, legal contention, quotation, objection, ground for disqualification, due-process concern, appearance-of-partiality contention, and supporting record citation previously raised in Dkt. 74 and identified in this Notice. This includes, without limitation: the Rule 24 ruling not applied, concerning Judicial Defendant Orel; Judge Wood's echoing and adoption of the Judicial Defendants' judicial-immunity framing; Judge Wood's displacement of Plaintiff's advocacy by taking over the presentation of Plaintiff's motion and restricting Plaintiff's ability to present and clarify it herself; Judge Wood's solicitation of opposing counsel to investigate or provide information concerning Plaintiff; and Judge Wood's later solicitation of counsel's views concerning her own recusal, which the Court itself acknowledged was "ill-advised." Nothing in this Notice is intended to narrow, abandon, supersede, withdraw, or waive any ground, fact, argument, objection, or contention previously asserted by Plaintiff. Plaintiff preserves the full record and the cumulative effect of the conduct identified in Dkt. 74 and this Notice for application of the objective standard under 28 U.S.C. § 455(a). Plaintiff contends that these circumstances cannot be reduced to adverse rulings or ordinary docket management and that, evaluated together, they support an objectively reasonable question concerning the appearance of impartiality.

Nothing in this integrated Notice shall be construed as narrowing any allegation, abandoning any argument, conceding the correctness of any challenged ruling, withdrawing any objection, or limiting Plaintiff's ability to rely upon the complete record in this Court, on appeal, or in any other lawful proceeding. No characterization of one ground as central or Wood-specific diminishes any other preserved ground.

**DECLARATION OF JACKIE JOHNSON SAMPLE PURSUANT TO 28 U.S.C. § 1746**

I, Jackie Johnson Sample, declare as follows:

1. I am the Plaintiff in this action and submit this Declaration in support of my Notice Regarding Appearance of Partiality Under 28 U.S.C. § 455(a) and preservation of the record.

2. I have personal knowledge of the hearings and interactions in which I personally participated or that I personally heard or observed. Where this Notice quotes or describes court orders, transcripts, docket entries, filings, or other records, I rely upon those identified records for their contents.

3. I personally participated in the August 25, 2025 proceeding referenced in this Notice and personally heard the Court's statements directed to me and to counsel during that proceeding.

4. I personally heard the exchange in which Judge Wood asked defense counsel Michael J. Bradtke for additional information concerning the status of my dismissed DuPage County divorce proceeding, and I understood counsel to indicate that he could obtain requested information and file a status report if the Court wanted him to do so, as reflected in the record cited in Dkt. 74.

5. I maintain my contention that the Court's solicitation of adverse counsel to obtain information concerning my separate state-court proceeding created an appearance of partiality and raised the concerns stated in this Notice and Dkt. 74.

6. The September 11, 2025 Order at Dkt. 102 states that the Court invited counsel to address my motions for disqualification and recusal and acknowledges that "the invitation was ill-advised." I rely upon that written Order for the quoted language.

7. I maintain every factual contention stated in my original Notice, including my contentions concerning the Rule 24/Judge Orel matter, the judicial-immunity framing, the Court's handling of my presentation at the August 25, 2025 hearing, the solicitation of opposing counsel to investigate and provide information concerning me, and the later solicitation of counsel's views concerning recusal.

8. I do not intend this Declaration or this integrated Notice to retract, soften, narrow, supersede, dilute, waive, or abandon any factual allegation, contention, objection, argument, or ground previously stated in my Notice or Dkt. 74.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on September 9, 2026, in Burr Ridge, Illinois.

**/s/ Jackie Johnson Sample**

Jackie Johnson Sample
Plaintiff, Pro Se
9476 Falling Waters Drive East
Burr Ridge, Illinois 60527
(773) 719-0337
jackshousinganddevelopment@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2026, I served a true and correct copy of the foregoing integrated Notice and Declaration pursuant to 28 U.S.C. § 1746, together with all attached supporting materials, on all counsel and parties of record through the Court's CM/ECF electronic filing system, to the extent service is effected through CM/ECF.

**/s/ Jackie Johnson Sample**

Jackie Johnson Sample

**EXHIBITS**

Exhibit A: Dkt. 47, PageID #628-629 - July 16, 2025 Order denying El Roy Johnson's Motion to Intervene

Exhibit B: Dkt. 74, pp. 6-8 - Judicial-immunity framing

Exhibit C: Dkt. 74, pp. 26-31 - § 455(a) / appearance-of-partiality allegations

Exhibit D: Dkt. 74, pp. 39-42 - Judge Wood taking over the presentation of Plaintiff's motion and restricting Plaintiff's own presentation

Exhibit E: Dkt. 102, pp. 1-4 - September 11, 2025 Order denying recusal/disqualification

Respectfully submitted,

Jackie Johnson Sample
Plaintiff, Pro Se

**EXHIBIT A - Dkt. 47, July 16, 2025 Order (Page 1 of 2)**



**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Jackie Johnson Sample

Plaintiff,

v.

Case No.: 1:25–cv–05329
Honorable Andrea R. Wood

Madison Sample Jr., et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, July 16, 2025:

MINUTE entry before the Honorable Andrea R. Wood: Telephonic initial status hearing held on 7/16/2025. The Court sets the following briefing schedule on Defendant Select Portfolio Servicing's motion to dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6) [17]. Plaintiff shall file a response by 9/16/2025. Defendant SPS shall file a reply by 9/30/2025. As confirmed on the record, the Judicial Defendants' deadline to answer or otherwise respond to Plaintiff's amended complaint is 7/31/2025. If a motion to dismiss or motion for a more definite statement is filed, Plaintiff shall file a response by 10/1/2025. Judicial Defendants shall file a reply by 10/15/2025. Plaintiff's motion to disqualify Attorney Michael J. Bradtke as counsel for Judicial Defendants [40] is taken under advisement with no further briefing or argument. Plaintiff's motion for attorney representation [39] is entered and continued. As explained on the record, the motion is incomplete because it does not include a completed financial affidavit. The Clerk is directed to send Plaintiff Sample a financial affidavit form at the email address on the docket. Motion to intervene by El Roy Johnson [18] is denied and motion for attorney representation by El Roy Johnson [45] is denied as moot. As discussed on the record, Mr. Johnson does not satisfy the requirements for intervention as a matter of right because he does not have an unconditional right to intervene pursuant to a federal statute nor does he claim an interest relating to the property or transaction that is the subject matter of Plaintiff Sample's action. See Fed. R. Civ. P. 24(a). Additionally, the Court finds that Mr. Johnson may not intervene based on principles of permissive intervention because he has not identified a condition right to intervene under any federal statute nor does he seek to assert a claim or defense that shares a common question of law or fact with Plaintiff's Sample's action. See Fed. R. Civ. P. 24(b). Specifically, the claims that Mr. Johnson desires to bring against Judge James Orel based on his brother's guardianship have no apparent connection to Plaintiff Sample's claims other than that the legal proceedings were presided over by the same judge. Telephonic status hearing set for 10/28/2025 at 10:00 AM. The call–in number is (650) 479–3207 and the access code is 1808131170. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court–issued media credentials, restricted entry to future hearings, denial of entry to future

**EXHIBIT A - Dkt. 47, July 16, 2025 Order (Page 2 of 2)**



hearings, or any other sanctions deemed necessary by the Court. Mailed notice (lma, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**EXHIBIT B - Dkt. 74, pp. 6-8 (Page 1 of 3)**



**During the August 25, 2025 hearing, Judge Wood suggested that judicial immunity would categorically bar Plaintiff's claims against state court judges. This mischaracterized both Plaintiff's allegations and the governing law. At the motion-to-dismiss stage, Plaintiff's complaint must be taken as true. Plaintiff alleged specific acts outside the legitimate judicial function, including deliberate refusal to enforce valid orders, collusion and conspiring with lawyers and a private abuser, discrimination, and administrative misconduct. If accepted as true — as required — these acts cannot be shielded by judicial immunity.**

**CART Transcript Evidence of Misstatement**

- **Defense counsel Bradtke argued:**
  ***"… the overarching theme of this case have been the plaintiff's misunderstanding of … judicial immunity …"***

- **Judge Wood echoed and adopted this framing, stating:**
  ***"… one of the things that I have to consider is whether I'm likely to have jurisdiction here, whether there is likely to be an issue of judicial immunity for some of these judges as raised in the motion to dismiss …"***

**By adopting the defense's framing and prematurely invoking immunity without accepting Plaintiff's allegations as true, Judge Wood misapplied the Rule 12(b)(6) standard. She treated immunity as a categorical barrier at the emergency stage — before discovery, fact development, or consideration of Plaintiff's constitutional claims.**

**Why This Is Legally Wrong**

**1. Allegations Must Be Taken as True at Pleading Stage**

**EXHIBIT B - Dkt. 74, pp. 6-8 (Page 2 of 3)**



- ***Bell Atl. v. Twombly*, 550 U.S. 544 (2007) – Complaints survive dismissal if allegations state a plausible claim, which must be accepted as true.**

- ***Ashcroft v. Iqbal*, 556 U.S. 662 (2009) – "When there are well-pleaded factual allegations, a court should assume their veracity."**

- ***Scheuer v. Rhodes*, 416 U.S. 232 (1974) – At the pleading stage, factual allegations must be accepted as true, even when qualified immunity or immunity defenses are raised.**

- ***Haines v. Kerner*, 404 U.S. 519 (1972) – Pro se pleadings are held to less stringent standards and construed liberally.**

**Plaintiff's complaint alleged that judges deliberately refused to enforce lawful orders (non-judicial acts), colluded, aided and abetted financial abuse with her husband, Dr. Madison Sample, obstructed ADA accommodations, and engaged in retaliatory actions. At this stage, those allegations must be accepted as true, not dismissed by blanket reference to immunity.**

- ***Forrester v. White*, 484 U.S. 219 (1988) – Judges are not immune for administrative decisions or enforcement failures.**

- ***Dennis v. Sparks*, 449 U.S. 24 (1980) – Judges lose immunity when conspiring with private actors to violate constitutional rights.**

- ***Hafer v. Melo*, 502 U.S. 21 (1991) – State officials, including judges, may be sued in their individual capacity under § 1983.**

**EXHIBIT B - Dkt. 74, pp. 6-8 (Page 3 of 3)**



- **Plaintiff's allegations included collusion between judges and her abusive spouse, refusal to enforce valid orders, and denial of ADA transcript access — all conduct that falls outside protected judicial functions.**

**3. Plaintiff's Allegations Defeat Immunity at This Stage**

- **Non-enforcement of Orders: Judges knowingly failed to enforce existing orders against Plaintiff's spouse, allowing continued abuse. This constitutes administrative dereliction, not judicial decision-making (*Forrester*).**

- **Collusion: Defendant judges accepted Dr. Madison Sample's fraudulent financial affidavits, allegations of coordinated colluding and misconduct between state judges, attorneys and private parties mirror the conspiracy scenario in *Dennis v. Sparks*, where judicial immunity did not apply.**

- **ADA Violations: Refusal to provide reasonable accommodations and transcript access is an administrative act, not a judicial ruling — again outside immunity.**

**Conclusion for Section IV**

**Judge Wood's categorical invocation of judicial immunity at the pleading stage was legally erroneous. Under *Twombly* and *Iqbal*, Plaintiff's factual allegations — which include non-judicial, administrative, and conspiratorial acts — must be assumed true. Because those allegations describe conduct outside the scope of judicial immunity, the judges named as defendants cannot be dismissed at this stage. Judge Wood's misapplication of immunity law deprived Plaintiff of meaningful access to court and further demonstrates bias in favor of judicial defendants.**

**EXHIBIT C - Dkt. 74, pp. 26-31 (Page 1 of 6)**



- **28 U.S.C. § 455(a) – A judge must disqualify herself if impartiality "might reasonably be questioned."**

**By repeatedly pressing Plaintiff about her dismissed divorce, Judge Wood created the impression that her federal claims were derivative of "family law" matters. Soliciting Bradtke to provide updates further created the appearance of bias, showing reliance on one side's extrajudicial framing rather than Plaintiff's sworn testimony.**

**3. Ex Parte Communication by Proxy**

- **Canon 2, Code of Conduct for U.S. Judges – Judges must avoid impropriety and the appearance of impropriety.**

- ***United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) – Courts must not rely on extrajudicial information obtained from only one side.**

**Judge Wood's statement — "Mr. Bradtke, … do you have any additional information … ?" — coupled with Bradtke's offer to "file a status report," improperly deputized opposing counsel to investigate Plaintiff's private affairs. This was ex parte by proxy, signaling the Court's willingness to obtain and rely upon defense-sourced updates outside the record.**

**4. Acting Outside Judicial Scope**

- ***Lopez v. Vanderwater*, 620 F.2d 1229, 1235 (7th Cir. 1980) – Judges lose immunity when acting outside their jurisdiction or beyond the scope of matters properly before them.**

**EXHIBIT C - Dkt. 74, pp. 26-31 (Page 2 of 6)**



Plaintiff's DuPage divorce had been dismissed. It was not pending, not currently being appealed and not part of the federal case. By questioning Plaintiff and defense counsel about it, Judge Wood acted beyond the scope of the matter before her — a federal § 1983 complaint alleging ongoing constitutional harms.

**5. Misapplication of Federal Jurisdiction**

- *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).
- *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).
- *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) – Rooker-Feldman does not apply where plaintiffs allege new and independent harms.
- *JB v. Woodard*, 997 F.3d 714 (7th Cir. 2021).

Judge Wood used Plaintiff's dismissed divorce to justify denying jurisdiction, suggesting her harms "stemmed from the divorce proceeding." This was factually wrong (the divorce was dismissed) and legally erroneous: Plaintiff sought relief for new and ongoing federal harms (domestic violence, utility shutoffs, foreclosure, denial of ADA rights, furthering financial loss). Rooker-Feldman did not apply.

**Conclusion for Section IX**

The Federal System's inquiry into Plaintiff's dismissed divorce:

- Violated Rules 401 & 403 by introducing irrelevant and prejudicial matters.

**EXHIBIT C - Dkt. 74, pp. 26-31 (Page 3 of 6)**



- **Undermined due process under *Murchison* and *Caperton* by creating bias and partiality.**
- **Exceeded judicial authority under *Lopez v. Vanderwater*.**
- **Misapplied jurisdiction under *Rooker-Feldman*.**
- **Created the appearance of ex parte communication by proxy by soliciting defense counsel to provide extrajudicial updates.**

**Collectively, this conduct demonstrates judicial bias, factual misstatements, procedural impropriety, and jurisdictional error. It provides strong grounds for disqualification under 28 U.S.C. §§ 144 and 455.**

X. Delegation of Investigatory Duties to Opposing Counsel

- During the August 25, 2025 hearing, Judge Wood improperly solicited defense counsel Bradtke to investigate and potentially report back on Plaintiff's dismissed DuPage divorce. This was an abdication of judicial neutrality, created the appearance of bias, and effectively deputized defense counsel to serve as an extrajudicial fact-finder against Plaintiff.

  CART **Transcript**

  Judge Wood asked:

  *"Mr. Bradtke, just so that I know, do you have any additional information on the status of the divorce proceedings?"*

  Counsel Bradtke replied:

  *"I do not ... I could get any requested information and file a status report if*

**EXHIBIT C - Dkt. 74, pp. 26-31 (Page 4 of 6)**



*the Court would like me to do that."*

Judge Wood concluded:
*"I don't think I need that at the moment. But thank you."*

This exchange shows that Judge Wood not only inquired into irrelevant, prejudicial matters, but also opened the door for defense counsel to act as her proxy investigator into Plaintiff's personal affairs.

**Why This Was Legally Wrong**

**1. Violation of Judicial Impartiality Standards**

- **28 U.S.C. § 455(a)** – Requires disqualification when impartiality "might reasonably be questioned."
- **Canon 2, Code of Conduct for U.S. Judges** – Judges must avoid impropriety and the appearance of impropriety.
- **Canon 3(A)(4), Code of Conduct** – Judges must not initiate or permit ex parte communications concerning a pending matter.

◦ By soliciting opposing counsel to "get information" about Plaintiff's divorce, Judge Wood created the reasonable impression that she would rely on **extrajudicial information from only one side**. This is a textbook example of conduct that causes impartiality to "reasonably be questioned."

**2. Appearance of Bias and Delegation of Judicial Function**

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009) – Due process requires recusal where judicial conduct creates a "serious risk of actual bias."

**EXHIBIT C - Dkt. 74, pp. 26-31 (Page 5 of 6)**



  - *In re Murchison*, 349 U.S. 133, 136 (1955) – Even the probability of unfairness violates due process.

- Delegating investigatory duties to opposing counsel signaled a willingness to rely on one side's perspective in fact-finding, creating at minimum the appearance of partiality.

**3. Improper Delegation to an Interested Party**

  - *Dennis v. Sparks*, 449 U.S. 24, 28–29 (1980) – Judges are not immune when they conspire or act jointly with private parties to deprive constitutional rights.

- While Judge Wood may not have completed the act of delegating, her willingness to allow defense counsel to "file a status report" reflects an openness to rely on an interested party's investigation. This undermines impartiality and judicial independence and echoes the concerns in *Dennis*, where judicial action intertwined with private actors stripped away neutrality.

**4. Irrelevant and Prejudicial Inquiry**

  - **Fed. R. Evid. 401 & 403** – Courts must exclude irrelevant and prejudicial matters that confuse the issues.

- Plaintiff's divorce was dismissed. Soliciting defense counsel to investigate it introduced irrelevant facts, risked confusion, and prejudiced Plaintiff by framing her federal civil rights claims as derivative of a closed divorce proceeding.

**EXHIBIT C - Dkt. 74, pp. 26-31 (Page 6 of 6)**



**Conclusion for Section X**

Judge Wood's solicitation of defense counsel Bradtke to obtain and provide information about Plaintiff's dismissed divorce:

- Violated **28 U.S.C. § 455(a)** and the **Code of Conduct for U.S. Judges**, creating the appearance of bias.
- Raised the specter of **ex parte communication by proxy**, contrary to **Canon 3(A)(4)**.
- Undermined due process under *Murchison* and *Caperton* by creating a serious risk of actual bias.
- Reflected improper delegation of judicial responsibility to an **interested adversary**, raising the same constitutional concerns highlighted in *Dennis v. Sparks*.
- Introduced irrelevant and prejudicial matters in violation of **Fed. R. Evid. 401 & 403**.

◦ This misconduct compounded the prejudice Plaintiff faced during the hearing and further supports disqualification under **28 U.S.C. §§ 144 and 455**.

XI. Disregard for Allegations Taken as True

At the August 25, 2025 hearing, Judge Wood repeatedly dismissed and second-guessed Plaintiff's well-pleaded allegations, despite the clear requirement under Rule 12(b)(6) that factual allegations in the complaint must be taken as true at the motion-to-dismiss stage. Instead of construing allegations in Plaintiff's favor, Judge Wood adopted defense

**EXHIBIT D - Dkt. 74, pp. 39-42 (Page 1 of 4)**



**At the August 25, 2025 CART hearing, Judge Wood denied Plaintiff a meaningful opportunity to present her motion in her own words. Instead, Judge Wood monopolized much of the hearing time by paraphrasing Plaintiff's filings, lecturing on jurisdiction and immunity, and questioning Plaintiff about matters already set forth in her motion. Although defense counsel did not consume extensive time, Judge Wood herself took up the majority of the session, often cutting Plaintiff off and causing confusion.**

**This created both prejudice and procedural unfairness: Plaintiff was told she need not present her motion because the Court had "already read it," yet was repeatedly pressed with questions about what the motion said. Plaintiff's time to be heard was displaced by the Court's own paraphrasing, extended jurisdictional lectures, and hypotheticals.**

**CART Transcript**

- **Judge Wood began by summarizing Plaintiff's motion herself, instead of allowing Plaintiff to present it:**

***"So I suppose I will start with the emergency motion ... those are the requests for relief included in the more recent motion ... I will give counsel for the judicial defendants ... an opportunity to respond orally ..."***

- **When Plaintiff attempted to present her own motion, Judge Wood cut her off:**

***"There is no need for you to read your motion into the record. It's part of the record because you filed it. And I did read it."***

**EXHIBIT D - Dkt. 74, pp. 39-42 (Page 2 of 4)**



- **Yet Judge Wood then repeatedly questioned Plaintiff about details already contained in the motion, creating confusion and unnecessary repetition:**

***"So what is the status of your divorce if the case was dismissed, are you no longer in the process of getting divorced? Are you divorced? Has it been legally finalized? What is the status?"***
***"Why is it that your utilities are being turned off?"***
***"Do you have any properties that you still own?"***

- **Judge Wood explicitly interrupted Plaintiff's presentation of emergencies:**

***"Ms. Sample, I'm sorry, I'm giving you a ruling now. I've read your papers and I've listened to you. So now it's your turn to listen …"***

- **Judge Wood herself admitted:**

***"I've spent 45 minutes just on your issues today …"***

**But most of that time consisted of the Federal Court's own framing, paraphrasing, and questions, not Plaintiff's uninterrupted presentation.**

- **In contrast, defense counsel Bradtke, Altman, and Jacobs were each permitted brief, uninterrupted remarks, even when their contributions were procedural only.**

**The imbalance was not caused by defense counsel consuming time but by the Federal System monopolizing the discussion and limiting Plaintiff.**

**Why This Was Legally Wrong**

**EXHIBIT D - Dkt. 74, pp. 39-42 (Page 3 of 4)**



**1. Right to Present One's Own Motion**

- ***Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970) – Due process requires a "meaningful opportunity to be heard."**
- ***Faretta v. California*, 422 U.S. 806, 820 (1975) – Self-represented litigants have the right to present their own case, not be spoken for by the court.**

**Judge Wood deprived Plaintiff of the right to present her motion by substituting her own summary, while simultaneously interrogating Plaintiff about the very contents she refused to hear read into the record.**

**2. Judicial Monopolization and Confusion**

- **Canon 3(A)(4), Code of Conduct for U.S. Judges – Judges must "accord to every person ... full right to be heard."**
- ***Offutt v. United States*, 348 U.S. 11, 14 (1954) – A judge must not assume the role of advocate.**

**By monopolizing hearing time and preventing Plaintiff from clarifying her motion, Judge Wood blurred the line between neutral arbiter and adversary, even though Judge Wood's testimony differed from the Plaintiff 's urgent and immediate need testimony. The Federal System's conduct created unnecessary confusion and denied Plaintiff a clear record.**

**3. Unequal Treatment Compared to Defense Counsel**

**EXHIBIT D - Dkt. 74, pp. 39-42 (Page 4 of 4)**



- ***In re Murchison*, 349 U.S. 133, 136 (1955) – Even the probability of unfairness violates due process.**
- ***Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) – A "serious risk of actual bias" requires recusal.**

**By allowing defense counsel uninterrupted floor time while cutting Plaintiff off, the Federal System created the appearance of bias and partiality.**

**Conclusion for Section XIII**

**The Federal System's conduct in monopolizing the hearing, paraphrasing Plaintiff's filings, refusing to allow Plaintiff to present her own motion, and simultaneously questioning her about its contents:**

- **Violated due process under *Goldberg* and *Faretta*.**
- **Contravened judicial ethics under Canon 3(A)(4).**
- **Crossed the line into advocacy as warned in *Offutt*.**
- **Created the appearance and probability of unfairness under *Murchison* and *Caperton*.**

**This inconsistency — telling Plaintiff she need not read her motion while simultaneously interrogating her about it — caused confusion, denied Plaintiff a meaningful opportunity to be heard, and further supports disqualification under 28 U.S.C. §§ 144 and 455.**

**EXHIBIT E - Dkt. 102, September 11, 2025 Order (Page 1 of 4)**



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JACKIE JOHNSON SAMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-05329 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MADISON SAMPLE, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motions to disqualify and for substitution of judge for cause [74], [85], [89], [100], pursuant to 28 U.S.C. §§ 144 and 455, are denied. With those matters resolved, the Court will proceed with written rulings on the pending motions that are ripe for decision in due course. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Jackie Sample, proceeding *pro se*, brings this action against ten defendants: her husband, Madison Sample, Jr.; Illinois state court judges Kenton Skarin, James Orel, Neal Cerne, and Susan Alverado; the Circuit Court of the Eighteenth Judicial Circuit, DuPage County; financial institutions Old National Bank, GN Bank, and Select Portfolio Servicing Inc.; and the United States of America. (Dkt. No. 1.) Her eight-count complaint asserts claims based on alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*., violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the "tribal sovereignty and exhaustion doctrine," the "breach of federal trust doctrine," violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., "predatory lending practices," and a conspiracy to violate her civil rights under 42 U.S.C. § 1985(3). After this Court denied Sample's requests for a temporary restraining order and preliminary injunction in an oral ruling on August 22, 2025 (Dkt. No. 72), she filed a series of motions seeking disqualification or recusal of the undersigned judge for cause. (*See* Dkt. Nos. 74, 85, 89, 100.) This order addresses those motions.

While Sample has filed multiple motions and supporting documents, her requests for relief raise essentially the same arguments and rely on two statutory bases: 28 U.S.C. § 144 and 28 U.S.C. § 455. As set forth in her affidavits pursuant to § 144 (Dkt. Nos. 91, 92, 99), and elsewhere in her moving documents, Sample asserts that the undersigned judge has demonstrated bias and prejudice against her through various rulings and case management decisions. Among other things, she states that the undersigned judge presented and summarized her emergency issues during the August 25, 2025 hearing and did not allow her to speak, adopted the opposing party's arguments, disregarded governing legal standards, failed to act on her emergency motions, and

**EXHIBIT E - Dkt. 102, September 11, 2025 Order (Page 2 of 4)**



delayed action on her motion for alternative service (instead taking it under advisement for a written ruling), thereby allegedly shielding her ex-husband from responsibility for his actions. She further contends that the Court improperly referenced her requested disability accommodation during a hearing and disregarded "urgent, life-threatening" circumstances. Notably, there is no allegation that the undersigned judge has any personal relationship or familiarity with any of the parties in this case; indeed, she has none.

Section 144 protects parties from proceeding in a case before a judge that has a "personal bias or prejudice" against them. 28 U.S.C. § 144. A judge must recuse herself if the movant satisfies certain procedural requirements. Specifically, the statute requires the movant to file a timely and sufficient affidavit:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

*Id*. When addressing a motion under § 144, the presiding judge is "allowed to pass only on the timeliness and sufficiency of the affidavit, accepting the factual averments as true." *United States v. Balistrieri*, 779 F.2d 1191, 1200 (7th Cir. 1985). Still, "[a] court may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (internal quotation marks omitted). The Seventh Circuit has emphasized that the requirements of § 144 must be strictly enforced. *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020).

As an initial matter, although Sample has filed both an affidavit and a certificate in support of her § 144 motion, she is not represented by counsel. Federal courts have consistently held that *pro se* litigants cannot satisfy the requirements of § 144 by signing and filing a certificate of good faith on their own behalf. *See Mitchell v. United States*, 126 F.2d 550, 552 (10th Cir. 1942) (holding that the requirement for a certificate by counsel is an essential safeguard to prevent abuse of § 144); *see also Watford v. LaFond*, 725 F. App'x 412, 414 (7th Cir. 2018) (citing *Mitchell* with approval in holding that without counsel a *pro se* plaintiff could not have complied with § 144's requirement that counsel of record certify that the plaintiff's affidavit is filed in good faith); *United States v. Betts-Gaston*, 860 F.3d 525, 537 (7th Cir. 2017) (explaining the separate requirements under § 144 for an affidavit from the party and a certificate by counsel of record); *Robinson v. Gregory*, 292 F. Supp. 334, 337–38 (S.D. Ind. 1996) (holding that a party's affidavit filed without a certificate of counsel of record "fails on this threshold matter"). Since Sample is not represented by counsel of record, and therefore no such counsel has filed a certificate of good faith, her motion under § 144 is procedurally inadequate and properly denied on that basis alone.

Even if Sample had satisfied the procedural requirement of a certificate of counsel of record, the facts and reasons stated in her affidavit still would not be legally sufficient to establish bias or prejudice for purposes of § 144. A legally sufficient affidavit must allege "personal bias or prejudice stemming from an extrajudicial source and resulting in an opinion on the merits on

**EXHIBIT E - Dkt. 102, September 11, 2025 Order (Page 3 of 4)**



some basis other than what the judge learned from participation in the case." *Barr*, 960 F.3d at 919. None of Sample's statements in her affidavit point to bias derived from any source outside of these proceedings.

Moreover, as the Seventh Circuit has explained, "[u]nlike a motion to recuse under 28 U.S.C. § 455, which simply requires the reasonable appearance of bias, a motion to disqualify under § 144 requires a showing of *actual bias.* And only personal animus or malice on the part of the judge can establish actual bias. Moreover, judicial rulings alone will almost never constitute a valid basis for disqualification under § 144." *Hoffman*, 368 F.3d at 718 (internal citations omitted). Yet Sample's objections relate solely to judicial rulings and matters of docket management, such as the denial of her request for emergency relief and the decision to take her request for alternative service of process under advisement for a written ruling. Disagreeing with the Court's application of the law is grounds for appeal, not recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).[1] Thus, Sample's request for recusal under § 144 is denied.

As a second ground for seeking a new judge, Sample invokes § 455, which governs judicial disqualification. Section 455(a) requires disqualification where a judge's impartiality might reasonably be questioned. This is an objective standard. The relevant inquiry is whether a well-informed, thoughtful observer—rather than a "hypersensitive or unduly suspicious person"—would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Section 455(b)(1) provides a similar but narrower basis for disqualification where the judge has "a personal bias or prejudice" concerning a party. *Id*.. To be disqualified under this provision, the bias must be personal, not judicial, and must stem from a source outside the proceedings. *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009). With respect to § 455 generally, judicial rulings, expressions of impatience, and even strong criticisms do not warrant recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. *See also United States v. Perez*, 956 F.3d 970, 975 (7th Cir. 2020) (holding that a judge's ordinary efforts at courtroom administration or docket management are immune from claims of bias or partiality).

Sample has not identified any facts or circumstances that would lead a reasonable and well-informed observer to question the impartiality of the undersigned judge. The conduct about which Sample complains falls squarely within the realm of routine judicial functions. In denying her request for emergency injunctive relief, for example, the Court carefully reviewed all Sample's filings, considered the relevant case law, provided Sample with more than one opportunity to be heard, and, in denying her requested relief, explained why such relief would not

---

[1] The undersigned judge acknowledges that she did ask at the most recent hearing on September 9, 2025 whether counsel for other parties had anything to add regarding Sample's motions for disqualification and recusal. While it is this judge's routine practice to give all parties a chance to speak at court hearings, in this instance, the invitation was ill-advised. The Seventh Circuit has advised judges to refrain from asking for views of counsel on matters of recusal. *Barr*, 960 F.3d at 921. That said, the Seventh Circuit has also expressly held that a party's input on such motions is not grounds for finding prejudice and does not require recusal. *Id*. Moreover, any statements by Defendants' counsel at the September 9 hearing had no bearing on this ruling. Accordingly, consistent with Seventh Circuit precedent, the undersigned judge finds no resulting basis for recusal or disqualification.

**EXHIBIT E - Dkt. 102, September 11, 2025 Order (Page 4 of 4)**



be granted. At the three court hearings already held in this matter, the undersigned judge has allowed the parties to present their positions, asked questions to ensure an understanding of their arguments, made some rulings, and set appropriate schedules for others. A reasonable observer would not question the Court's impartiality in this case. As the Seventh Circuit has emphasized, "[a] trial judge has as much obligation not to recuse herself when there is no occasion for her to do so as she does to recuse when the converse prevails." *Hoffman v. Caterpillar Inc.*, 368 F.3d 709, 717 (7th Cir. 2004).

In sum, Sample has failed to show that recusal is warranted under either 28 U.S.C. § 144 or 28 U.S.C. § 455(a). Accordingly, her motions to disqualify and for substitution of judge for cause (Dkt. Nos. 74, 85, 89, 100) are denied.

Dated: September 11, 2025

Andrea R. Wood
United States District Judge