**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**JACKIE JOHNSON SAMPLE,**
Plaintiff,

v.

**MADISON SAMPLE JR., et al.,**
Defendants.

Case No. 1:25-cv-05329

Hon. Andrea R. Wood

FILED

SEP 10 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EMERGENCY

**NOTICE OF RECORD REGARDING JUDGE WOOD'S JULY 16, 2025 ORDER DENYING EL ROY JOHNSON'S MOTION TO INTERVENE AND ITS BEARING ON PLAINTIFF'S DUE-PROCESS CLAIMS AGAINST JUDGE JAMES OREL**

Plaintiff Jackie Johnson Sample respectfully submits this Notice to preserve the record regarding the Court's July 16, 2025 order denying El Roy Johnson's Motion to Intervene, and its direct bearing on Plaintiff's own due-process claims against Judge James Orel. This is not Plaintiff's motion and seeks no reconsideration of the ruling on Mr. Johnson's motion; it is submitted to document a discrepancy material to Plaintiff's own claims.

**1.** Plaintiff's Amended Complaint, filed June 10, 2025, alleges at page 26 that the judicial defendants engaged in "conspiring to initiate an unlawful petition for guardianship against Jackie Sample." That allegation is corroborated by the record: at the November 30, 2023 hearing, commencing at 1:30 p.m., in Case No. 23 DN 129, Judge James Orel pressured Plaintiff's attorney toward initiating guardianship proceedings against Plaintiff, stating "If it's going to be done, it's got to be done now," and directing counsel to decide within seven days "whether a mental health petition or guardianship petition will be presented." (Report of Proceedings, Nov. 30, 2023, Case No. 23 DN 129, pp. 3, 8, 17-18, 22-23.)

**ADDITIONAL FACTUAL CLARIFICATION AND PRESERVATION OF THE NOVEMBER 30, 2023 GUARDIANSHIP RECORD**

**1A.** In the underlying DuPage County dissolution proceeding, Plaintiff was the Respondent. Ms. Lynna Hollis was Plaintiff's then-current attorney. Ms. Ashonta Rice was Plaintiff's former attorney and was not Plaintiff's counsel at the November 30, 2023 proceeding.

**1B.** Ms. Rice initially raised the subject of a legal guardian even though she was Plaintiff's former attorney. Plaintiff's present counsel, Ms. Hollis, did not raise the guardianship issue. After Ms. Rice raised it, Judge Orel repeatedly returned to, pursued, developed, and advanced the guardianship and mental-health-petition issue during the proceeding.

**1C.** The transcript reflects that Judge Orel repeatedly pursued and pressured Ms. Hollis concerning initiation of guardianship-related proceedings against Plaintiff. Judge Orel discussed the procedural mechanisms for a mental-health petition and guardianship petition, stated, "If it's going to be done, it's got to be done now," and later gave counsel seven days to make a decision whether